# EXHIBIT J

Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number:

FILED DATE: 4/2/2019 1:06 PM   2019L050181

<u>Garnishment Summons (Non-Wage)</u>                              (08/09/18) CCG 0647 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

<u>WESCO DISTRIBUTION, INC.</u>
                                         Plaintiff
v.

<u>BCAUSE MINING, LLC, et al.</u>
                                         Defendant
(Judgment Debtor)

Name: <u>BCAUSE MINING, LLC</u>

Address: <u>192 BALLARD CT., STE. 303</u>

City/State/Zip: <u>VIRGINIA BEACH, VA 23452</u>

and
Garnishee Defendant

Name: <u>LAKESIDE BANK COMMUNITY DEVEL., LLC.,</u>

Address: <u>55 W. WACKER DR.,</u>

City/State/Zip: <u>CHICAGO, IL 60601</u>

No. <u>2019 L 050181</u>

PLEASE SERVE GARNISHEE DEFENDANT
Address of Garnishee Defendant.

<u>LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC</u>
<u>55 W. WACKER DR.,</u>
<u>CHICAGO, IL 60601</u>

THE JUDGMENT DEBTOR IS:

○ Individual   ◉ Corporation or Other

### GARNISHMENT SUMMONS (NON-WAGE)

To the garnishee defendant:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories on or before the Return Date of <u>5/2/19</u>. However, if this summons is served on you less than 10 days prior to the Return Date (above), you must file answers to the interrogatories on or before 14 days after the return date stated above. IF YOU FAIL TO DO SO, A CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF THE JUDGMENT UNPAID.

To file your answers to the judgment creditor's interrogatories you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 4

| Garnishment Summons (Non-Wage) | (08/09/18) CCG 0647 B |
|---|---|

To the officer:

This summons must be returned by the officer or other person to whom it was given for service and must include a certification that within 2 business days of service upon the garnishee, the officer or other person has mailed, by first class mail, a copy of the Garnishment Notice and Summons, to the Judgment Debtor, at the address indicated above with endorsement of service and fees. If service cannot be made this summons shall be returned so endorsed. This summons may not be served later than the above date.

FILED DATE: 4/2/2019 1:06 PM   2019L050181

Witness: _____
Assistant State's Attorney

● Atty. No.: 44274
○ Pro Se 99500

4/2/2019 1:06 PM DOROTHY BROWN
_____
DOROTHY BROWN
Clerk of the Circuit Court of Cook County, Illinois

Name: Paul Bozych
Atty. for (if applicable):
Wesco Distribution, Inc.

Address: 55 W. Monroe St., Ste. 1800

City: Chicago

State: IL   Zip: 60603

Telephone: 312-322-9900

Primary Email: pbozych@nzalaw.com

Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

<u>Garnishment Summons (Non-Wage)</u>　　　　　　　　　　　<u>(08/09/18) CCG 0647 C</u>

### IMPORTANT NOTICE OF RIGHTS IN BANK ACCOUNT

I. THE PLAINTIFF IS GARNISHING YOUR BANK ACCOUNT

A ruling has been made in the case listed above you owe money to the plaintiff. The plaintiff has started to collect that money from your bank account by garnishing the account.

II. PURPOSE OF THIS NOTICE

This notice is to inform you that money from some sources or up to certain amounts may NOT be taken from you even after the court has ruled you owe the plaintiff money. These funds are protected under federal and state law. Money or property which may not be taken is called "exempt" property. A partial list of such money and property is listed below.

> PARTIAL LIST OF EXEMPTIONS:
> 1. Social Security Benefits (OASDI, SSI)
> 2. Public Aid Benefits (AFDC, AABD, GA)
> 3. Up to $4,000, in personal property, as chosen by you, including money in bank accounts
> 4. Life Insurance Proceeds
> 5. Workers Compensation Awards
> 6. Unemployment Compensation Benefits
> 7. Veterans Benefits
> 8. Circuit Breaker Property Tax Relief Benefits
> 9. Pension or Retirement Benefits (including IRA accounts)

III. HOW TO PROTECT EXEMPT PROPERTY

You should take this paper to a lawyer at once. A lawyer can advise you more specifically of your rights. If you do not have a lawyer, and are not able to afford one, you may contact Illinois Legal Aid Online by visiting their website at www.illinoislegalaid.org or call the CARPLS Hotline at 312-738-9200.

If you do not go to Court to tell the Judge of your exemptions, the money will be turned over to the creditor.

IV. COURT DATE

A court date has already been set for you to tell the Judge if you have an exemption. You must

check in with the Clerk of that courtroom before _____ ◉ AM ○ PM to have your case called.)

Place: <u>Daley Center, 50 W. Washington St.,</u>　　　<u>Chicago, IL 60602</u>
　　　　　　　　　Address　　　　　　　　　　　　　　　　　City or Town

Room <u>2503</u>

Date: <u>5/2/19</u>

Time: _____ ◉ AM ○ PM

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

FILED DATE: 4/2/2019 1:06 PM 2019L050181

FILED DATE: 4/2/2019 1:06 PM   2019L050181

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 4 of 4

Return Date: No return date scheduled
Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number: 2805
Location:

(Rev. 4/21/09) CCL 0024 A

FILED
4/2/2019 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

FILED DATE: 4/2/2019 1:06 PM   2019L050181

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.
                                        Plaintiff(s)
        v.

BCAUSE MINING, LLC, et al.
                                        Defendant(s)
        and

LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC
                                        Garnishee

No. 2019 L 050181

### AFFIDAVIT FOR GARNISHMENT, (NON-WAGE)

PAUL BOZYCH _____, on oath states:

1. Judgment was entered on MARCH 1, 2019 for judgment creditor WESCO DISTRIBUTION, INC. and against judgment debtor BCAUSE MINING, LLC for $ 1,896,349.34 and costs.

2. $ 0 has been paid on the judgment.

3. There is unpaid on the judgment:
   $ _____ principal
   $ 1,000 costs
   $ 17,788.43 interest
   $ 1,915,137.77 TOTAL

4. I believe garnishee LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC is indebted to the judgment debtor, other than for wages, or has his/her possession, custody or control other property belonging or in which he/she has an interest.

5. The last known address of the judgment debtor is 55 W. WACKER DR., CHICAGO, IL 60601

I request that summons issue directed to garnishee.

Signed and sworn to before me April 2, 2019

Atty. No.: 44274
Name: Paul Bozych; Nielsen, Zehe & Antas, P.C.
Atty. for: Plaintiff
Address: 55 W. Monroe St., Ste. 1800
City/State/Zip: Chicago, IL 60603
Telephone: 312-322-9900

_____ Notary public

OFFICIAL SEAL
NANCY HERRERA
Notary Public - State of Illinois
My Comm. Expires SEPTEMBER 16, 2020

(OVER)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Affidavit for Garnishment (Non-Wage)            (Rev. 4/21/09) CCL 0024 B

FILED DATE: 4/2/2019 1:06 PM 2019L050181

## INTERROGATORIES TO GARNISHEE

1. When you were served with summons did you have in your possession, custody or control any property, other than cash monies, time or demand deposits, belonging to the judgment debtor or in which he/she had an interest?

    Answer ☐ yes ☐ no

2. If your answer to number 1 above is yes, describe the property:

_____

3. When you were served with the summons were you otherwise indebted to him/her by cash monies, time or demand deposits, no matter when payable, except for wages?

    Answer ☐ yes ☐ no

4. If your answer to number 3 above is yes, state:

    Description: _____
    Gross amount when served: $ _____
    Date due: _____, _____
    Deduction by reason of offset, service or other charge: $ _____
    Net amount subject to garnishment proceeding: $ _____

## AFFIDAVIT

_____ on oath states that the answers to the interrogatories are true.

                                  _____

Signed and sworn to before me on the _____ day of _____, _____

                                  _____ Notary public

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CL19-1016

**GARNISHMENT SUMMONS**  Case No. ~~19-668~~
Commonwealth of Virginia

........................................... Arlington County ........................................... Circuit Court
1425 N. Courthouse Road, Suite 6700 Arlington, VA 22201
COURT ADDRESS

| JUDGMENT CREDITOR: | JUDGMENT DEBTOR: |
|---|---|
| Wesco Distribution, Inc.   v. | BCause Mining, LLC |
| 225 West Station Drive Suite 700 | 277 Bendix Road |
| Pittsburgh, PA 15219   RECEIVED | Suite 420 |
| Telephone No.  412-454-2200 | Virginia Beach, VA 23452 |
| JUDGMENT CREDITOR'S ATTORNEY:  MAR 27 2019 | Soc. Sec. No. |
| Seth A. Robbins | Garnishee: Lakeside Bank Community Development, LLC |
| 1100 N. Glebe Road, Suite 1010 PAUL FERGUSON, CLERK | 55 West Wacker Drive |
| Arlington, VA 22201  Arlington County Circuit Court | Chicago, IL 60601 |
|  _____ Deputy Clerk | |
| Telephone No.  703-224-4436 | |

| June 21, 2019        10:00am |
|---|
| HEARING DATE AND TIME |

This is a garnishment against (check only one)
[ ] the judgment debtor's wages, salary or other compensation.
[x] some other debt due or property of the judgment debtor, specifically,
     any and all assets, including bank accounts and instruments

MAXIMUM PORTION OF DISPOSABLE EARNINGS
SUBJECT TO GARNISHMENT
[ ] Support
[ ] 50%  [ ] 55%  [ ] 60%  [ ] 65%
(if not specified, then 50%)
[ ] state taxes, 100%

| STATEMENT: | |
|---|---|
| Judgment Principal: | $ 1,896,349.34 |
| Credits | 0.00 |
| Interest | 17,788.43 |
| Judgment Costs | 356.00 |
| Attorney's Fee | 0.00 |
| Garnishment Costs | 644.00 |

| TOTAL BALANCE DUE  $     1,915,137.77 |
|---|
| The garnishee shall rely on this amount. |

March 1, 2019
DATE OF JUDGMENT

If none of the above are checked, then § 34-29(a) (on reverse) applies.
TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.
As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.
If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

4/1/2019 ........................................... _____, Clerk
DATE OF ISSUANCE OF SUMMONS

4/1/2019 ...........................................  by  _____
DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF                          DEPUTY CLERK
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

**WRIT OF FIERI FACIAS** TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.
Homestead Exemption Waived? [ ] Yes [ ] No [ ] Cannot be demanded

_____, Clerk

4/1/2019 ...........................................  by  _____
DATE                                                                                                     DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE 1 OF 2) 1/07
VA. CODE §§ 8.01-511, -512.3

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You many rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employees makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses; payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

RECEIVED

_____
DATE AND TIME

_____
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found – otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

_____
DATE

_____
SHERIFF

_____
DEPUTY SHERIFF

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE .... Lakeside Bank Community Development, LLC
ADDRESS .... 55 West Wacker Drive  Chicago, IL 60601
TELEPHONE NUMBER. .... 312-435-5100

[ ] PERSONAL SERVICE | [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title:
_____

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

[ ] Not found       DATE OF MAILING
                    _____
                    SERVING OFFICER

_____ for _____
DATE

JUDGMENT DEBTOR .... BCause Mining, LLC
ADDRESS .... 277 Bendix Road Suite 420  Virginia Beach, VA 23452

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found
_____
SERVING OFFICER

_____ for _____

FORM CC-1486 (MASTER PAGE 2 OF 2) 12/05

**SUGGESTION FOR SUMMONS IN GARNISHMENT**　　　　　　　　　Case No. 19-668
VA. CODE § 8.01-511
In the Circuit Court of the [ ] City [X] County of .......... Arlington ..........

**JUDGMENT CREDITOR:**

Wesco Distribution Inc.
225 West Station Drive Suite 700
Pittsburgh, PA 15219

Telephone No. ..........

**JUDGMENT CREDITOR'S ATTORNEY**

Seth A. Robbins, Esq. VA Bar # 45807
1100 N. Glebe Road Suite 1010
Arlington, VA 22201

Telephone No. .......... (703) 224-4436 ..........

Suggested Garnishee:

Lakeside Bank Community Development, LLC
55 West Wacker Drive
Chicago, IL 60601

**JUDGMENT DEBTOR:**

v.

BCause Mining, LLC
277 Bendix Road
Suite 420
Virginia Beach, VA 23452

Social Security No. ..........

If garnishee is defendant's employer, please furnish employer's name, and state whether it is a corporation, or one or more persons trading under a fictitious or trade name.

*RECEIVED MAR 27 2019 PAUL FERGUSON, CLERK, Arlington County Circuit Court by Deputy Clerk*

| ORIGINAL JUDGMENT | |
|---|---|
| DATE OF JUDGMENT | DATE EXECUTION DELIVERED |
| March 1, 2019 | March 1, 2019 VA CODE 8.01-438 |

Instrument No. ..........

**STATEMENT**

$ .......... 1,896,349.34 .......... Judgment Principal
.......... 0.00 .......... Credits
.......... 17,788.43 .......... Interest
.......... 356.00 .......... Judgment Costs
.......... 0.00 .......... Attorney's fee
.......... 644.00 .......... Garnishment Costs

$ .......... 1,915,137.77 .......... Total Balance Due
The garnishee shall rely on this amount.

| JUDGMENT DOCKETED IN THIS COURT |
|---|
| Date Docketed |
| Book/Page/Instrument No. .......... |

MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT

[ ] Support (if not specified, then 50%)
[ ] 50% [ ] 55% [ ] 60% [ ] 65% [ ] State Taxes, 100%

If none of the above are checked, then § 34-29(a) applies.

I request the Clerk to summon the Suggested Garnishee to answer this suggestion.

This is a garnishment against [ ] the judgment debtor's wages, salary or other compensation. [X] some other debt due or property, of the judgment debtor, specifically, .......... any and all assets, including bank accounts and instruments ..........

I have reason to believe that there is a liability on the suggested garnishee because of the execution of the "ORIGINAL JUDGMENT" described above. I certify that:

[ ] (1) The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

[ ] (2) No summons has been issued upon this judgment creditor's suggestion against the same judgment debtor within a period of eighteen months, other than a summons which was based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

[ ] (3) The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent, or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

[ ] (4) The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

[X] (5) The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

[ ] (6) The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

[ ] I have made a diligent good faith effort to secure the social security number of the judgment debtor and have been unable to do so.

I hereby certify that the last known address of the defendant is as shown above.

.......... March 27, 2019 ..........　　　　　　　　　　／s／ _____
DATE SUBMITTED　　　　　　　　　　　　　　　　　　[X] JUDGMENT CREDITOR   [ ] AGENT   [X] ATTORNEY

**WARNING: Any judgment creditor who knowingly gives false information in a suggestion for Summons in Garnishment shall be guilty of a Class 1 misdemeanor.**

FORM CC-1485 MASTER 07/12

**REQUEST FOR HEARING –**  Case No. ............19-668.............
**GARNISHMENT/LIEN EXEMPTION CLAIM**
Commonwealth of Virginia    VA. CODE § 8.01-512.4

................Arlington County Circuit Court................
COURT NAME

.......WESCO Distribution Inc.......  v.  .......BCause Mining, LLC.......
JUDGMENT CREDITOR                           JUDGMENT DEBTOR

                           and  .......Lakeside Bank Community Development, LLC.......
                                GARNISHEE

I claim that the exemption(s) from garnishment or lien which are checked below apply in this case:

**RECEIVED**
**MAR 27 2019**
PAUL FERGUSON, CLERK
Arlington County Circuit Court
by ........................ Deputy Clerk

### Major Exemptions Under Federal and State Law

_____ 1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).

_____ 2. Veterans' benefits (38 U.S.C. § 5301).

_____ 3. Federal civil service retirement benefits (5 U.S.C. § 8346).

_____ 4. Annuities to survivors of federal judges (28 U.S.C. § 376(n) ).

_____ 5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).

_____ 6. Black Lung benefits.

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____ 7. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. § 11109).

_____ 8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia). This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).

_____ 9. Amounts in excess of portions of wages subject to garnishment (§ 34-29, Code of Virginia).

_____ 10. Public assistance payments (§ 63.2-506, Code of Virginia).

_____ 11. Homestead exemption of $5,000 in cash, or $10,000 if the householder is 65 years of age or older. (§ 34-4, Code of Virginia). This exemption may not be claimed in certain cases, such as payment of child or spousal support (§ 34-5, Code of Virginia).

_____ 12. Property of disabled veterans – additional $10,000 cash (§ 34-4.1, Code of Virginia).

_____ 13. Worker's Compensation benefits (§ 65.2-531, Code of Virginia).

_____ 14. Growing crops (§ 8.01-489, Code of Virginia).

_____ 15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).

_____ 16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).

_____ 17. Assignments of certain salary and wages (§ 55-165, Code of Virginia).

_____ 18. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).

_____ 19. Proceeds from funeral trusts (§ 54.1-2823, Code of Virginia).

_____ 20. Certain retirement benefits (§ 34-34, Code of Virginia).

_____ 21. Child support payments (§ 20-108.1, Code of Virginia).

_____ 22. Support for dependent children (§ 34-4.2, Code of Virginia). To claim this exemption, an affidavit that complies with the requirements of subsection B of § 34-4.2 and two items of proof showing entitlement to this exemption must be attached to this exemption form. (The affidavit, form DC-449, AFFIDAVIT CONCERNING DEPENDENT CHILDREN AND HOUSEHOLD INCOME, is available at www.courts.state.va.us/forms/district/civil.html or the clerk's office.)

_____ 23. Other (describe exemption): $ ..........................................................................

I request a court hearing to decide the validity of my claim. Notice of hearing should be given to me at:

..........................................................................  ..........................................
ADDRESS                                                            TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

..........................                                          ..........................................
DATE                                                                SIGNATURE OF JUDGMENT DEBTOR

FORM DC-454 REVERSE 07/12

# NOTICE TO JUDGMENT DEBTOR
# HOW TO CLAIM EXEMPTIONS FROM GARNISHMENT AND LIEN

The attached Summons in Garnishment or Notice of Lien has been issued on request of a creditor who holds a judgment against you. The Summons may cause your property or wages to be held or taken to pay the judgment.

The law provides that certain property and wages cannot be taken in garnishment. Such property is said to be exempted. A summary of some of the major exemptions is set forth in the request for hearing form. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the claim for exemption form and (ii) deliver or mail the form to the clerk's office of this court.

You have a right to a hearing within seven business days from the date you file your claim with the court. If the creditor is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is indicated on the Summons in Garnishment attached. You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

**If you do not claim an exemption and do not otherwise contest the garnishment, you are not required to appear in court on the return date on the Garnishment Summons.**

It may be helpful for you to seek the advice of an attorney in this matter.

**THE REQUEST FOR HEARING FORM IS PRINTED ON THE REVERSE OF THIS FORM.**

FORM DC-454 FRONT 07/10