## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ------------------------------------------------- | x | |
| In re: | : | **Chapter 11** |
| | : | |
| **BCAUSE MINING, LLC** | : | **Case No. 19-10562** |
| | : | |
| | : | **Honorable Janet S. Baer** |
| **Debtor.:** | : | |
| ------------------------------------------------- | x | |

### NOTICE OF MOTION

To:     Those Registered to Receive Notices

      **PLEASE TAKE NOTICE** that on Wednesday May 8, 2019 at [10:00 a.m.], Schiff Hardin LLP, counsel to Hoffland Properties, Inc., shall present to Judge Janet S. Baer or any Judge sitting in her place, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division at 219 South Dearborn Street, Courtroom 615, Chicago, Illinois, the **MOTION OF HOFFLAND PROPERTIES TO COMPEL PAYMENT OF POST-PETITION RENT** and the **[PROPOSED] ORDER COMPELLING PAYMENT OF POST-PETITION RENT** which are attached hereto and hereby served upon you.

Dated: May 3, 2019                    Respectfully submitted,

By: */s/ Sarah K. Angelino*
      J. Mark Fisher
      Sarah K. Angelino
      Schiff Hardin LLP
      233 S. Wacker Dr., Suite 7100
      Chicago, IL  60606
      (312) 258-5500 (phone)
      (312) 258-5700 (fax)
      mfisher@schiffhardin.com
      sangelino@schiffhardin.com

*Counsel for Hoffland Properties, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ----------------------------------------------------- | x | |
| In re: | : | **Chapter 11** |
| | : | |
| **BCAUSE MINING, LLC** | : | **Case No. 19-10562** |
| | : | |
| | : | **Honorable Janet S. Baer** |
| **Debtor.:** | : | |
| ----------------------------------------------------- | x | |

## MOTION OF HOFFLAND PROPERTIES TO COMPEL
## PAYMENT OF POST-PETITION RENT

Hoffland Properties, Inc. ("Hoffland"), the landlord for the Debtor's only operating location, by its undersigned Counsel, moves to Compel Payment of Post-Petition Rent (the "Motion") and in support thereof states as follows:

### Factual Background

1.      Hoffland, as Lessor, entered into a Triple Net Lease (with Rider) (as amended, the "Lease") with the Debtor, BCause Mining, LLC (the "Debtor") dated November 1, 2017, whereby Hoffland leased to the Debtor a commercial warehouse condominium located at Unit B, 5465 Greenwich Road, Virginia Beach, Virginia (the "Leased Premises").  A copy of the Lease (but omitting exhibits that are not relevant to the Motion) is attached as **Exhibit 1**.

2.      The Leased Premises consist of approximately 105,861 square feet of space and the common elements appurtenant thereto.  The current month rental is $58,570, payable in advance on the first business day of each and every month (See Lease, paras 3 and 10).

3.      The Debtor filed its voluntary Chapter 11 Petition on April 11, 2019, and has continued in possession of the Leased Premises, continuing to derive a reported monthly income of over $1 million from the use of the Leased Premises.

4.      The Debtor has acknowledged the amount of the monthly rent by including the
$58,570 amount thereof in its various filed budgets, including the Supplement it filed to the
BCause, LLC cash collateral motion on April 23rd [Bcause, LLC, Docket No. 24, p. 10].  A copy
of the proposed budget is attached hereto as **Exhibit 2**.  However, the Debtor has made no rent
payments on the Lease since before the filing of this Case either from the alleged cash collateral
of WESCO Distribution, Inc. ("WESCO") or other funds.

5.      This complete failure to address the payment of May rent, timely or otherwise, is
exacerbated by the fact that the Debtor has not paid prorated stub rent for the post-petition portion
of April, 2019.  The Debtor's rent check to Hoffland was dishonored by Debtor's bank for
insufficient funds, purportedly due to the WESCO garnishment.  The dishonor of the April rent
check has left Hoffland with a $39,046.67 stub rent obligation (the "Stub Rent") due for the twenty-
day period from April 11 through April 30, 2019 ($58,570 ÷30 x 20).

6.      Even though the Debtor continues to occupy the Leased Premises and generate
income of over $1 million a month, it has failed to pay Hoffland the rent due for May or Stub Rent
for April, or, for that matter, make provisions to pay any future rent due under the Lease.

7.      Therefore, on May 2, 2019 Hoffland sent to the Debtor, notifying it that it did not
receive the payments referenced above, and requesting assurances that such amounts would be
paid forthwith.  No such assurances have been received.  A copy of this May 2nd letter is attached
hereto as **Exhibit 3**.

## Applicable Law

8.      11 U.S.C. § 365(d)(3) provides in relevant part: "The trustee *shall timely* perform
all the obligations of the debtor . . . arising from and after the order for relief under any unexpired

lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." (emphasis added).

9.      "Pursuant to the plain language of Section 365(d)(3), the . . . debtor in possession has a duty, prior to assumption or rejection of a lease of nonresidential real property, to make timely payment of the full rent due, from any available funds . . . regardless of the administrative solvency of the estate." In re Telesphere Commc'ns, Inc., 148 B.R. 525, 531 (Bankr. N.D. Ill. 1992) (ordering the debtor in possession to pay immediately the rent that it was obligated to pay to commercial landlord post-petition); accord In re C.Q., LLC, 343 B.R. 915, 916–17 (Bankr. W.D. Wis. 2005); In re McCabe, 212 B.R. 21, 22 (Bankr. D. Mass. 1996) ("Where the statute expressly obligates the trustee to "timely perform," the remedy is implicit: performance of the obligation. Absent this remedy, the requirement of timely performance is, for the most part, eviscerated. Immediate payment does elevate rents payable under § 365(d)(3) to a higher priority than administrative expenses allowed under § 503(b)(1), but this is simply what § 365(d)(3) requires."); In re M.H.I., Inc., 61 B.R. 69, 71 (Bankr. D. Md. 1986) ("The court finds, both from the unequivocal language of the statute and the legislative history . . . that § 365(d)(3) was added to provide specific protection for the lessor of non-residential real property during the post-petition hiatus period while the Trustee or Debtor decides what to do with the executory lease. . . . . The message of Congress is unmistakable.") (quotation omitted). But see In re Joseph C. Spiess Co., 145 B.R. 597, 608 (Bankr. N.D. Ill. 1992).

10.     "In other words, § 365(d)(3) makes recovery of post-petition rent automatic, rather than requiring landlords to bring, and prove, a § 503(b)(1) administrative expense claim." In re Goody's Family Clothing, Inc., 401 B.R. 656, 663 (D. Del. 2009).

## Relief Requested

11.     Under the plain and mandatory language of section 365(d)(3), Hoffland is entitled to timely rent payments under the Lease for the period between the filing of the petition and the assumption or rejection of the Lease.

12.     Despite the plain requirements of the Code, the Debtor has failed to pay rent to Hoffland as required by the Lease.

WHEREFORE, Hoffland respectfully requests the Court order the Debtor to timely pay all rent when due under the Lease and immediately pay (i) the $58,570 rent that was due on May 1, 2019 and the $39,046.67 stub rent that was due for April, 2019, and grant such other relief as the Court deems appropriate.  Hoffland reserves the right to require the Debtor to perform all other obligations under the Lease through the date of assumption or rejection of the Lease.

**HOFFLAND PROPERTIES, INC.**


By: */s/ Sarah K. Angelino*
            J. Mark Fisher, Esq.
            Sarah K. Angelino
            Schiff Hardin LLP
            233 South Wacker Drive
            Suite 7100
            Chicago, IL 60606
            (312) 258-5500
            mfisher@schiffhardin.com
            sangelino@schiffhardin.com

            *Counsel for Hoffland Properties, Inc.*

4

## CERTIFICATE OF SERVICE

I, Sarah K. Angelino, an attorney, certify that on this 3rd day of May, 2019, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF System.

By: */s/ Sarah K. Angelino*
                    Sarah K. Angelino (#6324613)
                    Schiff Hardin LLP
                    233 South Wacker Drive
                    Suite 7100
                    Chicago, IL 60606
                    (312) 258-5500
                    sangelino@schiffhardin.com

## SERVICE LIST

**Via ECF:**

David A Agay on behalf of Creditor Wesco Distribution, Inc.
dagay@mcdonaldhopkins.com,
mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com

Sarah K Angelino on behalf of Creditor Hoffland Properties, Inc
sangelino@schiffhardin.com, edocket@schiffhardin.com

Jamie L Burns on behalf of Creditor W-R2 Jefferson Owner VIII, LLC
jburns@lplegal.com, rwilliamson@lplegal.com;ikropiewnicka@lplegal.com

Maria G Carr on behalf of Creditor Wesco Distribution, Inc.
mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Scott R Clar on behalf of Debtor 1 BCause Mining LLC, a Virginia limited liability company
sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com

Shara C Cornell on behalf of Creditor Wesco Distribution, Inc.
scornell@mcdonaldhopkins.com,
mbrady@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com

Jeffrey C Dan on behalf of Debtor 1 BCause Mining LLC, a Virginia limited liability company
jdan@cranesimon.com, sclar@cranesimon.com;mjoberhausen@cranesimon.com

Shelly A. DeRousse on behalf of Creditor Committee Official Committee Of Unsecured Creditors
sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Devon J Eggert on behalf of Creditor Committee Official Committee Of Unsecured Creditors
deggert@freeborn.com, bkdocketing@freeborn.com

Marc Ira Fenton on behalf of Creditor W-R2 Jefferson Owner VIII, LLC
mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com

J Mark Fisher on behalf of Creditor Hoffland Properties, Inc
mfisher@schiffhardin.com, edocket@schiffhardin.com;sricciardi@schiffhardin.com

Elizabeth L Janczak on behalf of Creditor Committee Official Committee Of Unsecured Creditors
ejanczak@freeborn.com, bkdocketing@freeborn.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Christina Sanfelippo on behalf of Creditor BMG Operations Ltd.
csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com

Brian L Shaw on behalf of Creditor BMG Operations Ltd.
bshaw@foxrothschild.com, cknez@foxrothschild.com

Jason M Torf on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia
jason.torf@icemiller.com