# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BCAUSE MINING LLC, a Virginia limited liability company, | Case No. 19-10562 |
| | Honorable Janet S. Baer |
| Debtor. | Hearing Date: May 8, 2019 at 10:00 a.m. |

**DECLARATION OF SHELLY A. DEROUSSE ON BEHALF OF FREEBORN
& PETERS LLP AND ITS ATTORNEYS, PROPOSED COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Shelly A. DeRousse, hereby declare under penalty of perjury:

1. I am a partner in the Bankruptcy, Reorganization and Financial Restructuring Practice Group of the law firm of Freeborn & Peters LLP, located at 311 South Wacker Drive, Suite 3000 in Chicago, Illinois. In that capacity, I am authorized to submit this Declaration, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), in support of the *Application of the Official Committee of Unsecured Creditors to Employ Freeborn & Peters LLP and its Attorneys as Counsel* (the "*Application*") in the chapter 11 cases of BCause Mining LLC and BCause LLC (collectively, the "*Debtors*"). Freeborn & Peters LLP, Shelly A. DeRousse, Devon J. Eggert, and Elizabeth L. Janczak are collectively referred to as "Freeborn" in this Declaration.

2. I am duly admitted to practice law in the State of Illinois, the U.S. District for the Northern District of Illinois, and before this Court.

3. I make this Declaration from information derived from the business records of Freeborn. I will supplement this Declaration as required by Bankruptcy Rule 2014 if and when

additional information becomes available concerning any relationship or connection between the Debtors, their creditors or interest holders, and Freeborn based on information that comes to my attention.

## Qualification of Professionals

4. Freeborn understands that the Committee selected Freeborn as its counsel because of Freeborn's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under title 11 of the United States Code (the "*Bankruptcy Code*").

5. The firm has substantial experience in all manners of proceedings under chapter 7 and 11 of the Bankruptcy Code, having represented trustees, debtors, official committees of unsecured creditors, liquidating trustees and major creditors in numerous chapter 7 and 11 cases across the country.

## Services to be Rendered

6. Freeborn contemplates that it will provide a full range of services required to represent the Committee in the course of the chapter 11 cases as counsel, which may include:

   a. Advising the Committee on all legal issues as they arise;

   b. Advising the Committee on all motions and pleadings filed by the Debtors and other parties-in-interest and responding to the same;

   c. Representing and advising the Committee regarding the terms of any sale of assets or plan of reorganization or liquidation and assisting the Committee in negotiations with the Debtors and other parties;

   d. Investigating the Debtors' assets and pre-bankruptcy conduct;

   e. Analyzing the perfection and priority of the liens of the Debtors' purported secured creditors;

   f. Preparing, on behalf of the Committee, all necessary motions, applications, pleadings, reports, responses, objections and other papers;

   g. Representing and advising the Committee in all proceedings in these cases;

    h.  Assisting and advising the Committee in its administration; and

    i.  Providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind.

### Hourly Rates of Freeborn's Professionals and Anticipated Expenses

7.    Subject to the Court's approval, Freeborn will charge for its legal services on an hourly basis in accordance with its standard billing procedures. These rates range from $235 per hour for new associates to $1,015 per hour for senior partners. Paraprofessional services range from $105 per hour to $380 per hour.

8.    The hourly rates for the Freeborn attorneys presently expected to have primary responsibility for these cases are as follows: (i) Shelly A. DeRousse (Partner) - $490/hour; (ii) Devon J. Eggert (Partner) - $450/hour; (iii) Elizabeth L. Janczak (Partner) - $370/hour; and (iv) Bianca E. Ciarroni (Associate) - $300/hr. In addition, from time to time, it may be necessary for other Freeborn professionals to provide services to the Committee. In all appropriate circumstances, Freeborn will employ the services of junior professionals to minimize administrative expenses to the estates. Freeborn's hourly rates are subject to yearly adjustment on January 1st of each year.

9.    Freeborn will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. Freeborn intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, further orders of this Court and the guidelines established by the Office of the United States Trustee for all services performed and expenses incurred.

10.    Freeborn understands that, notwithstanding any Court-approved procedures for interim compensation and reimbursement of expenses, any and all compensation for legal

3

services rendered and expenses incurred on behalf of the Committee during the above-captioned cases will be subject to Court approval, after notice and a hearing.  Freeborn further understands that the sole source of such compensation will be from the Debtors' bankruptcy estates.

**Freeborn is a "Disinterested Person" Under Section 101(14) of the Bankruptcy Code**

11. To the best of my knowledge, neither I, Freeborn, nor any partner or associate thereof, insofar as I have been able to ascertain and except as set forth below:  (a) hold or represent any interest adverse to the Committee or the unsecured creditors of the Debtors' estates; or (b) represent any other entity in connection with these cases having an interest adverse to the Committee.  Further, insofar as I have been able to ascertain, other than in connection with these cases or as set forth below, Freeborn has no connection (connection being defined as a familial or professional relationship) with the Debtors, their creditors, or any other party-in-interest, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee.  Accordingly, I believe Freeborn is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

12. Specifically, in reaching this conclusion, our staff has searched Freeborn's computerized "conflicts" database for each of the following entities: (a) the Debtors; (b) the Debtors' secured lender; (c) each member of the Committee; (d) the Debtors' 20 largest unsecured creditors; and (e) certain other parties-in-interest.  Freeborn may have previously represented, and may in the future represent, certain of the Debtors' creditors and other parties-in-interest, or interests adverse to such creditors or parties-in-interest, in matters unrelated to these cases.

13. In particular, the firm is currently representing or has in the past represented United Health Care in matters unrelated to these bankruptcy cases.  Freeborn is also currently

4

representing Eugene Crane, in his capacity as chapter 7 trustee, in cases unrelated to the Debtors or these bankruptcy cases. Eugene Crane is a member of the Debtors' counsel's firm Crane, Simon, Clar & Dan.

14. Freeborn will conduct a continuing inquiry to ascertain whether there exists any situation which would affect, or appear to affect, Freeborn's status as a "disinterested person." If additional disclosure is required, I will promptly file a supplemental declaration with this Court after this inquiry is completed.

15. Freeborn has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under section 504(b) of the Bankruptcy Code. Additionally, in accordance with Bankruptcy Rule 5002, no Freeborn attorney is a relative of the bankruptcy judge assigned to the Debtors' cases.

I state hereby under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.


Dated: May 3, 2019                                /s/ Shelly A. DeRousse
                                                  Shelly A. DeRousse