LAW OFFICES

# CRANE, SIMON, CLAR & DAN

EUGENE CRANE
ARTHUR G. SIMON
SCOTT R. CLAR
JEFFREY C. DAN

JOHN H. REDFIELD, OF COUNSEL

135 S. LASALLE STREET
SUITE 3705
CHICAGO, ILLINOIS
60603-4297
TEL: (312) 641-6777
FAX: (312) 641-7114
WWW.CRANEHEYMAN.COM

April 10, 2019

**Via Hand Delivery**

Fred Grede, CEO
BCause Mining LLC
130 S. Jefferson St., #101
Chicago, IL 60661

Re:   BCause Mining LLC ("Mining"); Chapter 11 Case

Dear Mr. Grede:

This letter is intended to confirm the agreement reached with Mining concerning the retention of the law firm of Crane, Simon, Clar & Dan ("CSC&D") in a Chapter 11 bankruptcy proceeding, and such other representation as may be necessary. After review of this letter, please sign on the signature line provided acknowledging your understanding of the terms of our retention.

Mining will cause CSC&D to be paid the sum of $26,717.00 as an advance payment retainer for this engagement ("Retainer"). In consideration of the payment of the Retainer, CSC&D agrees to provide legal services on Mining's behalf in connection with the matters upon which CSC&D has been retained. Unless otherwise billed directly to Mining, any costs incurred during our representation shall be subject to reimbursement from Mining.

This Retainer will not be held in the client trust account of CSC&D, and will be treated as income by CSC&D upon its receipt, whereupon it will be deposited into the general account of CSC&D. This Retainer is the property of CSC&D and Mining retains no legal or equitable interest in the Retainer. In the event that the legal services and expenses incurred exceed this Retainer, it is understood that CSC&D shall be entitled to additional monies to account for the difference. Any portion of this Retainer that is not earned or required for expenses will be refunded to Mining after application of this Retainer to accrued legal services and expenses.


EXHIBIT A

LAW OFFICES

# CRANE, SIMON, CLAR & DAN

Fred Grede
April 10, 2019
Page Two

It is understood that due to the nature of the representation and the substantial risk to CSC&D that CSC&D may receive no further fees, CSC&D is unwilling to represent Mining without the payment of such advance payment retainer and that the decision to pay an advance payment retainer to CSC&D was Mining's choice, after consideration of other Retainer options. Mining acknowledges that the specific purpose of such advance payment retainer is to assure Mining of legal representation at least until such time as the Retainer is exhausted, and that the advantage to Mining of such a Retainer, is that it provides such assurance by reducing the risk of creditor attachment of such a Retainer and without the necessity of seeking any court and/or creditor approval with respect to same. CSC&D will commence its representation of Mining upon payment of this advance payment Retainer.

Such representation includes all matters typically involved in representing debtors in a Chapter 11 case as well as matters involving defense of: 1) motions to convert the case to a Chapter 7 case; and 2) motions seeking the appointment of a Chapter 11 trustee.

For your information the current hourly rates for CSC&D ("2019 Hourly Rates") are as follows:

| | |
|---|---|
| Eugene Crane | $520 |
| Arthur G. Simon | $520 |
| Scott R. Clar | $520 |
| Jeffrey C. Dan | $480 |
| John H. Redfield | $400 |

The above hourly rates are subject to change on January 1 of each year. However, the 2019 Hourly Rates shall be applicable in this engagement from the date hereof through and including December 31, 2019. Mining will be charged the hourly rates in existence at the time of billing by CSC&D.

Please sign and return this letter to me as soon as possible. Thank you for the opportunity to be of service to you. Please send us the Retainer as soon as possible in order that we can commence our representation. We look forward to a successful relationship.

LAW OFFICES

**CRANE, SIMON, CLAR & DAN**

Fred Grede
April 10, 2019
Page Three

Should there be any questions concerning our representation, please do not hesitate to contact me.

Very truly yours,

CRANE, SIMON, CLAR & DAN

By: _____
 Scott R. Clar

SRC/mjo


AGREED, ACCEPTED AND UNDERSTOOD:

BCAUSE MINING LLC

By: _____
 Fred Grede, CEO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

## AFFIDAVIT OF ARTHUR G. SIMON

I, ARTHUR G. SIMON, being duly sworn, and under oath, deposes and state as follows:

1) I am an attorney admitted to practice before this Court and am a partner in the law firm of Crane, Simon, Clar & Dan ("CSCD"), which maintains offices at 135 South LaSalle Street, Suite 3705, Chicago, Illinois 60603.

2) Except as hereafter stated, neither I nor any partner or attorney of counsel of CSCD insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and/or accountants.

3) CSCD received a pre-petition advance payment retainer in the amount of $26,717.00 for the filing of the BCause Mining LLC Chapter 11 case.

4) Neither I nor any partner, or attorney of counsel of CSCD, insofar as we have been able to ascertain, represents any interest adverse to that of the Debtor, its estate or its creditors, in the matters upon which CSCD is to be engaged.

5) To the best of my knowledge, information and belief, neither myself, nor any partner, or attorney of counsel associated with CSCD holds any interest nor represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or assistant United States Trustee in any other District with the exception that Eugene Crane, a partner in CSCD, is and will continue to be a member of the panel of trustees appointed for this District, and also with the exception that Scott R. Clar, a partner, was employed as a staff attorney with the United States Trustee's Office from February, 1984 to September, 1986.

6) Based on the foregoing, I believe that myself and all partners and attorneys of counsel of CSCD, are "disinterested" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7) Pursuant to Section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between CSCD and any other person for a division of compensation received or to be received herein. No division of compensation shall be made



except as stated above, and no agreement, expressed or implied, has been or will be entered into, with the Debtor, its creditors, or representatives of any of them, or attorney for any party in interest for the purpose of fixing of fees and other compensation to be paid to any party in interest or to any attorney for any other party in interest, or to any person for services rendered in connection therewith from the assets of the estate, contrary to the provisions of the Bankruptcy Code.

/s/Arthur G. Simon, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

## AFFIDAVIT OF SCOTT R. CLAR

I, Scott R. Clar, being duly sworn, and under oath, deposes and states as follows:

1) I am an attorney admitted to practice before this Court and am a partner in the law firm of Crane, Simon, Clar & Dan ("CSCD"), which maintains offices at 135 South LaSalle Street, Suite 3705, Chicago, Illinois 60603.

2) Except as hereafter stated, neither I nor any partner or attorney of counsel of CSCD insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and/or accountants.

3) CSCD received a pre-petition advance payment retainer in the amount of $26,717.00 for the filing of the BCause Mining LLC Chapter 11 case.

4) Neither I nor any partner, or attorney of counsel of CSCD, insofar as we have been able to ascertain, represents any interest adverse to that of the Debtor, its estate or its creditors, in the matters upon which CSCD is to be engaged.

5) To the best of my knowledge, information and belief, neither myself, nor any partner, or attorney of counsel associated with CSCD holds any interest nor represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or assistant United States Trustee in any other District with the exception that Eugene Crane, a partner in CSCD, is and will continue to be a member of the panel of trustees appointed for this District, and also with the exception that I was employed as a staff attorney with the United States Trustee's Office from February, 1984 to September, 1986.

6) Based on the foregoing, I believe that myself and all partners and attorneys of counsel of CSCD, are "disinterested" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7) Pursuant to Section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between CSCD and any other person for a division of compensation received or to be received herein. No division of compensation shall be made

except as stated above, and no agreement, expressed or implied, has been or will be entered into, with the Debtor, its creditors, or representatives of any of them, or attorney for any party in interest for the purpose of fixing of fees and other compensation to be paid to any party in interest or to any attorney for any other party in interest, or to any person for services rendered in connection therewith from the assets of the estate, contrary to the provisions of the Bankruptcy Code.

/s/ Scott R. Clar, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

## AFFIDAVIT OF JEFFREY C. DAN

I, Jeffrey C. Dan, being duly sworn, and under oath, deposes and states as follows:

1) I am an attorney admitted to practice before this Court and am a partner in the law firm of Crane, Simon, Clar & Dan ("CSCD"), which maintains offices at 135 South LaSalle Street, Suite 3705, Chicago, Illinois 60603.

2) Except as hereafter stated, neither I nor any partner or attorney of counsel of CSCD insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and/or accountants.

3) CSCD received a pre-petition advance payment retainer in the amount of $26,717.00 for the filing of the BCause Mining LLC Chapter 11 case.

4) Neither I nor any partner, or attorney of counsel of CSCD, insofar as we have been able to ascertain, represents any interest adverse to that of the Debtor, its estate or its creditors, in the matters upon which CSCD is to be engaged.

5) To the best of my knowledge, information and belief, neither myself, nor any partner, or attorney of counsel associated with CSCD holds any interest nor represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or assistant United States Trustee in any other District with the exception that Eugene Crane, a partner in CSCD, is and will continue to be a member of the panel of trustees appointed for this District, and also with the exception that Scott R. Clar, a partner, was employed as a staff attorney with the United States Trustee's Office from February, 1984 to September, 1986.

6) Based on the foregoing, I believe that myself and all partners and attorneys of counsel of CSCD, are "disinterested" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7) Pursuant to Section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between CSCD and any other person for a division of

compensation received or to be received herein. No division of compensation shall be made except as stated above, and no agreement, expressed or implied, has been or will be entered into, with the Debtor, its creditors, or representatives of any of them, or attorney for any party in interest for the purpose of fixing of fees and other compensation to be paid to any party in interest or to any attorney for any other party in interest, or to any person for services rendered in connection therewith from the assets of the estate, contrary to the provisions of the Bankruptcy Code.

/s/Jeffrey C. Dan, Esq.