IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining, LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

## AMENDED EXHIBIT B TO MOTION TO EMPLOY ATTORNEYS

**DEBTOR'S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
Arthur G. Simon
(Atty. No. 03124481))
Jeffrey C. Dan
(Atty. No. 06242750)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

## AMENDED AFFIDAVIT OF ARTHUR G. SIMON

I, ARTHUR G. SIMON, being duly sworn, and under oath, deposes and states as follows:

1) I am an attorney admitted to practice before this Court and am a partner in the law firm of Crane, Simon, Clar & Dan ("CSCD"), which maintains offices at 135 South LaSalle Street, Suite 3705, Chicago, Illinois 60603.

2) Except as hereafter stated, neither I nor any partner or attorney of counsel of CSCD insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and/or accountants.

3) CSCD received a pre-petition advance payment retainer in the amount of $26,702.38 for the filing of the BCause Mining LLC ("Mining") Chapter 11 case. CSCD also represents BCause LLC ("Holding") in a related Chapter 11 bankruptcy case pending before this Court under case number 19-10731 which was filed on April 12, 2019. Among the assets of Holding is the 100% membership interest in Mining. All of Mining's receipts are paid to Holding which pays all of Mining's expenses including those individuals who provide services for Mining.

4) Neither I nor any partner, or attorney of counsel of CSCD, insofar as we have been able to ascertain, represents any interest adverse to that of the Debtor, its estate or its creditors, in the matters upon which CSCD is to be engaged.

5) To the best of my knowledge, information and belief, neither myself, nor any partner, or attorney of counsel associated with CSCD holds any interest nor represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or assistant United States Trustee in any other District with the exception that Eugene Crane, a partner in CSCD, is and will continue to be a member of the panel of trustees appointed for this District, and also with the exception that Scott R. Clar, a partner, was employed as a staff attorney with the United States Trustee's Office from February, 1984 to September, 1986.

6) Based on the foregoing, I believe that myself and all partners and attorneys of counsel of CSCD, are "disinterested" within the meaning of Sections 101(14) and 327 of the

Bankruptcy Code.

       7)      Pursuant to Section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between CSCD and any other person for a division of compensation received or to be received herein. No division of compensation shall be made except as stated above, and no agreement, expressed or implied, has been or will be entered into, with the Debtor, its creditors, or representatives of any of them, or attorney for any party in interest for the purpose of fixing of fees and other compensation to be paid to any party in interest or to any attorney for any other party in interest, or to any person for services rendered in connection therewith from the assets of the estate, contrary to the provisions of the Bankruptcy Code.

                                                        /s/Arthur G. Simon, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

### AMENDED AFFIDAVIT OF SCOTT R. CLAR

I, Scott R. Clar, being duly sworn, and under oath, deposes and states as follows:

1)   I am an attorney admitted to practice before this Court and am a partner in the law firm of Crane, Simon, Clar & Dan ("CSCD"), which maintains offices at 135 South LaSalle Street, Suite 3705, Chicago, Illinois 60603.

2)   Except as hereafter stated, neither I nor any partner or attorney of counsel of CSCD insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and/or accountants.

3)   CSCD received a pre-petition advance payment retainer in the amount of $26,702.38 for the filing of the BCause Mining LLC ("Mining") Chapter 11 case. CSCD also represents BCause LLC ("Holding") in a related Chapter 11 bankruptcy case pending before this Court under case number 19-10731 which was filed on April 12, 2019. Among the assets of Holding is the 100% membership interest in Mining. All of Mining's receipts are paid to Holding which pays all of Mining's expenses including those individuals who provide services for Mining.

4)   Neither I nor any partner, or attorney of counsel of CSCD, insofar as we have been able to ascertain, represents any interest adverse to that of the Debtor, its estate or its creditors, in the matters upon which CSCD is to be engaged.

5)   To the best of my knowledge, information and belief, neither myself, nor any partner, or attorney of counsel associated with CSCD holds any interest nor represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or assistant United States Trustee in any other District with the exception that Eugene Crane, a partner in CSCD, is and will continue to be a member of the panel of trustees appointed for this District, and also with the exception that I was employed as a staff attorney with the United States Trustee's Office from February, 1984 to September, 1986.

6)   Based on the foregoing, I believe that myself and all partners and attorneys of counsel of CSCD, are "disinterested" within the meaning of Sections 101(14) and 327 of the

Bankruptcy Code.

       7)       Pursuant to Section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between CSCD and any other person for a division of compensation received or to be received herein. No division of compensation shall be made except as stated above, and no agreement, expressed or implied, has been or will be entered into, with the Debtor, its creditors, or representatives of any of them, or attorney for any party in interest for the purpose of fixing of fees and other compensation to be paid to any party in interest or to any attorney for any other party in interest, or to any person for services rendered in connection therewith from the assets of the estate, contrary to the provisions of the Bankruptcy Code.

                                                                           /s/ Scott R. Clar, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining LLC, | ) | Judge Janet S. Baer |
| | ) | |
| debtor/debtor-in-possession. | ) | Chapter 11 |

## AMENDED AFFIDAVIT OF JEFFREY C. DAN

I, Jeffrey C. Dan, being duly sworn, and under oath, deposes and states as follows:

1)    I am an attorney admitted to practice before this Court and am a partner in the law firm of Crane, Simon, Clar & Dan ("CSCD"), which maintains offices at 135 South LaSalle Street, Suite 3705, Chicago, Illinois 60603.

2)    Except as hereafter stated, neither I nor any partner or attorney of counsel of CSCD insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and/or accountants.

3)    CSCD received a pre-petition advance payment retainer in the amount of $26,702.38 for the filing of the BCause Mining LLC ("Mining") Chapter 11 case. CSCD also represents BCause LLC ("Holding") in a related Chapter 11 bankruptcy case pending before this Court under case number 19-10731 which was filed on April 12, 2019. Among the assets of Holding is the 100% membership interest in Mining. All of Mining's receipts are paid to Holding which pays all of Mining's expenses including those individuals who provide services for Mining.

4)    Neither I nor any partner, or attorney of counsel of CSCD, insofar as we have been able to ascertain, represents any interest adverse to that of the Debtor, its estate or its creditors, in the matters upon which CSCD is to be engaged.

5)    To the best of my knowledge, information and belief, neither myself, nor any partner, or attorney of counsel associated with CSCD holds any interest nor represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or assistant United States Trustee in any other District with the exception that Eugene Crane, a partner in CSCD, is and will continue to be a member of the panel of trustees appointed for this District, and also with the exception that Scott R. Clar, a partner, was employed as a staff attorney with the United States Trustee's Office from February, 1984 to September, 1986.

6)    Based on the foregoing, I believe that myself and all partners and attorneys of

counsel of CSCD, are "disinterested" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

      7)     Pursuant to Section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between CSCD and any other person for a division of compensation received or to be received herein. No division of compensation shall be made except as stated above, and no agreement, expressed or implied, has been or will be entered into, with the Debtor, its creditors, or representatives of any of them, or attorney for any party in interest for the purpose of fixing of fees and other compensation to be paid to any party in interest or to any attorney for any other party in interest, or to any person for services rendered in connection therewith from the assets of the estate, contrary to the provisions of the Bankruptcy Code.

                                                                  /s/Jeffrey C. Dan, Esq.