**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BCAUSE MINING LLC, *et al.*, | ) | Case No. 19-10562 |
| | ) | Honorable Janet S. Baer |
| Debtor(s). | ) | |

**BMG'S OBJECTION TO WESCO'S MOTION (I)
TO DISMISS THE DEBTORS' BANKRUPTCY CASES, OR, IN THE
ALTERNATIVE, (II) FOR RELIEF FROM THE AUTOMATIC STAY**

BMG Operations Ltd. ("BMG"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to *WESCO Distribution's Motion (I) to Dismiss the Debtors' Bankruptcy Cases, or, in the Alternative, (II) for Relief from the Automatic Stay* (the "Motion") [Docket No. 35]. In support of this Objection, BMG respectfully states as follows:

**Preliminary Statement**

WESCO Distribution Inc. ("WESCO") seeks to have this Court dispense with these bankruptcy cases without demonstrating a sufficient legal basis to do so and without adequately establishing WESCO's security interest in the Debtors' assets or the amounts owed to WESCO by the Debtors. At this stage, WESCO's request is premature; the Debtors have not had enough time to formulate their proposed restructuring strategy and other creditors have not had a meaningful opportunity to examine the extent and validity of WESCO's alleged security interest. WESCO has not satisfied the legal burdens set forth in sections 1112(b) and 362(d)(1)-(2) of title 11 of the United States Code (the "Bankruptcy Code"). Accordingly, the Court should deny WESCO's Motion.

**Argument**

**I.     1112(b)(1) Dismissal of these Bankruptcy Cases would be Inappropriate**

1.     In its Motion, WESCO asserts that dismissal of these cases would be appropriate pursuant to section 1112(b)(1) of the Bankruptcy Code because "cause" exists, and it would be in the best interest of the creditors and the estate. *See* Motion ¶¶ 17–27.

2.     Section 1112(b)(1) of the Bankruptcy Code, provides:

> ... on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, *whichever is in the best interests of creditors and the estate, if the movant establishes cause*.

11 U.S.C. § 1112(b)(1) (emphasis added).

### i. WESCO Fails to Establish that "Cause" Exists for Dismissal

3.     Section 1112(b)(4) of the Bankruptcy Code provides a nonexclusive list of sixteen examples of cause that might establish a basis for the dismissal of a bankruptcy case. 11 U.S.C. § 1112(b)(4). The initial burden to demonstrate cause under section 1112(b) lies with the movant and must be shown by a preponderance of the evidence. *In re Draiman*, 450 B.R. 777, 826 (Bankr. N.D. Ill. 2011). Although courts have broad discretion to dismiss a Chapter 11 case for cause, they "need to be mindful of the open access of the bankruptcy process to allow debtors a fair opportunity to reorganize their assets." *In re Bovino*, 496 B.R. 492, 499 (Bankr. N.D. Ill. 2013). Importantly, none of the examples of cause listed in section 1112(b) *requires* dismissal of a bankruptcy case. *In re Jartran, Inc.*, 886 F.2d 859, 868 (7th Cir. 1989).

4.     Primarily relying on section 1112(b)(4)(A), WESCO fails to carry its burden to establish the requisite cause for dismissal of these Chapter 11 cases. *See* Motion ¶ 21. Indeed, the budgets attached to this Court's *Third Interim Order Authorizing Use of Cash Collateral and*

*Granting Related Relief* [Docket No. 80] show that the Debtors have sufficient assets and income to operate for a thirteen-week period.  This, alone, contradicts WESCO's assertion that cause exists due to a "substantial continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  *See* Motion ¶ 21; *see also* 11 U.S.C. § 1112(b)(4)(A).

5. Finally, WESCO's Motion places undo attention on the fact that the commencement of these cases interrupted WESCO's garnishment efforts.  Motion ¶ 11.  These cases still are in the early stages.  With evidence still being produced, gathered, and analyzed, a final assessment under section 1112(b)(1) is not yet ripe to be made.  The Debtors' are required to file operating reports and forward-looking plans, which, when filed, will give the Court a clearer picture as to whether dismissal or persistence is appropriate.  The Debtors should be given the benefit of the doubt and afforded a fair opportunity to utilize the respite and benefits of the bankruptcy process.  *See In re Strug–Div., LLC*, 375 B.R. 445, 449 (Bankr. N.D. Ill. 2007) ("[T]he court must be careful not to deny the protection of the Bankruptcy Code to a debtor whose legitimate efforts at financial rehabilitation may be hidden among derivative benefits (such as the delay of creditors resulting from the automatic stay) that, if viewed alone, might suggest bad faith.").

### ii.  Dismissal is not in the Best Interest of the Creditors or the Estate

6. Dismissal also is not in the best interest of the creditors or the estate.  The Bankruptcy Code is "designed to promote equality of distribution among all creditors while simultaneously [deterring] creditors from 'racing to the courthouse to dismember the debtor during his slide into bankruptcy.'"  *Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 641 (7th Cir. 1989) (quoting *Union Bank v. Wolas*, 502 U.S. 151, 161, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991)); *see also In re Schlangen*, 91 B.R. 834, 837 (Bankr. N.D. Ill. 1988) ("Congress meant to encourage

financial restructuring and to reestablish efficient business operations with the goals of permitting greater payments to creditors then [sic] could otherwise be made, while also preserving jobs and shareholders' interests.").

7. The creditors, collectively, and the estate have an interest in the Debtors' continuing their operations as a going concern. Nevertheless, WESCO proposes to dismember the Debtors before (1) the Committee of Unsecured Creditors and BMG, the largest unsecured creditor in these cases, have had an opportunity to assess the extent and validity of WESCO's alleged security interest; and (2) the Debtors have had an opportunity to reorganize for the benefit of everyone. Because granting WESCO's Motion would be contrary to the equitable principles that the Bankruptcy Code is designed to promote, the Court should deny it.

**II.   WESCO is not Entitled to Relief from the Automatic Stay**

8. In its Motion, WESCO asserts that it is entitled to relief from the automatic stay pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code. *See* Motion ¶¶ 28–34.

9. Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Section 362(d)(2) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay where "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

**i.   "Cause" Does Not Exist to Grant Relief from the Automatic Stay**

10. WESCO has failed to satisfy section 362(d)(1) of the Bankruptcy Code. Although "adequate protection" is not defined in the Bankruptcy Code, adequate protection is intended "only to assure that a secured creditor, during the pendency of a bankruptcy case, does not suffer a loss

in the value of its interest in the property of the bankruptcy estate." *In re Markos Gurnee P'ship*, 252 B.R. 712, 716 (Bankr. N.D. Ill.1997) (citing *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 (1988)). If the value of a secured creditor's interest is not declining during the bankruptcy case, then the secured creditor may not be entitled to adequate protection or stay relief under § 362(d)(1). *In re Settlers' Housing Service, Inc.*, 505 B.R. 483, 495 (Bankr. N.D. Ill. 2014). To be entitled to even the lesser remedy of adequate protection, the secured creditor must first prove that the value of its collateral is declining. *Id.* "Only after that initial showing, would the burden shift to Debtor to show that the Bank is adequately protected." *Id.* Even then, an adequate "equity cushion" can itself constitute adequate protection with nothing more. COLLIER ON BANKRUPTCY, 361.03[1](3) at p. 361-11 (16th ed.) (internal citations omitted); *see also In re Pelham Enterprises, Inc.*, 376 B.R. 684, 686 (Bankr. N.D. Ill. 2007) (finding that a secured creditor's interests in personal property were adequately protected by an equity cushion over the amount claimed by the secured creditor).

11. In its Motion, WESCO argues that relief from the automatic stay should be granted for cause because its alleged collateral is not adequately protected. WESCO has failed to sufficiently demonstrate that the value of its alleged collateral is declining. Rather, WESCO speculates that the Debtors "may deplete the cash in the Lakeside account during the Chapter 11 Cases [and] . . . will burn through their cash, leaving WESCO to salvage a recovery from the Debtors' remaining (and potentially worthless) assets." Motion ¶ 31. By contrast, the Debtors' Schedule Ds [Docket Nos. 82 and 78] indicate that WESCO has a considerable equity cushion. Indeed, some of the equipment that WESCO now describes as "potentially worthless" was provided by it to the Debtors just a few months ago. These assets surely have not lost all their value in such a short amount of time. Furthermore, the budgets attached to this Court's *Third*

*Interim Order Authorizing Use of Cash Collateral and Granting Related Relief* [Docket No. 80] expressly provide for adequate protection payments to WESCO. Finally, until additional information is brought to light with respect to the extent and validity of WESCO's alleged security interest, it is impossible to determine the extent to which WESCO is due relief from the automatic stay.

### ii.  WESCO Failed to Meet its Initial Burden of Proof

12. WESCO has failed to satisfy section 362(d)(2) of the Bankruptcy Code. To obtain relief from the automatic stay, the burden is on the movant to make an initial showing that the debtor does not have equity in its collateral. 11 U.S.C. § 362(g). "Only if the movant makes such a showing does [the] burden shift to the debtor; absent a showing . . . the court should simply deny relief from the stay." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *see also In re Love*, 2001 WL 34076354, at *3 (Bankr. C.D. Ill. 2001).

13. In its Motion, WESCO asserts that it is entitled to relief from the automatic stay because "[t]he Debtors have not demonstrated an equity cushion . . . ." Motion ¶ 33. Pursuant to section 362(g), however, the burden to demonstrate the Debtors' lack of equity lies with the movant, WESCO. As discussed above, WESCO speculates that the Debtors do not have equity in its alleged collateral—speculation that the Debtors refute in their Schedule Ds. Accordingly, unless and until WESCO provides enough support to overcome its burden, the Court should deny WESCO's request for relief from the automatic stay.

### iii.  The Alleged Collateral is Necessary to an Effective Reorganization

14. The United States Supreme Court has concluded that section 362(d)(2)(B) of the Bankruptcy Code only requires that there "must be a reasonable possibility of a successful reorganization within a reasonable time," and that the subject property is necessary to that

reorganization. *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988).

15. Even if, for argument's sake, the Debtors have no equity in WESCO's alleged collateral, the collateral is essential to the Debtors' reorganization efforts. To reiterate, these cases still are in their early stages. The Debtors should not be precluded, so soon, from an opportunity to craft a confirmable plan for the benefit of everyone.

**WHEREFORE**, for the reasons stated above, BMG Operations, Ltd. respectfully requests that this Court deny WESCO Distribution, Inc.'s Motion (I) to Dismiss the Debtors' Bankruptcy Cases, or, in the Alternative, (II) for Relief from the Automatic Stay, and for such other and further relief as is just and proper.

Dated: May 28, 2019

Respectfully submitted,

BMG OPERATIONS, LTD.

By:  */s/ Christina M. Sanfelippo*

Brian L. Shaw
Christina M. Sanfelippo
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 1600
Chicago, Illinois 60654
(312) 517-9200  telephone
(312) 517-9201  facsimile
bshaw@foxrothschild.com
csanfelippo@foxrothschild.com

-and-

Jennifer McLain McLemore
(admitted *pro hac vice*)
WILLIAMS MULLEN
200 South 10th Street
Suite 1600
Richmond, VA 23219
(804) 420-6000  telephone
(804) 420-6507  facsimile

# CERTIFICATE OF SERVICE

Christina M. Sanfelippo, an attorney, certifies that she caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means or First Class U.S. Mail, as indicated, on May 28, 2019.

*/s/ Christina M. Sanfelippo*

**Mailing Information for Case 19-10562**
**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David A Agay    dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com
- Sarah K Angelino    sangelino@schiffhardin.com, edocket@schiffhardin.com
- Jamie L Burns    jburns@lplegal.com, rwilliamson@lplegal.com;ikropiewnicka@lplegal.com
- Maria G Carr    mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
- Scott R Clar    sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- Shara C Cornell    scornell@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com
- Jeffrey C Dan    jdan@cranesimon.com, sclar@cranesimon.com;mjoberhausen@cranesimon.com
- Shelly A. DeRousse    sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Devon J Eggert    deggert@freeborn.com, bkdocketing@freeborn.com
- Marc Ira Fenton    mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com
- J Mark Fisher    mfisher@schiffhardin.com, edocket@schiffhardin.com;sricciardi@schiffhardin.com
- Elizabeth L Janczak    ejanczak@freeborn.com, bkdocketing@freeborn.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Jennifer M McLemore    jmclemore@williamsmullen.com, avaughn@williamsmullen.com
- Christina Sanfelippo    csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
- Brian L Shaw    bshaw@foxrothschild.com, cknez@foxrothschild.com
- Arthur G Simon    asimon@cranesimon.com, sclar@cranesimon.com;slydon@cranesimon.com
- Jason M Torf    jason.torf@icemiller.com

**Parties Served Via United States First Class Mail**

WESCO Distributions, Inc.
c/o David A. Agay and Shara Cornell
McDonald Hopkins LLC
300 N LaSalle Street, Suite 1400
Chicago, IL 60654