# APPLICATION FOR BUSINESS CREDIT

Confidential



**WESCO** DISTRIBUTION

The business entity hereby applying for credit from WESCO Distribution, Inc., including any and all of its subsidiaries, affiliates and unincorporated divisions as such may exist from time to time ("WESCO"), is referred to as the "Applicant" for purposes of this Application for Business Credit ("Application"). This Application shall consist of this information page and the Terms and Conditions attached hereto and made a part hereof (the "Terms and Conditions.")

* Indicates required field

## APPLICANT INFORMATION

* Applicant Name: Bcause Mining     * Phone: (757) 761-3669     Fax: (   )
* Street Address: 277 Bendix Road     Suite 420     AP E-Mail: mike@bcause.com
* City: Virginia Beach     * State: VA     * Zip: 23452
AP Contact Name: michael Adolphi     Phone: (757) 761-3669     Fax: (   )
* Main Line of Business: FINTECH     * Date Established:     Dun & Bradstreet #:

☐ Corporation:
☐ Division of
☑ Subsidiary of  Bcause, LLC

☐ Sole Proprietorship
☐ Partnership
☑ Limited Liability Company  Bcause Mining
☐ Other (please specify):  EIN: 82-2810783

## OWNERS, PARTNERS, MEMBERS or OFFICERS (Please note: Social Security Number is not required if Applicant is a corporation.)

| *Name: | *Title: | *SSN: | *Name: | *Title: | *SSN: |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## REFERENCES

* Bank Reference: Towne Bank     * Account Number:     * Trade Reference:     * Account Number:
City/State: VA Beach, VA     E-Mail: Judy.carr@     City/State:     E-Mail:
* Phone: (757) 249-7622     * Fax: (   ) townebank.com     Phone: (   )     * Fax: (   )

* Trade Reference:     * Account Number:     Trade Reference:     Account Number:
City/State:     E-Mail:     City/State:     E-Mail:
* Phone: (   )     * Fax: (   )     Phone: (   )     Fax: (   )

## TAX STATUS  ☑ Taxable  ☐ Exempt  (Attach exemption certificate)

☑ Check here to receive your statements from WESCO electronically.

☑ Check here to receive your invoices from WESCO electronically.

Email address to be sent to: accounting@bcause.com

## AGREEMENT AND ACKNOWLEDGMENT

The undersigned hereby warrants and represents (i) that he or she is a duly authorized representative of the Applicant with full legal authority to bind the same by the execution of this Application and (ii) that the information set forth in this Application is provided for the purpose of obtaining credit from WESCO and is true and correct. The undersigned hereby acknowledges and agrees (i) that WESCO may obtain information concerning the Applicant from any credit-granting institution, (ii) that this Application shall govern WESCO's review of Applicant's credit history and shall constitute the agreement between Applicant and WESCO governing the provision of credit upon WESCO's subsequent acceptance by any means, whether written or oral, of Applicant's request for credit, (iii) that effective upon any acceptance by WESCO of this Application, all sales of goods or services to Applicant will be governed by WESCO's standard terms and conditions of sale as they are posted at http://www.wescodirect.com/direct/corporate/terms_wesco.htm and as the same may be modified from time to time and (iv) that WESCO's provision of credit for the supply of goods and services shall constitute fair and sufficient consideration for the applicability of such standard terms and conditions of sale.
The undersigned agrees and acknowledges that terms of payment shall be net 30 days and that past due balances are subject to service charges at the rate of 1 ½ percent per month; provided, however, that such terms may change based upon revisions to WESCO's standard terms and conditions of sale as the same may be in effect from time to time and that undersigned will be liable for all collection costs incurred by WESCO, including without limitation, attorney's and collection agency fees and the related disbursements. WESCO reserves the right to convert any payment into electronic funds at their discretion.

* SIGNATURE  Michael Adolph     * TITLE: COO     * DATE: 12/4/17

## PERSONAL GUARANTY

In consideration of credit being extended by WESCO to Applicant, I/we hereby personally guarantee to WESCO payment of any obligation of Applicant and agree to be bound to pay WESCO on demand any sum that may become due to WESCO from Applicant. It is understood and agreed that this guaranty shall be a primary, absolute, continuing and irrevocable guaranty and indemnity for such indebtedness and will not be subject to any counterclaims, set-offs, other deductions or defenses. I/we hereby waive notice of default, non-payment or non-performance, dishonor, protest, presentment, diligence, promptness, creation, renewal, accrual, extension, proof or reliance and agree to be bound by all applicable terms and conditions set forth in this Application, including the Terms and Conditions. This Guaranty will not be released, discharged, terminated, modified, affected or impaired by any occurrences or circumstances whatsoever, including without limitation, any insolvency, bankruptcy, reorganization or other similar proceeding affecting Applicant or its assets or any negotiations or course of dealing between WESCO and the Applicant. If any of the undersigned is not an "applicant for credit" under 12 C.F.R. Section 202.2(e) of the regulations enacted under the Equal Credit Opportunity Act of 1974 ("ECOA"), such person acknowledges that (a) this guaranty has been executed to provide credit support for Applicant under this Application, and (b) such party was not required to execute this guaranty in violation of 12 C.F.R. Section 202.7(d) of ECOA. This guaranty shall be binding upon the heirs, administrators, successors and assigns of the undersigned.

| Print Name: | Date: | Print Name: | Date: |
|---|---|---|---|
| SSN: | | SSN: | |
| (Sign) JOINTLY AND INDIVIDUALLY | Date: | (Sign) JOINTLY AND INDIVIDUALLY | Date: |
| Witness: | | Witness: | |

EXHIBIT
C

Rubmberg No. 0518

## TERMS AND CONDITIONS OF APPLICATION FOR BUSINESS CREDIT

Applicant hereby agrees and acknowledges the following: Date: 12/4/17   *Signature:

1. WESCO and any of its employees, officers or agents (collectively, "WESCO Parties") hereby are authorized to contact the trade and bank references identified in this Application and to obtain such additional information as they may require concerning Applicant's creditworthiness, and Applicant hereby waives any and all claims against, and fully releases from liability, any and all WESCO Parties with respect to any such inquiry.

2. Any representatives of any of the trade or bank references identified in this Application are authorized to disclose to the WESCO Parties any information pertaining to Applicant's credit history requested by any WESCO Parties, including, without limitation, information regarding Applicant's loans, accounts, purchases or other financial transactions involving the bank or trade reference in the past, present and future, and Applicant hereby waives any and all claims against, and fully releases from liability, any such representatives with respect to any such disclosure.

3. At any time while this Application is pending and throughout any period during which WESCO has extended business credit to Applicant for which it has not yet been reimbursed, WESCO may obtain credit reports (including, without limitation, consumer credit reports) regarding Applicant as well as its principal(s), proprietor(s) and/or guarantor(s) in connection with the extension or continuation of business credit provided by WESCO to Applicant pursuant to or in connection with this Application. Applicant hereby consents to the use of any such credit report consistent with the Federal Fair Credit Reporting Act as set forth in U.S.C. §§ 1681 et seq. Furthermore, WESCO is authorized to share information regarding the extension of business credit to Applicant pursuant to this Application, including, without limitation, Applicant's future credit record with WESCO, with any credit-reporting agency if such information is specifically requested from WESCO.

4. Applicant will give WESCO at least 15 calendar days' prior written notice of any development that may adversely affect Applicant's financial condition, including, without limitation, (a) the institution by or against Applicant of proceedings in bankruptcy or any other procedure for the settlement of debts, (b) Applicant's making an assignment for the benefit of its creditors, (c) Applicant's inability to pay Applicant's expenses as they accrue due to lack of sufficient funds, (d) Applicant's dissolution or other event pursuant to which it ceases to do business, and (e) any change in the business form in which Applicant conducts business, such as (i) the incorporation of a sole proprietorship, (ii) the addition of a partner to a partnership, limited partnership, limited liability partnership, or a limited liability limited partnership, or (iii) the addition of members to a limited liability corporation. Any notice provided hereunder will be sent by courier or U.S. first-class mail (postage prepaid and return receipt requested) to: WESCO Distribution, Inc., Attention: Financial Services, 225 West Station Square Drive, Suite 700, Pittsburgh, PA 15219.

5. WESCO may reject this Application in its sole and absolute discretion. WESCO may cancel or modify Applicant's business credit granted as a result of this Application at any time in WESCO's sole and absolute discretion.

6. Upon WESCO's request at any time, Applicant shall provide to WESCO, within ten business days, Applicant's most current regularly prepared financial statements, including, without limitation, a full and complete statement of Applicant's assets and liabilities.

7. The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning applicants is the Federal Trade Commission, ECOA Compliance, Washington, DC 20581.

8. Applicant hereby agrees and acknowledges that it is its intent in executing this Application that all sales made by WESCO to Applicant based upon any credit extended by WESCO to Applicant pursuant to or in connection with this Application will be governed by WESCO's standard terms and conditions of sale as the same may be in effect from time to time.

9. The validity, interpretation and performance of this Agreement and any dispute arising under, pursuant to or in connection with the execution, performance or termination hereof will be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without reference to any conflicts of law principles. The sole and proper venue for any dispute arising out of this Application and any subsequent credit relationship resulting from this Application shall be in the state and Federal courts situated in Pittsburgh, Pennsylvania, depending upon (a) which has the appropriate subject matter  jurisdiction and (b) the amount in controversy. Applicant hereby agrees to the personal jurisdiction of said courts and waives any objection to personal jurisdiction, including objections based upon inconvenience of forum.

10. To secure the full and timely payment by Applicant to WESCO of all now existing and hereafter arising amounts due WESCO, Applicant hereby grants to WESCO a priority security interest and lien in and to all goods, inventory, equipment and fixtures sold to Applicant by WESCO from time to time , and all other assets of Applicant, including, without limitation, all of Applicant's now existing or owned or hereafter arising or acquired (a) accounts; (b) goods for sale, lease or other disposition by Applicant which have given rise to Accounts and have been returned to or re possessed or stopped in transit by Applicant; (c) chattel paper, electronic chattel Paper, tangible chattel paper, documents of title, instruments, documents, general intangibles, payment intangibles, letter of credit rights, letters of credit and supporting obligations; (d) goods, including, without limitation, inventory, equipment, fixtures, trade fixtures and vehicles; (e) investment property; (f) deposits, cash and cash equivalents and any property of Applicant now or hereafter in the possession, custody or control of WESCO; (g) deposit accounts held with any depository institution; (h) all other personal property of Applicant of any kind or nature; and (i) all commercial tort claims (the "Assets") and all c ash and non-cash proceeds of all of the fore going property, including, but not limited to, proceeds of all insurance policies insuring the foregoing. Applicant hereby authorizes WESCO to file and perfect any and all statutory lien rights and any rights under indemnity or performance bonds at any time following submission of this Application regardless of whether payment is due to WESCO under WESCO's payment terms with Applicant. Applicant shall execute and deliver to WESCO, at any time and from time to time, all agreements, instruments, documents and other written matter (the "Supplemental Documentation"), that WESCO may request, in form and substance acceptable to WESCO, to perfect and maintain perfected WESCO's priority security interest and lien in and to the Assets and/or other lien or bond rights provided herein, and to otherwise consummate the transactions contemplated by this paragraph. Applicant, irrevocably, hereby makes, constitutes and appoints WESCO, and all persons designated by WESCO for that purpose, as Applicant's true and lawful attorney and agent-in-fact, to sign the name of Applicant on the Supplemental Documentation if required, and to deliver such Supplemental Documentation to such persons as WESCO may reasonably elect. Applicant hereby authorizes WESCO to prepare and file any Uniform Commercial Code ("UCC") financing statements, amendments to UCC financing statements and any other filings or recordings in all jurisdictions WESCO deems appropriate without Applicant's signature, and authorizes WESCO to describe the collateral in such financing statements in any manner WESCO deems appropriate.

11. This Application sets forth all of the terms and conditions applicable to the parties relating to the matters specified in this Application and supersedes all prior and contemporaneous agreements and understandings, negotiations, inducements, representations or conditions, whether oral or written, whether express or implied, with respect to such matters, provided that WESCO may modify the credit agreement comprised of this Application upon written notice to Applicant in WESCO's sole and absolute discretion from time to time.

12. All sales of goods and services to Applicant shall be governed by WESCO's standard terms and conditions of sale as they are posted at http://www.wescodirect.com/direct/corporate/terms_wesco.htm and as the same may be modified from time to time, including but not limited to the following terms:

A. Disclaimer of Warranties. WESCO shall use its best reasonable efforts to obtain from its suppliers for the direct benefit of both WESCO and Buyer such warranties as are normally offered by such suppliers in connection with the Goods being supplied by them. WESCO shall give Buyer all reasonable assistance as may be required to enforce such warranties. EXCEPT FOR THE FOREGOING, WESCO HEREBY DISCLAIMS AND EXCLUDES ANY AND ALL OTHER WARRANTIES REGARDING GOODS AND SERVICES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, THE IMPLIED WARRANTY OF MERCHANTABILITY, THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, IMPLIED WARRANTIES AGAINST DEFECTS IN DESIGN, MATERIALS AND WORKMANSHIP, AND THE WARRANTY AGAINST REDHIBITORY DEFECTS. WITH REGARD TO ANY AND ALL GOODS PURCHASED BY BUYER PURSUANT TO OR IN CONNECTION WITH THIS AGREEMENT, WESCO HEREBY DISCLAIMS AND EXCLUDES ANY AND ALL WARRANTIES THAT GOODS WILL CONFORM TO SPECIFICATIONS, DESIGNS OR SAMPLES AND WARRANTIES AGAINST PATENT, COPYRIGHT, TRADEMARK, AND ANY OTHER TYPES OF INTELLECTUAL PROPERTY RIGHT INFRINGEMENT UNDER THE LAWS OF ANY NATION, INCLUDING, WITHOUT LIMITATION, THE LAWS OF THE UNITED STATES OF AMERICA.

B. Exclusive Remedy. Buyer's EXCLUSIVE remedy against WESCO for any claim for, or arising out of any in a Good tendered to Buyer is the repair or replacement of the Good, or alternatively, at WESCO's sole election, a refund of the purchase price of the Good. Buyer's EXCLUSIVE remedy against WESCO arising out of any defect in, or in connection with, any Service provided hereunder is the re-performance of that Service or, at WESCO's sole election, a refund of the purchase price of the Service. These exclusive remedies will only be available to Buyer for one year after the Good is tendered or Service is provided to Buyer, and WESCO's obligations under this section will be void unless Buyer provides WESCO with notice of the defect in the Good or Service within 30 days of discovery of the defect. Any Good returned to WESCO for repair, replacement or refund under this section will be returned by Buyer in accordance with WESCO's return material authorization procedures then in effect.

C. Limitation of Liability.  NOTWITHSTANDING ANYTHING ELSE CONTAINED HEREIN TO THE CONTRARY, IN NO EVENT WILL: (A) WESCO BE LIABLE TO BUYER FOR ANY CIRCUMSTANTIAL, CONSEQUENTIAL, CONTINGENT, EXEMPLARY, INCIDENTAL, INDIRECT, LIQUIDATED, MATERIAL, PUNITIVE, SPECIAL, SPECULATIVE OR OTHER DAMAGES, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOST PROFITS, SALES OR REVENUES, COST OF REPLACEMENT GOODS, LOST BUSINESS OR BUSINESS INTERRUPTIONS, OR ATTORNEYS FEES OR COURT COSTS ARISING IN ANY MANNER PURSUANT TO OR IN CONNECTION WITH THE AGREEMENT, THE GOODS OR THE SERVICES (EVEN IF WESCO IS MADE AWARE OF THE POTENTIAL FOR SUCH DAMAGES); AND (B) WESCO'S TOTAL LIABILITY RELATED TO ANY GOOD OR SERVICE EXCEED THE PURCHASE PRICE OF SUCH GOOD OR SERVICE.

31313 (1012)

| | Invoice Date | Invoice # | Invoice Total | Payment Date | Payment Ref # | Payment Amount | Amount Due |
|---|---|---|---|---|---|---|---|
| **PHASE I** | | | | | | | |
| Wesco - PO #1001 | 12/14/2017 | Q-753778 | $816,200.00 | 12/11/2017 | 1137 | $385,000.00 | $431,200.00 |
| | | Q-753778 | | 12/28/2017 | 1157 | $431,200.00 | $0.00 |
| Subtotal | | | $816,200.00 | | | $816,200.00 | $0.00 |
| **CSC - PO #1002** | 12/11/2017 | Q524072 | $808,737.60 | 12/15/2017 | 1146 | $305,184.00 | $503,553.60 |
| | | Q524072 | | 12/28/2017 | 1156 | $503,553.60 | $0.00 |
| Subtotal | | | $808,737.60 | | | $808,737.60 | $0.00 |
| **Wesco - PO#1008** | 2/12/2018 | 779126 | $34,000.00 | 3/30/2018 | 1267 | $34,000.00 | $0.00 |
| Subtotal | | | $34,000.00 | | | $34,000.00 | $0.00 |
| **Grand Total Phase I** | | | $1,658,937.60 | | | $1,658,937.60 | $0.00 |
| **Phase II** | | | | | | | |
| **WESCO - PO # 1013** | | | | | | | |
| *** Original P.O. 1,101,684.50 | | | | | | | |
| | 4/27/2018 | 813171 | $45,998.73 | | | | $45,998.73 |
| | 4/27/2018 | 813224 | $136,623.14 | | | | $136,623.14 |
| | 4/27/2018 | 813225 | $175,475.99 | 5/7/2018 | 1328 | $165,253.00 | $10,222.99 |
| | | 813225 | | 12/27/2018 | Wire | $10,000.00 | $222.99 |
| | 4/27/2018 | 813226 | $22,978.90 | | | | $22,978.90 |
| | 4/27/2018 | 813227 | $114,894.52 | | | | $114,894.52 |
| | 4/27/2018 | 813228 | $18,577.07 | | | | $18,577.07 |
| | 4/27/2018 | 813229 | $6,197.87 | | | | $6,197.87 |
| | 4/27/2018 | 813230 | $129,303.89 | | | | $129,303.89 |
| | 4/27/2018 | 813231 | $137,873.43 | | | | $137,873.43 |
| | | 813231 | | 12/31/2018 | Wire | $75,000.00 | $62,873.43 |
| | | 813231 | | 1/8/2019 | Wire | $25,000.00 | $37,873.43 |
| | 4/27/2018 | 813232 | $24,791.48 | | | | $24,791.48 |
| | 4/27/2018 | 813406 | $21,673.25 | | | | $21,673.25 |


EXHIBIT

| | Invoice Date | Invoice # | Invoice Total | Payment Date | Payment Ref # | Payment Amount | Amount Due |
|---|---|---|---|---|---|---|---|
| | 5/16/2018 | 822808 | $74,374.45 | | | | $74,374.45 |
| | | | $908,762.72 | | | | $633,509.72 |
| **Subtotal** | | | | | | $275,253.00 | |
| | | | | | | | |
| **WESCO - PO # 1018** | | | | | | | |
| | 4/18/2018 | 8508515 | $5,936.00 | | | | $5,936.00 |
| | | | | | | | |
| **CSC - P.O. #1014** | | | | | | | |
| *** Original P.O. 646,800 | 4/24/2018 | 548768 | $1,097.88 | 7/20/2018 | 1422 | $1,097.88 | $0.00 |
| | 4/26/2018 | 549218 | $136,082.80 | 5/7/2018 | 1327 | $102,841.00 | $33,241.80 |
| | | 549218 | | 7/20/2018 | 1422 | $33,241.80 | $0.00 |
| | 4/30/2018 | 549646 | $137,121.60 | 7/20/2018 | 1422 | $5,660.32 | $131,461.28 |
| | 5/2/2018 | 550978 | $45,707.20 | | | | $45,707.20 |
| | 5/4/2018 | 551388 | $91,414.40 | | | | $91,414.40 |
| | 5/17/2018 | 553077 | $137,121.60 | | | | $137,121.60 |
| | 5/21/2018 | 553521 | $91,414.40 | | | | $91,414.40 |
| | 5/23/2018 | 553893 | $45,707.20 | | | | $45,707.20 |
| **Subtotal** | | | $685,667.08 | | | $142,841.00 | $542,826.08 |
| | | | | | | | |
| **Misc Invoices Phases I & II** | | | | | | | |
| CSC | 1/24/2018 | 532385 | $29,150.00 | 3/9/2018 | 1242 | $29,150.00 | $0.00 |
| CSC | 1/24/2018 | 532386 | $29,150.00 | 3/9/2018 | 1242 | $29,150.00 | $0.00 |
| CSC | 1/25/2018 | 532750 | $11,797.82 | 3/9/2018 | 1242 | $11,797.82 | $0.00 |
| CSC | 1/29/2018 | 533322 | $12,821.76 | 3/9/2018 | 1242 | $12,821.76 | $0.00 |
| Wesco | 2/16/2018 | 779125 | $138,234.00 | 3/30/2018 | 1267 | $138,234.00 | $0.00 |
| Wesco | 2/19/2018 | 779758 | $9,556.00 | 3/30/2018 | 1267 | $9,556.00 | $0.00 |
| CSC | 2/22/2018 | 537608 | $874.90 | | | | $874.90 |
| **Subtotal** | | | $231,584.48 | | | $230,709.58 | $874.90 |

| Invoice Date | Invoice # | Invoice Total | Payment Date | Payment Ref # | Payment Amount | Amount Due |
|---|---|---|---|---|---|---|
| **Grand Total Phase II** | | $1,831,950.28 | | | $648,803.58 | $1,183,146.70 |
| Grand Total Phases I & II | | $3,490,887.88 | | | $2,307,741.18 | $1,183,146.70 |

1807660195

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
NCS UCC Services Group   800-826-5256

B. E-MAIL CONTACT AT FILER (optional)
ucc@ncscredit.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

NCS UCC Services Group
PO BOX 24101

Cleveland, OH 44124

File Number    18-07-17-6255-1
File Date and Time    July 17, 2018 at 03:53 PM.
Filed    Virginia State Corporation Commission
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
BCause Mining LLC

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 277 Bendix Road Ste 420 | Virginia Beach | VA | 23462 | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) ...

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
WESCO Distribution Inc.

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 909 Ventures Way | Chesapeake | VA | 23320 | |

4. COLLATERAL: This financing statement covers the following collateral:
Debtor hereby grants to Secured Party a priority security interest and lien in and to all goods, inventory, equipment and fixtures sold to Debtor by Secured Party from time to time, and all other assets of Debtor, including, without limitation, all of Debtor's now existing or owned or hereafter arising or acquired (a) accounts; (b) goods for sale, lease or other disposition by Debtor which have given rise to Accounts and have been returned to or re possessed or stopped in transit by Debtor; (c) chattel paper, electronic chattel Paper, tangible chattel paper, documents of title, instruments, documents, general intangibles, payment Intangibles, letter of credit rights, letters of credit and supporting obligations; (d) goods, including, without limitation, Inventory, equipment, fixtures, trade fixtures and vehicles; (e) investment property; (f) deposits, cash and cash equivalents and any property of Debtor now or hereafter in the possession, custody or control of WESCO; (g) deposit accounts held with any depository Institution; (h) all other personal property of Debtor an any kind of nature; and (i)

8. OPTIONAL FILER REFERENCE DATA:
NCSA# U234857

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)


EXHIBIT

1807660195

## UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

**BCause Mining LLC**

OR   9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR   10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR   11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
all commercial tort claims (the "Assets") and all cash and non-cash proceeds of all the
fore going property, including, but not limited to, proceeds of all insurance policies
insuring the foregoing.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in Item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

# VIRGINIA PROMISSORY AND CONFESSED JUDGMENT NOTE

## IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

**$1,358,610.51**                                                    **Virginia Beach**

This Virginia Promissory and Confessed Judgment Note (the "Note" or "Agreement") is entered into as of the 5 ̄ day of November December 2018 ("Effective Date"), by the undersigned **BCause Mining LLC,** a Virginia limited liability company, with its principal place of business located at 192 Ballard Ct., Suite 303 Virginia Beach, VA 23462 (hereinafter referred to as "Debtor") who agrees that it is indebted and promises to pay the sum of One Million Three Hundred Fifty Eight Thousand Six Hundred Ten and 51/100 Dollars (1,358,610.51) (the "Principal Sum") to **WESCO Distribution, Inc.** a Delaware corporation, with its principal place of business located at 225 West Station Square Drive, Pittsburg, PA 15219 (hereinafter referred to as "WESCO" or "Holder") as follows:

1.    <u>Payment of the Principal Sum, Fees, and the Maturity Date.</u>

  a.    Debtor shall pay WESCO the Principal Sum, plus interest, commencing from the Effective Date at the rate of Twelve Percent per year (12.00% APR) on the outstanding Principal Sum (together the "Debtor's Obligation"), until paid in full, with the entire Debtor's Obligation being payable in full by August 25, 2019 (the "Maturity Date").



b.    Payment schedule is as follows:

(i)    $10,000 at execution of this Note;

(ii)    November – December 2018: $50,000/ea. month;

(iii)    January 2019 – February 2019: $100,000/ea. month;

(iv)    March 2019 – April 2019: $150,000/ea. month; and,

(v)    May 2019 – August 2019: $187,152/ea. month.

c.    The last payment on August 25, 2019, shall be in the principal amount of $187,152, plus any outstanding interest as set forth herein.

d.    The first payment shall be at the execution of this Note and each successive payment being due on the 25th day of each successive month.

e.    The monthly payments noted above do not waive, release or diminish the Debtor's obligation to remit payment for current and ongoing services furnished by WESCO. Specifically, if the Debtor fails to remit payment for current and on-going equipment/materials furnished within thirty (30) days of the date of the corresponding invoice, and thereafter fails to cure such default within fifteen (15) days of written notice, such failure shall be deemed a material breach of this Note and the Holder may at its option and without waiver of any other rights, Confess Judgment against Debtor and Guarantors in accordance with Article 4 herein

2.    **Prepayment & Late Payment**. Debtor may pay the Debtor's Obligation in whole or in part at any time prior to the Maturity Date or an Event of Default, without penalty or premium. Should any payment due hereunder be received by the Holder more than ten (10) days after its due date, Debtor shall pay a late payment penalty equal to five percent (5%) of the payment then due.

BTI    BS LLC    B LLC    BDC LLC    BC LLC    BM LLC

3.   **Guaranty.**   For the purpose of inducing the Holder to enter into this Note with Debtor, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, **Bcause Trust, Inc.** a Virginia corporation with its principal place of business located 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause Spot, LLC**, a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause Derivatives Exchange LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; and, **BCause Clear LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452 (collectively referred to as the "Guarantors") hereby unconditionally and irrevocably guaranty the full and prompt performance by Debtor of all obligations under this Note and the full and prompt payment of any monies due to Holder under this Note. This guaranty includes, but is not limited to, any costs and expenses, including attorneys' fees, provided to Holder under this Note, including but not limited to the Confession of Judgment Provision.

This Guaranty is a guaranty of payment and not of collection. Holder shall not be required, as a condition precedent to making a demand upon the Guarantors or to bringing an action against the Guarantors under this Guaranty, to make demand upon, or to institute any action or proceeding against the Debtor or anyone else (including each individual guarantor), or to exhaust its remedies against the Debtor, or anyone else (including each individual guarantor), or against any collateral

BTI          BS LLC          B LLC          BDE LLC          BC LLC          BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 4 of 18

security. All remedies afforded to Holder by reason of this Guaranty are separate and cumulative

remedies and it is agreed that not one of such remedies, whether exercised by Holder or not, shall

be deemed to be exclusive of any of the other remedies available to Holder and shall not limit or

prejudice any other remedy which Holder may have against any party, including the

Guarantors. All obligations of the Guarantors hereunder shall be joint and several.

4.    **Confessed Judgment**. In the event that the Debtor or Guarantors fail to faithfully

undertake and perform any duty under this Note or make any of the payments required under

Paragraphs 1 or 3 above, or perform any or all of its other obligations set forth herein, and thereafter

fails to cure any default within ten (10) days of notice, the Debtor and Guarantors hereby authorize

Seth A. Robbins, Robbins Law Group, PLLC., or any other attorney designated by Holder, or any

clerk of any court of record, as their attorney-of-fact, to appear for the Debtor and the Guarantors

in the Circuit Court for Arlington County, Virginia, or any court of record and to confess judgment

without prior hearing, and without stay of execution or posting of a bond, against Debtor and the

Guarantors, jointly and severally, in favor of Holder for and in the amount of Debtor's Obligation,

less any amount previously paid under this Note, plus interest at the rate of Twenty Percent (24%)

per annum commencing from April 27, 2018 and all other amounts payable under the terms of this

Note (together the "Default Obligation"), including, but not limited to, reasonable attorneys' fees

in the amount of thirty-five percent (35%) of the Default Obligation. The Debtor and Guarantors

hereby agree and admit that all such sums are due and payable, that they have no adequate defense

or set off at law, and waive and release all present and future defenses to this Note, all errors and

all rights of exemption, appeal, stay of execution, inquisition, bond, and other rights to which the

BTI          BS LLC          B LLC          BDE LLC          BC LLC          BM LLC

Debtor or Guarantors may otherwise be entitled under the laws of the Commonwealth of Virginia, any other state, or the United States of America now in force or which may hereafter be enacted. The Debtor and Guarantors further waive and release all rights to delay enforcement as maybe afforded under Virginia Code §8.01 – 433.    Moreover, Debtor and Guarantors expressly ratify and confirm the acts of said attorney-in-fact as if done by themselves.    Accordingly, and without limitation, Debtor and Guarantors expressly waive the rights afforded under Virginia Code §8.01-438.    The authority and power to appear for and enter judgment against the Debtor and/or Guarantors shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof and shall not be extinguished by any judgment entered pursuant thereto. Such authority may be exercised on one or more occasions or from time to time in the same or different jurisdictions as often as Holder shall deem necessary or desirable, for all of which this Promissory Note shall be a sufficient warrant.  If a copy of this Note, verified by Affidavit, from Seth A. Robbins or any other attorney designated by Holder, shall have been filed in a legal proceeding, it will not be necessary to file the original as a warrant of attorney.

5.    **Events of Default.**    Each of the following shall constitute an event of default ("Event of Default") under this Note, the occurrence of any of which shall result in the Debtor's default under this Note and Holder may immediately declare payment of the principal and interest, plus attorney fees to be due and collectible at once, and may confess judgment as provided by Paragraph 4 herein:

      **a.**  Debtor or Guarantors fail to make any payment when due under this Note;

   **b.** Debtor and/or Guarantors, individually or collectively, file any petition for bankruptcy or arrangement pursuant to the Federal Bankruptcy Act or any similar statute, or Debtor and/or Guarantor is adjudicated to be bankrupt or insolvent;

   **c.** Debtor, independently or jointly, suffers a civil monetary judgment in an amount equal to or exceeding Ten Thousand Dollars ($10,000) in an action for the collection of debts or for injury to person or property, and the period for appeal on such judgment expires without the filing of an appeal;

   **d.** Debtor or Guarantors fail to comply with or perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents, including but not limited to the Debtor's Obligation.

6.    **Commercial Loan**. Debtor and Guarantors acknowledge that the debt evidenced by this Note is for commercial purposes only, and is not made for a consumer, personal, family or household purposes arising out of consumer credit sale, consumer lease, consumer loan, or household purchases arising out of a consumer credit sale, consumer lease, a consumer loan, or a rent-to-own transaction, or a lease purchase agreement as to which a confessed judgment clause is prohibited by Code of Virginia, and Debtor and Guarantors further hereby expressly waive the benefit of such obligations/rights under the law of the Commonwealth of Virginia.

7.    **Authorization to File UCC-1 Financing Statement.** Debtor irrevocably authorizes Holder to prepare and file a UCC-1 Financing Statement and sign the same on behalf of Debtor, if necessary, to provide public notice of this Note. Debtor agrees to cooperate in all respects to executing any and all UCC filing requirements.

8.    **Waiver and Post Bond**. Debtor and Guarantors hereby waive their rights to set aside the Confession of Judgment under Virginia law, including but not limited to any afforded by Virginia Code §8.01 – 433. Nevertheless, to the extent any portion of this Note is in any way waived, reduced, limited, terminated, discharged, impaired or otherwise effected by any action,

BTI     BS LLC     B LLC     BDE LLC     BC LLC     BM

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 7 of 18

accommodation, or extension, Debtor and/or Guarantors shall post a bond with an approved surety of double the amount of the Default Obligation and costs. Further, Debtor and Guarantors consent that the Confession of Judgment shall not be released or stayed until such time as Debtor and/or Guarantors posts such security and a Court Order acknowledges the same.

9. **Property Waiver**. Debtor and Guarantors hereby waive any and all rights to claim any of their properties, including their respective homesteads, as exempt from levy, execution or sale or other legal process under the laws of the Commonwealth of Virginia or any other state, territory, or possession of the United States.

10. **Detinue and Attachment Waiver**. Debtor hereby waives and releases all present and future defenses to Holder's actions to recover the material, equipment and/or all other property furnished by Holder to Debtor. Debtor agrees and consents to the seizure of such property and specifically consents to an Order pursuant to Virginia Code §8.01-540 wherein a Judge may issue such Attachment in accordance with the prayer of the petition filed by the Holder only. Debtor acknowledges reasonable cause exists to believe the grounds as mentioned in Virginia Code §8.01-534 for Attachment and/or Detinue. Moreover, Debtor admits that it has no adequate defense or set off at law and waives and release all present and future defenses to Holder's actions in Detinue (Virginia Code §8.01-114 *et seq.*) or Attachment Virginia Code §8.01-533 *et seq.*). Debtor further waives all rights to, appeal, stay of execution, bond (Virginia Code §8.01-115), and other rights to which the Debtor may otherwise be entitled under the laws of the Commonwealth of Virginia, any other state, or the United States of America now in force or which may hereafter be enacted.

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 8 of 18

Accordingly, and without limitation, Debtor and Guarantors expressly waives the rights afforded

under Virginia Code §8.01-114 *et seq.,* and 8.01-533 *et seq.*

    11.   **No Waiver**. No provision of this Note shall be modified, waived or discharged

unless the modification, waiver or discharge is agreed to in writing and signed by Holder. No

waiver by Holder of any breach of, or of compliance with, any condition or provision of this Note

or any other document shall be considered a waiver of any other condition or provision or of the

same condition or provision at another time. The obligations of the Debtor and/or Guarantors shall

not to any extent or in any way be waived, reduced, limited, terminated, discharged, impaired or

otherwise effected by any action, accommodation, extension or failure to act by Holder.

    12.   **Remedies Cumulative**. Holder shall not be required, as a condition precedent to

making a demand under this Note or under any other obligation of the Debtor or Guarantors, to

make demand upon, or to institute any action or proceeding against any party or anyone else

(including Bcause Mining LLC), or to exhaust its remedies against any party, or anyone else, or

against any collateral security. All remedies afforded to Holder are separate and cumulative

remedies and it is agreed that not one of such remedies, whether exercised by Holder or not, shall

be deemed to be exclusive of any of the other remedies available to Holder and shall not limit or

prejudice any other remedy which Holder may have against a party, or anyone else, or against any

property or collateral security.

    13.   **Choice of Law**. This Note shall be governed by, and construed and enforced in

accordance with, the laws of the Commonwealth of Virginia without regard to the conflicts of law

rules thereof.

the statements herein are not accurate in any material respect, such statements were purposely made to deceive, and Holder may seek additional damages as a result of such statements.

20. **Assignability**. This Note may be assigned by the Holder or any subsequent holder of this Note at any time and from time to time without the consent of the Debtor or Guarantors.

21. **Non-Disclosure**. The terms and conditions of the Note shall not be disclosed to any person or entity without prior consent of the party not seeking disclosure, which consent shall be in the Holder's sole and absolute discretion. Notwithstanding the foregoing, the terms and provisions of this Note may be disclosed by a party if required by law.

22. **Notice**. All notices and other communications to Debtor and/or Guarantors which may be or are required to be given hereunder shall be in writing and shall be sent by electronic mail to Debtor and/or Guarantors c/o Ann M. Cresce, Esq., General Counsel/Corporate Secretary at ann.cresce@bcause.com. Notice shall be deemed sufficiently given for all purposes hereunder when actually sent. A copy of the aforementioned Notice, verified by Affidavit, from Seth A. Robbins or any other attorney designated by Holder, shall be sufficient to establish the Notice was sent and the corresponding obligations as set forth in this Agreement were met.

23. **Costs, Expenses and Attorneys' Fees**. In addition to the attorney's fees provided in Paragraph 4 herein, Holder shall be awarded all costs and expenses incurred in any litigation or action arising between the parties hereto and all costs, expenses and reasonable attorneys' fees in collecting upon any judgment entered in favor of Holder.

24. **WAIVER OF JURY TRIAL**.  DEBTOR, GUARANTORS AND HOLDER EACH   HEREBY   VOLUNTARILY,   ABSOLUTELY,   IRREVOCABLY   AND

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 12 of 18

UNCONDITIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THIS NOTE. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE DEBTOR AND GUARANTORS AND DEBTOR AND GUARANTORS ACKNOWLEDGE THAT EXCEPT FOR HOLDER'S AGREEMENT TO LIKEWISE WAIVE ITS RIGHTS TO A TRIAL BY JURY NEITHER THE HOLDER NOR ANY PERSON ACTING ON BEHALF OF THE HOLDER HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF JURY TRIAL OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. DEBTOR AND GUARANTORS FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED BY (OR HAVE HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS NOTE AND IN MAKING OF THE WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND THAT THEY HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER AND THIS ENTIRE AGREEMENT WITH COUNSEL. DEBTOR AND GUARANTORS FURTHER ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION AS EVIDENCE OF THIS FACT SIGNS THE NOTE BELOW.

### [SIGNATURES ON NEXT PAGE]

BTI _____   BS LLC _____   B LLC _____   BDE LLC _____   BC LLC _____   BM LLC _____

In witness whereof, the Debtor and Guarantors have executed this Note under Seal, effective as of the date set forth above.

**BCAUSE MINING LLC**

By: _Frederick J. Grede_

Name: _Frederick J. Grede_

Its: Principal    _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~ _State of Illinois_

County of _COOK_ , to wit;

This the _11_ day of _DECEMBER_, 2018, _FREDERICK J GREDE_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_Robert A Yee_

Notary Public

My commission expires: _10/14/2022_

SEAL

```
OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022
```

BTI    BS LLC    B LLC    BDE LLC    BC LLC    BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 14 of 18

**BCAUSE TRUST, INC.**

By: _[signature]_

Name: Frederick J. Grede

Its: CEO

## Certificate of Notary Public

In the ~~Commonwealth of Virginia~~, State of Illinois

County of _Cook_ , to wit;

    This the 11 day of DECEMBER , 2018, FREDERICK J GREDE , who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

    In witness thereof, I hereunder set my hand.

_[signature]_
Notary Public

My commission expires: 10/14/2022

SEAL

> OFFICIAL SEAL
> ROBERT A. YEE
> Notary Public - State of Illinois
> My Commission Expires 10/14/2022

BT1 _[initials]_    BS LLC _[initials]_    B LLC _[initials]_    BDE LLC _[initials]_    BC LLC _[initials]_    BM LLC _[initials]_

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 15 of 18

## BCAUSE SPOT LLC

By: _~Fusearbled~_

Name: _Frederick J. Oxede_

Its: Principal    _CEO_

### Certificate of Notary Public

In the ~Commonwealth of Virginia;~ _State of Illinois_

County of _Cook_ , to wit;

This the _11_ day of _Dec_ , 2018, _FREDERICK J. GRED_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: _10/14/2022_

SEAL

```
OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022
```

BAI    BSLLC    BLLC    BDELLC    BCLLC    BMLLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 16 of 18

**BCAUSE LLC**

By: _____

Name: _Frederick J. Grede_

Its: Principal _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia,~~ _State of Illinois_

County of _Cook_ , to wit;

    This the _11_ day of _December_ , 2018, _Frederick J Grede_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

    In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: _10/14/2022_

SEAL

```
OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022
```

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 17 of 18

## BCAUSE DERIVATIVES EXCHANGE LLC

By: _Fredrick Yee_

Name: _Fredrich J. Grede_

Its: Principal _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~, _State of Illinois_

County of _Cook_ , to wit;

This the _11_ day of _December_, 2018, _Frederick J Grede_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_Robert A Yee_

Notary Public

My commission expires: _10/14/2022_

SEAL

```
┌─────────────────────────────────────┐
│           OFFICIAL SEAL              │
│          ROBERT A. YEE               │
│   Notary Public - State of Illinois  │
│  My Commission Expires 10/14/2022    │
└─────────────────────────────────────┘
```

BTI      BS LLC      B LLC      BDE LLC      BC LLC      BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 18 of 18

## BCAUSE CLEAR LLC

By: _____
Name: Fredrich J. Grede
Its: Principal CEO

## Certificate of Notary Public

In the ~~Commonwealth of Virginia~~, State of Illinois,

County of Cook _____, to wit;

This the 11 day of December, 2018, FREDERICK J GREDE, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: 10/14/2022

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

BTI    BS LLC    B LLC    BDE LLC    BC LLC    BM LLC

Payment Schedule

Exhibit A

Promissory Note
Debtor: BCause Mining, LLC
Holder: WESCO Distribution, Inc.

| | |
|---|---|
| Principal | 1,358,611 |
| Interest | 12% |
| Annual Interest | 163,033 |

## Amortization Schedule

| | Current Balance | Monthly Interest | Payment | New Balance |
|---|---|---|---|---|
| Initial Payment | 1,358,611 | 13,586 | (10,000) | 1,362,197 |
| November 2018 | 1,362,197 | 13,622 | (50,000) | 1,325,819 |
| December 2018 | 1,325,819 | 13,258 | (50,000) | 1,289,077 |
| January 2019 | 1,289,077 | 12,891 | (100,000) | 1,201,968 |
| February 2019 | 1,201,968 | 12,020 | (100,000) | 1,113,987 |
| March 2019 | 1,113,987 | 11,140 | (150,000) | 975,127 |
| April 2019 | 975,127 | 9,751 | (150,000) | 834,878 |
| May 2019 | 834,878 | 8,349 | (187,152) | 656,075 |
| June 2019 | 656,075 | 6,561 | (187,152) | 475,484 |
| July 2019 | 475,484 | 4,755 | (187,152) | 293,087 |
| August 2019 | 293,087 | 2,931 | (187,152) | 108,866 |
| Final Payment | 108,866 | 1,089 | (109,954) | 0 |

BTI Inititals _____    BS, LLC Initials _____    B, LLC Initials _____    BDE, LLC Initials _____

BC, LLC Initials _____    BM, LLC Initials _____

Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number:

FILED DATE: 4/3/2019 9:17 AM    2019L050181

Garnishment Summons (Non-Wage)                          (08/09/18) CCG 0647 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.
_____
                                        Plaintiff      No.  2019 L 050181
                    v.

BCAUSE MINING, LLC, et al.
_____
                                        Defendant      PLEASE SERVE GARNISHEE
                                                       DEFENDANT
(Judgment Debtor)                                      Address of Garnishee Defendant.

Name:  BCAUSE, LLC
                                                       LAKESIDE BANK
Address:  277 BENDIX RD., STE. 420
                                                       55 W. WACKER DR.,
City/State/Zip:  VIRGINIA BEACH, VA 23452              CHICAGO, IL 60601

and
Garnishee Defendant                                    THE JUDGMENT DEBTOR IS:

Name:  LAKESIDE BANK                                   ○ Individual   ◉ Corporation or Other

Address:  55 W. WACKER DR.,

City/State/Zip:  CHICAGO, IL 60601

## GARNISHMENT SUMMONS (NON-WAGE)

To the garnishee defendant:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories on

or before the Return Date of  5/2/19        . However, if this summons is served on you less
than 10 days prior to the Return Date (above), you must file answers to the interrogatories on or
before 14 days after the return date stated above.  IF YOU FAIL TO DO SO, A CONDITIONAL
JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF
THE JUDGMENT UNPAID.

To file your answers to the judgment creditor's interrogatories you need access to the internet.
Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are
available at all Clerk's Office locations. Please refer to the last page of this document for location
information.

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first
create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 4



**Garnishment Summons (Non-Wage)**                         (08/09/18) CCG 0647 B

To the officer:

This summons must be returned by the officer or other person to whom it was given for service and must include a certification that within 2 business days of service upon the garnishee, the officer or other person has mailed, by first class mail, a copy of the Garnishment Notice and Summons, to the Judgment Debtor, at the address indicated above with endorsement of service and fees. If service cannot be made this summons shall be returned so endorsed. This summons may not be served later than the above date.

FILED DATE: 4/3/2019 9:17 AM   2019L050181

Witness: _____

Assistant State's Attorney

◉ Atty. No.: 44274_____

○ Pro Se 99500

4/3/2019 9:17 AM DOROTHY BROWN

Name: Paul Bozych_____

DOROTHY BROWN

Atty. for (if applicable): _____

Clerk of the Circuit Court of Cook County,
Illinois

Wesco Distribution, Inc._____

Address: 55 W. Monroe St., Ste. 1800___

Date of Service: _____

City: Chicago_____

(To be inserted by officer on copy left with employer or other person)

State: IL___   Zip: 60603___

Telephone: 312-322-9900_____

Primary Email: pbozych@nzalaw.com____

FILED DATE: 4/3/2019 9:17 AM  2019.L050181

Garnishment Summons (Non-Wage)        (08/09/18) CCG 0647 C

## IMPORTANT NOTICE OF RIGHTS IN BANK ACCOUNT

### I.  THE PLAINTIFF IS GARNISHING YOUR BANK ACCOUNT

A ruling has been made in the case listed above you owe money to the plaintiff. The plaintiff has started to collect that money from your bank account by garnishing the account.

### II.  PURPOSE OF THIS NOTICE

This notice is to inform you that money from some sources or up to certain amounts may NOT be taken from you even after the court has ruled you owe the plaintiff money. These funds are protected under federal and state law. Money or property which may not be taken is called "exempt" property. A partial list of such money and property is listed below.

PARTIAL LIST OF EXEMPTIONS:
1. Social Security Benefits (OASDI, SSI)
2. Public Aid Benefits (AFDC, AABD, GA)
3. Up to $4,000, in personal property, as chosen by you, including money in bank accounts
4. Life Insurance Proceeds
5. Workers Compensation Awards
6. Unemployment Compensation Benefits
7. Veterans Benefits
8. Circuit Breaker Property Tax Relief Benefits
9. Pension or Retirement Benefits (including IRA accounts)

### III. HOW TO PROTECT EXEMPT PROPERTY

You should take this paper to a lawyer at once. A lawyer can advise you more specifically of your rights. If you do not have a lawyer, and are not able to afford one, you may contact Illinois Legal Aid Online by visiting their website at www.illinoislegalaid.org or call the CARPLS Hotline at 312-738-9200.

If you do not go to Court to tell the Judge of your exemptions, the money will be turned over to the creditor.

### IV. COURT DATE

A court date has already been set for you to tell the Judge if you have an exemption. You must

check in with the Clerk of that courtroom before _____ ◉ AM  ◯ PM to have your case called.)

Place: Daley Center, 50 W. Washington St.,       Chicago, IL 60602
                Address                  City or Town

Room 2503

Date: 5/2/19

Time: _____  ◉ AM  ◯ PM

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

FILED DATE: 4/3/2019 9:17 AM    2019L050181

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number:

FILED DATE: 4/2/2019 1:06 PM    2019L050181

Garnishment Summons (Non-Wage)                    (08/09/18) CCG 0647 A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.
                                        Plaintiff
                        v.                                  No.  2019 L 050181

BCAUSE MINING, LLC, et al.
                                        Defendant      PLEASE SERVE GARNISHEE
(Judgment Debtor)                                      DEFENDANT
Name:  BCAUSE, LLC                                     Address of Garnishee Defendant.

Address:  277 BENDIX RD., STE. 420                     LAKESIDE BANK COMMUNITY
                                                       DEVELOPMENT, LLC
City/State/Zip:  VIRGINIA BEACH, VA 23452              55 W. WACKER DR.,
                                                       CHICAGO, IL 60601
and
Garnishee Defendant                                    THE JUDGMENT DEBTOR IS:

Name:  LAKESIDE BANK COMMUNITY DEVEL., LLC.,           ○ Individual   ◉ Corporation or Other

Address:  55 W. WACKER DR.,

City/State/Zip:  CHICAGO, IL 60601

GARNISHMENT SUMMONS (NON-WAGE)

To the garnishee defendant:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories on

or before the Return Date of  5/2/19      . However, if this summons is served on you less
than 10 days prior to the Return Date (above), you must file answers to the interrogatories on or
before 14 days after the return date stated above.  IF YOU FAIL TO DO SO, A CONDITIONAL
JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF
THE JUDGMENT UNPAID.

To file your answers to the judgment creditor's interrogatories you need access to the internet.
Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are
available at all Clerk's Office locations. Please refer to the last page of this document for location
information.

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first
create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 4

Garnishment Summons (Non-Wage)                                    (08/09/18) CCG 0647 B

To the officer:

This summons must be returned by the officer or other person to whom it was given for service and
must include a certification that within 2 business days of service upon the garnishee, the officer or
other person has mailed, by first class mail, a copy of the Garnishment Notice and Summons, to the
Judgment Debtor, at the address indicated above with endorsement of service and fees. If service
cannot be made this summons shall be returned so endorsed. This summons may not be served
later than the above date.

Witness: _____

         Assistant State's Attorney

⦿ Atty. No.: 44274
○ Pro Se 99500                          4/2/2019 1:06 PM DOROTHY BROWN

Name: Paul Bozych                              DOROTHY BROWN
Atty. for (if applicable):              Clerk of the Circuit Court of Cook County,
                                                   Illinois
Wesco Distribution, Inc.

Address: 55 W. Monroe St., Ste. 1800    Date of Service: _____
                                        (To be inserted by officer on copy left with employer or other
City: Chicago                           person)

State: IL __ Zip: 60603

Telephone: 312-322-9900

Primary Email: pbozych@nzalaw.com

FILED DATE: 4/2/2019 1:06 PM   2019L050181

FILED DATE: 4/2/2019 1:06 PM    2019L050181

Garnishment Summons (Non-Wage)                                  (08/09/18) CCG 0647 C

## IMPORTANT NOTICE OF RIGHTS IN BANK ACCOUNT

### I.  THE PLAINTIFF IS GARNISHING YOUR BANK ACCOUNT

A ruling has been made in the case listed above you owe money to the plaintiff.  The plaintiff has started to collect that money from your bank account by garnishing the account.

### II.  PURPOSE OF THIS NOTICE

This notice is to inform you that money from some sources or up to certain amounts may NOT be taken from you even after the court has ruled you owe the plaintiff money.  These funds are protected under federal and state law.  Money or property which may not be taken is called "exempt" property.  A partial list of such money and property is listed below.

> PARTIAL LIST OF EXEMPTIONS:
> 1.  Social Security Benefits (OASDI, SSI)
> 2.  Public Aid Benefits (AFDC, AABD, GA)
> 3.  Up to $4,000, in personal property, as chosen by you, including money in bank accounts
> 4.  Life Insurance Proceeds
> 5.  Workers Compensation Awards
> 6.  Unemployment Compensation Benefits
> 7.  Veterans Benefits
> 8.  Circuit Breaker Property Tax Relief Benefits
> 9.  Pension or Retirement Benefits (including IRA accounts)

### III. HOW TO PROTECT EXEMPT PROPERTY

You should take this paper to a lawyer at once.  A lawyer can advise you more specifically of your rights.  If you do not have a lawyer, and are not able to afford one, you may contact Illinois Legal Aid Online by visiting their website at www.illinoislegalaid.org or call the CARPLS Hotline at 312-738-9200.

If you do not go to Court to tell the Judge of your exemptions, the money will be turned over to the creditor.

### IV.  COURT DATE

A court date has already been set for you to tell the Judge if you have an exemption.  You must

check in with the Clerk of that courtroom before _____ ⦿ AM ○ PM to have your case called.)

Place: Daley Center, 50 W. Washington St.,                Chicago, IL 60602
                        Address                                    City or Town

Room  2503

Date:  5/2/19

Time: _____ ⦿ AM ○ PM

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

FILED DATE: 4/2/2019 1:06 PM   2019L060181

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 4 of 4

Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number:

FILED DATE: 4/22/2019 1:06 PM   2019L050181

Garnishment Summons (Non-Wage)                    (08/09/18) CCG 0647 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.
_____
                          Plaintiff

                v.

BCAUSE MINING, LLC, et al.
_____
                          Defendant

(Judgment Debtor)

Name: BCAUSE MINING, LLC

Address: 192 BALLARD CT., STE. 303

City/State/Zip: VIRGINIA BEACH, VA 23452

and
Garnishee Defendant

Name: LAKESIDE BANK COMMUNITY DEVEL., LLC.,

Address: 55 W. WACKER DR.,

City/State/Zip: CHICAGO, IL 60601

No. __2019 L 050181__

PLEASE SERVE GARNISHEE
DEFENDANT
Address of Garnishee Defendant.

LAKESIDE BANK COMMUNITY
DEVELOPMENT, LLC
55 W. WACKER DR.,
CHICAGO, IL 60601

THE JUDGMENT DEBTOR IS:

○ Individual   ◉ Corporation or Other

### GARNISHMENT SUMMONS (NON-WAGE)

To the garnishee defendant:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories on

or before the Return Date of __5/2/19__ . However, if this summons is served on you less
than 10 days prior to the Return Date (above), you must file answers to the interrogatories on or
before 14 days after the return date stated above. IF YOU FAIL TO DO SO, A CONDITIONAL
JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF
THE JUDGMENT UNPAID.

To file your answers to the judgment creditor's interrogatories you need access to the internet.
Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are
available at all Clerk's Office locations. Please refer to the last page of this document for location
information.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 4

Garnishment Summons (Non-Wage)                    (08/09/18) CCG 0647 B

To the officer:

This summons must be returned by the officer or other person to whom it was given for service and must include a certification that within 2 business days of service upon the garnishee, the officer or other person has mailed, by first class mail, a copy of the Garnishment Notice and Summons, to the Judgment Debtor, at the address indicated above with endorsement of service and fees. If service cannot be made this summons shall be returned so endorsed. This summons may not be served later than the above date.

FILED DATE: 4/2/2019 1:06 PM   2019L050181

Witness: _____
Assistant State's Attorney

◉ Atty. No.: __44274__
○ Pro Se 99500

4/2/2019 1:06 PM DOROTHY BROWN

Name: __Paul Bozych__

DOROTHY BROWN
Clerk of the Circuit Court of Cook County,
Illinois

Atty. for (if applicable):

__Wesco Distribution, Inc.__

Address: __55 W. Monroe St., Ste. 1800__

Date of Service: _____

City: __Chicago__

(To be inserted by officer on copy left with employer or other person)

State: __IL__    Zip: __60603__

Telephone: __312-322-9900__

Primary Email: __pbozych@nzalaw.com__

<u>Garnishment Summons (Non-Wage)</u>                    (08/09/18) CCG 0647 C

## IMPORTANT NOTICE OF RIGHTS IN BANK ACCOUNT

I.   THE PLAINTIFF IS GARNISHING YOUR BANK ACCOUNT

A ruling has been made in the case listed above you owe money to the plaintiff. The plaintiff has started to collect that money from your bank account by garnishing the account.

II.  PURPOSE OF THIS NOTICE

This notice is to inform you that money from some sources or up to certain amounts may NOT be taken from you even after the court has ruled you owe the plaintiff money. These funds are protected under federal and state law. Money or property which may not be taken is called "exempt" property. A partial list of such money and property is listed below.

> PARTIAL LIST OF EXEMPTIONS:
> 1.  Social Security Benefits (OASDI, SSI)
> 2.  Public Aid Benefits (AFDC, AABD, GA)
> 3.  Up to $4,000, in personal property, as chosen by you, including money in bank accounts
> 4.  Life Insurance Proceeds
> 5.  Workers Compensation Awards
> 6.  Unemployment Compensation Benefits
> 7.  Veterans Benefits
> 8.  Circuit Breaker Property Tax Relief Benefits
> 9.  Pension or Retirement Benefits (including IRA accounts)

III. HOW TO PROTECT EXEMPT PROPERTY

You should take this paper to a lawyer at once. A lawyer can advise you more specifically of your rights. If you do not have a lawyer, and are not able to afford one, you may contact Illinois Legal Aid Online by visiting their website at www.illinoislegalaid.org or call the CARPLS Hotline at 312-738-9200.

If you do not go to Court to tell the Judge of your exemptions, the money will be turned over to the creditor.

IV. COURT DATE

A court date has already been set for you to tell the Judge if you have an exemption. You must

check in with the Clerk of that courtroom before _____ ◉ AM  ○ PM to have your case called.)

Place: _Daley Center, 50 W. Washington St.,_ _____    _Chicago, IL 60602_
                          Address                              City or Town

Room _2503_____

Date: _5/2/19_____

Time: _____ ◉ AM  ○ PM

FILED DATE: 4/2/2019 1:05 PM   2019L060181

### CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 4/2/2019 1:06 PM    2019L050181

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

#### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**GARNISHMENT SUMMONS**
Commonwealth of Virginia

Case No. ...... CL19 - 1117

Arlington County ................................................ Circuit Court

1425 N. Courthouse Road, Suite 6700 Arlington, VA 22201
COURT ADDRESS

JUDGMENT CREDITOR:                              JUDGMENT DEBTOR:

Wesco Distribution, Inc.            v.          BCause, LLC

225 West Station Drive Suite 700                277 Bendix Road

Pittsburgh, PA 15219                            Suite 420

Telephone No.    412-454-2200                   Virginia Beach, VA 23452

JUDGMENT CREDITOR'S ATTORNEY:                   Soc. Sec. No. ...................................

Seth A. Robbins                                 Garnishee: ...... Lakeside Bank

1100 N. Glebe Road, Suite 1010                  55 West Wacker Drive

Arlington, VA 22201                             Chicago, IL 60601

Telephone No. ....... 703-224-4436

| June 21, 2019    *10:00* am |
| HEARING DATE AND TIME |

STATEMENT:

| | | |
|---|---|---|
| Judgment Principal: | $ | 1,896,349.34 |
| Credits | | 0.00 |
| Interest | | 17,788.43 |
| Judgment Costs | | 356.00 |
| Attorney's Fee | | 0.00 |
| Garnishment Costs | | 644.00 |

This is a garnishment against (check only one)
[ ] the judgment debtor's wages, salary or other compensation.
[×] some other debt due or property of the judgment debtor, specifically,
  any and all assets, including bank accounts and instruments

| TOTAL BALANCE DUE $     1,915,137.77 |
| The garnishee shall rely on this amount. |

MAXIMUM PORTION OF DISPOSABLE EARNINGS
SUBJECT TO GARNISHMENT
[ ] Support
[ ] 50% [ ] 55% [ ] 60% [ ] 65%
(if not specified, then 50%)
[ ] state taxes, 100%

March 1, 2019
DATE OF JUDGMENT

If none of the above are checked, then § 34-29(a) (on reverse) applies.
TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled to during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

4/3/2019
DATE OF ISSUANCE OF SUMMONS

*Paul Ferguson*, Clerk

4/3/2019
DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

by ..................................
DEPUTY CLERK

WRIT OF FIERI FACIAS  TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.
Homestead Exemption Waived? [ ] Yes [ ] No [ ] Cannot be demanded

*Paul Ferguson*, Clerk

4/3/2019
DATE

by ..................................
DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE 1 OF 2) 1/07
VA CODE §§ 8.01-511, -512.3


EXHIBIT

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You many rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employees makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

RECEIVED

...................................................
DATE AND TIME

...................................................
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found – otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

...................................................
DATE

...................................................
SHERIFF

...................................................
DEPUTY SHERIFF

FORM CC-1486 (MASTER PAGE 2 OF 2) 12/05

JUDGMENT DEBTOR ....... BCause, LLC

ADDRESS ....... 277 Bendix Road Suite 420
....... Virginia Beach, VA 23452

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.
....................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found

....................................................
SERVING OFFICER

for ....................................................

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE .................... Lakeside Bank

ADDRESS ............. 55 West Wacker Drive
............. Chicago, IL 60601

TELEPHONE NUMBER: ......... 312-455-5100

[ ] PERSONAL SERVICE   [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title:
....................................................

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or o der at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.
....................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Cerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

[ ] Not found

...................................................
DATE OF MAILING

...................................................
SERVING OFFICER

for
...................................................
DATE

CL19-1019

**GARNISHMENT SUMMONS**
Commonwealth of Virginia

Case No. ............................ 19-666.......

Arlington County ............................................................................................................ Circuit Court

1425 N. Courthouse Road, Suite 6700 Arlington, VA 22201
COURT ADDRESS

JUDGMENT CREDITOR:                                    JUDGMENT DEBTOR:

Wesco Distribution, Inc.                       v.      BCause, LLC

225 West Station Drive Suite 700                       277 Bendix Road

Pittsburgh, PA 15219                                   Suite 420

Telephone No. ........... 412-454-2200 .......          Virginia Beach, VA 23452

JUDGMENT CREDITOR'S ATTORNEY:                          Soc. Sec. No. ................................

Seth A. Robbins                                        Garnishee: Lakeside Bank Community Development, LLC

1100 N. Glebe Road, Suite 1010                         55 West Wacker Drive

Arlington, VA 22201                                    Chicago, IL 60601

Telephone No. ........... 703-224-4436 .......

RECEIVED
MAR 27 2019
PAUL FERGUSON, CLERK
Arlington County Circuit Court
by ............................................
Deputy Clerk

STATEMENT:

| | | |
|---|---|---|
| June 21, 2019    10:00 am | Judgment Principal: | $    1,896,349.34 |
| HEARING DATE AND TIME | Credits | 0.00 |
| This is a garnishment against (check only one) | Interest | 17,788.43 |
| [ ] the judgment debtor's wages, salary or other compensation. | Judgment Costs | 356.00 |
| [x] some other debt due or property of the judgment debtor, specifically, | Attorney's Fee | 0.00 |
| any and all assets, including bank accounts and instruments | Garnishment Costs | 644.00 |

MAXIMUM PORTION OF DISPOSABLE EARNINGS
SUBJECT TO GARNISHMENT

| | |
|---|---|
| [ ]  Support | TOTAL BALANCE DUE  $    1,915,137.77 |
| [ ]  50%  [ ] 55% [ ] 60%  [ ] 65% | The garnishee shall rely on this amount. |
| (if not specified, then 50%) | |
| [ ]  state taxes, 100% | March 1, 2019 |
| | DATE OF JUDGMENT |

If none of the above are checked, then § 34-29(a) (on reverse) applies.

TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.

TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

4/1/2019
DATE OF ISSUANCE OF SUMMONS
                                                                        Paul Ferguson , Clerk

4/1/2019                                                        by .......... Eenila S................
DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF                                 DEPUTY CLERK
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

WRIT OF FIERI FACIAS  TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.

Homestead Exemption Waived? [ ] Yes [ ] No [ ] Cannot be demanded

                                                                        Paul Ferguson , Clerk

4/1/2019                                                        by .......... Eenila S................
DATE                                                                      DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE 1 OF 2) 7/07
VA. CODE §§ 8.01-511, -512.3

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You may rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand this summons, call a lawyer for help.)

An employer may take so much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employees makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE    Lakeside Bank Community Development, LLC

ADDRESS    55 West Wacker Drive    Chicago, IL 60601

TELEPHONE NUMBER:    312-435-5100

[ ] PERSONAL SERVICE    [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

   [ ] Served on registered agent of the corporation. List name and title:

   [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

   [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

   [ ] Served on Secretary of the Commonwealth.

   [ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

| [ ] Not found | DATE OF MAILING |
| | SERVING OFFICER |
| | _____ for _____ |
| DATE | |

---

RECEIVED

_____
DATE AND TIME

_____
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found -- otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

_____
DATE

_____
SHERIFF

_____
DEPUTY SHERIFF

FORM CC-1486 (MASTER PAGE 2 OF 2) 12/05

---

JUDGMENT DEBTOR    BCause, LLC

ADDRESS    277 Bendix Road Suite 420    Virginia Beach, VA 23452

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

   [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

   [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

   [ ] Served on Secretary of the Commonwealth.

[ ] Not found

_____
SERVING OFFICER

_____ for _____

CL19-1016

**GARNISHMENT SUMMONS**
Commonwealth of Virginia

Case No. .......... 19-668 .........

.................................................. Arlington County .................................................. Circuit Court

.................................................. 1425 N. Courthouse Road, Suite 6700 Arlington, VA 22201 ..................................................
COURT ADDRESS

| JUDGMENT CREDITOR: | JUDGMENT DEBTOR: |
|---|---|
| Wesco Distribution, Inc. | BCause Mining, LLC |
| v. | |
| 225 West Station Drive Suite 700 | 277 Bendix Road |
| Pittsburgh, PA 15219 RECEIVED | Suite 420 |
| Telephone No. .......... 412-454-2200 | Virginia Beach, VA 23452 |
| JUDGMENT CREDITOR'S ATTORNEY: MAR 27 2019 | Soc. Sec. No, ..................................................... |
| Seth A. Robbins | Garnishee: Lakeside Bank Community Development, LLC |
| 1100 N. Glebe Road, Suite 1010 PAUL FERGUSON, CLERK | 55 West Wacker Drive |
| Arlington, VA 22801  Arlington County Circuit Court | Chicago, IL 60601 |
| ..................................................... Deputy Clerk | |
| Telephone No. .......... 703-224-4436 | |

| STATEMENT: | |
|---|---|
| Judgment Principal: $ | 1,896,349.34 |
| Credits | -0.00 |
| Interest | 17,788.43 |
| Judgment Costs | 356.00 |
| Attorney's Fee | 0.00 |
| Garnishment Costs | 644.00 |

June 21, 2019          10:00am
HEARING DATE AND TIME

This is a garnishment against (check only one)
[ ] the judgment debtor's wages, salary or other compensation.
[x] some other debt due or property of the judgment debtor, specifically,
    any and all assets, including bank accounts and instruments

MAXIMUM PORTION OF DISPOSABLE EARNINGS
SUBJECT TO GARNISHMENT.
[ ] Support
[ ] 50%  [ ] 55%  [ ] 60%  [ ] 65%
(if not specified, then 50%)
[ ] state taxes, 100%

| TOTAL BALANCE DUE $ | 1,915,137.77 |
|---|---|

The garnishee shall rely on this amount.

March 1, 2019
DATE OF JUDGMENT

If none of the above are checked, then § 34-29(a) (on reverse) applies.
TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

4/1/2019 ..................................................
DATE OF ISSUANCE OF SUMMONS

4/1/2019 ..................................................
DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

....................................., Clerk

by ....................................
DEPUTY CLERK

WRIT OF FIERI FACIAS  TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.
Homestead Exemption Waived? [ ] Yes [ ] No [ ] Cannot be demanded

4/1/2019
DATE

....................................., Clerk

by ....................................
DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE 1 OF 2) 1/07
VA. CODE §§ 8.01-511, -512.3

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You many rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employee makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

---

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE ___Lakeside Bank Community___
_____Development, LLC_____
ADDRESS _____55 West Wacker Drive_____
_____Chicago, IL 60601_____

TELEPHONE NUMBER: ____312-435-5100____

[ ] PERSONAL SERVICE    [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

_____
DATE OF MAILING

[ ] Not found    _____
SERVING OFFICER

_____ for _____
DATE

---

RECEIVED
_____
DATE AND TIME
_____
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found – otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

_____
DATE
_____
SHERIFF
_____
DEPUTY SHERIFF

FORM CC-1485 (MASTER PAGE 2 OF 2) 12/05

---

JUDGMENT DEBTOR ___BCause Mining, LLC___

ADDRESS ___277 Bendix Road Suite 420___
___Virginia Beach, VA 23452___

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found    _____
SERVING OFFICER

_____ for _____