**Fill in this information to identify the case:**

Debtor 1  BCause Mining LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Northern District of Illinois

Case number  19-10562

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**

WESCO Distribution, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

David A. Agay
Name

300 North LaSalle Street, Suite 1400
Number     Street

Chicago            IL        60654
City               State     ZIP Code

Contact phone (312) 642-2217

Contact email dagay@mcdonaldhopkins.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City               State     ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

____ ____ ____ ____ ____ ____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on ____ / ____ / ____
                                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                    Proof of Claim



**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7. How much is the claim?   $_____1,915,137.77 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Confessed judgment and garnishment

9. Is all or part of the claim secured?

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____843,000.00

Amount of the claim that is secured:   $____1,915,137.77

Amount of the claim that is unsecured: $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____1,915,137.77

Annual Interest Rate (when case was filed) 12.00 %

☑ Fixed

☐ Variable

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04 / 26 / 2019
        MM / DD / YYYY

*Pamela S Smith*
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Pamela | S | Smith |
| | First name | Middle name | Last name |

Title  Financial Service MAnAger

Company  WESCO Distribution, Inc.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  185  Thorn Hill  Drive
    Number    Street

    WARRendAle        PA    15086
    City        State    ZIP Code

Contact phone  724-713-4454    Email  pamsmith@wesco.com

---

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCause Mining LLC, | ) | Case No. 19-10562 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |

## ADDENDUM TO WESCO DISTRIBUTION, INC.'S PROOF OF CLAIM

WESCO Distribution, Inc. ("WESCO") is a creditor in the above-captioned bankruptcy case, and, with the accompanying official bankruptcy form, sets forth its proof of claim (its "Claim") against Debtor BCause Mining LLC ("BCause Mining" or the "Debtor"):

On December 4, 2017, BCause Mining executed that certain Application for Business Credit, attached hereto as Exhibit A (the "Application"). Paragraph 10 of the Application grants a blanket lien in all assets of BCause Mining, including all BCause Mining cash, cash equivalents, and accounts, and proceeds thereof. Attached hereto as Exhibit B is the UCC financing statement filed with respect to WESCO's security interests and liens (the "UCC-1").

On December 5, 2018, BCause Mining (as judgement debtor) and BCause LLC (as guarantor) executed that certain Virginia Promissory and Confessed Judgment Note in the principal amount of $1,358,610.51, attached hereto as Exhibit C. The Debtors defaulted on the note and on March 1, 2019, WESCO entered and filed that certain Confession of Judgment in the principal amount of $1,896,349.34 with the Circuit Court of Arlington County, Virginia, attached hereto as Exhibit D (the "Confession of Judgment"), against BCause LLC and BCause Mining, among others. Attached hereto as Exhibit E and Exhibit F is the Foreign Judgment registered in Cook County, Illinois, on April 2, 2019. Accordingly, after the Confession of Judgment was entered in Virginia, WESCO followed the appropriate steps to register the

Confession of Judgment in Illinois. The Confession of Judgment creates a lien in favor of WESCO under Virginia law attaching to BCause Mining and BCause LLC's real property, attaching as of the date of entry of the Confession of Judgment on March 1, 2019. *See* VA St. §§ 8.01-431, 8.01-434 (noting that a lien for a confessed judgment "shall attach and be binding from the time such judgment is recorded on the judgment lien docket of the county or city in which land of the defendant lies"); *see also American Bank & Trust Co. v. National Bank of Suffolk,* 170 Va. 169 (1938) (providing that a clerk's failure to enter a judgment into an order book had no impact on the effectiveness of a judgment; the judgment was effective from the date the confession was entered).[1]

On April 1, 2019, that certain Garnishment Summons and Suggestion for Summons in Garnishment issued in the Arlington County, Virginia Circuit Court (the "Garnishment"), for the total balance of $1,915,137.77, naming BCause LLC and BCause Mining as the Judgment Debtors and Lakeside Bank ("Lakeside") as the Garnishee. Attached hereto as Exhibit G and Exhibit H are the Garnishment Summons issued on April 1, 2019, from the Arlington County, Virginia Circuit Court, and the Garnishment Summons issued in Cook County on April 2, 2019. Pursuant to the Garnishment, Lakeside has to withhold the cash in the account up to the total balance on the Garnishment. The Garnishment, together with the writ of *fieri facias* integrated into the Garnishment, creates a lien in favor of WESCO under Virginia law, attaching to both the cash in the Lakeside bank account and to the bank account itself. *See* VA St. §§ 8.01-511, 8.01-478 (providing that the writ of *fieri facias* may be levied on money, bank notes, and chattels of the debtor). The Garnishment was appropriately served on Lakeside (as Garnishee), as detailed in the service affidavits attached hereto as Exhibit I.

---

[1] VA St. § 8.01-434 provides that the Confession of Judgment also may be a basis for execution against a judgment debtor's personal property.

As of April 11, 2019, BCause Mining has failed to pay the amount due pursuant to the Garnishment or the Confession of Judgment. BCause Mining therefore files this Claim in the amount of $1,915,137.77 for the balance due pursuant to the Garnishment and the Confession of Judgment.

### Reservation of Rights

WESCO reserves all rights to amend or supplement this Claim for any reason. In addition, WESCO reserves, without limitation, all setoff, recoupment, netting, and other rights, under any applicable contract, statute, common law, or equitable principle. Moreover, WESCO's Claim is filed to protect WESCO from any potential forfeiture of any part of its Claim by reason of the bar date for claims in this case. Filing this Claim is not (a) a waiver or release of WESCO's rights or claims against any person, entity, or property; (b) a waiver or release of WESCO's right to trial by jury in any proceeding in any matter so triable, whether or not the same are designated legal or equitable rights in any case, controversy, or proceeding related thereto; (c) a waiver or release of WESCO'S right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (d) a waiver or release of the right to request withdrawal of the reference with respect to the subject matter of the Claim, and objection thereto or other proceeding commenced with respect thereto or any other proceeding that may be commenced in this case against or otherwise involving WESCO; or (e) an election of remedy. WESCO expressly preserves all of its rights and claims against the Debtor under the Bankruptcy Code and applicable non-bankruptcy law.

# EXHIBIT A

## APPLICATION FOR BUSINESS CREDIT

Confidential



The business entity hereby applying for credit from WESCO Distribution, Inc., including any and all of its subsidiaries, affiliates and unincorporated divisions as such may exist from time to time ("WESCO"), is referred to as the "Applicant" for purposes of this Application for Business Credit ("Application"). This Application shall consist of this information page and the Terms and Conditions attached hereto and made a part hereof (the "Terms and Conditions.")

* Indicates required field.

### APPLICANT INFORMATION

* Applicant Name: BCause Mining    * Phone: (757) 761-3669    Fax: ( )
* Street Address: 277 Bendix Road   Suite 420    AP AP E-Mail: mike@bcause.com
* City: Virginia Beach    * State: VA    * Zip: 23452
AP Contact Name: Michael Adolphi    Phone: (757) 761-3669    Fax: ( )
* Main Line of Business: FINTECH    * Date Established:    Dun & Bradstreet #:

☐ Corporation:
  ☐ Division of
  ☒ Subsidiary of BCause, LLC

☐ Sole Proprietorship
☐ Partnership
☒ Limited Liability Company    BCause Mining    EIN: 82-2810783
☐ Other (please specify):

### OWNERS, PARTNERS, MEMBERS or OFFICERS (Please note Social Security Numbers is not required if Applicant is a corporation)

| * Name: | * Title: | * SSN: | * Name: | * Title: | * SSN: |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

### REFERENCES

| * Bank Reference: TowneBank | * Account Number: | * Trade Reference: | * Account Number: |
|---|---|---|---|
| City/State: VA Beach VA | E-Mail: Judy.carr@ | City/State: | E-Mail: |
| * Phone: (757) 249-7022 | * Fax: ( ) townebank.com | * Phone: ( ) | * Fax: ( ) |
| * Trade Reference: | * Account Number: | Trade Reference: | Account Number: |
| City/State: | E-Mail: | City/State: | E-Mail: |
| * Phone: ( ) | * Fax: ( ) | Phone: ( ) | Fax: ( ) |

### TAX STATUS ☒ Taxable ☐ Exempt (Attach exemption certificate)    ☒ Check here to receive your invoices from WESCO electronically
☒ Check here to receive your statements from WESCO electronically    Email address to be sent to: accounting@bcause.com

### AGREEMENT AND ACKNOWLEDGMENT

The undersigned hereby warrants and represents (i) that he or she is a duly authorized representative of the Applicant with full legal authority to bind the same by the execution of this Application and (ii) that the information set forth in this Application is provided for the purpose of obtaining credit from WESCO and is true and correct. The undersigned hereby acknowledges and agrees (i) that WESCO may obtain information concerning the Applicant from any credit-granting institution, (ii) that this Application shall govern WESCO's review of Applicant's credit history and shall constitute the agreement between Applicant and WESCO governing the provision of credit upon WESCO's subsequent acceptance by any means, whether written or oral, of Applicant's request for credit, (iii) that effective upon any acceptance by WESCO of this Application, all sales of goods or services to Applicant will be governed by WESCO's standard terms and conditions of sale as they are posted at http://www.wescodirect.com/direct/corporate/terms_wesco.htm and as the same may be modified from time to time and (iv) that WESCO's provision of credit for the supply of goods and services shall constitute fair and sufficient consideration in exchange for such standard terms and conditions of sale. The undersigned agrees and acknowledges that terms of payment shall be net 30 days and that past due balances are subject to service charges at the rate of 1 ½ percent per month provided, however, that such terms may change based upon revisions to WESCO's standard terms and conditions of sale as the same may be in effect from time to time and that undersigned will be liable for all collection costs incurred by WESCO, including without limitation, attorney's and collection agency fees and the related disbursements. WESCO reserves the right to convert any payment into electronic funds at their discretion.

* SIGNATURE: Michael Adolphi    * TITLE: COO    * DATE: 12/4/17

### PERSONAL GUARANTY

In consideration of credit being extended by WESCO to Applicant, I/we hereby personally guarantee to WESCO payment of any obligation of Applicant and agree to be bound to pay WESCO on demand any sum that may become due WESCO from Applicant. It is understood and agreed that this guaranty shall be a primary, absolute, continuing and irrevocable guaranty and indemnity for such indebtedness and will not be subject to any counterclaims, set-offs, other deductions or defenses. I/We hereby waive notice of default, non-payment or non-performance, dishonor, protest, presentment, diligence, promptness, creation, renewal, accrual, extension, proof or reliance and agree to be bound by all applicable terms and conditions set forth in this Application, including the Terms and Conditions. This Guaranty will not be released, discharged, terminated, modified, affected or impaired by any occurrences or circumstances whatsoever, including without limitation, any insolvency, bankruptcy, reorganization or other similar proceeding affecting Applicant or its assets or any negotiations or course of dealing between WESCO and the Applicant. If any of the undersigned is not an "applicant for credit" under 12 C.F.R. Section 202.2(e) of the regulations enacted under the Equal Credit Opportunity Act of 1974 ("ECOA"), such person acknowledges that (e) this guaranty has been executed to provide credit support for Applicant under this Application, and (b) such party was not required to execute this guaranty in violation of 12 C.F.R Section 202.7(d) of ECOA. This Guaranty shall be binding upon the heirs, administrators, successors and assigns of the undersigned.

| Print Name: | Date: | Print Name: | Date: |
|---|---|---|---|
| SSN: | | SSN: | |
| (Sign) JOINTLY AND INDIVIDUALLY | Date: | (Sign) JOINTLY AND INDIVIDUALLY | Date: |
| Witness: | | Witness: | |

31313 (1012)

## TERMS AND CONDITIONS OF APPLICATION FOR BUSINESS CREDIT

Applicant hereby agrees and acknowledges the following: Date: 12/4/17    *Signature: _(signature)_

1.  WESCO and any of its employees, officers or agents (collectively, "WESCO Parties") hereby are authorized to contact the trade and bank references identified in this Application and to obtain such additional information as they may require concerning Applicant's creditworthiness, and Applicant hereby waives any and all claims against, and fully releases from liability, any and all WESCO Parties with respect to any such inquiry.

2.  Any representatives of any of the trade or bank references identified in this Application are authorized to disclose to the WESCO Parties any information pertaining to Applicant's credit history requested by any WESCO Parties, including, without limitation, information regarding Applicant's loans, accounts, purchases or other financial transactions involving the bank or trade reference in the past, present and future, and Applicant hereby waives any and all claims against, and fully releases from liability, any such representatives with respect to any such disclosure.

3.  At any time while this Application is pending and throughout any period during which WESCO has extended business credit to Applicant for which it has not yet been reimbursed, WESCO may obtain credit reports (including, without limitation, consumer credit reports) regarding Applicant as well as its principal(s), proprietor(s) and/or guarantor(s) in connection with the extension or continuation of business credit provided by WESCO to Applicant pursuant to or in connection with this Application. Applicant hereby consents to the use of any such credit report consistent with the Federal Fair Credit Reporting Act as set forth in U.S.C. §§ 1681 et seq. Furthermore, WESCO is authorized to share information regarding the extension of business credit to Applicant pursuant to this Application, including, without limitation, Applicant's future credit record with WESCO, with any credit-reporting agency if such information is specifically requested from WESCO.

4.  Applicant will give WESCO at least 15 calendar days' prior written notice of any development that may adversely affect Applicant's financial condition, including, without limitation, (a) the institution by or against Applicant of proceedings in bankruptcy or any other procedure for the settlement of debts, (b) Applicant's making an assignment for the benefit of its creditors, (c) Applicant's inability to pay Applicant's expenses as they accrue due to lack of sufficient funds, (d) Applicant's dissolution or other event pursuant to which it ceases to do business, and (e) any change in the business form in which Applicant conducts business, such as (i) the incorporation of a sole proprietorship, (ii) the addition of a partner to a partnership, limited partnership, limited liability partnership, or a limited liability partnership, or (iii) the addition of members to a limited liability corporation. Any notice provided hereunder will be sent by courier or U.S. first-class mail (postage prepaid and return receipt requested) to: WESCO Distribution, Inc., Attention: Financial Services, 225 West Station Square Drive, Suite 700, Pittsburgh, PA 15219.

5.  WESCO may reject this Application in its sole and absolute discretion. WESCO may cancel or modify Applicant's business credit granted as a result of this Application at any time in WESCO's sole and absolute discretion.

6.  Upon WESCO's request at any time, Applicant shall provide to WESCO, within ten business days, Applicant's most current regularly prepared financial statements, including, without limitation, a full and complete statement of Applicant's assets and liabilities.

7.  The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning applicants is the Federal Trade Commission, ECOA Compliance, Washington, DC 20581.

8.  Applicant hereby agrees and acknowledges that it is its intent in executing this Application that all sales made by WESCO to Applicant based upon any credit extended by WESCO to Applicant pursuant to or in connection with this Application will be governed by WESCO's standard terms and conditions of sale as the same may be in effect from time to time.

9.  The validity, interpretation and performance of this Agreement and any dispute arising under, pursuant to or in connection with the execution, performance or termination hereof will be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without reference to any conflicts of law principles. The sole and proper venue for any dispute arising out of this Application and any subsequent credit relationship resulting from this Application shall be in the state and Federal courts situated in Pittsburgh, Pennsylvania, depending upon (a) which has the appropriate subject matter  jurisdiction and (b) the amount in controversy. Applicant hereby agrees to the personal jurisdiction of said courts and waives any objection to personal jurisdiction, including objections based upon inconvenience of forum.

10. To secure the full and timely payment by Applicant to WESCO of all now existing and hereafter arising amounts due WESCO, Applicant hereby grants to WESCO a priority security interest and lien in and to all goods, inventory, equipment and fixtures sold to Applicant by WESCO from time to time , and all other assets of Applicant, including, without limitation, all of Applicant's now existing or owned or hereafter arising or acquired (a) accounts; (b) goods for sale, lease or other disposition by Applicant which have given rise to Accounts and have been returned to or re possessed or stopped in transit by Applicant; (c) chattel paper, electronic chattel Paper, tangible chattel paper, documents of title, instruments, documents, general intangibles, payment intangibles, letter of credit rights, letters of credit and supporting obligations; (d) goods, including, without limitation, inventory, equipment, fixtures, trade fixtures and vehicles; (e) investment property; (f) deposits, cash and cash equivalents and any property of Applicant now or hereafter in the possession, custody or control of WESCO; (g) deposit accounts held with any depository institution; (h) all other personal property of Applicant of any kind or nature; and (i) all commercial tort claims (the "Assets") and all cash and non-cash proceeds of all of the fore going property, including, but not limited to, proceeds of all insurance policies insuring the foregoing. Applicant hereby authorizes WESCO to file and perfect any and all statutory lien rights and any rights under indemnity or performance bonds at any time following submission of this Application regardless of whether payment is due to WESCO under WESCO's payment terms with Applicant. Applicant shall execute and deliver to WESCO, at any time and from time to time, all agreements, instruments, documents and other written matter (the "Supplemental Documentation"), that WESCO may request, in form and substance acceptable to WESCO, to perfect and maintain perfected WESCO's priority security interest and lien in and to the Assets and/or other lien or bond rights provided herein, and to otherwise consummate the transactions contemplated by this paragraph. Applicant, irrevocably, hereby makes, constitutes and appoints WESCO, and all persons designated by WESCO for that purpose, as Applicant's true and lawful attorney and agent-in-fact, to sign the name of Applicant on the Supplemental Documentation if required, and to deliver such Supplemental Documentation to such persons as WESCO may reasonably elect. Applicant hereby authorizes WESCO to prepare and file any Uniform Commercial Code ("UCC") financing statements, amendments to UCC financing statements and any other filings or recordings in all jurisdictions WESCO deems appropriate without Applicant's signature, and authorizes WESCO to describe the collateral in such financing statements in any manner WESCO deems appropriate.

11. This Application sets forth all of the terms and conditions applicable to the parties relating to the matters specified in this Application and supersedes all prior and contemporaneous agreements and understandings, negotiations, inducements, representations or conditions, whether oral or written, whether express or implied, with respect to such matters, provided that WESCO may modify the credit agreement comprised of this Application upon written notice to Applicant in WESCO's sole and absolute discretion from time to time.

12. All sales of goods and services to Applicant shall be governed by WESCO's standard terms and conditions of sale as they are posted at http://www.wescodirect.com/direct/corporate/terms_wesco.htm and as the same may be modified from time to time, including but not limited to the following terms:

   A. Disclaimer of Warranties. WESCO shall use its best reasonable efforts to obtain from its suppliers for the direct benefit of both WESCO and Buyer such warranties as are normally offered by such suppliers in connection with the Goods being supplied by them. WESCO shall give Buyer all reasonable assistance as may be required to enforce such warranties. EXCEPT FOR THE FOREGOING, WESCO HEREBY DISCLAIMS AND EXCLUDES ANY AND ALL OTHER WARRANTIES REGARDING GOODS AND SERVICES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, THE IMPLIED WARRANTY OF MERCHANTABILITY, THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, IMPLIED WARRANTIES AGAINST DEFECTS IN DESIGN, MATERIALS AND WORKMANSHIP, AND THE WARRANTY AGAINST REDHIBITORY DEFECTS. WITH REGARD TO ANY AND ALL GOODS PURCHASED BY BUYER PURSUANT TO OR IN CONNECTION WITH THIS AGREEMENT, WESCO HEREBY DISCLAIMS AND EXCLUDES ANY AND ALL WARRANTIES THAT GOODS WILL CONFORM TO SPECIFICATIONS, DESIGNS OR SAMPLES AND WARRANTIES AGAINST PATENT, COPYRIGHT, TRADEMARK, AND ANY OTHER TYPES OF INTELLECTUAL PROPERTY RIGHT INFRINGEMENT UNDER THE LAWS OF ANY NATION, INCLUDING, WITHOUT LIMITATION, THE LAWS OF THE UNITED STATES OF AMERICA.

   B. Exclusive Remedy. Buyer's EXCLUSIVE remedy against WESCO for any rights (or arising out of any in a Good tendered to Buyer is the repair or replacement of the Good, or alternatively, at Buyer's sole election, a refund of the purchase price of the Good. Buyer's EXCLUSIVE remedy against WESCO arising out of any defect in, or in connection with, any Service provided hereunder is the re-performance of that Service or, at WESCO's sole election, a refund of the purchase price of the Service. These exclusive remedies will only be available to Buyer for one year after the Good is tendered or Service is provided to Buyer, and WESCO's obligations under this section will be void unless Buyer provides WESCO with notice of the defect in the Good or Service within 30 days of discovery of the defect. Any Good returned to WESCO for repair, replacement or refund under this section will be returned by Buyer in accordance with WESCO's return material authorization procedures then in effect.

   C. Limitation of Liability.  NOTWITHSTANDING ANYTHING ELSE CONTAINED HEREIN TO THE CONTRARY, IN NO EVENT WILL: (A) WESCO BE LIABLE TO BUYER FOR ANY CIRCUMSTANTIAL, CONSEQUENTIAL, CONTINGENT, EXEMPLARY, INCIDENTAL, INDIRECT, LIQUIDATED, MATERIAL, PUNITIVE, SPECIAL, SPECULATIVE OR OTHER DAMAGES, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOST PROFITS, SALES OR REVENUES, COST OF REPLACEMENT GOODS, LOST BUSINESS OR BUSINESS INTERRUPTIONS, OR ATTORNEY'S FEES OR COURT COSTS ARISING IN ANY MANNER PURSUANT TO OR IN CONNECTION WITH THE AGREEMENT, THE GOODS OR THE SERVICES (EVEN IF WESCO IS MADE AWARE OF THE POTENTIAL FOR SUCH DAMAGES); AND (B) WESCO'S TOTAL LIABILITY RELATED TO ANY GOOD OR SERVICE EXCEED THE PURCHASE PRICE OF SUCH GOOD OR SERVICE.

## WESCO DISTRIBUTION, INC. TERMS AND CONDITIONS OF SALE - 011107

**1. WESCO'S Terms and Conditions Control this Agreement.**

A. These terms and conditions are incorporated into and made a part of the agreement or proposal ("Agreement") by WESCO Distribution, Inc. and any of its domestic subsidiaries, unincorporated divisions or affiliates ("WESCO") to sell to the named Buyer the goods referenced on the face of this document ("Goods") and services (including, without limitation, any material management, assembly and kitting services, and engineering and design services (whether performed by WESCO or a subcontractor)) referenced on the face of this document ("Services"). The Agreement expressly limits Buyer's acceptance to these terms and conditions. Buyer may reject the Agreement by not ordering or receiving any Goods or Services. The Agreement does not constitute an acceptance by WESCO of any offer or counteroffer of Buyer, and WESCO hereby rejects any additional, different, or inconsistent terms, conditions or limitations contained in or incorporated by reference in any form, purchase orders or other documents of Buyer that already have been or hereafter may be presented to WESCO with respect to the Agreement.

B. If Buyer has submitted or will submit additional and/or different terms and conditions to WESCO, or submit a counteroffer to WESCO, WESCO's subsequent performance will not be construed as either acceptance of Buyer's additional and/or different terms and conditions or Buyer's counteroffer, nor will WESCO's subsequent performance be viewed as a willingness to accept any provision of the Uniform Commercial Code, as adopted by any State or Commonwealth, that is contrary or in addition to any of the terms and conditions hereof.

**2. Prices.**

A. Unless otherwise agreed to by WESCO in writing, WESCO's prices for the Goods and Services will be the prices stated on the face of this document or WESCO's standard prices for such Goods and Services as of the date hereof, provided that, where standard prices for Goods in the quantities ordered as calculated by WESCO extend beyond two decimal places, WESCO shall round such prices for Goods to the nearest two decimal places for purposes of determining Buyer's payment obligation with respect to such Goods; provided, however, that delivery of any Goods for the Goods and Services in accordance with any change to its standard pricing for such Goods and Services prior to the date of shipment of Goods or performance of Services, as the case may be.

B. The prices of any and all Goods and Services shall be confidential, and Buyer shall not disclose such prices to any unrelated third party. WESCO and Buyer acknowledge and agree that money damages for any and all breaches of Buyer's obligation not to disclose the price of any Goods or Services is both incalculable and insufficient and that any such breach would irreparably harm WESCO. Therefore, in the event of an actual or prospective breach of this obligation of Buyer not to disclose the prices of any Goods and Services, WESCO shall be entitled to a permanent and/or a preliminary injunction to prevent or remedy such breach and shall have the right to specific enforcement of this Agreement against Buyer in addition to any other remedies to which WESCO may be entitled at law or in equity.

**3. Specifications.** Unless WESCO has expressly agreed otherwise in writing, it is Buyer's responsibility to ensure that the Goods and Services are the ones that it has requested and that all specifications and quantities are correct. WESCO HEREBY EXPRESSLY DISCLAIMS ANY AND ALL REPRESENTATIONS AND WARRANTIES THAT GOODS AND SERVICES CONFORM TO ANY SPECIFICATIONS, DRAWINGS, DESIGNS, OR SAMPLES.

**4. Shipment of Goods; Performance of Services.**

A. Shipment of all Goods shall be made F.O.B. point of shipment (Ex Works WESCO's facility per INCOTERMS 2000 for international shipments). Buyer shall bear the risk of loss and damage to Goods after delivery to the point of shipment.

B. Any shipping dates for Goods or performance dates for Services given in advance of actual shipment of Goods or performance of Services are WESCO's best estimates for informational purposes only, and deliveries of Goods and performance of Services will be made subject to prior orders on file with WESCO. Unless otherwise agreed to by WESCO in writing, WESCO may, in its sole discretion, use any commercial carriers for shipment of the Goods. WESCO will use its reasonable efforts to comply with Buyer's requests as to method and route of transportation, but WESCO reserves the right to use an alternate method or route of transportation, whether or not at a higher rate.

C. Unless otherwise agreed to by WESCO in writing, Buyer will pay all insurance costs in connection with delivery of the Goods, if any, and be responsible for filing and pursuing claims with carriers for loss of, or damage to, Goods in transit.

D. Buyer is responsible for obtaining at its sole cost and expense any and all necessary licenses and permits for the Goods and Services, including, without limitation, any licenses and permits for transportation.

E. If Buyer is unable to receive the Goods when they are tendered, Buyer will be liable to WESCO for any losses, damages, or additional expenses incurred or suffered by WESCO as a result of Buyer's inability to receive the Goods.

F. Buyer immediately will inspect all Goods upon its receipt of them and will be deemed to accept the Goods upon receipt. Any claims for shortages or discrepancies will be waived by Buyer unless made in writing to WESCO within five days of receipt of the Goods.

G. For wire and cable, delivery length tolerance is ± 10%. Cutting and Reel charges will apply when other than standard manufacturer's lengths are requested and delivery lead-times may be adjusted.

H. WESCO may cancel in whole or in part any order for Goods or Services under the Agreement at any time.

I. Until Buyer has fully and finally paid all amounts owed to WESCO for any Goods, Buyer shall hold such Goods in trust for WESCO, and WESCO may repossess them if Buyer fails to pay for them in a timely fashion.

**5. Payment.**

A. All payments for Goods and Services must be made in United States currency unless specified in writing by WESCO. Payments for Goods and Services will be made by such means as WESCO may specify, such as by check or wire transfer, provided that WESCO may refuse, in its sole discretion, payment by any means, including, without limitation, credit cards.

B. Payment for Goods and Services are due within 30 days from the date of WESCO's invoice; provided, however, that WESCO reserves the right, in its sole discretion, to require full payment in cash before order entry, shipment, or delivery.

C. WESCO shall have the right to offset any and all amounts due and owing from WESCO to Buyer under this Agreement, including, without limitation, any chargebacks or rebates, against any amounts due and owing from Buyer to WESCO under the Agreement.

D. If Buyer defaults in payment, Buyer will be liable for all collection costs incurred by WESCO including, but not limited to, attorneys' and collection agency fees, and all related disbursements.

E. If Buyer does not pay when payment is due, past due amounts are subject to service charges of one and a half percent (1 ½%) per month or the maximum percentage rate permitted by law, whichever is less.

**6. Taxes.** The purchase price of the Goods and Services does not include transportation taxes and sales, use, excise, import or any similar tax or other governmental charge arising pursuant to or in connection with the sale, purchase, processing, delivery, storage, use, consumption, performance or transportation of the Goods and Services. Buyer is responsible for payment of any transportation taxes, and any present or future sales, use, excise, import or any similar tax or other governmental charge applicable to the Agreement and to the sale and/or furnishing of the Goods and Services.

**7. Cancellation.** Buyer may cancel its order for Goods and/or Services, but only if WESCO agrees to such cancellation in writing and only after Buyer pays reasonable charges for expenses already incurred and commitments made by WESCO in connection with the placement of such order(s).

**8. Disclaimer of Warranties.** WESCO HEREBY EXPRESSLY DISCLAIMS AND EXCLUDES ANY AND ALL REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN OR ORAL, WHETHER EXPRESS OR IMPLIED, WHETHER ARISING BY CONTRACT, AT LAW, IN EQUITY, BY STRICT LIABILITY OR OTHERWISE, WITH RESPECT TO THE GOODS AND SERVICES, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF MERCHANTABILITY, ANY WARRANTY AGAINST DEFECTS IN DESIGN, MATERIALS AND WORKMANSHIP, ANY WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, ANY WARRANTY AGAINST INFRINGEMENT OF THIRD PARTY INTELLECTUAL PROPERTY, INCLUDING, WITHOUT LIMITATION, ANY PATENTS, TRADEMARKS, OR COPYRIGHTS, WESCO shall, however, if given prompt written notice by Buyer of any claim of alleged patent, trademark or copyright infringement with respect to any Goods use its reasonable efforts to secure for Buyer such indemnity rights as the manufacturer may offer with respect to such Goods.

**9. Exclusive Remedy.** Buyer's EXCLUSIVE remedy against WESCO for any claim for, or arising out of any in a Good tendered to Buyer is the repair or replacement of the Good, or alternatively, at WESCO's sole election, a refund of the purchase price of the Good. Buyer's EXCLUSIVE remedy against WESCO arising out of any defect in, or in connection with, any Service provided hereunder is the re-performance of that Service or, at WESCO's sole election, a refund of the purchase price of the Service. These remedies only will be available to Buyer to one year after the Good is tendered or Service is provided to Buyer, and WESCO's obligation under this Section 9 will be void unless Buyer provides WESCO with notice of the defect in the Good or Service within 30 days of discovery of the defect. Any Good returned to WESCO for repair, replacement or refund under this Section 9 will be returned by Buyer in accordance with WESCO's return material authorization procedures then in effect. Returns for a refund may be subject to restocking fees.

**10. Limitation of Liability.** NOTWITHSTANDING ANYTHING ELSE CONTAINED HEREIN TO THE CONTRARY, IN NO EVENT WILL: (A) WESCO BE LIABLE TO BUYER FOR ANY CIRCUMSTANTIAL, CONSEQUENTIAL, CONTINGENT, EXEMPLARY, INCIDENTAL, INDIRECT, LIQUIDATED, MATERIAL, PUNITIVE, SPECIAL, SPECULATIVE OR OTHER DAMAGES, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOST PROFITS, SALES OR REVENUES, COST OF REPLACEMENT GOODS, LOST BUSINESS OR BUSINESS INTERRUPTIONS, OR ATTORNEYS FEES OR COURT COSTS ARISING IN ANY MANNER PURSUANT TO OR IN CONNECTION WITH THE AGREEMENT, THE GOODS OR THE SERVICES (EVEN IF WESCO IS MADE AWARE OF THE POTENTIAL FOR SUCH DAMAGES); AND (B) WESCO'S TOTAL LIABILITY RELATED TO ANY GOOD OR SERVICE EXCEED THE PURCHASE PRICE OF SUCH GOOD OR SERVICE.

**11. Indemnification.**

A. Upon prompt notice by Buyer of any claim of U.S. patent, copyright, or trademark infringement with respect to any Goods or Services, WESCO will use its reasonable efforts to secure for Buyer such indemnity rights as the manufacturer may customarily give with respect to such Goods. This Section 10 sets forth Buyer's sole and exclusive remedy against WESCO regarding the infringement by any Goods or Services of any third party intellectual property rights, including, without limitation, any patents or trademarks.

B. Buyer will indemnify, defend and hold harmless WESCO, its shareholders, officers, directors, employees, agents and representatives from and against all losses, damages, liabilities, costs, and expenses including, but not limited to, property damage, loss of profits or revenue, loss of use of any property, cost of capital, cost of purchased or replacement power or temporary equipment, personal or bodily injury, or death ("Losses"), that may arise pursuant to or in connection with any: (a) act or omission of WESCO for the Services (including, without limitation, Losses arising in connection with the performance of Services on Buyer's premises by WESCO's employees, representatives, agents, or subcontractors), regardless of whether such Losses are suffered directly by Buyer or arise pursuant to or in connection with a third-party suit, claim, quotation, demand, judgment or other action (each a "Claim") and regardless of whether or not WESCO or any third-party is proportionately negligent with respect to such Losses and/or Claim, provided that Buyer need not indemnify WESCO for WESCO's obligation, if any, to Buyer under Section 9 above. For the avoidance of doubt and without limitation, this indemnification obligation requires Buyer to pay any judgments against WESCO or any other indemnified party resulting from any Claim, any court costs of WESCO or any other indemnified party in connection with any Claim, and any reasonable attorneys' fees and disbursements incurred by WESCO or any other indemnified party in WESCO's defense of any Claim. WESCO will have the sole and exclusive right to conduct the defense of any Claim at Buyer's sole and exclusive cost and expense. Buyer's indemnification obligation does not depend on the truth or accuracy of any allegations made against WESCO, Buyer or any third party.

**12. Product Suitability.** Goods sold by WESCO are designed to meet stated U.S. safety standards and regulations. Because local safety standards and regulations may vary significantly, WESCO cannot guarantee that the Goods meet all applicable requirements in each locality. Buyer assumes responsibility for compliance with such safety standards and regulations in the localities in which the Goods will be shipped, sold and used. Before purchase and use of any Goods, Buyer should review the product application, and national and local codes and regulations, and verify that the use and installation of the Goods will comply with them.

**13. Ownership.** WESCO shall have and retain all right, title, and interest in and to any and all trade secrets, technical data, sales service and product plans, methodologies, techniques, designs, molds, tools, samples, systems, know-how, expertise and other proprietary information that it may use pursuant to or in connection with any Services, and Buyer shall not obtain a license to, or any other rights in, any such WESCO property pursuant to or in connection with this Agreement.

**14. Export Controls; Availability; Laws.**

A. Certain Goods may be subject to export controls under the laws, regulations and/or directives of the United States and various other countries. Buyer must comply with such laws and regulations and not export, re-export or transfer those Goods to any country to which such export, re-export, or transfer is forbidden or without first obtaining all required authorizations or licenses.

B. Due to government regulations and product availability, not all goods sold by WESCO may be available in every area.

C. Buyer hereby warrants and represents that it will comply with any and all laws with respect to the purchase, use, and operation of any and all Goods and Services. For purposes hereof, "Laws" means any international, multinational, national, foreign, federal, state, municipal, local (or other political subdivision) or administrative laws, constitutions, statutes, codes, ordinances, rules, regulations, requirements, standards, policies or guidances having the force of law, treaties, judgments or orders of any kind or nature whatsoever, including, without limitation, any judgment or principle of common law.

**15. Interpretation of the Agreement.** None of WESCO's or Buyer's shareholders, directors, officers, partners, managers, employees, agents or representatives have any authority to orally modify or alter in any way the terms and conditions of the Agreement. The terms, conditions, and limitations set forth in the Agreement can be modified, altered, or added to only by a subsequent written instrument signed by an authorized representative of WESCO and the language included on the face hereof. Regardless of how many times Buyer purchases, or has purchased, goods and services from WESCO by whatever means, each time Buyer accepts the Agreement, Buyer and WESCO enter into a separate agreement that will be interpreted without reference to any other agreement between Buyer and WESCO, or what Buyer may claim to be a course of dealing or course of performance that has arisen between Buyer and WESCO. No inconsistent usage of trade or industry custom, if any, prior to, contemporaneous with or subsequent to the making of the Agreement will waive, vary, serve to explain or serve to interpret any of the terms, conditions and limitations of the Agreement. The Agreement is the sole and exclusive agreement with respect to the matters discussed herein and the provision of Goods and Services hereunder, (except for any contemporaneous writing agreed to in writing by WESCO expressly modifying the terms and conditions hereof, which is hereby incorporated herein by reference and made a part hereof) and supersedes all prior and contemporaneous agreements and understandings, negotiations, inducements, representations or conditions, whether oral or written, whether express or implied, with respect to such matters. Failure by WESCO to enforce any of the terms, conditions and limitations of the Agreement will not constitute a waiver of those terms, conditions and limitations or a waiver of any other terms, conditions or limitations of the Agreement, and the failure of WESCO to exercise any right (whether provided by the Agreement, law, equity, or otherwise) arising from Buyer's default under the Agreement will not constitute a waiver of that right or any other rights.

**16. Force Majeure.** WESCO will not be liable for its failure to perform under the Agreement (including, without limitation, the failure to deliver any Goods or perform any Services) due to circumstances beyond its control, including, without limitation, fire, flood, earthquake, pestilence or similar catastrophe; war, act of terrorism, or strike; lack or failure of transportation facilities, shortage of suitable parts, materials or labor; any existing or future law, rule, regulation, decree, treaty, proclamation, or order of any governmental agency; inability to secure fuel, materials, supplies, equipment or power at reasonable prices or in sufficient amounts; act of God or the public enemy; or any other event or causes beyond WESCO's reasonable control, including, without limitation, any delay caused by Buyer (each, a "Force Majeure Event"). If any Force Majeure Event prevents WESCO's performance of any of its obligations under the Agreement, WESCO will have the right to (a) change, terminate or cancel the Agreement, or (b) omit during the period of the Force Majeure Event all or any portion of the quantity of the Goods deliverable during that period, whereupon the total quantity deliverable under the Agreement will be reduced by the quantity omitted. WESCO is unable to supply the total demands for any Goods to be delivered under the Agreement due to a Force Majeure Event, WESCO will have the right to allocate its available supply among its customers in whatever manner WESCO deems to be fair and equitable. In no event will WESCO be obligated to purchase materials from other than its regular sources of supply in order to enable it to supply Goods to Buyer under the Agreement. No change, cancellation or omission by WESCO will be deemed to be a breach of any clause, provision, term, condition, or covenant of the Agreement.

**17. Choice of Law; Choice of Venue.** The negotiation, execution, performance, termination, interpretation and construction of the Agreement will be governed by the law of the Commonwealth of Pennsylvania, except for Pennsylvania's choice of law rules, and expressly excluding the United Nations Convention on Contracts for the International Sale of Goods. If either WESCO or Buyer brings a lawsuit or any other action arising out of the Agreement against the other party, such party must file its lawsuit or other action in a state or federal court located in Pittsburgh, Pennsylvania. WESCO and Buyer expressly submit to the exclusive jurisdiction of those courts and consent to venue in those courts, and WESCO and Buyer consent to extra-territorial service of process on WESCO and Buyer. In the event of litigation pertaining to any matter covered by the Agreement, each of WESCO and Buyer hereby agree to waive any right that it may have to a jury trial of any or all issues that may be raised in such litigation. Nothing contained in the Agreement will be construed to limit or waive any rights of WESCO under applicable United States federal, state, or local laws. Any provision of the Agreement held to be invalid, illegal or unenforceable will be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof.

**18. Binding Authority.** Any director, officer, employee, representative, or agent of Buyer signing or otherwise entering into this Agreement hereby represents and warrants that he or she is duly authorized to execute and enter into this Agreement on behalf of Buyer.

# EXHIBIT B





## COMMONWEALTH OF VIRGINIA
## STATE CORPORATION COMMISSION

### Office of the Clerk

eFile (01/11)

July 17, 2018

NCS UCC Services Group
PO BOX 24101
Cleveland, OH 44124

### RECEIPT

RE: BCause Mining LLC

DCN/FILE NO: 18-07-17-6255-1

Dear Customer:

This is your receipt for $20.00 covering the fees for filing an original financing statement with this office.

The effective date of the filing is  July 17, 2018 at 03:53 PM.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, 1-866-722-2551.

Sincerely,

*Joel H. Peck*

Joel H. Peck
Clerk of the Commission

FSACCEPT
FSO
CISECOM

1807660195

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
NCS UCC Services Group    800-826-5256

**B. E-MAIL CONTACT AT FILER (optional)**
ucc@ncscredit.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

NCS UCC Services Group
PO BOX 24101

Cleveland, OH 44124

File Number        18-07-17-6255-1
File Date and Time    July 17, 2018 at 03:53 PM.
Filed        Virginia State Corporation Commission

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| BCause Mining LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 277 Bendix Road Ste 420 | Virginia Beach | VA | 23462 | |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| WESCO Distribution Inc. | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 909 Ventures Way | Chesapeake | VA | 23320 | |

**4. COLLATERAL:** This financing statement covers the following collateral:
Debtor hereby grants to Secured Party a priority security interest and lien in and to all goods, inventory, equipment and fixtures sold to Debtor by Secured Party from time to time, and all other assets of Debtor, including, without limitation, all of Debtor's now existing or owned or hereafter arising or acquired (a) accounts; (b) goods for sale, lease or other disposition by Debtor which have given rise to Accounts and have been returned to or re possessed or stopped in transit by Debtor; (c) chattel paper, electronic chattel Paper, tangible chattel paper, documents of title, instruments, documents, general intangibles, payment Intangibles, letter of credit rights, letters of credit and supporting obligations; (d) goods, including, without limitation, Inventory, equipment, fixtures, trade fixtures and vehicles; (e) investment property; (f) deposits, cash and cash equivalents and any property of Debtor now or hereafter in the possession, custody or control of WESCO; (g) deposit accounts held with any depository Institution; (h) all other personal property of Debtor an any kind of nature; and (i)

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)    ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien    ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
NCSA# U234857

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

1807660195

# UCC FINANCING STATEMENT **ADDENDUM**
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME |
|---|
| BCause Mining LLC |

OR

| 9b. INDIVIDUAL'S SURNAME |
|---|
| |

| FIRST PERSONAL NAME |
|---|

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only **one** additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME |
|---|

OR

| 10b. INDIVIDUAL'S SURNAME |
|---|

| INDIVIDUAL'S FIRST PERSONAL NAME |
|---|

| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
|---|---|---|---|---|

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only **one** name (11a or 11b)

| 11a. ORGANIZATION'S NAME |
|---|

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
all commercial tort claims (the "Assets") and all cash and non-cash proceeds of all the
fore going property, including, but not limited to, proceeds of all insurance policies
insuring the foregoing.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16
(if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

# EXHIBIT C

# VIRGINIA PROMISSORY AND
# CONFESSED JUDGMENT NOTE

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

**$1,358,610.51**                                                    **Virginia Beach**

This Virginia Promissory and Confessed Judgment Note (the "Note" or "Agreement") is entered into as of the 5~~th~~ day of ~~November~~ *December* 2018 ("Effective Date"), by the undersigned **BCause Mining LLC**, a Virginia limited liability company, with its principal place of business located at 192 Ballard Ct., Suite 303 Virginia Beach, VA 23462 (hereinafter referred to as "Debtor") who agrees that it is indebted and promises to pay the sum of One Million Three Hundred Fifty Eight Thousand Six Hundred Ten and 51/100 Dollars (1,358,610.51) (the "Principal Sum") to **WESCO Distribution, Inc.**, a Delaware corporation, with its principal place of business located at 225 West Station Square Drive, Pittsburg, PA 15219 (hereinafter referred to as "WESCO" or "Holder") as follows:

1.   **Payment of the Principal Sum, Fees, and the Maturity Date.**

    a.   Debtor shall pay WESCO the Principal Sum, plus interest, commencing from the Effective Date at the rate of Twelve Percent per year (12.00% APR) on the outstanding Principal Sum (together the "Debtor's Obligation"), until paid in full, with the entire Debtor's Obligation being payable in full by August 25, 2019 (the "Maturity Date").

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 2 of 18

    b.     Payment schedule is as follows:

          (i)     $10,000 at execution of this Note;

          (ii)    November – December 2018: $50,000/ea. month;

          (iii)   January 2019 – February 2019: $100,000/ea. month;

          (iv)   March 2019 – April 2019: $150,000/ea. month; and,

          (v)    May 2019 – August 2019: $187,152/ea. month.

    c.     The last payment on August 25, 2019, shall be in the principal amount of $187,152, plus any outstanding interest as set forth herein.

    d.     The first payment shall be at the execution of this Note and each successive payment being due on the 25th day of each successive month.

    e.     The monthly payments noted above do not waive, release or diminish the Debtor's obligation to remit payment for current and ongoing services furnished by WESCO. Specifically, if the Debtor fails to remit payment for current and on-going equipment/materials furnished within thirty (30) days of the date of the corresponding invoice, and thereafter fails to cure such default within fifteen (15) days of written notice, such failure shall be deemed a material breach of this Note and the Holder may at its option and without waiver of any other rights, Confess Judgment against Debtor and Guarantors in accordance with Article 4 herein.

    2.     **Prepayment & Late Payment**. Debtor may pay the Debtor's Obligation in whole or in part at any time prior to the Maturity Date or an Event of Default, without penalty or premium. Should any payment due hereunder be received by the Holder more than ten (10) days after its due date, Debtor shall pay a late payment penalty equal to five percent (5%) of the payment then due.

BTI      BS,LLC     B LLC     BDZ LLC     BC LLC     BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 3 of 18

3.    **Guaranty.**    For the purpose of inducing the Holder to enter into this Note with

Debtor, and for other good and valuable consideration, the sufficiency of which is hereby

acknowledged, **Bcause Trust, Inc.** a Virginia corporation with its principal place of business

located 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause Spot, LLC,** a Virginia

limited liability company with its principal place of business located at 277 Bendix Road Suite

420, Virginia Beach, VA 23452; **BCause LLC** a Virginia limited liability company with its

principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452;

**BCause Derivatives Exchange LLC** a Virginia limited liability company with its principal place

of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; and, **BCause Clear**

**LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix

Road Suite 420, Virginia Beach, VA 23452 (collectively referred to as the "Guarantors") hereby

unconditionally and irrevocably guaranty the full and prompt performance by Debtor of all

obligations under this Note and the full and prompt payment of any monies due to Holder under

this Note. This guaranty includes, but is not limited to, any costs and expenses, including

attorneys' fees, provided to Holder under this Note, including but not limited to the Confession of

Judgment Provision.

This Guaranty is a guaranty of payment and not of collection. Holder shall not be required,

as a condition precedent to making a demand upon the Guarantors or to bringing an action against

the Guarantors under this Guaranty, to make demand upon, or to institute any action or proceeding

against the Debtor or anyone else (including each individual guarantor), or to exhaust its remedies

against the Debtor, or anyone else (including each individual guarantor), or against any collateral

BTI            BSLLC            B LLC            BDELLC            BC LLC            BMLLG

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 4 of 18

security. All remedies afforded to Holder by reason of this Guaranty are separate and cumulative

remedies and it is agreed that not one of such remedies, whether exercised by Holder or not, shall

be deemed to be exclusive of any of the other remedies available to Holder and shall not limit or

prejudice any other remedy which Holder may have against any party, including the

Guarantors. All obligations of the Guarantors hereunder shall be joint and several.

    4.    **Confessed Judgment.** In the event that the Debtor or Guarantors fail to faithfully

undertake and perform any duty under this Note or make any of the payments required under

Paragraphs 1 or 3 above, or perform any or all of its other obligations set forth herein, and thereafter

fails to cure any default within ten (10) days of notice, the Debtor and Guarantors hereby authorize

Seth A. Robbins, Robbins Law Group, PLLC., or any other attorney designated by Holder, or any

clerk of any court of record, as their attorney-of-fact, to appear for the Debtor and the Guarantors

in the Circuit Court for Arlington County, Virginia, or any court of record and to confess judgment

without prior hearing, and without stay of execution or posting of a bond, against Debtor and the

Guarantors, jointly and severally, in favor of Holder for and in the amount of Debtor's Obligation,

less any amount previously paid under this Note, plus interest at the rate of Twenty Percent (24%)

per annum commencing from April 27, 2018 and all other amounts payable under the terms of this

Note (together the "Default Obligation"), including, but not limited to, reasonable attorneys' fees

in the amount of thirty-five percent (35%) of the Default Obligation. The Debtor and Guarantors

hereby agree and admit that all such sums are due and payable, that they have no adequate defense

or set off at law, and waive and release all present and future defenses to this Note, all errors and

all rights of exemption, appeal, stay of execution, inquisition, bond, and other rights to which the

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| BT | BS LLC | B LLC | BDE LLC | BC LLC | BM LLC |

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 5 of 18

Debtor or Guarantors may otherwise be entitled under the laws of the Commonwealth of Virginia,

any other state, or the United States of America now in force or which may hereafter be enacted.

The Debtor and Guarantors further waive and release all rights to delay enforcement as maybe

afforded under Virginia Code §8.01 – 433.   Moreover, Debtor and Guarantors expressly ratify

and confirm the acts of said attorney-in-fact as if done by themselves.   Accordingly, and without

limitation, Debtor and Guarantors expressly waive the rights afforded under Virginia Code §8.01-

438.   The authority and power to appear for and enter judgment against the Debtor and/or

Guarantors shall not be exhausted by one or more exercises thereof or by any imperfect exercise

thereof and shall not be extinguished by any judgment entered pursuant thereto. Such authority

may be exercised on one or more occasions or from time to time in the same or different

jurisdictions as often as Holder shall deem necessary or desirable, for all of which this Promissory

Note shall be a sufficient warrant. If a copy of this Note, verified by Affidavit, from Seth A.

Robbins or any other attorney designated by Holder, shall have been filed in a legal proceeding, it

will not be necessary to file the original as a warrant of attorney.

    5.    **Events of Default.**    Each of the following shall constitute an event of default

("Event of Default") under this Note, the occurrence of any of which shall result in the Debtor's

default under this Note and Holder may immediately declare payment of the principal and interest,

plus attorney fees to be due and collectible at once, and may confess judgment as provided by

Paragraph 4 herein:

        a.   Debtor or Guarantors fail to make any payment when due under this Note;

**b.** Debtor and/or Guarantors, individually or collectively, file any petition for bankruptcy or arrangement pursuant to the Federal Bankruptcy Act or any similar statute, or Debtor and/or Guarantor is adjudicated to be bankrupt or insolvent;

**c.** Debtor, independently or jointly, suffers a civil monetary judgment in an amount equal to or exceeding Ten Thousand Dollars ($10,000) in an action for the collection of debts or for injury to person or property, and the period for appeal on such judgment expires without the filing of an appeal;

**d.** Debtor or Guarantors fail to comply with or perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents, including but not limited to the Debtor's Obligation.

6.    **Commercial Loan**. Debtor and Guarantors acknowledge that the debt evidenced by this Note is for commercial purposes only, and is not made for a consumer, personal, family or household purposes arising out of consumer credit sale, consumer lease, consumer loan, or household purchases arising out of a consumer credit sale, consumer lease, a consumer loan, or a rent-to-own transaction, or a lease purchase agreement as to which a confessed judgment clause is prohibited by Code of Virginia, and Debtor and Guarantors further hereby expressly waive the benefit of such obligations/rights under the law of the Commonwealth of Virginia.

7.    **Authorization to File UCC-1 Financing Statement.** Debtor irrevocably authorizes Holder to prepare and file a UCC-1 Financing Statement and sign the same on behalf of Debtor, if necessary, to provide public notice of this Note. Debtor agrees to cooperate in all respects to executing any and all UCC filing requirements.

8.    **Waiver and Post Bond**. Debtor and Guarantors hereby waive their rights to set aside the Confession of Judgment under Virginia law, including but not limited to any afforded by Virginia Code §8.01 – 433. Nevertheless, to the extent any portion of this Note is in any way waived, reduced, limited, terminated, discharged, impaired or otherwise effected by any action,

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 7 of 18

accommodation, or extension, Debtor and/or Guarantors shall post a bond with an approved surety

of double the amount of the Default Obligation and costs. Further, Debtor and Guarantors consent

that the Confession of Judgment shall not be released or stayed until such time as Debtor and/or

Guarantors posts such security and a Court Order acknowledges the same.

     9.     **Property Waiver**. Debtor and Guarantors hereby waive any and all rights to claim

any of their properties, including their respective homesteads, as exempt from levy, execution or

sale or other legal process under the laws of the Commonwealth of Virginia or any other state,

territory, or possession of the United States.

     10.     **Detinue and Attachment Waiver**. Debtor hereby waives and releases all present

and future defenses to Holder's actions to recover the material, equipment and/or all other property

furnished by Holder to Debtor. Debtor agrees and consents to the seizure of such property and

specifically consents to an Order pursuant to Virginia Code §8.01-540 wherein a Judge may issue

such Attachment in accordance with the prayer of the petition filed by the Holder only. Debtor

acknowledges reasonable cause exists to believe the grounds as mentioned in Virginia Code §8.01-

534 for Attachment and/or Detinue. Moreover, Debtor admits that it has no adequate defense or

set off at law and waives and release all present and future defenses to Holder's actions in Detinue

(Virginia Code §8.01-114 *et seq.*) or Attachment Virginia Code §8.01-533 *et seq.*). Debtor further

waives all rights to, appeal, stay of execution, bond (Virginia Code §8.01-115), and other rights to

which the Debtor may otherwise be entitled under the laws of the Commonwealth of Virginia, any

other state, or the United States of America now in force or which may hereafter be enacted.

BTL     BS LLC     B LLC     BDP LLC     BC LLC     BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 8 of 18

Accordingly, and without limitation, Debtor and Guarantors expressly waives the rights afforded

under Virginia Code §8.01-114 *et seq.,* and 8.01-533 *et seq.*

11. **No Waiver**. No provision of this Note shall be modified, waived or discharged

unless the modification, waiver or discharge is agreed to in writing and signed by Holder. No

waiver by Holder of any breach of, or of compliance with, any condition or provision of this Note

or any other document shall be considered a waiver of any other condition or provision or of the

same condition or provision at another time. The obligations of the Debtor and/or Guarantors shall

not to any extent or in any way be waived, reduced, limited, terminated, discharged, impaired or

otherwise effected by any action, accommodation, extension or failure to act by Holder.

12. **Remedies Cumulative**. Holder shall not be required, as a condition precedent to

making a demand under this Note or under any other obligation of the Debtor or Guarantors, to

make demand upon, or to institute any action or proceeding against any party or anyone else

(including Bcause Mining LLC), or to exhaust its remedies against any party, or anyone else, or

against any collateral security. All remedies afforded to Holder are separate and cumulative

remedies and it is agreed that not one of such remedies, whether exercised by Holder or not, shall

be deemed to be exclusive of any of the other remedies available to Holder and shall not limit or

prejudice any other remedy which Holder may have against a party, or anyone else, or against any

property or collateral security.

13. **Choice of Law**. This Note shall be governed by, and construed and enforced in

accordance with, the laws of the Commonwealth of Virginia without regard to the conflicts of law

rules thereof.

B?L        BS LLC       B LLC      BDE LLC      BC LLC      BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 9 of 18

14. **Waiver to Set-Off or Counterclaim**. Debtor and Guarantors hereby waive the right to setoff or counterclaim in connection with any litigation or in connection with any claim or dispute howsoever arising between the Debtor, Guarantors and Holder of this Note, irrespective of the nature of such setoff or counterclaim. All payments of interest, attorneys fees and principal as provided for in this Note shall be due and payable without regard to the existence of any right of Debtor or Guarantors to setoff or counterclaim in connection with any claim or dispute howsoever arising between the Debtor, Guarantors and the Holder hereof, irrespective of the nature of such setoff or counterclaim. Further, the Debtor and Guarantors, jointly and severally, waive presentment, protest and demand, notice of protest, demand and dishonor and non-payment of this Note and all lack of diligence or delays in collection or enforcement hereof.

15. **Choice of Jurisdiction and Venue**. Without prejudice to Holder's right to bring suit in any court of competent jurisdiction to enforce this Note or any other rights, the parties hereby irrevocably waive any present or future objection to the jurisdiction of the courts of the Commonwealth of Virginia over the parties for the purpose of enforcing this Note or any other right the parties may have with respect to each other or otherwise, and the parties specifically agree to the venue of the Circuit Court for Arlington County, Virginia, for such purpose. Debtor and Guarantor agree to a transfer to the Circuit Court for Arlington County, Virginia any action related to this Note upon the request of Holder.

16. **Construction**. If any part, term or provision of this Note shall be held void, illegal, unenforceable or in conflict with any law of a federal, state or local government having jurisdiction over this Note, the validity of the remaining portions or provisions shall not be affected thereby.

BPI   BS LLC   B LLC   BDE LLC   BC LLC   BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 10 of 18

In the event that any part, term or provision of this Note is held void, illegal, unenforceable or in conflict with any law of the federal, state or local government having jurisdiction over this Note, the parties agree, to the extent possible, to include a replacement provision construed to accomplish its originally intended effect, that does not violate such law or regulation.

17. **Benefit**. This Note shall bind the Debtor and the Guarantors and their successors, representatives and assigns, and the rights and benefits of Holder contained herein shall inure to the benefit of Holder's successors, representatives and assigns. This Note does not otherwise provide any benefits to any third-parties, and cannot be enforced for the benefit of any third party.

18. **Representations**. The undersigned signatory, by his respective signature, represents and warrants that Debtor and Guarantors are duly authorized to execute this Note individually and on behalf of Debtor and Guarantors and maintain the consent of the members of same to enter into and perform under this Note. Debtor and Guarantors agree that this Note is provided not in payment of, but as additional security for and evidence of obligations due to the Holder under existing agreements with Debtor and Guarantors and this note is not accepted in lieu of Holder's mechanic's lien, payment bond, trust fund or other legal rights.

19. **Factual Representation**.     Debtor and Guarantors each in their own individual capacity, hereby represent and warrant that all of the statements made herein were made intentionally and knowingly, are of a material nature and are true and accurate. Debtor and Guarantors acknowledge that such statements are relied upon by Holder and the statements induced Holder to enter this Note. Moreover, Debtor and Guarantors acknowledge that if any of

the statements herein are not accurate in any material respect, such statements were purposely made to deceive, and Holder may seek additional damages as a result of such statements.

20. **Assignability**. This Note may be assigned by the Holder or any subsequent holder of this Note at any time and from time to time without the consent of the Debtor or Guarantors.

21. **Non-Disclosure**. The terms and conditions of the Note shall not be disclosed to any person or entity without prior consent of the party not seeking disclosure, which consent shall be in the Holder's sole and absolute discretion. Notwithstanding the foregoing, the terms and provisions of this Note may be disclosed by a party if required by law.

22. **Notice**. All notices and other communications to Debtor and/or Guarantors which may be or are required to be given hereunder shall be in writing and shall be sent by electronic mail to Debtor and/or Guarantors c/o Ann M. Cresce, Esq., General Counsel/Corporate Secretary at ann.cresce@bcause.com. Notice shall be deemed sufficiently given for all purposes hereunder when actually sent. A copy of the aforementioned Notice, verified by Affidavit, from Seth A. Robbins or any other attorney designated by Holder, shall be sufficient to establish the Notice was sent and the corresponding obligations as set forth in this Agreement were met.

23. **Costs, Expenses and Attorneys' Fees**. In addition to the attorney's fees provided in Paragraph 4 herein, Holder shall be awarded all costs and expenses incurred in any litigation or action arising between the parties hereto and all costs, expenses and reasonable attorneys' fees in collecting upon any judgment entered in favor of Holder.

24. **WAIVER OF JURY TRIAL**.    DEBTOR, GUARANTORS AND HOLDER EACH    HEREBY    VOLUNTARILY,    ABSOLUTELY,    IRREVOCABLY    AND

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 12 of 18

UNCONDITIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THIS NOTE. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE DEBTOR AND GUARANTORS AND DEBTOR AND GUARANTORS ACKNOWLEDGE THAT EXCEPT FOR HOLDER'S AGREEMENT TO LIKEWISE WAIVE ITS RIGHTS TO A TRIAL BY JURY NEITHER THE HOLDER NOR ANY PERSON ACTING ON BEHALF OF THE HOLDER HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF JURY TRIAL OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. DEBTOR AND GUARANTORS FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED BY (OR HAVE HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS NOTE AND IN MAKING OF THE WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND THAT THEY HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER AND THIS ENTIRE AGREEMENT WITH COUNSEL. DEBTOR AND GUARANTORS FURTHER ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION AS EVIDENCE OF THIS FACT SIGNS THE NOTE BELOW.

[SIGNATURES ON NEXT PAGE]

BTY    BS LLC    B LLC    BDE LLC    BC LLC    BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 13 of 18

In witness whereof, the Debtor and Guarantors have executed this Note under Seal, effective as of the date set forth above.

BCAUSE MINING LLC

By: _____
Name: Frederick J. Grode
Its: Principal    CEO

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~, State of Illinois

County of _____COOK_____, to wit;

This the 11 day of December, 2018, Frederick J. Grode, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: 10/14/2022

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

BTI    BSLLC    BLLC    BDELLC    BCLLC    BMLLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 14 of 18

**BCAUSE TRUST, INC.**

By: _Frederick G. Grede_

Name: _Frederick G. Grede_

Its: _CEO_

### Certificate of Notary Public

_State of Illinois_

In the ~~Commonwealth of Virginia,~~

County of _Cook_ , to wit;

This the _11_ day of _December_ , 2018, _FREDERICK J GREDE_ , who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_Robert A Yee_

Notary Public

My commission expires: _10/14/2022_

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

BT1 _____   BS LLC _____   B LLC _____   BDE LLC _____   BC LLC _____   BM LLC _____

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 15 of 18

**BCAUSE SPOT LLC**

By: _Fredrick Teel_

Name: _Fredrick J. Grede_

Its: Principal _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~ _State of Illinois_;

County of _____Cook_____, to wit;

    This the _11_ day of _Dec_, 2018, _Frederick J Grede_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

    In witness thereof, I hereunder set my hand.

_Robert A Yee_
Notary Public

My commission expires: _10/14/2022_

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

| BTL | BSLLC | BLLC | BDELLC | BCLLC | BMLLC |
|-----|-------|------|--------|-------|-------|

Case 19-10562    Doc 141-4    Filed 06/20/19    Entered 06/20/19 16:13:25    Desc Exhibit
Case 19-10562    Claim 2 Part 5    Filed 04/26/19    Desc Exhibit C    Page 17 of 20
   Part 1    Page 31 of 99

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 16 of 18

BCAUSE LLC

By: _____

Name: Frederick J. Grede

Its: Principal CEO

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~ State of Illinois,

County of _____Cook_____, to wit;

     This the 11 day of December, 2018, Frederick J Grede, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

     In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: 10/14/2022

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 17 of 18

## BCAUSE DERIVATIVES EXCHANGE LLC

By: _____

Name: Fredrick J. Grede

Its: Principal  CEO

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~, State of Illinois

County of _____Cook_____, to wit;

    This the 11 day of DECEMBER, 2018, FREDERICK J GREDE, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

    In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: 10/14/2022

SEAL

```
┌─────────────────────────────────────┐
│           OFFICIAL SEAL              │
│          ROBERT A. YEE               │
│   Notary Public - State of Illinois  │
│  My Commission Expires 10/14/2022    │
└─────────────────────────────────────┘
```

BTI          BS LLC          B LLC          BDE LLC          BC LLC          BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 18 of 18

**BCAUSE CLEAR LLC**

By: _____

Name: _Fredrick J. Grede_

Its: Principal _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia~~, _State of Illinois_

County of _Cook_ , to wit;

    This the _11_ day of _December_ , 2018, _Frederick Grede_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

    In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: _10/14/2022_

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

BTY        BS LLC        B LLC        BDP LLC        BC LLC        BM LLC

Payment Schedule

Exhibit A

Promissory Note
  Debtor: BCause Mining, LLC
  Holder: WESCO Distribution, Inc.

| | |
|---|---|
| Principal | 1,358,611 |
| Interest | 12% |
| Annual Interest | 163,033 |

**Amortization Schedule**

| | Current Balance | Monthly Interest | Payment | New Balance |
|---|---|---|---|---|
| Initial Payment | 1,358,611 | 13,586 | (10,000) | 1,362,197 |
| November 2018 | 1,362,197 | 13,622 | (50,000) | 1,325,819 |
| December 2018 | 1,325,819 | 13,258 | (50,000) | 1,289,077 |
| January 2019 | 1,289,077 | 12,891 | (100,000) | 1,201,968 |
| February 2019 | 1,201,968 | 12,020 | (100,000) | 1,113,987 |
| March 2019 | 1,113,987 | 11,140 | (150,000) | 975,127 |
| April 2019 | 975,127 | 9,751 | (150,000) | 834,878 |
| May 2019 | 834,878 | 8,349 | (187,152) | 656,075 |
| June 2019 | 656,075 | 6,561 | (187,152) | 475,484 |
| July 2019 | 475,484 | 4,755 | (187,152) | 293,087 |
| August 2019 | 293,087 | 2,931 | (187,152) | 108,866 |
| Final Payment | 108,866 | 1,089 | (109,954) | 0 |

BTI Inititals _Hb_    BS, LLC Initials _Hb_    B, LLC Initials _Hb_    BDE, LLC Initials _Hb_

BC, LLC Initials _Hb_    BM, LLC Initials _Hb_

# EXHIBIT D

**CONFESSION OF JUDGMENT/**
**CERTIFICATE OF CLERK**
Va. Code §§ 8.01-431, 8.01-433, 8.01-436, 8.01-437, 8.01-438, 17.1-124

Case No. _19-668_

In the Clerk's Office of the Circuit Court of ____Arlington County____, Virginia

## CONFESSION OF JUDGMENT

CREDITOR(S):                                           DEBTOR(S):

Wesco Distribution, Inc.                    v    BCause Mining, LLC

                                                  BCause Trust, INC.

                                                  BCause Spot, LLC

                                                  BCause, LLC

I/we, the above-named debtor(s), acknowledge myself/ourselves, to be justly indebted to, and do confess judgment in favor of, the above-named creditor(s) in the sum of $ 1,896,349.34 ( One Million Eight Hundred Ninety Six Thousand Three Hundred dollars) Forty Nine 34/100 together with interest thereon at the rate of ____20____ % from 4/27/2018 until paid and cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving my/our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under my/our hand(s) this day.

_3/1/19_                                        _____ (seal)
DATE                                            _____ (seal)

COSTS STATEMENT                                 _____ (seal)

$ _____ Writ Tax                             _____ (seal)

$ _____ Clerk's Fees          by             _____ (seal)
                                                ATTORNEY IN FACT
$ _____ Docketing Fee                        Seth Robbins
                                                VSB No. 45867
$ _____ Tech Trust Fund Fee

$ _____ Sheriff's Fee              [ ] Power of Attorney in Debt Instrument

$ _____ Registered/Certified Mail  [ ] Separate Power of Attorney Document

$ _____ Legal Aid/Indigent Defense Fee  [ ] Appointment of Substitute Attorney-in-fact

$ _____ Courthouse Construction Fee     recorded on _____
                                                        DATE
$ _____ Law Lib/Courthouse
           Maintenance Fee            Instrument No. _____

$ _____ Court Technology Fee       Deed Book/Page No. _____

_356_

### CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

_3/1/19  13:25 pm_                    Order Book No. _____  Page No. _____
DATE AND TIME OF CONFESSION

Instrument No. _____

Attached to this Judgment of Confession are:

[x] Debt instrument containing a Power of Attorney      _Paul Ferguson_, Clerk

[ ] Separate Power of Attorney

[ ] Separate Debt Instrument          by _____
                                                DEPUTY CLERK

SEE NOTICE TO DEBTOR ON PAGE TWO OF TWO

FORM CC-1420 (MASTER, PAGE ONE OF TWO) 11/15

RECEIVED 2019 MAR -1 PM 1:26

**CONFESSION OF JUDGMENT/**
**CERTIFICATE OF CLERK**
Va. Code §§ 8.01-431, 8.01-433, 8.01-436, 8.01-437, 8.01-438, 17.1-124

Case No. ......................................................

In the Clerk's Office of the Circuit Court of ....Arlington County.................................................................. , Virginia

### CONFESSION OF JUDGMENT

CREDITOR(S):                                        DEBTOR(S):

Wesco Distribution, Inc.                    v   BCause Derivatives Exchange, LLC

                                                    BCause Clear, LLC

I/we, the above-named debtor(s), acknowledge myself/ourselves, to be justly indebted to, and do confess judgment in favor of, the above-named creditor(s) in the sum of $ 1,896,349.34 One Million Eight Hundred Ninety Six Thousand Three Hundred dollars) Forty Nine 34/100
together with interest thereon at the rate of ..........20........ % from 4/27/2018 until paid and cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving my/our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under my/our hand(s) this day.                    ............................................................... (seal)

                                                           ............................................................... (seal)
............................................................
                    DATE                                   ............................................................... (seal)
**COSTS STATEMENT**

$ .................... Writ Tax                             ............................................................... (seal)

$ .................... Clerk's Fees          by   _____ (seal)
                                                                    ATTORNEY IN FACT
$ .................... Docketing Fee

$ .................... Tech Trust Fund Fee

$ .................... Sheriff's Fee               [ ] Power of Attorney in Debt Instrument

$ .................... Registered/Certified Mail   [ ] Separate Power of Attorney Document

$ .................... Legal Aid/Indigent Defense Fee  [ ] Appointment of Substitute Attorney-in-fact

$ .................... Courthouse Construction Fee     recorded on ...................................
                                                                           DATE
$ .................... Law Lib/Courthouse
                    Maintenance Fee                Instrument No. ......................................

$ .................... Court Technology Fee        Deed Book/Page No. ...............................

### CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

.......................................................... Order Book No. ..................... Page No. ...................
       DATE AND TIME OF CONFESSION

Instrument No. ...............................................................................................

Attached to this Judgment of Confession are:

   [x] Debt instrument containing a Power of Attorney    _____ , Clerk
   [ ] Separate Power of Attorney
   [ ] Separate Debt Instrument          by   _____
                                                         DEPUTY CLERK

_____
                         SEE NOTICE TO DEBTOR ON PAGE TWO OF TWO

FORM CC-1420 (MASTER, PAGE ONE OF TWO) 11/15

Receipt : 1900003254

**COURT ADDRESS:**
1425 NORTH COURTHOUSE ROAD
ARLINGTON, VA 22201
PHONE # : 703-228-4599

OFFICIAL RECEIPT
ARLINGTON CIRCUIT COURT
CIVIL

Page 1 of 1

**DATE :** 03/01/2019        **TIME :** 13:25:42
**RECEIPT # :** 1900003254        **TRANSACTION # :** 1903010100038        **CASE # :** 013CL1900056800
**CASHIER :** FHC        **REGISTER # :** A473
**CASE COMMENTS :** WESCO DISTRIBUTION INC v. BCAUSE MINING LLC        **FILING TYPE :** CJ        **PAYMENT :** FULL PAYMENT
**SUIT AMOUNT :** $1,896,349.34
**ACCOUNT OF :** WESCO DISTRIBUTION INC
**PAID BY :** WESCO DISTRIBUTION INC
**CHECK :** $356.00        **CHECK NUMBER :** 1371
**DESCRIPTION 1 :** CJ:CONFESSED JUDGMENT
    2 : PLAINTIFF: WESCO DISTRIBUTION INC
    3 : NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 049 | WRIT TAX (CIVIL) | $25.00 | 219 | LAW LIBRARY | $4.00 |
| 106 | (TIF) TECHNOLOGY TRUST FUND FEE (CIRCUIT COURT) | $10.00 | 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 123 | LEGAL AID SERVICES | $9.00 | 304 | CIVIL FILING FEE (LAW & EQUITY) | $290.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 | 307 | JUDGMENT DOCKET FEE | $5.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 | | | |

**TENDERED : $**        356.00
**AMOUNT PAID : $**        356.00

PAYORS COPY        *CLERK OF COURT : PAUL FERGUSON*        RECEIPT COPY 1 OF 2

# EXHIBIT E

Return Date:
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

Foreign Judgment Registration Cover Sheet                                    (Rev. 11/06/13) CCG N620

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

LAW _____ DEPARTMENT/ __FIRST__ DISTRICT

FILED
4/2/2019 9:29 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

Name: WESCO DISTRIBUTION, INC.
Address: 225 W. STATION SQUARE DRIVE
         PITTSBURG, PA 15219

                                                    Plaintiff

Case No. _____

                        v.                          Case Type: __CONTRACT__

Name: BCAUSE MINING, LLC                            Amount of Judgment: __$1,896,349.34__
Address: 192 BALLARD CT., STE. 303
         VIRGINIA BEACH, VA 23462                   plus 20% interest from 4/27/18
                        -AND-

                                                    Defendant

### FOREIGN JUDGMENT REGISTRATION COVER SHEET

Please check one of the following:
☐ A Judgment from another Illinois county (735 ILCS 5/12-106)   ☑ A Judgment from another state (735 5/12-650 et seq.)
☐ A Judgment from another Illinois county (735 ILCS 5/12-106)   ☐ Foreign state
   (735 ILCS 5/12-501; 735 ILCS 5/12-650 et seq)                   (735 ILCS 5/12-618 et seq.; 735 ILCS 5/12-650 et seq.)

Additional Litigants (if any):

| Plaintiff | Defendant |
|---|---|
| Name: _____ | Name: BCAUSE TRUST, INC. |
| Address: _____ | Address: 277 BENDIX RD., STE. 420 VIRGINIA BEACH, VA 23452 |
| Name: _____ | Name: BCAUSE SPOT, LLC |
| Address: _____ | Address: 277 BENDIX RD., STE. 420 VIRGINIA BEACH, VA 23452 |
| Name: _____ | Name: BCAUSE, LLC |
| Address: _____ | Address: 277 BENDIX RD., STE. 420 VIRGINIA BEACH, VA 23452 |
| Name: _____ | Name: BCAUSE DERIVATIVES EXCHANGE, LLC 277 BENDIX RD., STE. 420, VIRGINIA BEACH, VA 23452 |
| Address: _____ | Address: BCAUSE CLEAR, LLC 277 BENDIX RD., STE. 420, VIRGINIA BEACH, VA 23452 |

_CLERK_
*STAPLE THIS COVER SHEET TO THE AUTHENTICATED FOREIGN JUDGMENT. IT IS PART OF THE PERMANENT FILE.*

☐ Atty. No.: __44274__   ☐ Pro Se 99500

Name: PAUL BOZYCH, NIELSEN, ZEHE & ANTAS, P.C.

Atty. for Plaintiff: WESCO DISTRIBUTION, INC.

Address: 55 W. MONROE ST., STE. 1800

City/State/Zip Code: CHICAGO, IL 60603

Telephone: 312-322-9900

Service via email from opposing party/counsel will be accepted at:

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

Pro Se Only: ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 4/2/2019 9:29 AM    2019L050181

Civil Division Cover Sheet - Requirements for Filing Foreign Money Judgments                    (09/19/16) CCM 0521

## REQUIREMENTS FOR FILING FOREIGN MONEY JUDGMENTS

**Filing a judgment from another Illinois county:**

❑   Transcript of the judgment - (1 original, 1 copy)
    (735 ILCS 5/12-106)

**Filing a judgment from any other jurisdiction, please check the box that corresponds to the judgment being filed:**

☑   A judgment from another state
    (735 ILCS 5/12-650 et seq.)

❑   Federal judgment (i.e. a federal district court money judgment)
    (735 ILCS 5/12-501 et seq.; 735 ILCS 5/12-650 et seq.)

❑   Foreign state
    (735 ILCS 5/12-618 et seq.; 735 ILCS 5/12-650 et seq.)

**The filing fee to initiate a Civil Action is**

When such claim does not exceed $250.00   .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. . $150.00

When such amount exceeds $250.00 but does not exceed $1,000.00 .  .. .. .. .. .. .. .. . $203.00

When such amount exceeds $1,000.00 but does not exceed $2,500.00 .. .. .. .. .. .. .. . $208.00

When such amount exceeds $2,500.00 but does not exceed $5,000.00 .. .. .. .. .. .. .. . $258.00

When such amount exceeds $5,000.00 but does not exceed $15,000.00  .. .. .. .. .. .. . $278.00

When such amount exceeds $15,000.00 but does not exceed $30,000.00 .. .. .. .. .. .. . $368.00

Required documentation:

☑   A Certified or Authenticated copy of the judgment - (1 original, 1 copy)

☑   An Affidavit setting forth the last known name and address of the judgment debtor, and the name and address of the judgment creditor (no pre-printed form) (2 copies)

☑   Notice of Filing (form attached) - (3 copies)

Note:  A mailing fee of $15.47, plus the cost of postage, will be charged for each defendant mailed.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

FILED DATE: 4/2/2019 9:29 AM    2019L050181

FILED DATE: 4/2/2019 9:29 AM    2019L050181

**CONFESSION OF JUDGMENT/**
**CERTIFICATE OF CLERK**                                    Case No. _19-668_

Va. Code §§ 8.01-431, 8.01-433, 8.01-436, 8.01-437, 8.01-438, 17.1-124

In the Clerk's Office of the Circuit Court of _Arlington County_ ................................., Virginia

### CONFESSION OF JUDGMENT

CREDITOR(S):                                    DEBTOR(S):

Wesco Distribution, Inc.                    v    BCause Mining, LLC

                                                 BCause Trust, INC.

                                                 BCause Spot, LLC

                                                 BCause, LLC

I/we, the above-named debtor(s), acknowledge myself/ourselves, to be justly indebted to, and do confess judgment in favor of, the above-named creditor(s) in the sum of $ 1,896,349.34 ( One Million Eight Hundred Ninety Six Thousand Three Hundred dollars) Forty Nine 34/100 together with interest thereon at the rate of ......20...... % from 4/27/2018 until paid and cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving my/our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under my/our hand(s) this day,                            _____ (seal)

_3/1/19_                                              _____ (seal)
DATE
COSTS STATEMENT                                        _____ (seal)

$ ............... Writ Tax                                _____ (seal)

$ ............... Clerk's Fees                    by    _____ (seal)
                                                       ATTORNEY IN FACT
$ ............... Docketing Fee                         Seth Robbins
                                                       VSB No. 45867
$ ............... Tech Trust Fund Fee

$ ............... Sheriff's Fee                   [ ] Power of Attorney in Debt Instrument

$ ............... Registered/Certified Mail       [ ] Separate Power of Attorney Document

$ ............... Legal Aid/Indigent Defense Fee  [ ] Appointment of Substitute Attorney-in-fact

$ ............... Courthouse Construction Fee     recorded on _____
                                                              DATE
$ ............... Law Lib/Courthouse
                 Maintenance Fee                  Instrument No. ............................

$ ............... Court Technology Fee            Deed Book/Page No. .......................

_356.ºº_

2019 MAR -1 PM 1:26    RECEIVED

### CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

_3/1/19 @ 13:25 pm_                            Order Book No. ............. Page No. .............
DATE AND TIME OF CONFESSION

Instrument No. ........................................................

Attached to this Judgment of Confession are:

[x] Debt instrument containing a Power of Attorney       _Floyd Ferguson_, Clerk
[ ] Separate Power of Attorney
[ ] Separate Debt Instrument                        by _____
                                                       DEPUTY CLERK

SEE NOTICE TO DEBTOR ON PAGE TWO OF TWO

FORM CC-1420 (MASTER, PAGE ONE OF TWO) 11/15

FILED DATE: 4/2/2019 9:29 AM  2019L050181

**CONFESSION OF JUDGMENT/**
**CERTIFICATE OF CLERK**
Va. Code §§ 8.01-431, 8.01-433, 8.01-436, 8.01-437, 8.01-438, 17.1-124

Case No. ...................................................

In the Clerk's Office of the Circuit Court of ........Arlington County.................................................., Virginia

## CONFESSION OF JUDGMENT

CREDITOR(S):                                           DEBTOR(S):

Wesco Distribution, Inc.                    v    BCause Derivatives Exchange, LLC

...........................................................    BCause Clear, LLC

...........................................................    ...........................................................

...........................................................    ...........................................................

I/we, the above-named debtor(s), acknowledge myself/ourselves, to he justly indebted to, and do confess judgment in favor of, the above-named creditor(s) in the sum of $ 1,896,349.34 , One Million Eight Hundred Ninety Six Thousand Three Hundred dollars) Forty Nine 34/100 together with interest thereon at the rate of ........20...... % from 4/27/2018 until paid and cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving my/our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under my/our hand(s) this day.          ...........................................................  (seal)

                                              ...........................................................  (seal)

.........................................          ...........................................................  (seal)
         DATE
COSTS STATEMENT                               ...........................................................  (seal)

$ ..................... Writ Tax                ...........................................................  (seal)

$ ..................... Clerk's Fees       by  ...........................................................
                                                       ATTORNEY IN FACT
$ ..................... Docketing Fee

$ ..................... Tech Trust Fund Fee

$ ..................... Sheriff's Fee           [ ] Power of Attorney in Debt Instrument

$ ..................... Registered/Certified Mail   [ ] Separate Power of Attorney Document

$ ..................... Legal Aid/Indigent Defense Fee  [ ] Appointment of Substitute Attorney-in-fact

$ ..................... Courthouse Construction Fee    recorded on ...........................................
                                                                      DATE
$ ..................... Law Lib/Courthouse
                       Maintenance Fee          Instrument No. ...........................................

$ ..................... Court Technology Fee    Deed Book/Page No. .......................................

## CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

...................................................    Order Book No. ...................    Page No. ...................
   DATE AND TIME OF CONFESSION

Instrument No. ...........................................

Attached to this Judgment of Confession are:

    [x] Debt instrument containing a Power of Attorney    ..............................................., Clerk
    [ ] Separate Power of Attorney
    [ ] Separate Debt Instrument              by  ...........................................................
                                                              DEPUTY CLERK

SEE NOTICE TO DEBTOR ON PAGE TWO OF TWO

FORM CC-1420 (MASTER, PAGE ONE OF TWO) 11/15

Receipt : 1900000032-

COURT ADDRESS:
1425 NORTH COURTHOUSE ROAD
ARLINGTON, VA 22201
PHONE # :703-228-4398

**OFFICIAL RECEIPT**
**ARLINGTON CIRCUIT COURT**
**CIVIL**

Page 1 of 1

DATE : 03/01/2019                     TIME : 13:25:42
RECEIPT # : 1900003254          TRANSACTION # : 1903010038
CASHIER : FHC                           REGISTER # : A473          CASE # : 013CL1900066800

CASE COMMENTS : WESCO DISTRIBUTION INC v. BCAUSE MINING LLC

SUIT AMOUNT : $1,896,349.34          FILING TYPE : CJ          PAYMENT : FULL PAYMENT

ACCOUNT OF : WESCO DISTRIBUTION INC
PAID BY : WESCO DISTRIBUTION INC
CHECK : $356.00                          CHECK NUMBER : 1371

DESCRIPTION 1 : CJ:CONFESSED JUDGMENT
2 : PLAINTIFF-WESCO DISTRIBUTION INC
3 : NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 049 | WRIT TAX (CIVIL) | $25.00 | 219 | LAW LIBRARY | $4.00 |
| 106 | (TTF) TECHNOLOGY TRUST FUND FEE (CIRCUIT COURT) | $10.00 | 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 123 | LEGAL AID SERVICES | $9.00 | 304 | CIVIL FILING FEE (LAW & EQUITY) | $290.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 | 307 | JUDGMENT DOCKET FEE | $5.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 | | | |

TENDERED : $          356.00
AMOUNT PAID : $          356.00

PAYORS COPY                          CLERK OF COURT : PAUL FERGUSON                          RECEIPT COPY 1 OF 2

FILED DATE: 4/2/2019 9:29 AM  2001050181

# VIRGINIA PROMISSORY AND CONFESSED JUDGMENT NOTE

## IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

**$1,358,610.51**                                           **Virginia Beach**

This Virginia Promissory and Confessed Judgment Note (the "Note" or "Agreement") is entered into as of the _5_ day of ~~November~~ *December* 2018 ("Effective Date"), by the undersigned **BCause Mining LLC,** a Virginia limited liability company, with its principal place of business located at 192 Ballard Ct., Suite 303 Virginia Beach, VA 23462 (hereinafter referred to as "Debtor") who agrees that it is indebted and promises to pay the sum of One Million Three Hundred Fifty Eight Thousand Six Hundred Ten and 51/100 Dollars (1,358,610.51) (the "Principal Sum") to **WESCO Distribution, Inc.** a Delaware corporation, with its principal place of business located at 225 West Station Square Drive, Pittsburg, PA 15219 (hereinafter referred to as "WESCO" or "Holder") as follows:

1.    **Payment of the Principal Sum, Fees, and the Maturity Date.**

      a.    Debtor shall pay WESCO the Principal Sum, plus interest, commencing from the Effective Date at the rate of Twelve Percent per year (12.00% APR) on the outstanding Principal Sum (together the "Debtor's Obligation"), until paid in full, with the entire Debtor's Obligation being payable in full by August 25, 2019 (the "Maturity Date").

FILED DATE: 4/2/2019 9:29 AM    2019L050181

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 2 of 18

    b.     Payment schedule is as follows:

        (i)     $10,000 at execution of this Note;

        (ii)    November – December 2018: $50,000/ea. month;

        (iii)   January 2019 – February 2019: $100,000/ea. month;

        (iv)   March 2019 – April 2019: $150,000/ea. month; and,

        (v)    May 2019 – August 2019: $187,152/ea. month.

    c.     The last payment on August 25, 2019, shall be in the principal amount of $187,152, plus any outstanding interest as set forth herein.

    d.     The first payment shall be at the execution of this Note and each successive payment being due on the 25th day of each successive month.

    e.     The monthly payments noted above do not waive, release or diminish the Debtor's obligation to remit payment for current and ongoing services furnished by WESCO. Specifically, if the Debtor fails to remit payment for current and on-going equipment/materials furnished within thirty (30) days of the date of the corresponding invoice, and thereafter fails to cure such default within fifteen (15) days of written notice, such failure shall be deemed a material breach of this Note and the Holder may at its option and without waiver of any other rights, Confess Judgment against Debtor and Guarantors in accordance with Article 4 herein

    2.     **Prepayment & Late Payment**: Debtor may pay the Debtor's Obligation in whole or in part at any time prior to the Maturity Date or an Event of Default, without penalty or premium. Should any payment due hereunder be received by the Holder more than ten (10) days after its due date, Debtor shall pay a late payment penalty equal to five percent (5%) of the payment then due.

DTI      BS LLC     B LLC     BBE LLC     BC LLC     BM LLC

3.   **Guaranty.**   For the purpose of inducing the Holder to enter into this Note with Debtor, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, **Bcause Trust, Inc.** a Virginia corporation with its principal place of business located 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause Spot, LLC,** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; **BCause Derivatives Exchange LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452; and, **BCause Clear LLC** a Virginia limited liability company with its principal place of business located at 277 Bendix Road Suite 420, Virginia Beach, VA 23452 (collectively referred to as the "Guarantors") hereby unconditionally and irrevocably guaranty the full and prompt performance by Debtor of all obligations under this Note and the full and prompt payment of any monies due to Holder under this Note. This guaranty includes, but is not limited to, any costs and expenses, including attorneys' fees, provided to Holder under this Note, including but not limited to the Confession of Judgment Provision.

This Guaranty is a guaranty of payment and not of collection. Holder shall not be required, as a condition precedent to making a demand upon the Guarantors or to bringing an action against the Guarantors under this Guaranty, to make demand upon, or to institute any action or proceeding against the Debtor or anyone else (including each individual guarantor), or to exhaust its remedies against the Debtor, or anyone else (including each individual guarantor), or against any collateral

BTI        BS LLC        B LLC        BDE LLC        BC LLC        BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 4 of 18

security. All remedies afforded to Holder by reason of this Guaranty are separate and cumulative

remedies and it is agreed that not one of such remedies, whether exercised by Holder or not, shall

be deemed to be exclusive of any of the other remedies available to Holder and shall not limit or

prejudice any other remedy which Holder may have against any party, including the

Guarantors. All obligations of the Guarantors hereunder shall be joint and several.

   4. **Confessed Judgment.** In the event that the Debtor or Guarantors fail to faithfully

undertake and perform any duty under this Note or make any of the payments required under

Paragraphs 1 or 3 above, or perform any or all of its other obligations set forth herein, and thereafter

fails to cure any default within ten (10) days of notice, the Debtor and Guarantors hereby authorize

Seth A. Robbins, Robbins Law Group, PLLC., or any other attorney designated by Holder, or any

clerk of any court of record, as their attorney-of-fact, to appear for the Debtor and the Guarantors

in the Circuit Court for Arlington County, Virginia, or any court of record and to confess judgment

without prior hearing, and without stay of execution or posting of a bond, against Debtor and the

Guarantors, jointly and severally, in favor of Holder for and in the amount of Debtor's Obligation,

less any amount previously paid under this Note, plus interest at the rate of Twenty Percent (24%)

per annum commencing from April 27, 2018 and all other amounts payable under the terms of this

Note (together the "Default Obligation"), including, but not limited to, reasonable attorneys' fees

in the amount of thirty-five percent (35%) of the Default Obligation. The Debtor and Guarantors

hereby agree and admit that all such sums are due and payable, that they have no adequate defense

or set off at law, and waive and release all present and future defenses to this Note, all errors and

all rights of exemption, appeal, stay of execution, inquisition, bond, and other rights to which the

BT]   BS LLC   B LLC   BDE LLC   BC LLC   BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 5 of 18

Debtor or Guarantors may otherwise be entitled under the laws of the Commonwealth of Virginia,

any other state, or the United States of America now in force or which may hereafter be enacted.

The Debtor and Guarantors further waive and release all rights to delay enforcement as maybe

afforded under Virginia Code §8.01 – 433.   Moreover, Debtor and Guarantors expressly ratify

and confirm the acts of said attorney-in-fact as if done by themselves.   Accordingly, and without

limitation, Debtor and Guarantors expressly waive the rights afforded under Virginia Code §8.01-

438.   The authority and power to appear for and enter judgment against the Debtor and/or

Guarantors shall not be exhausted by one or more exercises thereof or by any imperfect exercise

thereof and shall not be extinguished by any judgment entered pursuant thereto. Such authority

may be exercised on one or more occasions or from time to time in the same or different

jurisdictions as often as Holder shall deem necessary or desirable, for all of which this Promissory

Note shall be a sufficient warrant.  If a copy of this Note, verified by Affidavit, from Seth A.

Robbins or any other attorney designated by Holder, shall have been filed in a legal proceeding, it

will not be necessary to file the original as a warrant of attorney.

    5.   **Events of Default.**   Each of the following shall constitute an event of default

("Event of Default") under this Note, the occurrence of any of which shall result in the Debtor's

default under this Note and Holder may immediately declare payment of the principal and interest,

plus attorney fees to be due and collectible at once, and may confess judgment as provided by

Paragraph 4 herein:

        a.   Debtor or Guarantors fail to make any payment when due under this Note;

FILED DATE: 4/2/2019 9:29 AM   2019L050181

**b.** Debtor and/or Guarantors, individually or collectively, file any petition for bankruptcy or arrangement pursuant to the Federal Bankruptcy Act or any similar statute, or Debtor and/or Guarantor is adjudicated to be bankrupt or insolvent;

**c.** Debtor, independently or jointly, suffers a civil monetary judgment in an amount equal to or exceeding Ten Thousand Dollars ($10,000) in an action for the collection of debts or for injury to person or property, and the period for appeal on such judgment expires without the filing of an appeal;

**d.** Debtor or Guarantors fail to comply with or perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents, including but not limited to the Debtor's Obligation.

6.     **Commercial Loan.** Debtor and Guarantors acknowledge that the debt evidenced by this Note is for commercial purposes only, and is not made for a consumer, personal, family or household purposes arising out of consumer credit sale, consumer lease, consumer loan, or household purchases arising out of a consumer credit sale, consumer lease, a consumer loan, or a rent-to-own transaction, or a lease purchase agreement as to which a confessed judgment clause is prohibited by Code of Virginia, and Debtor and Guarantors further hereby expressly waive the benefit of such obligations/rights under the law of the Commonwealth of Virginia.

7.     **Authorization to File UCC-1 Financing Statement.** Debtor irrevocably authorizes Holder to prepare and file a UCC-1 Financing Statement and sign the same on behalf of Debtor, if necessary, to provide public notice of this Note. Debtor agrees to cooperate in all respects to executing any and all UCC filing requirements.

8.     **Waiver and Post Bond.** Debtor and Guarantors hereby waive their rights to set aside the Confession of Judgment under Virginia law, including but not limited to any afforded by Virginia Code §8.01 – 433. Nevertheless, to the extent any portion of this Note is in any way waived, reduced, limited, terminated, discharged, impaired or otherwise effected by any action,

BT|     BS|LLC     B|LLC?     BDF LLC     BC LLC     BM|LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 7 of 18

accommodation, or extension, Debtor and/or Guarantors shall post a bond with an approved surety

of double the amount of the Default Obligation and costs. Further, Debtor and Guarantors consent

that the Confession of Judgment shall not be released or stayed until such time as Debtor and/or

Guarantors posts such security and a Court Order acknowledges the same.

     9.   **Property Waiver**. Debtor and Guarantors hereby waive any and all rights to claim

any of their properties, including their respective homesteads, as exempt from levy, execution or

sale or other legal process under the laws of the Commonwealth of Virginia or any other state,

territory, or possession of the United States.

     10.   **Detinue and Attachment Waiver**. Debtor hereby waives and releases all present

and future defenses to Holder's actions to recover the material, equipment and/or all other property

furnished by Holder to Debtor. Debtor agrees and consents to the seizure of such property and

specifically consents to an Order pursuant to Virginia Code §8.01-540 wherein a Judge may issue

such Attachment in accordance with the prayer of the petition filed by the Holder only. Debtor

acknowledges reasonable cause exists to believe the grounds as mentioned in Virginia Code §8.01-

534 for Attachment and/or Detinue. Moreover, Debtor admits that it has no adequate defense or

set off at law and waives and release all present and future defenses to Holder's actions in Detinue

(Virginia Code §8.01-114 *et seq.*) or Attachment Virginia Code §8.01-533 *et seq.*). Debtor further

waives all rights to, appeal, stay of execution, bond (Virginia Code §8.01-115), and other rights to

which the Debtor may otherwise be entitled under the laws of the Commonwealth of Virginia, any

other state, or the United States of America now in force or which may hereafter be enacted.

BTI     BS,LLC     B,LLC     BDF,LLC     BC,LLC     BM,LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 8 of 18

Accordingly, and without limitation, Debtor and Guarantors expressly waives the rights afforded

under Virginia Code §8.01-114 *et seq.,* and 8.01-533 *et seq.*

11. **No Waiver.** No provision of this Note shall be modified, waived or discharged

unless the modification, waiver or discharge is agreed to in writing and signed by Holder. No

waiver by Holder of any breach of, or of compliance with, any condition or provision of this Note

or any other document shall be considered a waiver of any other condition or provision or of the

same condition or provision at another time. The obligations of the Debtor and/or Guarantors shall

not to any extent or in any way be waived, reduced, limited, terminated, discharged, impaired or

otherwise effected by any action, accommodation, extension or failure to act by Holder.

12. **Remedies Cumulative.** Holder shall not be required, as a condition precedent to

making a demand under this Note or under any other obligation of the Debtor or Guarantors, to

make demand upon, or to institute any action or proceeding against any party or anyone else

(including Bcause Mining LLC), or to exhaust its remedies against any party, or anyone else, or

against any collateral security. All remedies afforded to Holder are separate and cumulative

remedies and it is agreed that not one of such remedies, whether exercised by Holder or not, shall

be deemed to be exclusive of any of the other remedies available to Holder and shall not limit or

prejudice any other remedy which Holder may have against a party, or anyone else, or against any

property or collateral security.

13. **Choice of Law.** This Note shall be governed by, and construed and enforced in

accordance with, the laws of the Commonwealth of Virginia without regard to the conflicts of law

rules thereof.

BTY   BS LLC   B LLC   BDE LLC   BC LLC   BM LLC

FILED DATE: 4/2/2019 9:29 AM 2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 9 of 18

14. **Waiver to Set-Off or Counterclaim**. Debtor and Guarantors hereby waive the right to setoff or counterclaim in connection with any litigation or in connection with any claim or dispute howsoever arising between the Debtor, Guarantors and Holder of this Note, irrespective of the nature of such setoff or counterclaim. All payments of interest, attorneys fees and principal as provided for in this Note shall be due and payable without regard to the existence of any right of Debtor or Guarantors to setoff or counterclaim in connection with any claim or dispute howsoever arising between the Debtor, Guarantors and the Holder hereof, irrespective of the nature of such setoff or counterclaim. Further, the Debtor and Guarantors, jointly and severally, waive presentment, protest and demand, notice of protest, demand and dishonor and non-payment of this Note and all lack of diligence or delays in collection or enforcement hereof.

15. **Choice of Jurisdiction and Venue**. Without prejudice to Holder's right to bring suit in any court of competent jurisdiction to enforce this Note or any other rights, the parties hereby irrevocably waive any present or future objection to the jurisdiction of the courts of the Commonwealth of Virginia over the parties for the purpose of enforcing this Note or any other right the parties may have with respect to each other or otherwise, and the parties specifically agree to the venue of the Circuit Court for Arlington County, Virginia, for such purpose. Debtor and Guarantor agree to a transfer to the Circuit Court for Arlington County, Virginia any action related to this Note upon the request of Holder.

16. **Construction**. If any part, term or provision of this Note shall be held void, illegal, unenforceable or in conflict with any law of a federal, state or local government having jurisdiction over this Note, the validity of the remaining portions or provisions shall not be affected thereby.

BTI     BS LLC     B LLC     BDE LLC     BC LLC     BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 10 of 18

In the event that any part, term or provision of this Note is held void, illegal, unenforceable or in

conflict with any law of the federal, state or local government having jurisdiction over this Note,

the parties agree, to the extent possible, to include a replacement provision construed to accomplish

its originally intended effect, that does not violate such law or regulation.

17.   **Benefit**. This Note shall bind the Debtor and the Guarantors and their successors,

representatives and assigns, and the rights and benefits of Holder contained herein shall inure to

the benefit of Holder's successors, representatives and assigns. This Note does not otherwise

provide any benefits to any third-parties, and cannot be enforced for the benefit of any third party.

18.   **Representations**. The undersigned signatory, by his respective signature,

represents and warrants that Debtor and Guarantors are duly authorized to execute this Note

individually and on behalf of Debtor and Guarantors and maintain the consent of the members of

same to enter into and perform under this Note. Debtor and Guarantors agree that this Note is

provided not in payment of, but as additional security for and evidence of obligations due to the

Holder under existing agreements with Debtor and Guarantors and this note is not accepted in lieu

of Holder's mechanic's lien, payment bond, trust fund or other legal rights.

19.   **Factual Representation**.   Debtor and Guarantors each in their own individual

capacity, hereby represent and warrant that all of the statements made herein were made

intentionally and knowingly, are of a material nature and are true and accurate. Debtor and

Guarantors acknowledge that such statements are relied upon by Holder and the statements

induced Holder to enter this Note. Moreover, Debtor and Guarantors acknowledge that if any of

BT LLC        BS LLC        B LLC        BDE LLC        BC LLC        BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 11 of 18

the statements herein are not accurate in any material respect, such statements were purposely made to deceive, and Holder may seek additional damages as a result of such statements.

20.    **Assignability**. This Note may be assigned by the Holder or any subsequent holder of this Note at any time and from time to time without the consent of the Debtor or Guarantors.

21.    **Non-Disclosure**. The terms and conditions of the Note shall not be disclosed to any person or entity without prior consent of the party not seeking disclosure, which consent shall be in the Holder's sole and absolute discretion. Notwithstanding the foregoing, the terms and provisions of this Note may be disclosed by a party if required by law.

22.    **Notice**. All notices and other communications to Debtor and/or Guarantors which may be or are required to be given hereunder shall be in writing and shall be sent by electronic mail to Debtor and/or Guarantors c/o Ann M. Cresce, Esq., General Counsel/Corporate Secretary at ann.cresce@bcause.com. Notice shall be deemed sufficiently given for all purposes hereunder when actually sent.   A copy of the aforementioned Notice, verified by Affidavit, from Seth A. Robbins or any other attorney designated by Holder, shall be sufficient to establish the Notice was sent and the corresponding obligations as set forth in this Agreement were met.

23.    **Costs, Expenses and Attorneys' Fees**. In addition to the attorney's fees provided in Paragraph 4 herein, Holder shall be awarded all costs and expenses incurred in any litigation or action arising between the parties hereto and all costs, expenses and reasonable attorneys' fees in collecting upon any judgment entered in favor of Holder.

24.    **WAIVER OF JURY TRIAL**.        DEBTOR, GUARANTORS AND HOLDER EACH    HEREBY    VOLUNTARILY,    ABSOLUTELY,    IRREVOCABLY    AND

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 12 of 18

UNCONDITIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR
PROCEEDING BASED UPON, OR RELATED TO, THIS NOTE.   THIS WAIVER IS
KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE DEBTOR AND
GUARANTORS AND DEBTOR AND GUARANTORS ACKNOWLEDGE THAT EXCEPT
FOR HOLDER'S AGREEMENT TO LIKEWISE WAIVE ITS RIGHTS TO A TRIAL BY JURY
NEITHER THE HOLDER NOR ANY PERSON ACTING ON BEHALF OF THE HOLDER
HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF JURY
TRIAL OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT.   DEBTOR AND
GUARANTORS FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED
BY (OR HAVE HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF
THIS NOTE AND IN MAKING OF THE WAIVER BY INDEPENDENT LEGAL COUNSEL,
SELECTED OF ITS OWN FREE WILL, AND THAT THEY HAVE HAD THE OPPORTUNITY
TO DISCUSS THIS WAIVER AND THIS ENTIRE AGREEMENT WITH COUNSEL.
DEBTOR AND GUARANTORS FURTHER ACKNOWLEDGE THAT THEY HAVE READ
AND UNDERSTAND THE MEANING AND RAMIFICATIONS OF THIS WAIVER
PROVISION AS EVIDENCE OF THIS FACT SIGNS THE NOTE BELOW.

### [SIGNATURES ON NEXT PAGE]

BT                BS LLC          B LLC          BDE LLC        BC LLC         BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 13 of 18

In witness whereof, the Debtor and Guarantors have executed this Note under Seal, effective as of the date set forth above.

BCAUSE MINING LLC

By: _Frederick J. Grede_ (signature)

Name: Frederick J. Grede

Its: Principal   CEO

### Certificate of Notary Public

State of Illinois

In the ~~Commonwealth of Virginia;~~

County of _COOK_ , to wit;

This the 11 day of DECEMBER, 2018, FREDERICK J GREDE, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand,

_Robert A. Yee_ (signature)

Notary Public

My commission expires: 10/14/2022

SEAL

OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022

BTI          BSLLC          B LLC          BDE LLC          BC LLC          BM LLC
(signatures)

BCause Mining & Guarantors
November 13, 2018
Page 14 of 18

## BCAUSE TRUST, INC.

By: _~Frederick Cradle~_

Name: _Frederick J. Cradle_

Its: _CEO_

### Certificate of Notary Public

In the ~Commonwealth of Virginia~ _State of Illinois,_

County of _Cook_ , to wit;

This the _11_ day of _December_, 2018, _FREDERICK J CRADE_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_Robert Yee_

Notary Public

My commission expires: _10/14/2022_

SEAL

| OFFICIAL SEAL |
| --- |
| ROBERT A. YEE |
| Notary Public - State of Illinois |
| My Commission Expires 10/14/2022 |

BTI     BS LLC     B LLC     BDE LLC     BC LLC     BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

FILED DATE: 4/2/2019 9:29 AM    2018L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 15 of 18

## BCAUSE SPOT LLC

By: _Fredrickfleel_

Name: _Frederick J. Grede_

Its: Principal    _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia,~~ _State of Illinois_

County of _____Cook_____, to wit;

This the _11_ day of _Dec_, 2018, _FREDERICK J GREDE_, who is known
to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary
Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above
document before me and stated that he was authorized to execute this document for the purposes
contained therein.

In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: _10/14/2022_

SEAL

```
OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022
```

BTI        BSLLC        BLLC        BDFLLC        BC LLC        BMLLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 16 of 18

**BCAUSE LLC**

By: _~Frederick Krea~_

Name: _Frederick J. Grede_

Its: Principal _CEO_

### Certificate of Notary Public

In the ~Commonwealth of Virginia,~ _State of Illinois_

County of _Cook_, to wit;

This the _11_ day of _DECEMBER_, 2018, _FREDERICK J GREDE_, who is known
to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary
Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above
document before me and stated that he was authorized to execute this document for the purposes
contained therein.

In witness thereof, I hereunder set my hand.

_Robert Yee_
Notary Public

My commission expires: _10/14/2022_

SEAL

```
OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022
```

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 17 of 18

FILED DATE: 4/2/2019 9:29 AM   2019L050181

**BCAUSE DERIVATIVES EXCHANGE LLC**

By: _Fredrick J. Grede_

Name: Fredrick J. Grede

Its: Principal   *CEO*

## Certificate of Notary Public

In the ~~Commonwealth of Virginia~~ *State of Illinois*,

County of _Cook_____, to wit;

This the _11_ day of _December_, 2018, _Frederick J Grede_, who is known
to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary
Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above
document before me and stated that he was authorized to execute this document for the purposes
contained therein.

In witness thereof, I hereunder set my hand.

_____
Notary Public

My commission expires: _10/14/2022_

SEAL

```
┌─────────────────────────────────────┐
│          OFFICIAL SEAL              │
│         ROBERT A. YEE               │
│  Notary Public - State of Illinois  │
│  My Commission Expires 10/14/2022   │
└─────────────────────────────────────┘
```

BTI          BS LLC          B LLC          BDE LLC          BC LLC          BM LLC

Virginia Promissory Note and Confessed Judgment
BCause Mining & Guarantors
November 13, 2018
Page 18 of 18

**BCAUSE CLEAR LLC**

By: _Fredrick C Rose_

Name: _Fredrich J. Grebe_

Its: Principal  _CEO_

### Certificate of Notary Public

In the ~~Commonwealth of Virginia,~~  _State of Illinois_

County of _Cook_, to wit;

This the _11_ day of _December_, 2018, _FREDERICK GREBE_, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that he was authorized to execute this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_Robert a yee_

Notary Public

My commission expires: _10/14/2022_

SEAL

```
OFFICIAL SEAL
ROBERT A. YEE
Notary Public - State of Illinois
My Commission Expires 10/14/2022
```

BTY          BS LLC        B LLC        BDP LLC      BC LLC        BM LLC

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Payment Schedule

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Exhibit A

Promissory Note
Debtor: BCause Mining, LLC
Holder: WESCO Distribution, Inc.

| | |
|---|---|
| Principal | 1,358,611 |
| Interest | 12% |
| Annual Interest | 163,033 |

### Amortization Schedule

| | Current Balance | Monthly Interest | Payment | New Balance |
|---|---|---|---|---|
| Initial Payment | 1,358,611 | 13,586 | (10,000) | 1,362,197 |
| November 2018 | 1,362,197 | 13,622 | (50,000) | 1,325,819 |
| December 2018 | 1,325,819 | 13,258 | (50,000) | 1,289,077 |
| January 2019 | 1,289,077 | 12,891 | (100,000) | 1,201,968 |
| February 2019 | 1,201,968 | 12,020 | (100,000) | 1,113,987 |
| March 2019 | 1,113,987 | 11,140 | (150,000) | 975,127 |
| April 2019 | 975,127 | 9,751 | (150,000) | 834,878 |
| May 2019 | 834,878 | 8,349 | (187,152) | 656,075 |
| June 2019 | 656,075 | 6,561 | (187,152) | 475,484 |
| July 2019 | 475,484 | 4,755 | (187,152) | 293,087 |
| August 2019 | 293,087 | 2,931 | (187,152) | 108,866 |
| Final Payment | 108,866 | 1,089 | (109,954) | 0 |

BTI Inititals _____     BS, LLC Initials _____     B, LLC Initials _____     BDE, LLC Initials _____

BC, LLC Initials _____     BM, LLC Initials _____

# AUTHENTICATION OF RECORD

Commonwealth of Virginia,

Circuit Court of the County of Arlington.

I, PAUL FERGUSON, Clerk of the said Court, do hereby certify that the writings annexed to this Certificate are true copies of the originals on file and of record in said office.

WITNESS my hand and seal of said Court this 27th day of March 2019.

_Paul Ferguson_
_____ Clerk,

WESCO DISTRIBUTION, INC
**Plaintiff**

VS.  CASE # 19-668

BCAUSE MINING, LLC
BCAUSE TRUST, INC.
BCAUSE SPOT, LLC
BCAUSE, LLC
BCAUSE DERIVATIVES EXCHANGE, LLC
BCAUSE CLEAR, LLC
**Defendants**

CONFESSION OF JUDGMENT ENTERED 03/01/2019

RECORDED IN ARLINGTON CIRCUIT COURT 03/01//2019, INSTRUMENT # 20190300000724

I, DANIEL S. FIORE, II, Judge of the Circuit Court of Arlington County, Virginia, do certify that PAUL FERGUSON, who executed the foregoing attestation, is Clerk of the said Court, duly elected and qualified, and the said attestation is in due form of law by the proper officer.

In TESTIMONY WHEREOF, I hereunto set my hand and seal this 27th day of March 2019.

_____ Judge, (Seal).

I, PAUL FERGUSON, Clerk of the said Court, hereby certify that the HONORABLE DANIEL S. FIORE, II, whose genuine signature is here subscribed to the foregoing certificate, was, at the time of signing and attesting the same, Judge of said Court, duly commissioned and qualified.

WITNESS my hand and seal of the said Court this 27th day of March 2019.

_Paul Ferguson_
_____ Clerk.

**CONFESSION OF JUDGMENT/**
**CERTIFICATE OF CLERK**
Va. Code §§ 8.01-431, 8.01-433, 8.01-436, 8.01-437, 8.01-438, 17.1-124

Case No. ..... 19 - 668

In the Clerk's Office of the Circuit Court of ..... Arlington County ....., Virginia

CONFESSION OF JUDGMENT

CREDITOR(S):                                    DEBTOR(S):

Wesco Distribution, Inc.                        BCause Mining, LLC
                                            v   BCause Trust, INC.
                                                BCause Spot, LLC
                                                BCause, LLC

20190300000724
03/01/2019 01:55:87 PM   1/2
Doc Type: JDLAW;
Arlington County Clerk
Paul Ferguson, Clerk
Grantor Tax: $.00
State Tax: $.00
Recording Fee:$.00

I/we, the above-named debtor(s), acknowledge myself/ourselves, to be justly indebted to, and do confess judgment in favor of, the above-named creditor(s) in the sum of $ 1,895,349.34 ( One Million Eight Hundred Ninety Six Thousand Three Hundred dollars) Forty Nine 34/100
together with interest thereon at the rate of ..... 20 ..... % from 4/27/2018 until paid and cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving my/our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under my/our hand(s) this day.
3/1/19
DATE

COSTS STATEMENT

$ ..... Writ Tax
$ ..... Clerk's Fees          by
$ ..... Docketing Fee
$ ..... Tech Trust Fund Fee
$ ..... Sheriff's Fee
$ ..... Registered/Certified Mail
$ ..... Legal Aid/Indigent Defense Fee
$ ..... Courthouse Construction Fee
$ ..... Law Lib/Courthouse
        Maintenance Fee
$ ..... Court Technology Fee
   356.00

_____ (seal)
_____ (seal)
_____ (seal)
_____ (seal)

ATTORNEY IN FACT
Seth Robbins
VSB 45807

[ ] Power of Attorney in Debt Instrument
[ ] Separate Power of Attorney Document
[ ] Appointment of Substitute Attorney-in-fact
recorded on _____
                DATE
Instrument No. .....
Deed Book/Page No. .....

CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

3/1/19 @ 13:25 PM   Order Book No. ..... Page No. .....
DATE AND TIME OF CONFESSION

Instrument No. .....

Attached to this Judgment of Confession are:

[x] Debt instrument containing a Power of Attorney
[ ] Separate Power of Attorney
[ ] Separate Debt Instrument

Paul Ferguson , Clerk

by _____ DEPUTY CLERK

FORM CC-1426 (MASTER, PAGE ONE OF TWO) 11/13

JD169832

FILED DATE: 4/2/2019 9:29 AM   2019L050181

**CONFESSION OF JUDGMENT/
CERTIFICATE OF CLERK**
Va. Code §§ 8.01-431, 8.01-433, 8.01-436, 8.01-437, 8.01-438, 17.1-124

Case No. ......................................

In the Clerk's Office of the Circuit Court of ........Arlington County........................................................, Virginia

CONFESSION OF JUDGMENT

| CREDITOR(S): | DEBTOR(S): |
|---|---|
| Wesco Distribution, Inc. | v   BCause Derivatives Exchange, LLC |
| | BCause Clear, LLC |

I/we, the above-named debtor(s), acknowledge myself/ourselves, to be justly indebted to, and do confess judgment in favor of, the above-named creditor(s) in the sum of $ 1,896,349.34 ( One Million Eight Hundred Ninety Six Thousand Three Hundred  dollars)
Forty Nine 34/100
together with interest thereon at the rate of ........20........% from 4/27/2018 until paid and cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based) hereby waiving my/our homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

Given under my/our hand(s) this day.   .......................................................... (seal)

................................................................   .......................................................... (seal)
DATE
COSTS STATEMENT   .......................................................... (seal)

$ .................... Writ Tax   .......................................................... (seal)

$ .................... Clerk's Fees   by   ..........................................................  (seal)
ATTORNEY IN FACT

$ .................... Docketing Fee

$ .................... Tech Trust Fund Fee

$ .................... Sheriff's Fee   [ ] Power of Attorney in Debt Instrument

$ .................... Registered/Certified Mail   [ ] Separate Power of Attorney Document

$ .................... Legal Aid/Indigent Defense Fee   [ ] Appointment of Substitute Attorney-in-fact

$ .................... Courthouse Construction Fee   recorded on ..........................................
DATE
$ .................... Law Lib/Courthouse
Maintenance Fee   Instrument No. ..........................................

$ .................... Court Technology Fee   Deed Book/Page No. ..........................................

CERTIFICATE OF CLERK

The foregoing judgment was confessed before me in my office on the date and time shown below and entered of record, also as shown below:

..........................................................   Order Book No. ....................   Page No. ....................
DATE AND TIME OF CONFESSION

Instrument No. ..........................................

Attached to this Judgment of Confession are:

[x] Debt instrument containing a Power of Attorney.   ................................................, Clerk
[ ] Separate Power of Attorney
[ ] Separate Debt Instrument   by   ..........................................................
DEPUTY CLERK

SEE NOTICE TO DEBTOR ON PAGE TWO OF TWO

FORM CC-1420 (MASTER PAGE ONE OF TWO) 11/15

A COPY,
TESTE: PAUL FERGUSON,
BY: .............................................
DEPUTY CLERK

# EXHIBIT F

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/2/2019 9:29 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

### AFFIDAVIT IN SUPPORT OF AN APPLICATION TO RECORD A FOREIGN JUDGMENT IN ILLINOIS

I, **PAUL BOZYCH**, of full age, being duly sworn according to law, upon my oath hereby

depose and say as follows:

1. I am an attorney for the judgment creditor to a Confession of Judgment entitled Wesco

Distribution, Inc., Judgment Creditor, v. BCause Mining, LLC, BCause Trust, Inc., BCause Spot,

LLC, BCause, LLC, BCause Derivatives Exhange, LLC, BCause Clear, LLC, Judgment Debtors,

issued by the Circuit Court of Arlington County for the State of Virginia. I am seeking to record

(docket) said judgment in the Circuit Court of Cook County in the State of Illinois.

2. Attached to this affidavit is an authenticated, triple-sealed original and copy of the

judgment from the State of Virginia, entered on March 1, 2019, wherein judgment was confessed

and signed by all of the debtors named above in the amount of $1,896,349.34 (One million Eight

Hundred Ninety Six Thousand Three Hundred dollars and thirty-four cents) together with interest

thereon at the rate of 20% from April 27, 2018.

3. The judgment creditor is **Wesco Distribution, Inc., 225 West Station Square Drive,**

**Pittsburg, PA 15219.**

4. The judgment debtors and their last known addresses are known to me to be as follows:

- **BCause Mining, LLC, 192 Ballard Ct., Suite 303, Virginia Beach, VA 23462;**

- **BCause Trust, Inc., 227 Bendix Road, Suite 420, Virginia Beach, VA 23452;**

- **BCause Spot, LLC, 227 Bendix Road, Suite 420, Virginia Beach, VA 23452;**

- **BCause, LLC, 227 Bendix Road, Suite 420, Virginia Beach, VA 23452;**

- **BCause Derivatives Exchange, LLC, 227 Bendix Road, Suite 420, Virginia Beach, VA 23452; and**

1

FILED DATE: 4/2/2019 9:29 AM   2019L050181

FILED DATE: 4/2/2019 9:29 AM   2019L050181

- **BCause Clear, LLC, 227 Bendix Road, Suite 420, Virginia Beach, VA 23452.**

5. The opportunity and time to challenge or appeal the confession of judgment in the State of Virginia has expired.

6. The courts of the State of Virginia have not granted a stay of execution of said confessed judgment.

7. The foreign judgment was not entered by default. It was confessed by the debtors through the individual certified signature of an officer for each.

8. I will mail a notice of filing of the foreign judgment with the Circuit Court of Cook County in Illinois to each of judgment debtors on the same date of filing.

Further, the affiant says not.

PAUL BOZYCH,
An attorney for judgment creditor,
**Wesco Distribution, Inc.**

Sworn and subscribed before me on this _2nd_ day of April 2019.

Notary Public

My commission expires on _09/16/2020_ [seal]

OFFICIAL SEAL
NANCY HERRERA
Notary Public - State of Illinois
My Comm. Expires SEPTEMBER 16, 2020

2

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/2/2019 9:29 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

FILED DATE: 4/2/2019 9:29 AM    2019L050181

Notice of Filing to Register a Foreign Judgment                    (10/19/18) CCG 0612

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LAW _____ DEPARTMENT    FIRST _____ DIVISION/DISTRICT

WESCO DISTRIBUTION, INC
                              Plaintiff
            v.                              Case No. _____
BCAUSE MINING, LLC., et al
                              Defendant

## NOTICE OF FILING TO REGISTER A FOREIGN JUDGMENT

Notice of Filing to Register a Foreign Judgment

☑  A Judgment from another state        ☐  Federal judgment (i.e. a federal district court money judgment)
    (735 5/12-650 et seq.)                   (735 ILCS 5/12-501; 735 ILCS 5/12-650 et seq.)

☐  Foreign state
    (735 ILCS 5/12-618 et seq.; 735 ILCS 5/12-650 et seq.)

To Defendant:        BCAUSE, LLC
                     277 BENDIX RD., STE. 420
                     VIRGINIA BEACH, VA 23452

You are hereby notified that Plaintiff,   WESCO DISTRIBUTION, INC.
                                                        Name

225 W. STATION SQUARE DRIVE, PITTSBURG, PA 15219                                               ,
           Address                    City                          State        Zip
through its attorneys,  PAUL BOZYCH, NIELSEN, ZEHE & ANTAS, P.C.
                                              Name

55 W. MONROE STREET, SUITE 1800, CHICAGO, IL 60603
           Address                    City                          State        Zip
did this day file an authenticated copy of a certain Foreign Judgment in the above entitled action, entered in

the  CIRCUIT _____ Court of  COOK _____ County,

State of  ILLINOIS _____ on  4/2/19 .

                              Dated:  4/2/19 _____

                                             Dorothy Brown
                                             Clerk of the Circuit Court

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/2/2019 9:29 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

FILED DATE: 4/2/2019 9:29 AM   2019L050181

Notice of Filing to Register a Foreign Judgment                (10/19/18) CCG 0612

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LAW _____ DEPARTMENT FIRST _____ DIVISION/DISTRICT

WESCO DISTRIBUTION, INC
_____
                                    Plaintiff

            v.                              Case No. _____

BCAUSE MINING, LLC., et al
_____
                                    Defendant

## NOTICE OF FILING TO REGISTER A FOREIGN JUDGMENT

Notice of Filing to Register a Foreign Judgment

☑ A Judgment from another state            ☐ Federal judgment (i.e. a federal district court money judgment)
   (735 5/12-650 et seq.)                     (735 ILCS 5/12-501; 735 ILCS 5/12-650 et seq.)

☐ Foreign state
   (735 ILCS 5/12-618 et seq.; 735 ILCS 5/12-650 et seq.)

To Defendant:      BCAUSE MINING, LLC
                   192 BALLARD CT., STE. 303
                   VIRGINIA BEACH, VA 23462

You are hereby notified that Plaintiff, WESCO DISTRIBUTION, INC.
                                        _____
                                                        Name

225 W. STATION SQUARE DRIVE, PITTSBURG, PA 15219
_____ ,
      Address                City            State   Zip

through its attorneys, PAUL BOZYCH, NIELSEN, ZEHE & ANTAS, P.C.
                       _____
                                                Name

55 W. MONROE STREET, SUITE 1800, CHICAGO, IL 60603
_____
      Address                City            State   Zip

did this day file an authenticated copy of a certain Foreign Judgment in the above entitled action, entered in

the CIRCUIT _____ Court of COOK _____ County,

State of _____ ILLINOIS _____ on ____ 4/2/19 ____.

                          Dated: ____ 4/2/19 ____

                                        Dorothy Brown
                                        Clerk of the Circuit Court

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 1

# EXHIBIT G

Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number:

FILED DATE: 4/2/2019 1:06 PM   2019L050181

| Garnishment Summons (Non-Wage) | (08/09/18) CCG 0647 A |
|---|---|

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.

                                        Plaintiff        No.   2019 L 050181

                    v.

BCAUSE MINING, LLC, et al.

                                        Defendant     PLEASE SERVE GARNISHEE
                                                      DEFENDANT
(Judgment Debtor)                                     Address of Garnishee Defendant.

Name:  BCAUSE, LLC                                    LAKESIDE BANK COMMUNITY
                                                      DEVELOPMENT, LLC
Address:  277 BENDIX RD., STE. 420                    55 W. WACKER DR.,
                                                      CHICAGO, IL 60601
City/State/Zip:  VIRGINIA BEACH, VA 23452

and                                                   THE JUDGMENT DEBTOR IS:
Garnishee Defendant
                                                      ○ Individual   ◉ Corporation or Other
Name:  LAKESIDE BANK COMMUNITY DEVEL., LLC.,

Address:  55 W. WACKER DR.,

City/State/Zip:  CHICAGO, IL 60601

## GARNISHMENT SUMMONS (NON-WAGE)

To the garnishee defendant:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories on

or before the Return Date of  5/2/19        . However, if this summons is served on you less

than 10 days prior to the Return Date (above), you must file answers to the interrogatories on or
before 14 days after the return date stated above.  IF YOU FAIL TO DO SO, A CONDITIONAL
JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF
THE JUDGMENT UNPAID.

To file your answers to the judgment creditor's interrogatories you need access to the internet.
Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are
available at all Clerk's Office locations. Please refer to the last page of this document for location
information.

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first
create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

Garnishment Summons (Non-Wage)                    (08/09/18) CCG 0647 B

To the officer:

This summons must be returned by the officer or other person to whom it was given for service and must include a certification that within 2 business days of service upon the garnishee, the officer or other person has mailed, by first class mail, a copy of the Garnishment Notice and Summons, to the Judgment Debtor, at the address indicated above with endorsement of service and fees. If service cannot be made this summons shall be returned so endorsed. This summons may not be served later than the above date.

Witness: _____

◉ Atty. No.: __44274__

○ Pro Se 99500

    Assistant State's Attorney

4/2/2019 1:06 PM DOROTHY BROWN

Name: __Paul Bozych__

Atty. for (if applicable):

__Wesco Distribution, Inc.__

    DOROTHY BROWN

    Clerk of the Circuit Court of Cook County, Illinois

Address: __55 W. Monroe St., Ste. 1800__

City: __Chicago__

Date of Service: _____

(To be inserted by officer on copy left with employer or other person)

State: __IL__    Zip: __60603__

Telephone: __312-322-9900__

Primary Email: __pbozych@nzalaw.com__

FILED DATE: 4/2/2019 1:06 PM    2019L050181

Case 19-10562   Claim 2 Part 9   Filed 04/26/19   Desc Exhibit G   Page 4 of 12

FILED DATE: 4/2/2019 1:06 PM   2019L050181

Garnishment Summons (Non-Wage)                    (08/09/18) CCG 0647 C

## IMPORTANT NOTICE OF RIGHTS IN BANK ACCOUNT

### I.   THE PLAINTIFF IS GARNISHING YOUR BANK ACCOUNT

A ruling has been made in the case listed above you owe money to the plaintiff. The plaintiff has started to collect that money from your bank account by garnishing the account.

### II.   PURPOSE OF THIS NOTICE

This notice is to inform you that money from some sources or up to certain amounts may NOT be taken from you even after the court has ruled you owe the plaintiff money. These funds are protected under federal and state law. Money or property which may not be taken is called "exempt" property. A partial list of such money and property is listed below.

PARTIAL LIST OF EXEMPTIONS:
1. Social Security Benefits (OASDI, SSI)
2. Public Aid Benefits (AFDC, AABD, GA)
3. Up to $4,000, in personal property, as chosen by you, including money in bank accounts
4. Life Insurance Proceeds
5. Workers Compensation Awards
6. Unemployment Compensation Benefits
7. Veterans Benefits
8. Circuit Breaker Property Tax Relief Benefits
9. Pension or Retirement Benefits (including IRA accounts)

### III. HOW TO PROTECT EXEMPT PROPERTY

You should take this paper to a lawyer at once. A lawyer can advise you more specifically of your rights. If you do not have a lawyer, and are not able to afford one, you may contact Illinois Legal Aid Online by visiting their website at www.illinoislegalaid.org or call the CARPLS Hotline at 312-738-9200.

If you do not go to Court to tell the Judge of your exemptions, the money will be turned over to the creditor.

### IV. COURT DATE

A court date has already been set for you to tell the Judge if you have an exemption. You must

check in with the Clerk of that courtroom before _____ ⊚ AM  ○ PM to have your case called.)

Place: __Daley Center, 50 W. Washington St.,__     __Chicago, IL 60602__
                    Address                                    City or Town

Room __2503___

Date: __5/2/19___

Time: _____ ⊙ AM  ○ PM

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

FILED DATE: 4/2/2019 1:06 PM   2019L050181

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Return Date: No return date scheduled
Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number: 2605
Location:

(Rev. 4/21/09) CCL 0024 A

FILED DATE: 4/2/2019 1:06 PM   2019L050181

FILED
4/2/2019 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.

_____ Plaintiff(s)

v.

BCAUSE MINING, LLC, et al.

_____ Defendant(s)

and

LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC

_____ Garnishee

No. 2019 L 050181

AFFIDAVIT FOR GARNISHMENT, (NON-WAGE)

PAUL BOZYCH _____, on oath states:

1. Judgment was entered on MARCH 1 _____, 2019 for judgment creditor
WESCO DISTRIBUTION, INC. and against judgment debtor BCAUSE, LLC

for $ 1,896,349.34 and costs.

2. $ 0 has been paid on the judgment.

3. There is unpaid on the judgment:

$ _____ principal
$ 1,000 costs
$ 17,788,43 interest
$ 1,915,137.77 TOTAL

4. I believe garnishee LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC is indebted to the
judgment debtor, other than for wages, or has his/her possession, custody or control other property belonging or in
which he/she has an interest.

5. The last known address of the judgment debtor is 55 W. WACKER DR., CHICAGO, IL 60601

I request that summons issue directed to garnishee.

Signed and sworn to before me _____ April 2 _____, 2019

Atty. No.: 44274
Name: Paul Bozych; Nielsen, Zehe & Antas, P.C.
Atty.for: Plaintiff
Address: 55 W. Monroe St., Ste. 1800
City/State/Zip: Chicago, IL 60603
Telephone: 312-322-9900

_____ Notary public

OFFICIAL SEAL
NANCY HERRERA
Notary Public - State of Illinois
My Comm. Expires SEPTEMBER 16, 2020

(OVER)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 4/2/2019 1:06 PM   2019L050181

Affidavit for Garnishment (Non-Wage)                              (Rev. 4/21/09)  CCL 0024 B

## INTERROGATORIES TO GARNISHEE

1. When you were served with summons did you have in your possession, custody or control any property, other than cash monies, time or demand deposits, belonging to the judgment debtor or in which he/she had an interest?

    Answer ☐ yes ☐ no

2. If your answer to number 1 above is yes, describe the property:

    _____

3. When you were served with the summons were you otherwise indebted to him/her by cash monies, time or demand deposits, no matter when payable, except for wages?

    Answer ☐ yes ☐ no

4. If your answer to number 3 above is yes, state:

    Description: _____

    Gross amount when served: $ _____

    Date due: _____, _____

    Deduction by reason of offset, service or other charge: $ _____

    Net amount subject to garnishment proceeding: $ _____

## AFFIDAVIT

_____ on oath states that the answers to the interrogatories are true.

                                        _____

Signed and sworn to before me on the _____ day of _____, _____

                                        _____ Notary public

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CL 19-1019

**GARNISHMENT SUMMONS**
Commonwealth of Virginia

Case No. .......................... 19-066

Arlington County ............................................. Circuit Court
1425 N. Courthouse Road, Suite 6700 Arlington, VA 22201
COURT ADDRESS

| JUDGMENT CREDITOR: | | JUDGMENT DEBTOR: |
|---|---|---|
| Wesco Distribution, Inc. | v. | BCause, LLC |
| 225 West Station Drive Suite 700 | | 277 Bendix Road |
| Pittsburgh, PA 15219 | | Suite 420 |
| Telephone No. 412-454-2200 | | Virginia Beach, VA 23452 |

RECEIVED

JUDGMENT CREDITOR'S ATTORNEY:
Seth A. Robbins

Garnishee: Lakeside Bank Community Development, LLC

1100 N. Glebe Road, Suite 1010
Arlington, VA 22201

55 West Wacker Drive

Chicago, IL 60601

MAR 2 ? 2019

PAUL FERGUSON, CLERK
Arlington County Circuit Court
by .................................
Deputy Clerk

Telephone No. 703-224-4436

JUDGEMENT:

| June 21, 2019   10:00 am | | Judgment Principal | $ | 1,896,349.34 |
|---|---|---|---|---|
| HEARING DATE AND TIME | | Credits | | 0.00 |
| | | Interest | | 17,788.43 |
| This is a garnishment against (check only one) | | Judgment Costs | | 356.00 |
| [ ] the judgment debtor's wages, salary or other compensation. | | Attorney's Fee | | 0.00 |
| [x] some other debt due or property of the judgment debtor, specifically, any and all assets, including bank accounts and instruments | | Garnishment Costs | | 644.00 |

| MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT | TOTAL BALANCE DUE $   1,915,137.77 |
|---|---|
| [ ] Support | The garnishee shall rely on this amount. |

[ ] 50%   [ ] 55% [ ] 60%   [ ] 65%
(if not specified, then 50%)
[ ] state taxes, 100%

March 1, 2019
DATE OF JUDGMENT

If none of the above are checked, then § 34-29(a) (on reverse) applies.
TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

4/1/2019 ......................................................... , Clerk
DATE OF ISSUANCE OF SUMMONS

4/1/2019                                             by ......................................
DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF                DEPUTY CLERK
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

WRIT OF FIERI FACIAS  TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.
Homestead Exemption Waived? [ ] Yes [ ] No  [ ] Cannot be demanded

..................................................................... , Clerk

4/1/2019                                             by ......................................
DATE                                                  DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE 1 OF 2) 1/07
VA. CODE §§ 8.01-511, -512.3

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You may rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employees makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

RECEIVED

_____
DATE AND TIME

_____
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found – otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

_____
DATE

_____
SHERIFF

_____
DEPUTY SHERIFF

FORM CC-1485 (MASTER PAGE 2 OF 2) 12/05

JUDGMENT DEBTOR ___ BCause, LLC

ADDRESS ___ 277 Bendix Road Suite 420
Virginia Beach, VA 23452

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found

_____ for _____
SERVING OFFICER

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE ___ Lakeside Bank Community Development, LLC

ADDRESS ___ 55 West Wacker Drive
Chicago, IL 60601

TELEPHONE NUMBER: ___ 312-435-5100

[ ] PERSONAL SERVICE [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title.

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

[ ] Not found     DATE OF MAILING

DATE _____ for _____
SERVING OFFICER

# SUGGESTION FOR SUMMONS IN GARNISHMENT

VA. CODE § 8.01-511

Case No. ........................... 19-668

In the Circuit Court of the [ ] City [X] County of ................................. Arlington

JUDGMENT CREDITOR:

Wesco Distribution Inc.
225 West Station Drive Suite 700
Pittsburgh, PA 15219

Telephone No. ...............................

JUDGMENT CREDITOR'S ATTORNEY

Seth A. Robbins, Esq. VA Bar # 45807
1100 N. Glebe Road Suite 1010
Arlington, VA 22201

Telephone No. .............. (703) 224-4436

Suggested Garnishee:

Lakeside Bank Community Development, LLC
55 West Wacker Drive
Chicago, IL 60601

V.

JUDGMENT DEBTOR:

BCause, LLC
277 Bendix Road
Suite 420
Virginia Beach, VA 23452

Social Security No. ...............................

If garnishee is defendant's employer, please furnish employer's name, and state whether it is a corporation, or one or more persons trading under a fictitious or trade name.

**ORIGINAL JUDGMENT**

| DATE OF JUDGMENT | DATE EXECUTION DELIVERED |
|---|---|
| March 1, 2019 | March 1, 2019   VA CODE 8.01-438 |

Instrument No. ...............................

| JUDGMENT DOCKETED IN THIS COURT |
|---|
| Date Docketed |
| Book/Page/Instrument No. ............ |

## STATEMENT

| $ | | |
|---|---|---|
| | 1,896,349.34 | Judgment Principal |
| | 0.00 | Credits |
| | 17,788.43 | Interest |
| | 356.00 | Judgment Costs |
| | 0.00 | Attorney's fee |
| | 644.00 | Garnishment Costs |

$ ........ 1,915,137.77 .... Total Balance Due
The garnishee shall rely on this amount.

MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT

[ ] Support (if not specified, then 50%)
[ ] 50% [ ] 55% [ ] 60% [ ] 65% [ ] State Taxes, 100%
If none of the above are checked, then § 34-29(a) applies.

I request the Clerk to summon the Suggested Garnishee to answer this suggestion.

This is a garnishment against [ ] the judgment debtor's wages, salary or other compensation. [X] some other debt due or property, of the judgment debtor, specifically, ............... any and all assets, including bank accounts and instruments

I have reason to believe that there is a liability on the suggested garnishee because of the execution of the "ORIGINAL JUDGMENT" described above. I certify that:

   [ ] (1) The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

   [ ] (2) No summons has been issued upon this judgment creditor's suggestion against the same judgment debtor within a period of eighteen months, other than a summons which was based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

   [ ] (3) The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent, or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

   [ ] (4) The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

   [X] (5) The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

   [ ] (6) The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

[ ] I have made a diligent good faith effort to secure the social security number of the judgment debtor and have been unable to do so.

I hereby certify that the last known address of the defendant is as shown above.

.......... March 27, 2019 ..........
DATE SUBMITTED

[X] JUDGMENT CREDITOR   [ ] AGENT   [X] ATTORNEY

| WARNING: Any judgment creditor who knowingly gives false information in a suggestion for Summons in Garnishment shall be guilty of a Class 1 misdemeanor. |
|---|

FORM CC-1485 MASTER 07/12

**REQUEST FOR HEARING –**
**GARNISHMENT/LIEN EXEMPTION CLAIM**
Commonwealth of Virginia   VA. CODE § 8.01-512.4

Case No. .......................... 19-668

.......................... Arlington County Circuit Court ..........................
COURT NAME

WESCO Distribution Inc.                                    BCause, LLC
.......................................   v.   .......................................
JUDGMENT CREDITOR                                         JUDGMENT DEBTOR

and   Lakeside Bank Community Development, LLC
.......................................
GARNISHEE

I claim that the exemption(s) from garnishment or lien which are checked below apply in this case:

## Major Exemptions Under Federal and State Law

RECEIVED

_____ 1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).

_____ 2. Veterans' benefits (38 U.S.C. § 5301).

_____ 3. Federal civil service retirement benefits (5 U.S.C. § 8346).

PAUL FERGUSON, CLERK
Arlington County Circuit Court
by .......................... Deputy Clerk

_____ 4. Annuities to survivors of federal judges (28 U.S.C. § 376(n) ).

_____ 5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).

_____ 6. Black Lung benefits.

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____ 7. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. § 11109).

_____ 8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia). This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).

_____ 9. Amounts in excess of portions of wages subject to garnishment (§ 34-29, Code of Virginia).

_____ 10. Public assistance payments (§ 63.2-506, Code of Virginia).

_____ 11. Homestead exemption of $5,000 in cash, or $10,000 if the householder is 65 years of age or older. (§ 34-4, Code of Virginia). This exemption may not be claimed in certain cases, such as payment of child or spousal support (§ 34-5, Code of Virginia).

_____ 12. Property of disabled veterans – additional $10,000 cash (§ 34-4.1, Code of Virginia).

_____ 13. Worker's Compensation benefits (§ 65.2-531, Code of Virginia).

_____ 14. Growing crops (§ 8.01-489, Code of Virginia).

_____ 15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).

_____ 16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).

_____ 17. Assignments of certain salary and wages (§ 55-165, Code of Virginia).

_____ 18. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).

_____ 19. Proceeds from funeral trusts (§ 54.1-2823, Code of Virginia).

_____ 20. Certain retirement benefits (§ 34-34, Code of Virginia).

_____ 21. Child support payments (§ 20-108.1, Code of Virginia).

_____ 22. Support for dependent children (§ 34-4.2, Code of Virginia). To claim this exemption, an affidavit that complies with the requirements of subsection B of § 34-4.2 and two items of proof showing entitlement to this exemption must be attached to this exemption form. (The affidavit, form DC-449, AFFIDAVIT CONCERNING DEPENDENT CHILDREN AND HOUSEHOLD INCOME, is available at www.courts.state.va.us/forms/district/civil.html or the clerk's office.)

_____ 23. Other (describe exemption)   $ ..........................

I request a court hearing to decide the validity of my claim. Notice of hearing should be given to me at:

.......................................            .......................................
ADDRESS                                               TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

.......................................            .......................................
DATE                                                  SIGNATURE OF JUDGMENT DEBTOR

FORM DC-454 REVERSE 07/12

## NOTICE TO JUDGMENT DEBTOR
## HOW TO CLAIM EXEMPTIONS FROM GARNISHMENT AND LIEN

The attached Summons in Garnishment or Notice of Lien has been issued on request of a creditor who holds a judgment against you. The Summons may cause your property or wages to be held or taken to pay the judgment.

The law provides that certain property and wages cannot be taken in garnishment. Such property is said to be exempted. A summary of some of the major exemptions is set forth in the request for hearing form. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the claim for exemption form and (ii) deliver or mail the form to the clerk's office of this court.

You have a right to a hearing within seven business days from the date you file your claim with the court. If the creditor is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is indicated on the Summons in Garnishment attached. You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

If you do not claim an exemption and do not otherwise contest the garnishment, you are not required to appear in court on the return date on the Garnishment Summons.

It may be helpful for you to seek the advice of an attorney in this matter.

**THE REQUEST FOR HEARING FORM IS PRINTED ON THE REVERSE OF THIS FORM.**

# EXHIBIT H

Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number:

FILED DATE: 4/2/2019 1:06 PM   2019L050181

Garnishment Summons (Non-Wage)                    (08/09/18) CCG 0647 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.
_____
                                    Plaintiff      No.   2019 L 050181
                        v.
BCAUSE MINING, LLC, et al.
_____         PLEASE SERVE GARNISHEE
                                    Defendant     DEFENDANT
(Judgment Debtor)                                 Address of Garnishee Defendant.

Name:  BCAUSE MINING, LLC                         LAKESIDE BANK COMMUNITY
                                                  DEVELOPMENT, LLC
Address:  192 BALLARD CT., STE. 303               55 W. WACKER DR.,
                                                  CHICAGO, IL 60601
City/State/Zip:  VIRGINIA BEACH, VA 23452
                                                  THE JUDGMENT DEBTOR IS:
and
Garnishee Defendant                               ○ Individual   ⦿ Corporation or Other

Name:  LAKESIDE BANK COMMUNITY DEVEL., LLC.,

Address:  55 W. WACKER DR.,

City/State/Zip:  CHICAGO, IL 60601

### GARNISHMENT SUMMONS (NON-WAGE)

To the garnishee defendant:

YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories on

or before the Return Date of   5/2/19   . However, if this summons is served on you less
than 10 days prior to the Return Date (above), you must file answers to the interrogatories on or
before 14 days after the return date stated above. IF YOU FAIL TO DO SO, A CONDITIONAL
JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF
THE JUDGMENT UNPAID.

To file your answers to the judgment creditor's interrogatories you need access to the internet.
Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are
available at all Clerk's Office locations. Please refer to the last page of this document for location
information.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 4

**Garnishment Summons (Non-Wage)**                    (08/09/18) CCG 0647 B

To the officer:

This summons must be returned by the officer or other person to whom it was given for service and must include a certification that within 2 business days of service upon the garnishee, the officer or other person has mailed, by first class mail, a copy of the Garnishment Notice and Summons, to the Judgment Debtor, at the address indicated above with endorsement of service and fees. If service cannot be made this summons shall be returned so endorsed. This summons may not be served later than the above date.

Witness: _____

Assistant State's Attorney

⊙ Atty. No.: 44274
○ Pro Se 99500                          4/2/2019 1:06 PM DOROTHY BROWN

Name: Paul Bozych                       DOROTHY BROWN
                                        Clerk of the Circuit Court of Cook County
Atty. for (if applicable):              Illinois

Wesco Distribution, Inc.

Address: 55 W. Monroe St., Ste. 1800    Date of Service: _____
                                        (To be inserted by officer on copy left with employer or other
City: Chicago                           person)

State: IL  Zip: 60603

Telephone: 312-322-9900

Primary Email: pbozych@nzalaw.com

FILED DATE: 4/2/2019 1:06 PM   2019L050181

Garnishment Summons (Non-Wage)                          (08/09/18) CCG 0647 C

## IMPORTANT NOTICE OF RIGHTS IN BANK ACCOUNT

### I.   THE PLAINTIFF IS GARNISHING YOUR BANK ACCOUNT

A ruling has been made in the case listed above you owe money to the plaintiff. The plaintiff has
started to collect that money from your bank account by garnishing the account.

### II.   PURPOSE OF THIS NOTICE

This notice is to inform you that money from some sources or up to certain amounts may NOT
be taken from you even after the court has ruled you owe the plaintiff money. These funds are
protected under federal and state law. Money or property which may not be taken is called "exempt"
property. A partial list of such money and property is listed below.

> PARTIAL LIST OF EXEMPTIONS:
> 1.  Social Security Benefits (OASDI, SSI)
> 2.  Public Aid Benefits (AFDC, AABD, GA)
> 3.  Up to $4,000, in personal property, as chosen by you, including money in bank accounts
> 4.  Life Insurance Proceeds
> 5.  Workers Compensation Awards
> 6.  Unemployment Compensation Benefits
> 7.  Veterans Benefits
> 8.  Circuit Breaker Property Tax Relief Benefits
> 9.  Pension or Retirement Benefits (including IRA accounts)

### III. HOW TO PROTECT EXEMPT PROPERTY

You should take this paper to a lawyer at once. A lawyer can advise you more specifically of your
rights. If you do not have a lawyer, and are not able to afford one, you may contact Illinois Legal
Aid Online by visiting their website at www.illinoislegalaid.org or call the CARPLS Hotline at 312-
738-9200.

If you do not go to Court to tell the Judge of your exemptions, the money will be turned over to the
creditor.

### IV. COURT DATE

A court date has already been set for you to tell the Judge if you have an exemption. You must

check in with the Clerk of that courtroom before _____  ◉ AM  ○ PM to have your
case called.)

Place:  **Daley Center, 50 W. Washington St.,**          **Chicago, IL 60602**
                            Address                                      City or Town

Room  __2503__

Date: __5/2/19__

Time: _____  ◉ AM  ○ PM

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

FILED DATE: 4/2/2019 1:06 PM  2019L050181

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Return Date: No return date scheduled
Hearing Date: 5/2/2019 9:30 AM - 9:30 AM
Courtroom Number: 2805
Location:

(Rev. 4/21/09) CCL 0024 A

FILED
4/2/2019 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L050181

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WESCO DISTRIBUTION, INC.

                                    Plaintiff(s)

v.

BCAUSE MINING, LLC, et al.

                                    Defendant(s)

and

LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC

                                    Garnishee

No. 2019 L 050181

### AFFIDAVIT FOR GARNISHMENT, (NON-WAGE)

PAUL BOZYCH _____, on oath states:

1. Judgment was entered on MARCH 1 _____, 2019 _____ for judgment creditor
WESCO DISTRIBUTION, INC. _____ and against judgment debtor BCAUSE MINING, LLC _____
for $ 1,896,349.34 _____ and costs.

2. $ 0 _____ has been paid on the judgment.

3. There is unpaid on the judgment:

   $ _____ principal
   $ 1,000 _____ costs
   $ 17,788,43 _____ interest
   $ 1,915,137.77 _____ TOTAL

4. I believe garnishee LAKESIDE BANK COMMUNITY DEVELOPMENT, LLC _____ is indebted to the
judgment debtor, other than for wages, or has his/her possession, custody or control other property belonging or in
which he/she has an interest.

5. The last known address of the judgment debtor is 55 W. WACKER DR., CHICAGO, IL 60601

I request that summons issue directed to garnishee.

Signed and sworn to before me _April 2_____, 2019

Atty. No.: 44274
Name: Paul Bozych; Nielsen, Zehe & Antas, P.C.
Atty. for: Plaintiff
Address: 55 W. Monroe St., Ste. 1800
City/State/Zip: Chicago, IL 60603
Telephone: 312-322-9900

_____ Notary public

OFFICIAL SEAL
NANCY HERRERA
Notary Public - State of Illinois
My Comm. Expires SEPTEMBER 16, 2020

(OVER)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 4/2/2019 1:06 PM 2019L050181

FILED DATE: 4/2/2019 1:06 PM 2019L050181

Affidavit for Garnishment (Non-Wage)                    (Rev. 4/21/09) CCL 0024 B

## INTERROGATORIES TO GARNISHEE

1. When you were served with summons did you have in your possession, custody or control any property, other than cash monies, time or demand deposits, belonging to the judgment debtor or in which he/she had an interest?

   Answer ☐ yes ☐ no

2. If your answer to number 1 above is yes, describe the property:

_____

3. When you were served with the summons were you otherwise indebted to him/her by cash monies, time or demand deposits, no matter when payable, except for wages?

   Answer ☐ yes ☐ no

4. If your answer to number 3 above is yes, state:

   Description: _____
   Gross amount when served: $ _____
   Date due: _____, _____
   Deduction by reason of offset, service or other charge: $ _____
   Net amount subject to garnishment proceeding: $ _____

## AFFIDAVIT

_____ on oath states that the answers to the interrogatories are true.

                                        _____

Signed and sworn to before me on the _____ day of _____, _____

                                        _____ Notary public

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CL19-1016
19-668

# GARNISHMENT SUMMONS

Commonwealth of Virginia

Case No. ...........................

Arlington County ............................................................ Circuit Court

1425 N. Courthouse Road, Suite 6700 Arlington, VA 22201

COURT ADDRESS

| JUDGMENT CREDITOR: | JUDGMENT DEBTOR: |
|---|---|
| Wesco Distribution, Inc. v. | BCause Mining, LLC |
| 225 West Station Drive Suite 700 | 277 Bendix Road |
| Pittsburgh, PA 15219 **RECEIVED** | Suite 420 |
| Telephone No. ........ 412-454-2200 | Virginia Beach, VA 23452 |
| JUDGMENT CREDITOR'S ATTORNEY: **MAR 27 2019** | Soc. Sec. No. ...................... |
| Seth A. Robbins | Garnishee: Lakeside Bank Community Development, LLC |
| 1100 N. Glebe Road, Suite 1010 **PAUL FERGUSON, CLERK** | 55 West Wacker Drive |
| Arlington, VA 22901 **Arlington County Circuit Court** | Chicago, IL 60601 |
| **Deputy Clerk** | |
| Telephone No. ....... 703-224-4436 | |

| June 21, 2019 | 10:00am |
|---|---|
| HEARING DATE AND TIME | |

| STATEMENT: | | |
|---|---|---|
| Judgment Principal: | $ | 1,896,349.34 |
| Credits | | 0.00 |
| Interest | | 17,788.43 |
| Judgment Costs | | 356.00 |
| Attorney's Fee | | 0.00 |
| Garnishment Costs | | 644.00 |

This is a garnishment against (check only one):

[ ] the judgment debtor's wages, salary or other compensation.
[x] some other debt due or property of the judgment debtor, specifically,
   any and all assets, including bank accounts and instruments

| TOTAL BALANCE DUE $ | 1,915,137.77 |
|---|---|

The garnishee shall rely on this amount.

MAXIMUM PORTION OF DISPOSABLE EARNINGS
SUBJECT TO GARNISHMENT
[ ] Support
[ ] 50% [ ] 55% [ ] 60% [ ] 65%
(if not specified, then 50%)
[ ] state taxes, 100%

March 1, 2019
DATE OF JUDGMENT

If none of the above are checked, then § 34-29(a) (on reverse) applies.
TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

4/1/2019 .................................................... , Clerk
DATE OF ISSUANCE OF SUMMONS

4/1/2019 .................................. by ....................................
DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF                    DEPUTY CLERK
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

WRIT OF FIERI FACIAS TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.
Homestead Exemption Waived? [ ] Yes [ ] No [ ] Cannot be demanded

.................................................... , Clerk

4/1/2019 .................................. by ....................................
DATE                                                          DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE 1 OF 2) 1/07
VA. CODE §§ 8.01-511, -512.3

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You may rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employee makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

RECEIVED

_____
DATE AND TIME

_____
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found – otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

_____
DATE

_____
SHERIFF

_____
DEPUTY SHERIFF

FORM CC-1486 (MASTER PAGE 2 OF 2) 12/05

---

JUDGMENT DEBTOR ........ BCause Mining, LLC

ADDRESS ........ 277 Bendix Road Suite 420
Virginia Beach, VA 23452

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found

_____
SERVING OFFICER

for _____

---

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE ........ Lakeside Bank Community Development, LLC

ADDRESS ........ 55 West Wacker Drive
Chicago, IL 60601

TELEPHONE NUMBER:   312-435-5100

[ ] PERSONAL SERVICE   [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

[ ] Not found

_____
DATE OF MAILING

_____
SERVING OFFICER

_____
DATE

for _____

**SUGGESTION FOR SUMMONS IN GARNISHMENT**

Case No. .......... 19-668 ..........

VA. CODE § 8.01-511

In the Circuit Court of the [ ] City [X] County of ........................................ Arlington

| JUDGMENT CREDITOR: | | JUDGMENT DEBTOR: |
|---|---|---|
| Wesco Distribution Inc.<br>225 West Station Drive Suite 700<br>Pittsburgh, PA 15219 | V. | BCause Mining, LLC<br>277 Bendix Road<br>Suite 420<br>Virginia Beach, VA 23452 |

Telephone No. ..........................................

JUDGMENT CREDITOR'S ATTORNEY

Seth A. Robbins, Esq. VA Bar # 45807
1100 N. Glebe Road Suite 1010
Arlington, VA 22201

Telephone No. .......... (703) 224-4436 ..........

Suggested Garnishee:

Lakeside Bank Community Development, LLC
55 West Wacker Drive
Chicago, IL 60601

Social Security No. ..........................................

If garnishee is defendant's employer, please furnish employer's
name, and state whether it is a corporation, or one or more
persons trading under a fictitious or trade name.

*RECEIVED*
*MAR 27 2019*
*PAUL FERGUSON, CLERK*
*Arlington County Circuit Court*
*by ..........................................*
*Deputy Clerk*

**STATEMENT**

| | | |
|---|---|---|
| $ | 1,896,349.34 | Judgment Principal |
| | 0.00 | Credits |
| | 17,788.43 | Interest |
| | 356.00 | Judgment Costs |
| | 0.00 | Attorney's fee |
| | 644.00 | Garnishment Costs |

| $ | 1,915,137.77 | Total Balance Due |
|---|---|---|

The garnishee shall rely on this amount.

| ORIGINAL JUDGMENT | |
|---|---|
| DATE OF JUDGMENT | DATE EXECUTION DELIVERED |
| March 1, 2019 | March 1, 2019   VA CODE 8.01-438 |

Instrument No. ..........................................

| JUDGMENT DOCKETED IN THIS COURT |
|---|
| Date Docketed |
| Book/Page/Instrument No. .......................... |

MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO
GARNISHMENT

[ ] Support (if not specified, then 50%)

[ ] 50% [ ] 55% [ ] 60% [ ] 65% [ ] State Taxes, 100%

If none of the above are checked, then § 34-29(a) applies.

I request the Clerk to summon the Suggested Garnishee to
answer this suggestion.

This is a garnishment against [ ] the judgment debtor's wages, salary or other compensation. [X] some other debt due or property,
of the judgment debtor, specifically, .......... any and all assets, including bank accounts and instruments ..........

I have reason to believe that there is a liability on the suggested garnishee because of the execution of the "ORIGINAL
JUDGMENT" described above, I certify that:

[ ] (1) The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

[ ] (2) No summons has been issued upon this judgment creditor's suggestion against the same judgment debtor within a
period of eighteen months, other than a summons which was based upon a judgment upon which a prior summons has
been issued but not fully satisfied; or

[ ] (3) The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent, or
shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor
or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

[ ] (4) The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an
authorized lending institution; or

[X] (5) The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

[ ] (6) The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

[ ] I have made a diligent good faith effort to secure the social security number of the judgment debtor and have been unable to do
so.

I hereby certify that the last known address of the defendant is as shown above.

| March 27, 2019 | |
|---|---|
| DATE SUBMITTED | [X] JUDGMENT CREDITOR   [ ] AGENT   [X] ATTORNEY |

**WARNING:** Any judgment creditor who knowingly gives false information in a suggestion for Summons in
Garnishment shall be guilty of a Class 1 misdemeanor.

FORM CC-1485 MASTER 07/12

**REQUEST FOR HEARING –**
**GARNISHMENT/LIEN EXEMPTION CLAIM**                Case No. .............. 19-668
Commonwealth of Virginia     VA. CODE § 8.01-512.4

............................................ Arlington County Circuit Court ............................................
                                    COURT NAME

........... WESCO Distribution Inc. ...........    v.    ........... BCause Mining, LLC ...........
        JUDGMENT CREDITOR                                JUDGMENT DEBTOR

                                      and    ..... Lakeside Bank Community Development, LLC .....
                                                       GARNISHEE

I claim that the exemption(s) from garnishment or lien which are checked below apply in this case:

## Major Exemptions Under Federal and State Law                    **RECEIVED**

_____  1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).        MAR 27 2019

_____  2. Veterans' benefits (38 U.S.C. § 5301).

_____  3. Federal civil service retirement benefits (5 U.S.C. § 8346).                PAUL FERGUSON, CLERK
                                                                Arlington County Circuit Court
_____  4. Annuities to survivors of federal judges (28 U.S.C. § 376(n)).          by ............................... Deputy Clerk

_____  5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).

_____  6. Black Lung benefits.

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____  7. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. § 11109).

_____  8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia). This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).

_____  9. Amounts in excess of portions of wages subject to garnishment (§ 34-29, Code of Virginia).

_____  10. Public assistance payments (§ 63.2-506, Code of Virginia).

_____  11. Homestead exemption of $5,000 in cash, or $10,000 if the householder is 65 years of age or older. (§ 34-4, Code of Virginia). This exemption may not be claimed in certain cases, such as payment of child or spousal support (§ 34-5, Code of Virginia).

_____  12. Property of disabled veterans – additional $10,000 cash (§ 34-4.1, Code of Virginia).

_____  13. Worker's Compensation benefits (§ 65.2-531, Code of Virginia).

_____  14. Growing crops (§ 8.01-489, Code of Virginia).

_____  15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).

_____  16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).

_____  17. Assignments of certain salary and wages (§ 55-165, Code of Virginia).

_____  18. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).

_____  19. Proceeds from funeral trusts (§ 54.1-2823, Code of Virginia).

_____  20. Certain retirement benefits (§ 34-34, Code of Virginia).

_____  21. Child support payments (§ 20-108.1, Code of Virginia).

_____  22. Support for dependent children (§ 34-4.2, Code of Virginia). To claim this exemption, an affidavit that complies with the requirements of subsection B of § 34-4.2 and two items of proof showing entitlement to this exemption must be attached to this exemption form. (The affidavit, form DC-449, AFFIDAVIT CONCERNING DEPENDENT CHILDREN AND HOUSEHOLD INCOME, is available at www.courts.state.va.us/forms/district/civil.html or the clerk's office.)

_____  23. Other (describe exemption): $ ................................................................................

I request a court hearing to decide the validity of my claim. Notice of hearing should be given to me at:

..................................................................        ..................................................................
                    ADDRESS                                        TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

..................................................................        ..................................................................
                    DATE                                      SIGNATURE OF JUDGMENT DEBTOR

FORM DC-454 REVERSE 07/12

Case 19-10562   Claim 2 Part 10   Filed 02/26/19   Desc Exhibit H   Page 13 of 13

# NOTICE TO JUDGMENT DEBTOR
## HOW TO CLAIM EXEMPTIONS FROM GARNISHMENT AND LIEN

The attached Summons in Garnishment or Notice of Lien has been issued on request of a creditor who holds a judgment against you. The Summons may cause your property or wages to be held or taken to pay the judgment.

The law provides that certain property and wages cannot be taken in garnishment. Such property is said to be exempted. A summary of some of the major exemptions is set forth in the request for hearing form. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the claim for exemption form and (ii) deliver or mail the form to the clerk's office of this court.

You have a right to a hearing within seven business days from the date you file your claim with the court. If the creditor is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is indicated on the Summons in Garnishment attached. You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

If you do not claim an exemption and do not otherwise contest the garnishment, you are not required to appear in court on the return date on the Garnishment Summons.

It may be helpful for you to seek the advice of an attorney in this matter.


**THE REQUEST FOR HEARING FORM IS PRINTED ON THE REVERSE OF THIS FORM.**


FORM DC-454 FRONT 07/10

Case 19-10562 Claim 2 Part 11 Filed 04/29/19 Desc Exhibit I Page 1 of 3

# EXHIBIT I



**\*221567\***

Law firm ref#: 33-143

# IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS

**WESCO DISTRIBUTION, INC.,**
    Plaintiff(s),

vs.

**BCAUSE MINING LLC; et al.,**
    Defendant(s).

**Case No.: 19 L 50181**



## AFFIDAVIT OF SPECIAL PROCESS SERVER

<u>Michael Mitchell</u> , Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an employee of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.

INDIVIDUAL/ENTITY TO BE SERVED: **Lakeside Bank**

I, Served the within named INDIVIDUAL/ENTITY on April 03, 2019 @ 3:17 PM

CORPORATE SERVICE: by leaving a copy of this process with **Vincent J. Tolve**, (Title): **Executive VP / General Counsel**, a person authorized to accept service. I informed that person of the contents thereof.

TYPE OF PROCESS: **Judgement Debtor Bcause LLC's Garnishment Summons (Non-Wage); Affidavit for Garnishment (Non-Wage); Garnishment Summons**

ADDRESS WHERE SERVED: **55 W. Wacker Drive, Chicago, IL 60601**

The sex, race and approximate age of the individual with whom the copy of this process was left is as follows:

Sex: **Male** - Race: **White** - Hair: **Gray** - Approx. Age: **55-60** - Height: **5ft 09in** - Weight: **260-270 lbs**

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of _Illinois_

County of _Cook_

Michael Mitchell , Process Server

Dated _4/4/19_

This instrument was subscribed and sworn to before me on _4-4-2019_ (date)
By _Michael Mitchell_ (name/s of person/s)

_____
Signature of Notary Public

ATG LegalServe Inc
105 W. Adams Street, Suite 1350
Chicago, IL 60603
312.855.0303

OFFICIAL SEAL
RENE SILVA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/21/20



**\*221566\***

Law firm ref#: 33-143

# IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS

WESCO DISTRIBUTION, INC.,  
    Plaintiff(s),  
vs.

Case No.: 19 L 50181

BCAUSE MINING LLC; et al.,  
    Defendant(s).



## AFFIDAVIT OF SPECIAL PROCESS SERVER

<u>Michael Mitchell</u> , Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an employee of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.

INDIVIDUAL/ENTITY TO BE SERVED: **Lakeside Bank**

I, Served the within named INDIVIDUAL/ENTITY on April 03, 2019 @ 3:17 PM

CORPORATE SERVICE: by leaving a copy of this process with **Vincent J. Tolve**. (Title): **Executive VP / General Counsel**, a person authorized to accept service. I informed that person of the contents thereof.

TYPE OF PROCESS: **Judgement Debtor Bcause Mining LLC's Garnishment Summons (Non-Wage); Affidavit for Garnishment (Non-Wage)**

ADDRESS WHERE SERVED: **55 W. Wacker Drive, Chicago, IL60601**

The sex, race and approximate age of the individual with whom the copy of this process was left is as follows:

Sex: **Male** - Race: **White** - Hair: **Gray** - Approx. Age: **55-60** - Height: **5ft 09in** - Weight: **260-270 lbs**

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of _Illinois_

County of _Cook_

This instrument was subscribed and sworn to before me on _4-4-2019_ (date)  
By _Michael Mitchell_ (name/s of person/s)

Signature of Notary Public

Michael Mitchell , Process Server  
Dated _4/4/19_

ATG LegalServe Inc  
105 W. Adams Street, Suite 1350  
Chicago, IL60603  
312.855.0303

```
OFFICIAL SEAL
RENE SILVA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/21/20
```