IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining, LLC,  et al. | ) | Judge Janet S. Baer |
| | ) | Jointly Administered |
| Debtors/Debtors-in-Possession. | ) | Chapter 11 |
| | ) | **Status hearing: 8/8/19 at 10:00 a.m.** |

**RESPONSE OF DEBTORS TO BMG OPERATIONS LTD.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

BCause Mining, LLC ("Mining"), and BCause LLC ("LLC"), Debtors/Debtors-in-Possession (collectively, "Debtors") in the above-captioned Chapter 11 cases, by and through their attorneys, Scott R. Clar and the law firm of Crane, Simon, Clar & Dan, in response to the Motion of BMG Operations LTD's ("BMG") for Relief from the Automatic Stay ("Motion"), state as follows:

**I. Introduction**

1.    On April 11, 2019, Mining filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.    Mining has been managing its financial affairs as debtor-in-possession since the Petition Date.   No trustee or examiner has been appointed to serve in this reorganization case. An Official Committee of Unsecured Creditors was appointed on April 24, 2019, which is represented by counsel.

3.    Mining is in the crypto currency mining business, which is the process of producing digital currency using cryptography and high-powered computers known as mining rigs, or minors.   Mining is a service provider that hosts a mining venue for its customers via a state of the art mining facility in Virginia Beach, Virginia, and maintains offices located at 130 S. Jefferson

Street, Suite 101, Chicago, Illinois, 60661.

4. Mining is wholly owned by LLC, which is a limited liability holding company also formed in Virginia.

5. Mining's Chapter 11 filing was triggered by a judgment entered in favor of WESCO Distribution, Inc. in the approximate amount of $1,300,000 and a garnishment of LLC's bank account, from which all of Mining's bills were paid, including bills for utilities such as Dominion Energy, which threatened a shut-off of Mining's utilities for non-payment, as of April 12, 2019.

6. LLC, itself filed a Chapter 11 case on April 12, 2019, which case is pending before this Court as a related case under Case No. 19-10731. The Mining and LLC Chapter 11 cases are being jointly administered pursuant to the Order of this Court entered on May 8, 2019.

7. On or about July 15, 2019, BMG filed the Motion. On July 23, 2019, this Court granted leave to the Debtors to file a response to the Motion by and including July 30, 2019. The Debtors respectfully request that the Motion be denied.

8. The Motion, which purports to seek relief from the automatic stay with respect to a Hosting Service Agreement ("Hosting Agreement"), which is still in effect between the parties and has not been assumed or rejected by Mining, is in reality a thinly disguised request for declaratory judgment and turnover which relief must be sought by adversary complaint. The Motion has been brought in bad faith, as the veritable "preemptive strike," so as to have this Court decide substantive issues on an expedited basis, before the Debtors have an opportunity to seek relief against BMG for its breach of the Hosting Agreement due, *inter alia,* to underpayment by BMG for pre-petition and post-petition services provided by Mining to BMG.

## II. Background

9. On or about November 30, 2017, Mining and BMG entered into the Hosting Agreement, a copy of which is attached to the Motion as Exhibit 2, whereby BMG agreed to utilize Mining's services beginning in February 2018.

10. Paragraph 3.7 of the Hosting Agreement provides in relevant part as follows:

> …BMG shall be responsible for the purchase and procurement of spare parts and related equipment for the units …

11. Paragraph 3.9 of the Hosting Agreement provides in relevant part as follows:

> …BMG will provide software necessary for inventory management and monitoring of its units with capabilities particular to the states and times described in Appendix A.1…

12. Paragraph 9.2.b of the Hosting Agreement provides in relevant part as follows:

> …In the case that BMG shall terminate the service, BMG shall be liable for all of BCause's direct and indirect damages arising thereof, specifically any remaining portions of contracted electrical service and remaining amortization on improvements made to the facility to provide services to BMG…

13. Paragraph 9.3 of the Hosting Agreement provides in relevant part as follows:

> Termination with cause…thirty day right to cure.

14. App B.10 of the Hosting Agreement provides in relevant part as follows:

> …but only after payment by BMG of all outstanding payment obligations…

15. App C.5 to the Hosting Agreement provides in relevant part as follows:

> …BCause is not liable for temporary interruptions…Such interruptions include those caused by ancillary service providers…the electrical provider drops service…

16. BMG has failed to provide sufficient spare parts as required by paragraph 3.7 of the Hosting Agreement, thereby reducing the amount of revenue and profit for Mining. BMG is currently hosting 5,000 machines with Mining with a monthly hosting fee (2,500 x $65.75) plus (2,500 x $63.40) equaling $322,875. That failure, which has occurred in eight (8) of the last eighteen (18) months, has resulted in a loss of approximately $100,000 per month in revenue and approximately $20,000 a month in EBITDA, with a total estimated loss of revenue of $800,000 and estimated loss of profit of $160,000.

17. Mining incurs approximately $650 in capital expenditures for each of the 5000 machines hosted, equaling $3.25 million. One and one-half years of the ten year amortization period have elapsed. Accordingly, there remains an unamortized balance of $2.6 million as 85% of the amortization period remains, as contemplated by paragraph 9.2.b of the Hosting Agreement.

18. No formal 30-day notice has been given either pre-petition or post-petition by BMG as required by paragraph 9.3 of the Hosting Agreement.

19. Pursuant to App.B.10 to the Hosting Agreement, return of BMG's equipment would be required but only after satisfaction of the obligations described above.

20. Mining has extended credit of $70,000 per month for eight months to BMG in the belief that the parties had a repayment arrangement in place. Accordingly, the estate would

possess an interest in recovering all such credits totaling $560,000, whether they be pre-petition or post-petition.

### III. Argument

21. Without any recognition of BMG's post-petition default on its payments to Mining, as well as other defaults, BMG seeks an order granting relief from the automatic stay to i) allow BMG to immediately terminate its Hosting Agreement with Mining or, in the alternative, ii) permit BMG to immediately remove its property and issue a notice of Non-Renewal of the Hosting Agreement and iii) permit BMG to set-off its monthly hosting payments against its damages caused by Mining's purported conduct.

22. To be clear, the Debtors have no objection to modification of the automatic stay so as to grant BMG the right to issue a notice of non-renewal of the Hosting Agreement. This was a contractual provision which was agreed upon by Mining and BMG.

23. The balance of the relief requested however, seeks declaratory findings of BMG's interest in the subject property, its right to turnover and possession of the subject property and its right to a post-petition set-off. These are all matters that cannot and should not be determined by this Court on a summary basis. These are matters that are central to the Debtors' bankruptcy case and which should be determined pursuant to the due process provided by the filing of an adversary complaint.

24. Rule 7001 of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows:

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

>   (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
>
>   . . .
>
>   (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing.

25. As is recognized by one treatise:

>   Adversary proceedings commenced by creditors under Rule 7001(1) include those commenced… by landlords seeking to terminate leases with the debtor… and by owners of property seeking reclamation of property in the possession of the trustee or debtor merely as trustee bailee. (citations omitted).

10 *Collier on Bankruptcy* ¶7001.02 (Richard Levin and Henry J. Sommer eds., 16th ed.) See also *Matter of Perkins,* 902 F.2nd 1254, 1258 (7th Cir. 1990) ("a turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint… a turnover proceeding commenced by motion rather than by complaint will be dismissed." (citations omitted); and *In re The Lionel Corporation,* 23 B.R. 224, 225 (Bkrtcy.S.D.N.Y. 1993) ("motion seeking relief with respect to the recovery of money, recovery of property, and the determination of an interest in property is procedurally defective. Such relief is appropriate only in the context of an adversary proceeding.")

**Conclusion**

26.     BMG is attempting to finesse the Motion as a vehicle to obtain relief to which it is unentitled.   Rule 7001 requires the filing of an adversary complaint when such relief is requested.   The Motion is not brought in good faith and should be denied.[1]

WHEREFORE, BCause Mining LLC, and BCause LLC, Debtors/Debtors-in-Possession herein, pray for the entry of an Order:

A)     Denying the Motion of BMG Operations LTD for relief from automatic stay, and

B)     Granting such other relief as may be just and appropriate.

> BCause Mining LLC, and BCause LLC
> Debtors/Debtors-in-Possession
>
> By:/s/ Scott R. Clar
>    One of their attorneys

**DEBTORS' COUNSEL:**
Scott R. Clar (Atty. No. 06183741)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
312-641-6777
sclar@cranesimon.com
W:\MJO2\BCause Mining LLC\Rsp to BMG Relief Mot.RSP.docx

---

[1] Should this Court hold otherwise, the Debtors request sufficient additional time to take necessary discovery and to file an answer with respect to each and every allegation contained in the Motion as well as a counterclaim.