# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BCAUSE MINING LLC, et al., | Case No. 19-10562 <br> (Jointly Administered) |
| Debtors/Debtors-in-possession. | Honorable Janet S. Baer |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO BMG OPERATIONS LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "*Committee*") of BCause Mining LLC ("*Mining*") and BCause LLC ("*BCause*" together with Mining, the "*Debtors*"), by and through its undersigned counsel, submits this objection (the "*Objection*") to the motion (the "*Motion*") (ECF No. 184) of BMG Operations LTD. ("*BMG*") for relief from the automatic stay. In support of this Objection, the Committee states as follows:

## OBJECTIONS

BMG's Motion includes three requests for relief: (1) terminate the automatic stay to allow BMG to terminate the Hosting Agreement, (2) modify the automatic stay to allow BMG to issue a notice of non-renewal and mitigate damages, and (3) modify the automatic stay in order to allow BMG to exercise its setoff rights.

With respect to issues 1 and 2, the Committee joins in the arguments set forth in the objections filed by WESCO Distribution (ECF No. 196) and the Debtor (ECF No. 198).[1]

### I. BMG is Not Entitled to Assert Post-Petition Setoff Against the Debtor

BMG seeks authority to modify the automatic stay to allow it to setoff post-petition amounts it owes the Debtor for hosting fees against damages it alleges that it is owed pursuant to

---

[1] Capitalized terms not defined in this Objection shall have the meaning ascribed to them in the Motion.

section 553 of the Bankruptcy Code. Notably, BMG only now seeks authority to modify the automatic stay to assert a post-petition setoff despite previously setting off approximately $70,000 per month in May and June of this year against hosting fees it owed to the Debtor without the Court's authority.

BMG's request to modify the automatic stay to permit setoff is inappropriate because it has not established that it has any right to setoff under applicable law, it has not followed proper procedure for asserting a post-petition claim against the Debtor, and it is premature to decide BMG's right to setoff given the status of this case.

    A. <u>BMG Has Not Established That it is Entitled to a Right to Setoff Under Applicable Law</u>

Setting aside its prior exercise of post-petition setoff, BMG has not established that it has any right to setoff under applicable law. The existence of a right to setoff is determined by applicable state law. *Matter of Martin*, 130 B.R. 930, 938 (Bankr. N.D. Ill. 1991). *See also In re Express Freight Lines, Inc.*, 130 B.R. 288, 290 (Bankr. E.D. Wis. 1991) ("Courts look to the parties' contractual relationship in light of state law to determine whether there is a valid and enforceable basis for setoff before considering whether it would be equitable to allow it.") "The right of setoff is within the discretion of the court, exercised under the principles of equity." *In re NTG Industries, Inc.*, 103 B.R. 195, 196-97 (Bankr. N.D. Ill. 1989). The Hosting Agreement is governed by the laws of Singapore (Motion, Exhibit 2, Art. 10(6)). BMG does not cite to any Singapore law to support its asserted right to setoff such as the applicable standard or whether it or not it exists.

### B. BMG Has Not Followed Proper Procedure for Asserting a Post-Petition Claim Against the Debtor

Apart from any purported legal right to assert a setoff claim, BMG has not initiated an appropriate procedural vehicle for asserting its alleged post-petition claim against the Debtor such as through an application for an administrative claim or an adversary proceeding, as the Debtor suggests. This would create an appropriate forum for BMG to assert all post-petition claims it contends it has against the Debtor and allow the Debtor to respond by asserting the claims it has against BMG. For example, BMG has already improperly setoff approximately $140,000 in monthly hosting fees for the months of May and June. The Committee also understands that Debtor may have further claims against BMG relating to BMG's noncompliance with its obligation to repair certain miners.

Moreover, BMG's calculations of its lost revenue claim is vastly overinflated. BMG assumes lost revenues of $2.22 per machine per day based on a bitcoin price of $12,000 USD. (Motion, Exhibit 3 ¶ 4.) However, since June 9, 2019 – the date of the Surge Event – Bitcoin has closed at or above $12,000 only five (5) out of fifty-one (51) days through July 29, 2019. *See* Bitcoin (BTC) Historical Data attached hereto as Exhibit A.[2] The average close price is significantly lower - $10,365.99. In order to permit any setoff, BMG must initiate an appropriate procedural vehicle for asserting its claim against the debtor to allow all parties-in-interest an opportunity to be heard on allowance of the claim and to conduct an evidentiary hearing on the amount of BMG's alleged claim given the clear disputes between the Debtor and BMG regarding amounts owed to one another.

---

[2] Information obtained from https://coinmarketcap.com/currencies/bitcoin/historical-data/?start=20190609&end=20190729 (last accessed July 30, 2019).

C. It is Premature to Decide the Merits of BMG's Alleged Setoff

Finally, the Court must evaluate principles of equity in determining whether to permit setoff in the bankruptcy context. At this point in the case, it is premature to determine BMG's right to setoff because it is not yet know what effect that setoff will have on the Debtor's bankruptcy estate and its ability to reorganize and maximize the benefit of its estate for all creditors.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Court deny BMG's Motion and grant such other and further relief as the Court deems just and proper.

Dated: July 30, 2019

**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
    One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:    312.360.6520
Email:  sderousse@freeborn.com
         deggert@freeborn.com
         ejanczak@freeborn.com

*Counsel for Official Committee of Unsecured Creditors of BCause Mining LLC and BCause LLC*