

A business advisory and advocacy law firm®

Direct Dial: 312.642.2217
E-mail: dagay@mcdonaldhopkins.com

McDonald Hopkins LLC
300 North LaSalle Street
Suite 1400
Chicago, IL 60654

P 1.312.280.0111
F 1.312.280.8232

August 12, 2019

**VIA ELECTRONIC FILING**

Judge Janet S. Baer
United States Bankruptcy Judge
Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chamber 662
Chicago, IL 60604

**Re:**   In re BCause Mining LLC, Case No. 19-10562

Dear Judge Baer:

I write in connection with the Debtors' proposed *Sixth Interim Order Authorizing Use of Cash Collateral and Granting Related Relief*, attached hereto. As you know, I represent WESCO in these bankruptcy cases.

As your honor will recall, at the hearing on August 8, 2019, I expressed concerns about the Debtors' cash expenditures in advance of the next cash collateral hearing, currently scheduled for September 4, 2019, and their deteriorating cash position relative to the beginning of these cases when they held approximately **$914,000.00**. Unfortunately, the Debtors have not addressed those concerns.

Subsequent to the August 8, 2019 hearing in these cases, the Debtors sent a proposed cash collateral order and budget, attached hereto as Exhibit A. According to this August 8 proposed order and budget:

- For the week ending September 6, 2019, the Debtors proposed expenditures that reduced the Debtors' cash balance from $878,603.00 to $395,486.00.
- Thereafter, the Debtors would not have replenished their cash balance for the remainder of the projection period.
- Between the weeks of September 6 and November 1, the Debtors' ending cash would have hovered between $11,480.00 (at its low point) and $384,675.00 (at its high point).
- For the week ending November 1, 2019, the Debtors projected cash of only $734,582.00, then diminishing to almost zero (i.e., $619.00) by the end of the month, and then going to $699,100.00 by the beginning of December.

Judge Janet S. Baer
August 12, 2019
Page 2

On account of the Debtors' worrying cash depletion, counsel for WESCO prepared this letter, sharing a draft with the Debtors' counsel on Friday, August 9, 2019, and asked for a written response no later than the morning of the date hereof. After an email exchange, attached hereto as Exhibit B, the Debtors sent a revised cash collateral order and budget on August 12, 2019, attached hereto as Exhibit C. According to this August 12 proposed order and budget, for the week ending September 6, 2019, the Debtors made one material change WESCO could discern: whereas under the August 8 budget, the Debtors proposed three payments to Dominion Energy between now and the week of September 6 in the aggregate amount of $839,000.00, under the August 12 budget, the Debtors now are proposing four payments of $732,000.00 in the aggregate. Unfortunately, this change does address the Debtors' cash burn. According to the August 12 proposed order and budget:

- For the week ending September 6, 2019, the Debtors propose expenditures that reduce the Debtors' cash balance from $737,603.00 to $565,540.00.
- Between the weeks of September 6 and November 1, the Debtors' ending cash will hover between $183,603.00 (at its low point) and $557,763.00 (at its high point).
- For the week ending November 1, 2019, the Debtors now project cash of $910,744.00, although WESCO cannot determine how the Debtors realized the extra $176,162.00 in cash versus the $734,582.00 shown for the same week in the August 8 budget. In any event, immediately thereafter, the Debtors continue their vicious cycle of burning cash through the remainder of the projection period.

Under the circumstances, WESCO has the following concerns relating to adequate protection and the Debtors' viability:

First, even under the Debtors' revised projections, between now and November 1, WESCO's cash collateral will suffer diminution in an amount well in excess of the adequate protection payments. To date, WESCO has received three adequate protection payments of $74,919.00 in the aggregate. As of the September 4, 2019 hearing, WESCO will have received four adequate protection payments of $99,892.00 in the aggregate, meaning the Debtors would have to realize a cash balance of at least $814,108.00 as of September 4 hearing ($914,000.00, net of the $99,892.00 in adequate protection payments) for the adequate protection payments to have covered the diminution. And again, as shown in the August 12 budget, the Debtors' cash burn accelerates thereafter.

Second, subsequent to the August 8, 2019 hearing, Dominion Energy made a demand on the Debtors that would have resulted in the Debtors completely running out of cash the week of August 23, 2019. That correspondence is attached hereto as Exhibit D. While the Debtors seem to have addressed this issue in their budget, WESCO has not seen any correspondence from Dominion Energy confirming the payment schedule. Irrespective, WESCO remains very concerned that the Debtors' energy costs with Dominion Energy will continue to be a moving target for the rest of this case, meaning that negative swings in energy costs would cause the Debtors to unexpectedly run out of cash at any time. The Dominion Energy issue also

Judge Janet S. Baer
August 12, 2019
Page 3

underscores WESCO's concerns that the Debtors are reverse engineering their budgets to gain temporary reprieves, rather than following a disciplined model that reflects actual revenues and expenses.

Third, in light of the Debtors' starting cash position in these cases, and on account of their cash burn, WESCO has demanded the Debtors limit their expenditures leading up to the September 4 hearing and provide additional adequate protection. The revised budgets sent by the Debtors on August 12, 2019 do not attempt to address this issue. Under the August 12 revised budget, the Debtors start the week of September 6, 2019 with $737,603.00, and end with $565,540.00 (versus the $914,000.00 at the beginning of the case). As should be evident, the Debtors must address this deterioration in cash leading up to the September 4 hearing, and also the cash depletion subsequent to the September 4 hearing, and provide WESCO additional adequate protection.

Fourth, the Court will note in the Proposed Budget (Mining) attached to the proposed *Sixth Interim Order* a line item for "A Day Customer Curtailment Credits." According to the Debtors, this line item sets forth refunds owed to customers on account of power or other service outages. While this line item appeared on previous cash collateral budgets, the most recent budget received by WESCO prior to receiving the draft *Sixth Interim Order* reflected curtailment credits of $56,000.00 for the weeks of August 2 and September 6, 2019, each. *See WESCO Distribution's Reply in Support of Motion (I) To Dismiss the Debtors' Bankruptcy Cases, or, in the Alternative, (II) For Relief from the Automatic Stay* [D.I. 130, Exh. A, Part 2, p. 3]. On the currently proposed August 12 budget, A Day Customer Curtailment Credits are much higher, now projected as $130,000.00, $98,000.00, and $28,000.00, respectively, for the weeks of August 30, October 4, and November 1, 2019. Obviously, these refunds to customers significantly impact the Debtors' cash position. This issue was not discussed or otherwise disclosed at the August 8, 2019 hearing. Among other issues, WESCO is very concerned that it may only learn about these outages and refunds after the fact, as with the so-called "power surge" that came to light only after BMG raised the issue, and that the Debtors' actual results will differ dramatically from their projections, further depleting their cash.

Without a consensual resolution, and absent immediate action by the Court, WESCO and other creditors will be irrevocably harmed. In light of the concerns raised in this letter, WESCO respectfully submits that the Court should not permit the use of cash collateral until the Debtors submit a budget that adequately addresses these concerns and protects WESCO's interests.

Furthermore, to date, the Debtors have not complied with the certain provisions of the cash collateral order, including that they provide immediate notice of customers exercising their termination rights under hosting agreements (i.e., BMG) and notice of revenues being less than budget. Thus, for the reminder of these cases, in addition to compensating WESCO for diminution in its collateral, the Court should require the Debtors to report to WESCO, the U.S. Trustee, the Creditors' Committee and the other parties active in these cases: (a) on a daily basis, their actual cash position and cash receipts; and (b) immediately notify the parties upon (i) any

McDonald Hopkins
A business advisory and advocacy law firm®

Judge Janet S. Baer
August 12, 2019
Page 4

power outage or other customer service interruption, (ii) any revenue shortfall relative to budgeted amounts, and (iii) A Day Customer Curtailment Credits exceeding budgeted amounts.

Your Honor, the Debtors are funding these bankruptcy cases with WESCO's cash collateral. Their only defenses to forcing WESCO to finance these cases are a meritless and legally insufficient complaint challenging WESCO's liens in an adversary proceeding, to which WESCO shortly will be filing a dismissal motion, and also that the Debtors have made payments to WESCO during the bankruptcy cases, which, as already discussed, are not adequate. In terms of balancing the equities, the Court should note that neither the Debtors' unsecured creditors nor their equity holders have offered to provide any financing to the bankruptcy estates. Under the circumstances, sections 361 and 363 of the Bankruptcy Code are unequivocal: the Debtors must adequately compensate WESCO for continued diminution of cash collateral and for the risk the Debtors do not emerge from chapter 11.

Very truly yours,

David A. Agay

DAA/kp
Enc.
cc:     Service List

{8267131:5 }

McDonald Hopkins
A business advisory and advocacy law firm®