IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| BCAUSE MINING LLC | ) | CASE NO. 19-10562 |
| BCAUSE LLC | ) | (JOINTLY ADMINISTERED) |
| | ) | |
| | ) | |
| | ) | |
| DEBTORS | ) | HON. JANET S. BAER |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTORS' MOTION FOR AUTHORITY
TO FILE COMBINED JOINT PLAN OF
REORGANZATION AND DISCLOSURE STATEMENT**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Ha M. Nguyen, pursuant to 28 U.S.C. § 586(a)(3)(C), 11 U.S.C. § 307, and this Court's Scheduling Order dated August 8, 2019 [Dkt. No. 224], submits his opposition to BCause Mining LLC and BCause LLC's (collectively referred as the "Debtors") Motion for Authority to File Combined Joint Plan of Reorganization and Disclosure Statement (the "Motion") [Dkt. No. 205]. In support of his opposition, the U.S. Trustee states as follows:

**PRELIMINARY STATEMENT**

1. The Debtors' Motion should be denied because they improperly seek entry of an order that is inconsistent with the express provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("Rules"). Through their Motion, the Debtors attempt to apply the small business debtor provisions of Section 1125(f) and Rule 3017.1 to these cases, but those provisions do not apply. Instead, those provisions apply only to small business cases, and here the Debtors admit they are not small business debtors and that these are not small business cases, as those terms

1

are defined in Sections 101(51C) and (51D) of the Bankruptcy Code. The Debtors' attempt at expediency by trying to combine the plan and disclosure statement violates the express provisions of the Bankruptcy Code, as well as binding Supreme Court and Seventh Circuit precedent. These Debtors voluntarily commenced their Chapter 11 cases, and like all Chapter 11 debtors, must "suffer its warts and barnacles," including compliance with Section 1125 as written. *In re Amster Yard Assocs.*, 214 B.R. 122, 125 (Bankr. S.D.N.Y. 1997). Accordingly, the Debtors' Motion should be denied.

## OBJECTION

### A. The Debtors are not small business debtors

2. The fact that the Debtors admittedly are not small business debtors is fatal to their Motion.

3. One benefit provided to small business debtors is the ability to obtain a "waiver of the filing of a separate disclosure statement, or [to] obtain conditional approval of its disclosure statement, even *ex parte*…" *In re Display Grp., Inc.*, 2010 WL 4777550, at *4 (Bankr. E.D.N.Y. Nov. 16, 2010); *see also* 11 U.S.C. §§ 1125(f)(1) and (3); Fed. R. Bankr. P. 3017.1. However, a Chapter 11 debtor must fall within the definition of a small business debtor to receive these benefits. *See In re Roots Rents, Inc.*, 420 B.R. 28, 35 (Bankr. D. Idaho 2009)(stating that prior to BAPCPA, a debtor can elect whether to proceed as a small business debtor and incur the benefits associated with such an election).

4. Section 101(51C) defines small business case to mean "a case filed under chapter 11 of this title in which the debtor is a small business debtor." In turn, Section 101(51D) defines as a small business debtor as follows:

(A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning or operating real property or activities incidental thereto) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,000,000 1 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor; and

(B) does not include any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,000,000 1 (excluding debt owed to 1 or more affiliates or insiders).

5. In other words, a debtor is a small business debtor only if it is a (1) person that (2) engaged in commercial or business activities, with the (3) aggregate non-contingent liquidated secured and unsecured debt not more than $2,556,050 and (4) the U.S. Trustee has not appointed an unsecured creditor's committee in the case. If a debtor satisfies the requirements under Section 101(51D), its bankruptcy case is a small business case under Section 101(51C), and the BAPCPA small business provisions apply. *See In re Roots Rents,* 420 B.R. at 35.

6. The Debtors in these cases are not small business debtors, and these cases are not small business cases. The Debtors aggregate non-contingent liquidated secured and unsecured debt is greater than $2,556,050. On Schedule E/F, the Debtors listed $8,675,177.01 in priority and nonpriority unsecured claims. *See* Dkt. No. 82, pg 19. Additionally, the U.S. Trustee has convened a meeting of the twenty largest unsecured creditors and appointed an Official Committee of Unsecured Creditors. *See* Dkt. No. 28. These two factors demonstrate that the Debtors are not small business debtors as defined by Section 101(51D).

7. Amplifying that conclusion is the fact that on their respective petitions, neither of

Case 19-10562 Doc 243 Filed 08/22/19 Entered 08/22/19 14:14:04 Desc Main
Document Page 4 of 11

the Debtors indicated that they were small business debtors, thereby admitting they fall outside Section 101(51D) and the benefits conferred thereby. Based upon this fact alone, the Debtors are not entitled to a waiver of the requirement that they file in each case a separate plan and disclosure statement.

### B. Section 1125(f) and Rule 3017.1 do not apply to non-small business cases.

8. The Debtors cannot point to any binding authority for the proposition that the small business provisions apply to non-small business cases. Indeed, the rules of statutory construction and binding precedent from the Supreme Court and Seventh Circuit demonstrate that the Debtors' position is fatally flawed.

9. In their quest for expediency, the Debtors advocate for a reading of the Bankruptcy Code that would require the Court to ignore the plain language of the statute. The Supreme Court in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989), has held that "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." As this Court has noted, "[I]nterpretation of the Bankruptcy Code begins where all such inquiries must begin: with the language of the statute itself...[I]t is also where the inquiry should end, for where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *In re Horlbeck*, 589 B.R. 818, 833 (Bankr. N.D. Ill. 2018)(internal citations omitted).

10. The language of the provisions at issue is plain and unambiguous, so the Court's analysis should not extend beyond the text. For example, Section 1125(b) states that:

> an acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice

and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

*See* 11 U.S.C. § 1125(b).

11. The plain meaning of Section 1125(b) is that the proponent of a plan (the Debtors herein) must provide creditors with a plan and a disclosure statement containing adequate information before solicitation of acceptance or rejection of a proposed plan. The use of the conjunction "and" linking the two documents together signifies that the debtor must provide two separate documents, one of which must first be approved by the court. *Laubach v. Arrow Serv. Bureau, Inc.*, 987 F. Supp. 625, 630 (N.D. Ill. 1997)(citing *Ortiz v. Secretary of Defense*, 41 F.3d 738, 742 (D.C. Cir. 1994)(stating that use of the conjunction "and" means that both provisions of the regulation must be satisfied)). Without a separate disclosure statement containing adequate information, the Debtors cannot comply with Section 1125(b).

12. Moreover, Rule 3016(b) commands that the Debtors file a separate disclosure statement. Implementing Section 1125(b), Rule 3016(b) states as follows:

> *Disclosure Statement.* In a chapter 9 or 11 case, a disclosure statement under § 1125 of the Code or evidence showing compliance with § 1126(b) shall be filed with the plan…unless the plan is intended to provide adequate information under § 1125(f). If the plan is intended to provide adequate information under § 1125(f)(1), it shall be so designated and Rule 3017.1 shall apply as if the plan is a disclosure statement.

Fed. R. Bankr. R. 3016(b).

13. The rules of statutory construction apply to the Federal Rules of Bankruptcy Procedure. As the Supreme Court has consistently held, courts should "turn to the traditional tools of statutory constructions" to interpret the federal rules. *See United States v. Petri*, 731 F.3d 833, 839 (9th Cir.2013) (*quoting Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 163 (1988)); *See also Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989)("We give the Federal Rules

of Civil Procedure their plain meaning, and generally with them as with statue, '[w]hen we find the terms … unambiguous, judicial inquiry is completed")(internal quotations omitted). Rule 3016(b) contains the word "shall," which this Court should interpret as a command on the Debtors to file a separate plan and disclosure statement, unless an exception applies. Both the Supreme Court and the Seventh Circuit have made clear that the use of "shall" imposes a mandatory duty upon the subject of the command. *See United States v. Monsanto,* 491 U.S. 600, 607 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied"); *Pierce v. Underwood,* 487 U.S. 552, 569–70 (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"); *Barrentine v. Arkansas–Best Freight Sys., Inc.* 450 U.S. 728, 739 n. 15 (1981) (same under Fair Labor Standards Act); *Petro v. Mishler (In re Petro)*, 276 F.3d 375 (7th Cir. 2002)("[T]he Supreme Court has consistently held that Congress's use of the word 'shall' acts as a command to the federal courts"). There is no ambiguity in Rule 3016(b) that non-small business debtors, like the Debtors, shall file a disclosure statement with the plan under Sections 1125 and 1126(b).

14. On the other hand, not all Chapter 11 debtors must file a separate plan and disclosure statement. The only relevant exception to the general rule in Section 1125(b) and Rule 3016(b) is found in Section 1125(f).[1] Section 1125(f) states in relevant part that "[Notwithstanding subsection (b), in a small business case – (1) the court may determine that the plan itself provides adequate information and **that a separate disclosure statement is not necessary**…" *See* 11

---

1 Section 1125(g) is another exception to the requirements in 1125(b). Section 1125(g) relates to prepackaged cases, and is not relevant to these cases.

U.S.C. § 1125(f) (emphasis added). The exception found in Section 1125(f) was intended for small business debtors and was added pursuant to BAPCPA amendments to expedite the Chapter 11 process for small business debtors who have less complicated cases. *See In re Wheelchair Sales & Servs.*, Inc., 593 B.R. 321, 322 (Bankr. N.D. Ill. 2018)("the expedited nature of the confirmation process…is a clear example of Congress' attempt to keep small business cases on a short leash")(internal citations omitted). However, this section did not dispense with the disclosure and solicitation requirements for debtors who do not qualify as small business debtors under Section 101(51D). Section 1125(f) begins with stating "in a small business case." This express language in Section 1125(f) limits the application to small business cases, and the basic rules of statutory construction prohibit application of this provision to non-small business debtors seeking to circumvent the requirements under Section 1125(b). *See e.g. RadLAX Gateway Hotel, LLC*, 566 U.S. 639 (2012)("The terms of the specific authorization must be complied with").

15. Similar to Section 1125(f), Rule 3017.1(a) clearly and unambiguously states that it applies only in small business cases. To wit, "[I]n a small business case, the court may, on application of the plan proponent or on its own initiative, conditionally approve a disclosure statement filed in accordance with Rule 3016." Fed. R. Bankr. R. 3017.1. In their Motion, the Debtors improperly cite to Rule 3017.1 as authority to waive the separate disclosure statement requirement. The Debtors improperly seek application of Rule 3017.1 to the present non-small business cases in violation of the plain language of Rule 3017.1. Simply, Section 1125(f) and Rule 3017.1 cannot be any clearer that they apply only in small business cases.

16. Moreover, both the U.S. Supreme Court and the Seventh Circuit have held unequivocally that a specific provision of the Bankruptcy Code governs over a more general

provision. *See, Law v. Siegel*, 134 S. Ct. 1188, 1194 (U.S. 2014); *RadLAX Gateway Hotel, LLC*, 566 U.S. 639 (2012); *In re Milwaukee Engraving Co.*, 219 F.3d 635, 636 (7th Cir. 2000). In *Law v. Siegel*, the Supreme Court addressed an analogous issue when it reasoned that Section 105(a) may not be used to override explicit mandates of the Bankruptcy Code. Specifically, the Supreme Court noted "[t]hat is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere." *Law*, 134 S.Ct. at 1194. This rule "is particularly true where…Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions." *Id.* (internal quotation and citation omitted). Thus, since Congress has enacted Section 1125(f) to consolidate the disclosure process only in small business cases, it intended to limit those provisions to small business cases and those provisions cannot properly be read to apply to all Chapter 11 debtors.

17. In conclusion, the exceptions in Section 1125(f) and Rule 3017.1 are specific to small business debtors, and they cannot be properly read to apply to the Debtors. A contrary outcome would produce an absurd result where the specific exceptions would then become the general rule. All Chapter 11 debtors would be eligible for relief under Section 1125(f) and Rule 3017.1, despite Congress' clear intent to only apply the exceptions to small business debtors. Moreover, accepting the Debtors' position would render Section 1125(f) and 3017.1 superfluous – which legislative enactments were intended for the waiver of the filing of a separate disclosure statement for a specific class of debtors. Thereby, violating an additional cardinal principle of statutory construction. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1077 (7th Cir. 2013)(providing that statutory interpretation should not render a statute superfluous). The Court should reject the Debtors' position and adhere to the statutory text as written by Congress.

Congress knew what it was doing when it drafted Section 1125(f) and Rule 3017-1 to apply only to small business debtors, and courts should honor such congressional decisions. *See e.g.*, *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002)("[I]t is a general principle of statutory construction that when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")(internal quotations and citations omitted). For these reasons, the Debtors' Motion should be denied.

    **C.  *Section 105 cannot be used to circumvent the express provisions of the Bankruptcy Code***

18.    The Debtors cannot rely upon Section 105(a) to circumvent the express provisions of the Bankruptcy Code and to authorize their end-run around Section 1125(b) and Rule 3016(b).

19.    Section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title…" 11 U.S.C. § 105. As noted above, Section 105 cannot be used to override specific mandates of the Bankruptcy Code. *See Law v. Siegel*, 571 U.S. 415, 421 (2014). "Section 105(a) confers authority to 'carry-out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits." *Id*.

20.    Moreover, Section 105(a) cannot be invoked to cure a perceived inequity in the express provisions of the Bankruptcy Code. As the Seventh Circuit held in *In re Milwaukee Engraving*, "[a]lthough the bankruptcy judge believed that applying the Code literally would be inequitable, 'bankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law… but are limited to what the Bankruptcy Code itself provides." *In re Milwaukee Engraving*, 219 F.3d at 636.

21. The Bankruptcy Code and Rules provide that Section 1125(f) and Rule 3017.1 apply only in small business cases. That conclusion is solidified by the rules of statutory construction, as well as Supreme Court and Seventh Circuit binding precedent. Accordingly, the Debtors cannot obtain a waiver of the requirement to file a separate disclosure statement by relying on Section 105.

22. In researching this novel legal issue, the U.S. Trustee was unable to find any binding authority specific to the waiver of the separate disclosure statement. However, the U.S. Trustee notes that the Bankruptcy Court in *In re Van Tassel*, 2011 WL 10723278 (Bankr. E.D. Cal. June 7, 2011) took a contrary view. In *Van* Tassel, the Bankruptcy Court held that "there is enough latitude § 105 to allow the court" to apply the small business provisions to a non-small business debtor. However, *Van Tassel* is not binding in the Northern District of Illinois, is factually distinguishable, and is based on an outdated application of Section 105. First, a review of the *Van Tassel* case indicates that the individual Chapter 11 debtor had $1.2 million in total liabilities. *See* Dkt. No. 32, Case No. 10-11742. Although the case was not designated as a small business case, the debtor in *Van Tassel* qualified as a small business debtor under Section 101(51D). Second, the *Van Tassel* case is an opinion rendered by a bankruptcy judge in the Eastern District of California, which has no binding effect in this district. Third, and perhaps most importantly, the Bankruptcy Court in *Van Tassel* did not have the mandate from *Law v. Siegel*, which was decided 4 years after the filing of the *Van Tassel* case. The Supreme Court made clear in *Law v. Siegel* that the Bankruptcy Court lacked authority to override specific mandates of the Bankruptcy Code. For these reasons, *Van Tassel* has no persuasive value in this matter and does nothing to advance the Debtors' position.

**CONCLUSION**

23. The Debtors' attempt to employ statutory provisions available only to small business debtors, while admitting they are not small business debtors, should be denied. The small business provisions are part of a "comprehensive scheme and has deliberately targeted specific problems with specific solutions." *RadLAX*, 566 U.S. at 645 (2012)(citing *Varity Corp. v. Howe*, 516 U.S. 489, 519, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)). The text of Section 1125(f) and Rule 3017.1 do not allow non-small business debtors to reap the benefit of the small business provisions in effort to skirt the "warts and barnacles" that all Chapter 11 debtors must endure, and that is strict compliance with the requirements of Section 1125 to solicit votes for a plan of reorganization.

**WHEREFORE**, the U.S. Trustee respectfully requests that his Objection be sustained, that the Debtors' Motion for Authority to File Combined Joint Plan of Reorganization and Disclosure Statement be denied, and that the Court granted any other relief that is appropriate under the circumstances of this case.

RESPECTFULLY SUBMITTED:

PATRICK LAYNG
UNITED STATES TRUSTEE

Dated: August 22, 2019

BY: *Ha M. Nguyen*
Ha M. Nguyen, Attorney
Office of the U.S. Trustee
219 S. Dearborn St., #873
Chicago, Illinois 60604
(312) 886-3320