IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining, LLC, *et al.* | ) | Judge Janet S. Baer |
| | ) | Chapter 11 |
| Debtors/Debtors-in-Possession. | ) | (Jointly Administered) |
| | ) | **Status: 9/4/2019 at 10:00 a.m.** |

**REPLY OF DEBTORS TO UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR AUTHORIZTY TO FILE COMBINED JOINT PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

BCause Mining, LLC ("Mining"), and BCause LLC ("LLC"), Debtors/Debtors-in-Possession herein ("Debtors"), by and through their attorneys, hereby present their Reply to the United States Trustee's Objection to Debtors' Motion for Authority to File Combined Joint Plan of Reorganization and Disclosure Statement, and in support thereof, states as follows:

1. On April 11, 2019, Mining filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On April 12, 2019, LLC filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Dates").

2. The Debtors have been managing their financial affairs as debtors-in-possession since the Petition Dates. No trustee or examiner has been appointed. An Official Committee of Unsecured Creditors has been appointed to serve in these reorganization cases.

3. On May 8, 2019, this Court entered an order providing for the joint administration of the Mining and LLC bankruptcy cases.

4. Mining is in the crypto currency mining business, which is the process of producing digital currency using cryptography and high-powered computers known as mining rigs, or miners. Mining now mines itself, and is a service provider that hosts a mining venue for

its customers. Its mining facility is located in Virgina Beach, Virginia, and it formerly maintained offices located at 130 S. Jefferson Street, Suite 101, Chicago, Illinois, 60661.

5. Mining is wholly owned by LLC.

6. Both Debtors' Chapter 11 filings were triggered by a judgment entered in favor of WESCO Distribution, Inc. in the approximate amount of $1,300,000 and a garnishment of LLC's bank account, from which all of the Debtors' bills are paid.

7. On August 5, 2019, the Debtors filed a Motion for Authority to File Combined Plan of Reorganization and Disclosure Statement ("Motion"). On August 22, 2019, the United States Trustee ("UST") filed an Objection to the Motion ("Objection"). This Reply is in response to that Objection.

8. In the Objection, the UST takes an overly narrow view of this Court's authority to enter the relief requested. Admitting that there is very little case law on the issue, the UST takes the inflexible position that because there is no specific authority for the requested relief in the Bankruptcy Code or in the Bankruptcy Rules, that this Court has no authority to grant the relief requested. Such a position would strip this Court's authority to grant relief on a variety of matters for which this Court routinely provides relief. Such inflexibility is clearly not what Congress envisioned in enacting the Bankruptcy Code.

9. The UST argues that the relief requested is only available to "small business debtors" as that term is defined by the Bankruptcy Code. The UST contends that Rule 3017.1 empowers the Court to grant such relief to small business debtors and not to other debtors and that if Congress had intended other debtors to have the benefit of that relief, Congress would have stated so.

10. The flip side of that argument is that if Congress had specifically intended that non-small business debtors are not entitled to such relief, Congress would have so provided. The fact that Congress did not speak to this issue, is telling.

11. As recognized in *In re Gulf Coast Oil Corporation,* 404 B.R.407, 425 (Bkrtcy.S.D.Tex. 2009):

> **The Bankruptcy Code does not prohibit simplification of procedures for debtors that are not small business debtors.** In fact, Bankruptcy Code §105(d) requires a bankruptcy court to hold a case management conference at which the court will issue such orders as are appropriate for the expeditious and economical resolution of the case, including an order fixing the scope and format of the notice regarding the hearing on approval of the disclosure statement and an order providing for combination of the hearing on the plan and disclosure statement. (emphasis added).

12. Furthermore, as noted by one court, "The circumstances of each case should control whether the disclosure information and plan are separate documents or one document combining disclosure information with the plan and the amount and kind of information." *In re Forest Hills Associates, Ltd.,* 18 B.R.104, 105 (Bkrtcy.D.Del. 1982).

13. Finally, it is difficult to comprehend the harm to anyone if the Debtors file a combined joint plan of reorganization and disclosure statement as long as the document provides the information required by the Bankruptcy Code for a disclosure statement. The UST is putting an unjustified emphasis on procedure versus substance. The Motion should be granted.

Wherefore, for the forgoing reasons, Bcause Miming, LLC and BCause, LLC, Debtors/Debtors-in-Possession, pray for the entry of an Order as follows:

A. Authorizing the filing of a Combined Joint Plan and Disclosure Statement; and

  B. Granting such other relief as may be just and appropriate.

            BCause Mining, LLC
            BCause LLC

          By: \s\ Scott R. Clar
            One of their attorneys

**DEBTORS' COUNSEL:**
Scott R. Clar (Atty. No. 06183741)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
312-641-6777
W:\MJO2\BCause Mining LLC\Reply to UST's Obj to Combined Plan-ds.RPL.docx