# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BCause Mining LLC, *et al.* | ) Case No. 19-10562 |
| | ) |
| Debtors. | ) Honorable Janet S. Baer |
| | ) |

**WESCO DISTRIBUTION'S PRELIMINARY OBJECTION TO: (I) MOTION OF BCAUSE LLC FOR AUTHORITY TO ENTER INTO GENERAL COMMERCIAL LEASE [D.I. 245]; AND (II) MOTION OF BCAUSE LLC FOR AUTHORITY TO SELL ASSETS PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE AND SHORTEN NOTICE [D.I. 250]**

The Debtors have filed two motions on virtually no notice or opportunity for WESCO Distribution, Inc. ("WESCO") or other stakeholders to respond. These motions are the Motion of BCause LLC for Authority to Enter Into General Commercial Lease [D.I. 245] (the "Lease Motion") and the Motion of BCause LLC for Authority to Sell Assets Pursuant to Section 363(b) and (f) of the Bankruptcy Code and Shorten Notice [D.I. 250] (the "Sale Motion"). As discussed below, the Court summarily should deny the Lease Motion and the Sale Motion. If the Court does not deny these motions outright, the Court should allow WESCO an opportunity to respond in accordance with the Bankruptcy Code and the Bankruptcy Rules.

With respect to the Lease Motion, BCause LLC proposes to enter into a new lease and incur significant administrative obligations when the Debtors' ability to confirm a chapter 11 plan very much is in doubt. By WESCO's calculations, the potential administrative liability of the new lease is at least $51,414.72, plus a security deposit of $1,400.00, which in the context of these cases constitutes a significant amount. The Court should not permit BCause LLC to incur such liabilities pending confirmation of a feasible chapter 11 plan.

With respect to the Sale Motion, which BCause LLC filed on four days' notice over the Labor Day weekend, BCause LLC proposes to sell to *insiders* what the Debtors view as a significant estate asset (75% of BCause LLC's equity in BCause Secure), in exchange for which the Debtors' estates will receive *zero* consideration, other than the promise of future distributions under a potential chapter 11 plan that has yet to be confirmed (to the extent BCause Secure can actually generate the cash to fund such distributions).

Bankruptcy Rule 6004 has specific requirements in connection with such a motion, including: (a) that any debtor file it on 21 days' notice pursuant to Bankruptcy Rule 2002(a)(2); and (b) that any objection (treated as a contested matter under Bankruptcy Rule 9014) be filed not less than seven days in advance of the hearing of such a motion. *See* Bankruptcy Rule 6004(b). Based on BCause LLC's timing for the filing and notice of the Sale Motion, such adequate notice is not possible here.

Moreover, the "governing principle" here "is the securing of the highest price for the bankruptcy estate." *Matter of Chung King, Inc.*, 753 F.2d 547, 549 (7th Cir. 1985); *see In re S.N.A. Nut Co.*, 186 B.R. 98, 104 (Bankr. N.D. Ill. 1995) (noting a debtor's duty to maximize revenues for the estate in a sale under section 363(b) of the Bankruptcy Code); *In re Clark*, No. 95 C 2773, 1995 WL 495951, *5 (N.D. Ill. 1995) (the "prime criterion for asserting the interests of the estate is the maximization of its value."). Towards that end, the Debtors must demonstrate that they have met the business judgment test for sale of these assets, which includes consideration of: (1) any improper or bad faith motive, (2) whether the price is fair and the negotiations or bidding occurred at arm's length, and (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. *In re Gulf*

*States Steel, Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002), citing *In re Lionel*, 722 F.2d 1063 (2nd Cir. 1983).

Courts across the country have found that sales to insiders are subject to heightened scrutiny, and that courts must evaluate the "fairness of the value provided by the sale and the good faith of the parties in executing the transaction." *In re Family Christian, LLC, et al.*, 533 B.R. 600, 622 (Bankr. W.D. Mich. 2015); *see also Ricker & Assocs., Inc. v. Smith*, 272 B.R. 74, 100 (Bankr. S.D.N.Y. 2002); *Bayer Corp v. Masco Tech, Inc.*, 269 F.3d 726, 745 (6th Cir. 2001) ("Insider transactions are more closely scrutinized . . . because insiders "usually have greater opportunities for. . . inequitable conduct"), citing *Fabricators, Inc. v. Technical Fabricators, Inc.*, 926 F. 2d 1458, 1465 (5th Cir. 1991).  This higher scrutiny requires that the purchase price be "'at the very least the lessor [sic] of an acceptable appraised value or the tax assessment value,' and (2) that the property must have been offered to the public in some form before the court can approve an insider sale." *In re Tidal Const. Co., Inc.*, 446 B.R. 620, 624 (Bankr. S.D. Ga. 2009), quoting *In re Mallory Co.*, 214 B.R. 834, 837 (Bankr. E.D. Va. 1997) (noting that the debtor must show that assets are being sold at the highest price attainable).  At a minimum, where (as here) BCause LLC proposes a private sale to insiders, BCause LLC must demonstrate that the sale is the result of bona fide, arm's length negotiations and is not "driven by other factors." *Id.*; *see also In re General Bearing Corp.*, 136 B.R. 361 (Bankr. S.D.N.Y. 1992).  The Debtors have not even begun to meet these requirements.

Requiring the Debtors to comply with the foregoing requirements of the Bankruptcy Code and Bankruptcy Rules is not a trivial issue.  The Court must ensure not only that the Debtors obtain fair market value for their assets, but where these assets constitute a central component of the Debtors' proposed chapter 11 plan, the Court must ensure that WESCO and

other stakeholders can ascribe and rely on that value for purposes of evaluating the plan. More specifically, in sworn testimony before this Court, the Debtors have set forth a value for BCause Secure and its exchange concept that dwarfs the consideration the Debtors propose to accept for the equity interests in BCause Secure.

Along these lines, concurrently with filing the Sale Motion, the Debtors filed an amended plan, but to date the Debtors have not initiated the confirmation process by filing a motion for approval of a disclosure statement and solicitation process. By not making a serious attempt at soliciting and confirming their plan (but nonetheless seeking approval of the key transaction and distributions contemplated by this plan outside of a confirmation process), the Debtors seek to short cut chapter 11and have the Court approve a *sub rosa* plan – something that is clearly forbidden by the Bankruptcy Code. *See, e.g., Czyzewski v. Jevic Holding Corp.*, 137 S. Ct 973, 986, 197 L.Ed. 398 (2017) (noting that courts typically prevent transactions that circumvent the Bankruptcy Code's procedural safeguards); *In re Braniff Airways, Inc.*, 700 F.2d 935, 940 (5th Cir. 1983) (prohibiting an attempt to "short circuit the requirements of Chapter 11 for confirmation of a reorganization plan by establishing the terms of the plan *sub rosa* in connection with a sale assets"). Essentially, on four days' notice (and with only a one-page term sheet to memorialize the transaction), the Debtors seek approval of a rights offering (with insiders as the sole eligible participants) in a start-up enterprise, in exchange for which the Debtors' estates will receive nothing more than profits interests (assuming the Debtors can confirm a chapter 11 plan). In the limited time allowed, and under these circumstances, WESCO has not found precedent for approval of such a transaction outside of a chapter 11 plan.

Finally, as of the filing of the Sale Motion and amended plan, WESCO has conflicting information on the Debtors' cash position. On August 30, 2019, WESCO received a report from

the Debtors indicating cash holdings of $711,775.00, which is $253,490.00 less than the projected $965,265.00, and over $100,000.00 less than the amount necessary (approximately $814,000.00) for WESCO to remain adequately protected in its cash collateral. The plan filed on the same date reflects a smaller amount ($621,000.00) (at p. 24), but the Debtors do not provide a date for such balance. To clarify and confirm the Debtors' cash holdings, WESCO has requested the Debtors provide actual bank statements or screen shots, which the Debtors have to date refused to provide. In light of the Debtors' deteriorating cash position, and the lack of adequate protection for the Debtors' continued use of WESCO's cash collateral, the Court should not approve the Lease Motion, the Sale Motion, or any other motions. The Court also should not allow the Debtors to continue to use cash collateral until they address this issue.

Therefore, WESCO requests that this Court deny the Lease Motion and the Sale Motion. At a minimum, the Court should allow WESCO an adequate opportunity to respond to both motions in full.

| | |
|---|---|
| Dated: September 3, 2019 | /s/  David A. Agay |
| | David A. Agay (ARDC No. 6244314) |
| | Shara Cornell (ARDC No. 6319099) |
| | MCDONALD HOPKINS LLC |
| | 300 North LaSalle Street, Suite 1400 |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 280-0111 |
| | Facsimile:  (312) 280-8232 |
| | dagay@mcdonaldhopkins.com |
| | scornell@mcdonaldhopkins.com |

-and-

Maria G. Carr (OH 0092412) (admitted *pro hac vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:   (216) 348-5474
mcarr@mcdonaldhopkins.com

# **CERTIFICATE OF SERVICE**

I, David A. Agay, hereby certify that, on September 3, 2019, I caused a copy of the foregoing WESCO Distribution's Preliminary Objection to Motion of BCause LLC for Authority to Enter Into General Commercial Lease [D.I. 245] and the Motion of BCause LLC for Authority to Sell Assets Pursuant to Section 363(b) and (f) of the Bankruptcy Code and Shorten Notice [D.I. 250] to be electronically filed with the Clerk of Court using the Electronic Case Filing System, and be served via the CM/ECF system or U.S. mail on the following interested parties:

**Via ECF:**

David A Agay on behalf of Creditor Wesco Distribution, Inc.
dagay@mcdonaldhopkins.com,
mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com

Sarah K Angelino on behalf of Creditor Hoffland Properties, Inc.
sangelino@schiffhardin.com, edocket@schiffhardin.com

Jamie L Burns on behalf of Creditor W-R2 Jefferson Owner VIII, LLC
jburns@lplegal.com, rwilliamson@lplegal.com;ikropiewnicka@lplegal.com

Maria G Carr on behalf of Creditor Wesco Distribution, Inc.
mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Scott R Clar on behalf of Debtor 1 BCause LLC, a Virginia limited liability company
sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com

Shara C Cornell on behalf of Creditor Wesco Distribution, Inc.
scornell@mcdonaldhopkins.com,
mbrady@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com

Jeffrey C Dan on behalf of Debtor 1 BCause LLC, a Virginia limited liability company
jdan@cranesimon.com, sclar@cranesimon.com;mjoberhausen@cranesimon.com

Shelly A. DeRousse on behalf of Creditor Committee Official Committee Of Unsecured Creditors
sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Devon J. Eggert on behalf of Creditor Committee Official Committee Of Unsecured Creditors
deggert@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Elizabeth L. Janczak on behalf of Creditor Committee Official Committee Of Unsecured Creditors
ejanczak@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Marc Ira Fenton on behalf of Creditor W-R2 Jefferson Owner VIII, LLC
mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com

Christina Sanfelippo on behalf of Creditor BMG Operations Ltd.
csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com

Brian L Shaw on behalf of Creditor BMG Operations Ltd.
bshaw@foxrothschild.com, cknez@foxrothschild.com

Jason M Torf on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia
jason.torf@icemiller.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

**Via Regular Mail**

Paul Bozych
Nielsen, Zehe & Antas, P.C.
Wesco Distribution, Inc.
55 W. Monroe St., Ste. 1800
Chicago, IL 60603

Seth A. Robbins
Robbins Law Group
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22201

AlphaCraft Technologies, LLC
601 Railroad Ave.
South Boston, VA 24592

Matthew B. Kirsner
Eckert Seamans
919 East Main St., Ste. 1300
Richmond, VA 23219

Abacus Solutions, LLC
1190 Kennestone Circle NW, #120
Newborn, GA 30056

Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

Capital Counsel, L.L.C.
700 13th Street, NW, 2nd Floor
Washington, DC 20005

Century Link
1025 Eldorado Blvd.
Broomfield, CO 80021

Ciniva, LLC
251 Granby Street
Norfolk, VA 23510

Crystal Clear Communications
3180 N. Lake Shore Drive, #20C Chicago, IL 60657

FIS Systems International LLC 601 Riverside Ave.
Jacksonville, FL 32204

Jones, Madden & Council, PLC
5029 Corporate Woods Drive, #190 Virginia Beach, VA 23462

Katten Munchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661

LeClairRyan
4405 Cox Road, #200
Glen Allen, VA 23060

Nasdaq
One Liberty Plaza, 50th Floor

{8317048:8 }                                      8

Brian Sayler
48 Bensam Place
Haledon, NJ 07508

Alison Zizzo
Midgett-Pret-Olansen
2901 S. Lynnhaven Rd., Ste. 120
Virginia Beach, VA 23452

Gaylene Watson
Dominion Energy Virginia
2700 Cromwell Drive
Norfolk, VA. 23509
Kristopher C. Russell
Key Account Manager
Customer Service and Strategic Partnerships
Dominion Energy Virginia
2700 Cromwell Drive
Norfolk, VA 23509

BMG Operations Ltd.
44 Church Street
St. John's, Antigua

Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

EF Fallon, Kevin
2800 252nd Ave.
Salem, WI 53168

Silbar Security Corporation
1508 Technology Drive, #101
Chesapeake, VA 23320

Solutrix
5469 Greenwich Road
Virginia Beach, VA 23462

Inate One LLC
1083 Independence Blvd., #206
Virginia Beach, VA 23455

Zhouyang (Mason) Song
2930 Barnard Street, #7204
San Diego, CA 92110

New York, NY 10006

Paychex of New York LLC 8215 Forest
Point Blvd., #150 Charlotte, NC 28273
Adam.bleifeld@softvision.com

Endurance IT Services, LLC
295 Bendix Road, #300
Virginia Beach, VA 23452

BitGo, Inc.
2443 Ash Street
Palo Alto, CA 94306

HK Cryptocurrency Mining LLC
470 Park Avenue South
New York, NY 10016

US Customs & Border Protection
6650 Telecom Drive, #100
6650 Telecom Drive, #100
Indianapolis, IN 46278

CSC
3462 Solution Center
Chicago, IL 60677-3004

AlphaCraft Technologies, LLC
601 Railroad Ave.
South Boston, VA 24592

Pro Window, Inc.
Attn: Justice White, Mgr.
1604 Virginia Beach Blvd.
Virginia Beach, VA 23452

Matthew B. Kirsner
Eckert Seamans
919 East Main St., Ste. 1300
Richmond, VA 23219

BFPE International
PO Box 791045
Baltimore, MD 21279-1045

Bay Technologies
4501 Bainbridge Blvd., #200
Chesapeake, VA 23320

CB Critical Systems
Attn: Gregory Crone

Tradehelm, Inc.
27 N. Wacker Dr., 103
Chicago, IL 60606

Endurance IT Services, LLC
295 Bendix Road, #300
Virginia Beach, VA 23452

Russell R Johnson, III on behalf of Creditor
Virginia Electric and Power Company d/b/a
Dominion Energy Virginia
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103

11816 Mason Park Way
Glen Allen, VA 23059

Professional Heating & Cooling, Inc.
3306 Arizona Avenue
Norfolk, VA 23513

United HealthCare
PO Box 94107
Palatine, IL 60094

/s/ David A. Agay