IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining, LLC, | ) | Judge Janet S. Baer |
| | ) | Chapter 11 |
| debtor/debtor-in-possession. | ) | (Jointly Administered) |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 25th day of September, 2019, at 10:00 a.m., or soon thereafter as counsel can be heard, I shall appear before the Honorable Janet S. Baer, Bankruptcy Judge, in the room usually occupied by her as Courtroom 615 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **Second Motion for Extension of Time to Assume or Reject Lease for Non-Residential Real Estate**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Scott R. Clar
Crane, Simon, Clar & Dan
135 S. LaSalle St., Ste. 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration on the 20th day of September, 2019 before the hour of 5:00 p.m.

/s/Scott R. Clar

1

# SERVICE LIST

**Court's Electronic Registration:**

Patrick S. Layng
Office of the United States Trustee
219 S. Dearborn St., Rm. 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

David A. Agay
Shara C. Cornell
MCDONALD HOPKINS LLC
300 North LaSalle Street, # 1400
Chicago, IL 60654
dagay@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com

Maria G. Carr
McDonald Hopkins LLC
600 Superior Avenue, #2100
Cleveland, OH 44114
mcarr@mcdonaldhopkins.com

Jamie L. Burns
Levenfeld Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, Illinois 60602
jburns@lplegal.com

Marc I. Fenton
Levenfeld Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, Illinois 60602
mfenton@lplegal.com

Devon J. Eggert
Shelly A. DeRousse
Elizabeth L. Janczak
Freeborn & Peters LLP
311 South Wacker Drive, # 3000
Chicago, IL 60606
deggert@freeborn.com
sderousse@freeborn.com
ejanczak@freeborn.com

J. Mark Fisher
Sarah K. Angelino
Schiff Hardin LLP
233 S. Wacker Dr., #7100
Chicago, IL 60606
mfisher@schiffhardin.com
sangelino@schiffhardin.com

Brian L. Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N. Clark St., #1600
Chicago, IL 60654
bshaw@foxrothschild.com
csanfelippo@foxrothschild.com

Jennifer McLain McLemore
Williams Mullen
200 S. 10th St., #1600
Richmond, VA 23219
Jmclemore@williamsmullen.com

Jason M. Torf
IceMiller
200 W. Madison Street Suite 3500
Chicago, IL 60606-3417
Jason.torf@icemiller.com

**VIA EMAIL**

George Bogris
Mintzer Sarowitz Zeris Ledva & Meyer
810 Gleneagles Court, #304
Towson, MD 21286
gbogris@defensecounsel.com

Paul Bozych
Nielsen, Zehe & Antas, P.C.
Wesco Distribution, Inc.
55 W. Monroe St., Ste. 1800
Chicago, IL 60603
pbozych@nzalaw.com

Seth A. Robbins
Robbins Law Group
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22201
srobbins@robbins-lawgroup.com

Russell R. Johnson III
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
russell@russelljohnsonlawfirm.com

IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-10562 |
| | ) | |
| BCause Mining, LLC, | ) | Judge Janet S. Baer |
| | ) | Chapter 11 |
| debtor/debtor-in-possession. | ) | (Jointly Administered) |

**SECOND MOTION FOR EXTENSION OF TIME TO ASSUME OR
REJECT LEASE FOR NON-RESIDENTIAL REAL ESTATE[1]**

BCAUSE MINING, LLC, debtor/debtor-in-possession ("Debtor"), by and through its attorneys, makes its Second Motion Pursuant to Section 365 of the Bankruptcy Code for Extension of Time to Assume or Reject Lease for Non-Residential Real Estate pursuant to Section 365 of the Bankruptcy Code, respectfully states as follows:

**A.   Introduction**

1.   On April 11, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.   The Debtor has been managing its financial affairs as debtor-in-possession since the Petition Date.  No trustee or examiner has been appointed, and Official Committee of Unsecured Creditors has been appointed to serve in this reorganization case ("Committee").

**B.   Background**

3.   The Debtor is in in the business crypto currency mining, which is the process of producing digital currency using cryptography and high-powered computers

---

[1] The Debtor's first extension of sixty (60) days expires on October 7, 2019.  Pursuant to Section 365(d)(4) of the Bankruptcy Code, the Debtor is entitled to 120 plus 90 days if the request for extension is brought prior to the expiration of the 120 day period.  The Debtors' first extension was brought prior to the expiration of the 120 day period requesting an extension of sixty (60) days.  The Debtor is statutorily entitled to the requested additional 30 day extension.

known as mining rigs, or miners.  The Debtor mines itself, and is a service provider that hosts a mining venue for its customers.

4. The Debtor provides a state of the art mining facility in Virginia Beach, Virginia.

5. The Debtor is wholly owned by BCause LLC ("LLC"), which is a limited liability holding company also formed in Virginia.

6. The Debtor and Hoffland are parties to a Triple Net Lease (with Rider) for a commercial warehouse condominium located at 5465 Greenwich Road, Virginia Beach, Virginia (the "Hoffland Lease").

7. The Debtor's Chapter 11 filing was triggered by a judgment entered in favor of WESCO Distribution Inc. ("WESCO") in the approximate amount of $1,300,000 and a garnishment of BCause LLC's bank account, from which all of the Debtor's bills are paid, including bills for utilities such as Dominion Energy, which had threatened to shut-off of the Debtor's utilities for non-payment, as of April 12, 2019.

8. The Debtor's Joint Combined Plan of Reorganization and Disclosure Statement ("Plan") was filed on August 7, 2019.  The Debtors have been in negotiations with creditors in connection with several Plan issues, including the sale of certain assets.

9. Specifically, the Debtors have negotiated a mechanism for marketing and sale of LLC's equity in BCause Secure LLC, which is also 100% owned by LLC, and/or spot exchange platform (the "Equity Sale").  The Debtors, the Committee and WESCO have extensively participated in the negotiations relating to the Equity Sale.  As of September 17, 2019, ads have been placed with two (2) publications advertising the

"Equity Sale." The Equity Sale contemplates a short marketing period and subsequent analysis of bids.

### C. Extension of Time to Assume or Reject Lease for Non-Residential Real Property

10. Pursuant to Section 365 of the Bankruptcy Code, the Debtor must have assumed or rejected any unexpired leases for non-residential real property in which the Debtor is the lessee by August 9, 2019 (the "Original Date"). An initial motion to extend the time to assume or reject the Hoffland Lease was filed and an extension of the Original Date was granted for sixty (60) days, extending the date to assume or reject the Hoffland Lease through and including October 7, 2019 (the "Extension Date").

11. A hearing in connection with multiple issues, including cash collateral usage, WESCO's motion to dismiss the Debtor's Chapter 11 cases or for relief from stay ("WESCO's Motion") is scheduled for October 7, 2019 (the "Continued Hearing").

12. The Debtor and the Committee will likely be requesting that the Continued Hearing Date be continued to allow the Equity Sale process to be completed.[2]

13. By this Motion, the Debtor seeks an Order under Section 365(d)(4) of the Bankruptcy Code further extending the date by which the Debtor must assume or reject the Hoffland Lease for an additional thirty (30) days. A copy of the Mining Lease is attached hereto as **Exhibit A**.

14. The Hoffland Lease expires on October 31, 2027.

---

[2] WESCO, despite being involved in the negotiations relating to the Equity Sale, insisting upon and being given every point in connection with the marketing process for the Equity Sale, and approving the notice, has not yet agreed to continuing the Continued Date to allow the Equity Sale process to move forward. The Debtors and the Committee will likely be requesting a continuance of the Continued Hearing of approximately two (2) weeks.

15. The Debtor does not want to burden the estate with the potential administrative claim resulting from assumption of the Hoffland Lease and has not yet determined if the Hoffland Lease is financially burdensome and should be rejected as part of its Plan.

16. Courts have routinely granted extension of the assumption or rejection time period for cause.

17. In order to determine whether cause exists for an extension of the deadline for a debtor to assume or reject non-residential leases in which the debtor is the lessee, courts have relied on several factors, including the following:

 a. whether the case is complex and involves a large number of leases;

 b. whether the lease is primary among the debtor's assets;

 c. whether the lessor continues to receive post-petition rental payments;

 d. whether the continued occupation could damage the lessor and such lessor could not receive compensation under the Bankruptcy Code; and

 e. whether the debtor has been afforded enough time to develop a plan. *See  S. St. Seaport L.P. v. In re Burger Boys, Inc.* (*In re Burger Boys, Inc.*), 94 F.3d 755, 761 (2d Cir. 1996).

18. Cause exists to extend the deadline to assume or reject the Lease in that the Debtor is in the process of negotiating the Plan and its components, and needs additional time to assume or reject the Hoffland Lease.

19. The Debtor is current in its obligations under the Hoffland Lease.

**D.  Relief Requested**

20. Pursuant to Section 365(d)(4) of the Bankruptcy Code, the Debtor may seek to extend the time to assume or reject executory contracts.

21. By this Motion, the Debtor requests the entry of an Order extending the time by which it must assume or reject the Hoffland Lease for thirty (30) days, through and including November 11, 2019 so that it can fully explore the facts, circumstances and potential benefits and detriments of assuming or rejecting the Hoffland Lease.

WHEREFORE, BCAUSE MINING, LLC, debtor/debtor-in-possession, prays for the entry of an Order as follows:

A. Extending the date by which the Debtor must assume or reject the Hoffland Lease from October 7, 2019, through and including November 11, 2019; and

B. Granting such other relief as may be just and appropriate.

>BCAUSE MINING, LLC
>
>By: \s\ Scott R. Clar
>      One of its attorneys

**DEBTORS' COUNSEL:**
Scott R. Clar (Atty. No. 06183741)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
312-641-6777
W:\MJO2\BCause Mining LLC\Ext Time A/R Triple Net Lease-2nd.mot and NOM