# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>BCAUSE MINING LLC, et al.,<br><br>Debtors/Debtors-in-possession. | Chapter 11<br><br>Case No. 19-10562<br>(Jointly Administered)<br><br>Honorable Janet S. Baer<br><br>Hearing Date: October 16, 2019 at 9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 16, 2019 at 9:30 a.m., the undersigned shall appear before the Honorable Janet S. Baer in Courtroom 615, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *First Interim Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice*, a copy of which is attached hereto and herewith served upon you.

Dated: September 25, 2019

**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
    One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:   312.360.6520
Email:  sderousse@freeborn.com
         deggert@freeborn.com
         ejanczak@freeborn.com

*Counsel for Official Committee of Unsecured Creditors of BCause Mining LLC and BCause LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>BCAUSE MINING LLC, et al.,<br><br>Debtors/Debtors-in-possession. | Chapter 11<br><br>Case No. 19-10562<br>(Jointly Administered)<br><br>Honorable Janet S. Baer<br><br>Hearing Date: October 16, 2019 at 9:30 a.m. |

## CERTIFICATE OF SERVICE

I, Elizabeth L. Janczak, an attorney, hereby certify that on September 25, 2019, I caused a true and correct copy of the attached *Notice of Motion* and *First Interim Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* to be filed with the Court and served upon the following parties by the manner listed.

/s/ Elizabeth L. Janczak

## CM/ECF Service List

David A Agay   dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
Sarah K Angelino   sangelino@schiffhardin.com, edocket@schiffhardin.com
Jamie L Burns   jburns@lplegal.com, rwilliamson@lplegal.com; ikropiewnicka@lplegal.com
Maria G Carr   mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
Scott R Clar   sclar@cranesimon.com, mjoberhausen@cranesimon.com; asimon@cranesimon.com
Shara C Cornell   scornell@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; lburrell@mcdonaldhopkins.com
Jeffrey C Dan   jdan@cranesimon.com, sclar@cranesimon.com; mjoberhausen@cranesimon.com
Shelly A. DeRousse   sderousse@freeborn.com, bkdocketing@freeborn.com; jhazdra@ecf.inforuptcy.com
Devon J Eggert   deggert@freeborn.com, bkdocketing@freeborn.com
Marc Ira Fenton   mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com
J Mark Fisher   mfisher@schiffhardin.com, edocket@schiffhardin.com;sricciardi@schiffhardin.com
Elizabeth L Janczak   ejanczak@freeborn.com, bkdocketing@freeborn.com
Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov
Micah E. Marcus   mmarcus@mcdonaldhopkins.com, kmaze@mcdonaldhopkins.com; lburrell@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
Jennifer M McLemore   jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Ha M Nguyen     ha.nguyen@usdoj.gov, USTP.region11.es.ecf@usdoj.gov
Christina Sanfelippo     csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
Brian L Shaw     bshaw@foxrothschild.com, cknez@foxrothschild.com
Arthur G Simon     asimon@cranesimon.com, sclar@cranesimon.com; slydon@cranesimon.com
Jason M Torf     jason.torf@icemiller.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>BCAUSE MINING LLC, et al.,<br><br>Debtors/Debtors-in-possession. | Chapter 11<br><br>Case No. 19-10562<br>(Jointly Administered)<br><br>Honorable Janet S. Baer<br><br>Hearing Date: October 16, 2019 at 9:30 a.m. |

**COVER SHEET FOR FIRST INTERIM FEE APPLICATION OF FREEBORN &
PETERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

| | |
|---|---|
| Name of Applicant: | Freeborn & Peters LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of retention: | May 8, 2019 *nunc pro tunc* to April 25, 2019 |
| Period for which compensation and reimbursement is sought: | April 25, 2019 through August 31, 2019 |
| Amount of compensation sought as actual, reasonable and necessary: | $87,881.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $12.35 |

This is an __X__ interim____ final application

Prior Fee Applications Filed by Applicant:          No

Dated: September 25, 2019          **FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
       One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:    312.360.6520
Email:   sderousse@freeborn.com
          deggert@freeborn.com
          ejanczak@freeborn.com

*Counsel for Official Committee of Unsecured Creditors of BCause Mining LLC and BCause LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>BCAUSE MINING LLC, et al.,<br><br>Debtors/Debtors-in-possession. | Chapter 11<br><br>Case No. 19-10562<br>(Jointly Administered)<br><br>Honorable Janet S. Baer<br><br>Hearing Date: October 16, 2019 at 9:30 a.m. |

**FIRST INTERIM FEE APPLICATION OF FREEBORN & PETERS LLP**
**AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

Freeborn & Peters LLP ("*Freeborn*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned chapter 11 case of BCause Mining LLC ("*Mining*") and BCause LLC ("*BCause*" together with Mining, the "*Debtors*"), hereby submits this application for compensation (the "*Application*") which seeks: (i) interim approval of compensation in the amount of $87,881.00 for services rendered and $12.35 for reimbursement of expenses incurred for the period of April 25, 2019 through August 31, 2019; (ii) payment of $87,893.35 to Freeborn, representing the compensation and expenses requested herein; and (iii) approval of limited notice of this Applicatoin.  In support hereof, Freeborn states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

- 3 -

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b) and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

1. On April 11, 2019, Mining filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

2. On April 12, 2019, BCause filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

3. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in these chapter 11 cases.

5. The Debtors' cases are currently jointly administered under Case No. 19-10562. (ECF No. 72).

6. On April 24, 2019, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee and its members as an official committee to represent the interests of the unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code and that same day, the U.S. Trustee filed a notice of appointment of the Committee.

3. On May 8, 2019, the Court entered an order approving Freeborn's employment *nunc pro tunc* to April 25, 2019.

4. Freeborn has received $50,000 in budgeted monthly payments pursuant to the various Court-approved cash collateral orders. These funds are being held in Freeborn's client trust account pending Court approval of Freeborn's fees and expenses.

## RELIEF REQUESTED

5. Freeborn rendered services on behalf of the Committee from April 25, 2019 through August 31, 2019 (the "*Fee Application Period*"), for which Freeborn seeks interim approval of compensation in the amount of $87,881.00 and reimbursement of expenses in the amount of $12.35 for a total of $87,893.35.

## DISCUSSION

6. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

7. The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

- 5 -

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

8. In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

9. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

10. In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of

other employment caused by Freeborn's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

11. Freeborn's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $125 to $1,015 (however, no professional with an hourly rate in excess of $490 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise and standing for similar services in this jurisdiction. Freeborn consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient and practical manner possible.

12. A summary of the compensation requested herein regarding each of Freeborn's professionals and para-professionals is set forth below:

| **Timekeeper** | **Title** | **Year of Illinois Bar Admission** | **Rate** | **Hrs.** | **Total** |
|---|---|---|---|---|---|
| Ciarroni, Bianca E. | Associate | 2018 | $ 300.00 | 3.2 | $ 960.00 |
| DeRousse, Shelly A. | Partner | 2001 | $ 490.00 | 72.0 | $ 35,280.00 |
| Eggert, Devon J. | Partner | 2006 | $ 450.00 | 3.8 | $ 1,710.00 |
| Hazdra, Jacqueline | Paralegal | N/A | $ 230.00 | 11.5 | $ 2,645.00 |
| Janczak, Elizabeth L. | Partner | 2010 | $ 370.00 | 127.8 | $ 47,286.00 |
| | | | **Totals** | **218.30** | **$ 87,881.00** |
| | | | | **Blended Rate:** | **$ 402.57** |

13. No agreement or understanding exists between Freeborn and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

- 7 -

14. Freeborn reserves the right to correct, amend or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## SERVICES PERFORMED

15. This Application sets forth in detail the work performed by Freeborn and the time spent during the Fee Application Period.

**A.    General                                                                                        $30,206.00**

16. Freeborn spent 72.6 hours at a cost of $30,206.00 on general matters. This category primarily includes time spent reviewing incoming pleadings and drafting responses to the same, reviewing correspondence and notices, preparing for and attending Court hearings on general case matters, corresponding with parties in interest concerning general case matters and performing necessary administrative tasks typically associated with a committee representation. Among other things, time in this category includes time spent with respect to BMG Operations Ltd.'s motion for relief from stay and other services that cannot be classified in one discrete category, or time relating to general case administration matters. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit A.

**B.    Litigation                                                                                       $16,972.00**

17. Freeborn spent 45.6 hours at a cost of $16,972.00 on general litigation matters. This category primarily includes time spent reviewing and responding to the motion to dismiss filed by the Debtors' purported secured lender, Wesco Distribution, Inc. ("*Wesco*"), preparing for and attending several depositions of the Debtors' representatives in connection with the same, preparing for and attending evidentiary hearings on Wesco's motion to dismiss, and assisting in preparing a complaint against Wesco challenging the validity of liens and claim amounts.

Freeborn's detailed time records for this category are attached hereto and incorporated herein as <u>Exhibit B</u>.

| | | |
|---|---|---|
| C. | **Creditor Inquiries and Negotiations** | **$651.00** |

18.    Freeborn spent 2.1 hours at a cost of $651.00 on creditor inquiries and negotiations. This category primarily includes time spent corresponding with creditors regarding case status and questions as well as filing proofs of claim on behalf of various claimants. Freeborn's detailed time records for this category are attached hereto and incorporated herein as <u>Exhibit C</u>.

| | | |
|---|---|---|
| D. | **Secured Creditor Issues** | **$10,737.00** |

19.    Freeborn spent 23.7 hours at a cost of $10,737.00 on secured creditor issues. This category primarily includes time spent analyzing the Debtors' motion to use cash collateral and Wesco's objection to the same, attending various hearings on cash collateral, reviewing and revising proposed cash collateral budgets and orders, and conferring and negotiating with the Debtors' and Wesco regarding the terms of cash collateral orders and budgets. Freeborn's detailed time records for this category are attached hereto and incorporated herein as <u>Exhibit D</u>.

| | | |
|---|---|---|
| E. | **Freeborn Retention and Fee Applications** | **$1,956.00** |

20.    Freeborn spent 5.7 hours at a cost of $1,956.00 on Freeborn retention and fee application matters. This category includes time spent preparing Freeborn's retention application and reviewing monthly fee statements to ensure compliance with time detail requirements. Freeborn's detailed time records for this category are attached hereto and incorporated herein as <u>Exhibit E</u>.

| | | |
|---|---|---|
| **F.** | **Other Professional Retention** | **$294.00** |

21. Freeborn spent 0.6 hours at a cost of $294.00 on other professional retention matters. This category includes time spent reviewing various exhibits to the retention application of Crane, Simon, Clar & Dan, the Debtors' counsel. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit F.

| | | |
|---|---|---|
| **G.** | **Plan and Disclosure Statement** | **$15,027.00** |

22. Freeborn spent 36.7 hours at a cost of $15,027.00 on plan and disclosure statement matters. This category primarily includes time spent reviewing and revising the Debtors' proposed chapter 11 plan of reorganization, communicating with parties in interest regarding the proposed plan and reviewing the Debtors' financial projections. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit G.

| | | |
|---|---|---|
| **H.** | **Executory Contracts and Unexpired Leases** | **$3,259.00** |

23. Freeborn spent 7.9 hours at a cost of $3,259.00 on executory contract and unexpired lease issues. This category includes time spent reviewing various motions, including the motion compel the Debtors to pay rent, lease rejection motion and the motion to assume NASDAQ contract. This category also includes time relating to the motion to enter into rent-to-own agreement with SBI Crypto Co., Ltd. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit H.

| | | |
|---|---|---|
| **I.** | **Committee Meetings and Governance** | **$5,747.00** |

24. Freeborn spent 13.8 hours at a cost of $5,747.00 on Committee meetings and governance issues. This category primarily consists of time spent preparing the Committee's contact list and bylaws, conducting meetings of the Committee, updating the Committee regarding the status of the case, and addressing inquiries from individual Committee members.

Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit I.

**J.     Investigation of Operations                           $74.00**

25.   Freeborn spent 0.2 hours at a cost of $74.00 on issues relating to examining and investigating the Debtors' operations. This category includes time spent communicating with counsel for the Debtors regarding BCause's business operations and background information. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit J.

**K.     Asset Sales                                          $702.00**

26.   Freeborn spent 1.8 hours at a cost of $702.00 on asset sale issues. This category includes time spent reviewing the Debtors' motion to sell BCause Secure equity, revising term sheets for the same, and communicating with parties in interest regarding the same. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit K.

**L.     Schedules and Reports                                $333.00**

27.   Freeborn spent 0.9 hours at a cost of $333.00 on schedules and reports. This category includes time spent reviewing the Debtors' schedules and statements of financial affairs. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit L.

**M.    Claims Analysis                                     $1,923.00**

28.   Freeborn spent 6.7 hours at a cost of $1,923.00 on claims analysis, which consisted of reviewing and analyzing claims asserted by the Debtors' creditors as well as reviewing the Debtors' proposed claims reconciliation. Freeborn's detailed time records for this category are attached hereto and incorporated herein as Exhibit M.

## REASONABLE EXPENSES INCURRED

29. Expenses during the Fee Application Period totaling $12.35 were incurred as follows:

(a) <u>Teleconferencing Expenses</u>: Freeborn incurred expenses in the amount of $12.35 for teleconferencing fees. Where multiple outside parties participate in a telephone conference, Freeborn uses an outside teleconferencing provider to efficiently conduct teleconferences. These teleconferencing services were necessary to confer with the Committee.

30. Freeborn's detailed expense records for this category are attached hereto and incorporated herein as <u>Exhibit N</u>. All expenses incurred were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner as Freeborn bills non-bankruptcy clients.

31. Freeborn does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services and facsimile transmissions. Such expenses are factored into Freeborn's hourly rates. Freeborn has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BENEFIT TO THE ESTATES

32. Freeborn has remained active on all matters in its representation of the Committee as counsel during these cases. Freeborn submits that the services set forth herein benefitted the estates and their creditors by ensuring that the Debtors' assets were properly preserved, administered and that they gained the highest value under the circumstances to maximize the potential recovery for general unsecured creditors.

**NOTICE**

33. There are more than 175 creditors on the Debtors' master mailing matrices. Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Application has been provided to: (i) Debtors' counsel; (ii) the U.S. Trustee; (iii) counsel to Wesco, the Debtors' purported secured lender; and (iv) all parties in interest that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in these cases. In light of the interim nature of the relief requested and the number of creditors in these bankruptcy cases, Freeborn submits that no other or further notice is necessary and requests that the Court approve the limited notice requested herein.

**WHEREFORE**, Freeborn respectfully requests that the Court enter an order:

(a) allowing Freeborn, on an interim basis, $87,881.00 in compensation for the Fee Application Period as a chapter 11 administrative expense of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing Freeborn, on an interim basis, $12.35 in reimbursable expenses for the Fee Application Period as a chapter 11 administrative expense of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing payment to Freeborn of $87,893.35 less amounts Freeborn is holding in its client trust account, representing all unpaid amounts owing to Freeborn on account of the Application;

(d) approving limited notice of this Application; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: September 25, 2019　　　　　　　　**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
　　　One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:　　312.360.6000
Fax:　　312.360.6520
Email:　sderousse@freeborn.com
　　　　deggert@freeborn.com
　　　　ejanczak@freeborn.com

*Counsel for Official Committee of Unsecured Creditors of BCause Mining LLC and BCause LLC*

- 14 -