**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 19-10562 |
| **BCause Mining LLC,** *et al.* | ) | |
| | ) | Hon. Janet S. Baer |
| Debtors. | ) | |
| | ) | |
| | ) | |

**NOTICE OF MOTION**

TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE THAT** on **Tuesday, October 15, 2019,** at the hour of **9:30 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **TRUSTEE'S APPLICATION TO RETAIN COUNSEL *NUNC PRO TUNC* TO OCTOBER 8, 2019, PURSUANT TO 11 U.S.C. § 327 AND FOR RELATED RELIEF**, a copy of which is attached hereto and hereby served upon you.

Dated:  March 8, 2019                    Richard J. Mason, Chapter 7 Trustee of the
                                          Bankruptcy Estate of Jill McGee


                                          By: /s/ Michael M. Schmahl
                                              Michael M. Schmahl


Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Proposed Counsel to the Trustee*

1

## CERTIFICATE OF SERVICE

I, Michael M. Schmahl, do hereby certify that, on this 8TH day of March, 2019, I caused the above described **Notice of Motion** and the **TRUSTEE'S APPLICATION TO RETAIN COUNSEL** *NUNC PRO TUNC* **TO OCTOBER 8, 2019, PURSUANT TO 11 U.S.C. § 327 AND FOR RELATED RELIEF,** to be served on the individuals listed on the below Service List through the Court's electronic filing system provided that individuals listed on the below Service List as having been served "via e-mail" have been served at the email address indicated.

/s/   Michael M. Schmahl

## SERVICE LIST

Richard J. Mason
McGuireWoods LLP
77 W. Wacker
Suite 4100
Chicago, IL 60601
rmason@mcguirewoods.com
*Trustee*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)

scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com
*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R Johnson, III
Law Firm of Russell R Johnson
III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)
bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 19-10562 |
| **BCause Mining LLC,** *et al.* | ) | |
| | ) | Hon. Janet S. Baer |
| Debtors. | ) | |
| | ) | |
| | ) | |

## TRUSTEE'S APPLICATION TO RETAIN COUNSEL *NUNC PRO TUNC* TO OCTOBER 8, 2019, PURSUANT TO 11 U.S.C. § 327 AND FOR RELATED RELIEF

Richard J. Mason ("Trustee") not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("Mining") and BCause LLC[1] ("LLC" and collectively with Mining, the "Debtors") in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Cases"), by and through his undersigned proposed counsel, and pursuant to 11 U.S.C. § 327 hereby requests this Court to enter an order authorizing him to retain Michael M. Schmahl and John F. Pollick of the law firm of Pollick & Schmahl, LLC to represent the Trustee in this Bankruptcy Case pursuant to the terms of a certain engagement agreement (the "Engagement Agreement"), a copy of which is attached hereto as Exhibit A, and in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), (J) and (O).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

[1] BCasue LLC is the debtor in bankruptcy case number 19-10731.

4. This Motion is brought under 11 U.S.C. §§ 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On or about April 11, 2019, Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On or about April 12, 2019, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

8. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

9. That same day, Richard J. Mason was appointed as the Trustee of the Debtors' estates [**Docket No. 320**].

10. Mining is a wholly-owned subsidiary of LLC and operated a hosting and bitcoin mining business out of its data center located in rented space in Virginia Beach, Virginia (the "Data Center") that is owned by Hoffland Properties, Inc. ("Hoffland").

11. LLC also owns a non-debtor subsidiary called BCause Secure LLC ("Secure").

12. Prior to the Conversion Date, the Debtors filed a motion seeking to sell Secure [**Docket No. 250**].[2] The Trustee understands that the Creditors' Committee engaged in an effort to market Secure for sale to a third party pursuant to an agreement between the Debtors, the Creditors' Committee and WESCO. The Trustee further understands that a third party (the

---

[2] While not having become fully familiar with all of the facts and positions of the parties, the Trustee is aware that Hoffland and WESCO have filed either an initial response or an objection to the Debtors' sale motion.

principals of which include one or more insiders) has made a proposal to purchase Secure and that other offers are due by October 11, 2019, pursuant to the Creditors' Committee's prior marketing efforts.

13. The Debtors' assets also include, but are not limited to, what the Trustee understands to be a substantial amount of equipment, electronics, and other materials of unknown value located in the Data Center and Bitcoins that the Trustee currently believes are worth approximately $180,000.

14. Finally, the Trustee understands that WESCO asserts a lien on all or a substantial portion of the Debtors' assets pursuant to Virginia state law, and that the Debtors dispute WESCO's assertion and filed an adversary proceeding captioned *BCause Mining LLC v. WESCO Distribution, Inc.* (Adversary No. 19-769) (the "Adversary Proceeding") that, among other things, challenges and seeks to avoid WESCO's asserted lien.

15. The Trustee is currently in the process of reviewing the pleadings and filings in these bankruptcy cases and has only begun investigating the facts and circumstances related to the Debtors' business and financial affairs and the issues that have been raised in these cases and the Adversary Proceeding. Therefore, the above summary is merely intended to be a summary of the Trustee's current understanding of these matters and is not intended to be a complete recitation of the issues and facts involved in these cases or a statement of the Trustee's view or positions related to any disputed facts or legal issues. As such, the above-summary should not be construed as a waiver of any rights, defenses, or claims that the Trustee has or may have. The

Trustee expressly reserves all of such rights, defenses or claims in these bankruptcy cases and the Adversary Proceeding.

### NEED TO RETAIN COUNSEL

16.     For the reasons described above, the Trustee needs to retain counsel to represent him in the sale of assets, the retention of any auctioneers, tax accountants, or other professionals, and in connection with the Adversary Proceeding and with respect to any other adversary proceedings, claims objections or other contested matters that may arise related to these cases.

17.     In order to represent him as general counsel[3] in these bankruptcy cases and any related adversary proceedings that may be filed, including, without limitation, the Adversary Proceeding, the Trustee desires to retain Michael M. Schmahl ("Schmahl"), John F. Pollick ("Pollick"), and their firm Pollick & Schmahl, LLC (collectively with Schmahl and Pollick, "P&S") as his general counsel to prepare and file documents and pleadings, appear on his behalf before the Court, and otherwise represent him with respect to these matters.

18.     Schmahl and Pollick both practiced law with the Trustee at McGuireWoods, the Trustee's law firm, and are competent attorneys with solid backgrounds in bankruptcy law and commercial litigation. Schmahl attended Bowdoin College and the University of Wisconsin Law and, after practicing bankruptcy law and litigation at McGuireWoods, became general counsel of a private corporation.  Schmahl has practiced law for approximately 18 years and has extensive experience in bankruptcy law.  Pollick attended Yale and the University of Michigan Law School and has practiced law for over approximately 30 years with extensive experience in

---

[3] The Trustee reserves the right to seek to retain special counsel related to any particular matter as the need may arise or as the Trustee may determine to be appropriate or otherwise advantageous for these estates.

bankruptcy law, commercial lending, commercial litigation, real estate law, and commercial transactions.

19. P&S has represented the Trustee in other bankruptcy cases and the Trustee has referred clients to P&S. Both Pollick and Schmahl are former colleagues of the Trustee and have various business and social connections with him as set forth in the attached Declaration of Michael M. Schmahl attached hereto as Exhibit B (the "Schmahl Declaration").

20. As more fully described in the Schmahl Declaration, P&S has in the past and continues to represent the Trustee, as chapter 7 trustee, in other bankruptcy cases.

21. Additionally, P&S represents either the Trustee, personally, or the custodian of his IRA, from time to time with respect to certain real estate matters and transactions. P&S is currently representing the Trustee, personally, with respect to the sale of his house. In each case, P&S charges the Trustee its normal rates for such services, which P&S believes to be market rates.

22. Additionally, the Trustee expects to leave McGuireWoods, LLP, the law firm where he is currently a partner, at approximately the end of 2019. Though no agreements or commitments have been made at this point in time, the Trustee, Pollick and Schmahl have had discussions about the possibility that the Trustee may join P&S as a partner in the future.

23. Schmahl has reviewed the parties listed in each of the Debtors' Schedules, the claims registers, and the pleadings and papers filed in each of the Debtors' cases and concluded to the best of his knowledge, information and belief that P&S has no conflicts of interest or connections with any of such parties except as may be disclosed in the Schmahl Declaration.

Based on this review, P&S believes and has informed the Trustee that it believes that it is disinterested within the meaning the Bankruptcy Code.

**PROPOSED TERMS OF RETENTION**

24. Subject to the Court's approval, the Trustee has agreed to retain P&S pursuant to the terms of the Engagement Agreement. Subject to the Trustee's right to potentially seek to retain any special counsel, P&S would represent the Trustee in connection with the administration of these estates, including, without limitation, the investigation of the Debtors' businesses, financial relationships, transactions and related matters, the sale of assets, claims review, and, represent the Trustee in any litigation, including, without limitation, the Adversary Proceeding, initiated by or against the Trustee and, at its normal hourly rates of $350.00 per hour.

25. Finally, in the event that P&S incurs any actual expenses in connection with representing the Trustee, P&S would be entitled to reimbursement from the Estate (the "Expense Reimbursement").

26. P&S will seek the Court's approval for any compensation or Expense Reimbursement as required by the Bankruptcy Code.

**REQUEST FOR APPROVAL NUNC PRO TUNC TO OCTOBER 8, 2019**

27. Due to the substantial activity in the Debtors' cases prior to the Conversion Date, the number of pending matters, and the existence of the Adversary Proceeding, the Trustee believes that timely action is necessary to maximize the value of these estates for the benefit of creditors. Therefore, the Trustee promptly contacted his proposed counsel to assist him in gathering information and generating a strategy on the Conversation Date.

28. To that end, the Trustee's proposed counsel began providing services on the Conversation Date, including, without limitation, participating in several conference calls,

reviewing documents filed in the cases, and assisting the Trustee in preparing a strategy for moving forward as quickly as possible.

29. As such, the Trustee requests that the his retention of P&S be approved *nunc pro tunc* to October 8, 2019.

## NOTICE

30. As required by Federal Rule of Bankruptcy Procedure 2014, P&S has provided notice of this Motion to United States Trustee and all parties that have entered an appearance or otherwise requested notice in this Bankruptcy Case.

WHEREFORE, the Trustee respectfully request that this Court enter an order approving and authorizing the Trustee to enter into the Engagement Agreement and retain P&S as the Trustee's general counsel in these jointly administered cases and the Adversary Proceeding and granting such other and further relief as this Court deems just or appropriate.

Dated: October 9, 2019

/s/ Michael M. Schmahl
Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Proposed Counsel for the Trustee*