**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| **BCause Mining LLC,** *et al.* ) | Case No. 19-10562 |
| ) | **(Jointly Administered)** |
| Debtors. ) | |
| ) | Hon. Janet S. Baer |
| ) | |

**NOTICE OF MOTION**

TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE THAT** on **Wednesday, November 6, 2019,** at the hour of **10:00 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **TRUSTEE'S MOTION TO AMEND INTERIM BUDGET RELATED TO THE PREVISOULY FILED TRUSTEE'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL OUTSIDE THE ORDINARY COURSE OF BUSINESS AND FOR RELATED RELIEF (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

| | |
|---|---|
| Dated:  November 1, 2019 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |
| | Michael M. Schmahl |

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

1

## **CERTIFICATE OF SERVICE**

      The undersigned states that on November 1, 2019, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email or mail who the undersigned caused to be served by email or via first class mail, postage prepaid as indicated on the attached service list.

                                     By: /s/ Michael M. Schmahl
                                             Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

WESCO Distribution Inc.
PO Box 530409
Atlanta, GA 30353-0409
*Via first class mail, postage prepaid*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) )  Chapter 7 ) |
| BCause Mining LLC, *et al.* | )  Case No. 19-10562 )  (Jointly Administered) ) |
| Debtors. | )  Hon. Janet S. Baer ) |

**TRUSTEE'S MOTION TO AMEND INTERIM BUDGET RELATED
TO THE PREVISOULY FILED TRUSTEE'S MOTION FOR AUTHORITY
TO USE CASH COLLATERAL OUTSIDE THE ORDINARY COURSE
OF BUSINESS AND FOR RELATED RELIEF**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC LLC" and collectively with Mining, the "Debtors"), supplements and amends his prior Trustee's Motion for Authorization to Use Cash Collateral Outside of the Ordinary Course of Business and for Related Relief (the "Cash Collateral Motion") **[Docket No. 358]** and hereby requests that the Court enter an order authorizing him to use additional cash on which WESCO asserts a pre-petition security interest (the "Cash Collateral"), which is subject to the Trustee's objection in a pending adversary proceeding (Adversary No. 19-769) (the "Adversary Proceeding"), pursuant to the schedule or budget (the "Second Interim Budget") attached hereto as Exhibit A[2], which the Trustee has created due to changed (and changing) circumstances impacting the intended liquidation of certain of the Debtors' assets, and, in support thereof, respectfully states as follows:

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.
[2] The Trustee still intends, as stated in the Cash Collateral Motion, to seek approval of a final budget. However, due to the changing circumstances as described in this Motion, the Trustee has not been able to create such a final budget.

## SUMMARY

1. As of the filing of this Motion, the Trustee has not been able to prepare or propose a final budget due to changed (and changing) circumstances related that impact any sale of the Debtors' Equipment that are summarized below. Through this Motion, the Trustee seeks to modify his request for interim relief under the Cash Collateral Motion in order to authorize him to use up to a total of $20,000 comprised of: (i) $15,000 payable by November 7, 2019, for partial rent for the Data Center demanded by Hoffland Properties, Inc.,; and (ii) the portion (the "Remaining Portion") of the up to $11,276 previously authorized by the Court in the initial order (the "First Cash Collateral Order") on the Cash Collateral Motion for additional hours of service by the independent contractors retained pursuant to that Order. The Trustee has not yet definitively determined the total amount of the Remaining Portion but estimates that it is not more than approximately $5,000.

2. As stated below, the Trustee continues to evaluate his options (and potential budgets) for a possible sale of the Debtors' Equipment as well as the possibility of abandoning the Equipment. Therefore, substantially contemporaneously with the filing of this Motion, the Trustee has also filed a motion seeking to reject the lease for the Data Center (the "Rejection Motion").

3. The Trustee may withdraw the Rejection Motion or alter his request in this Motion based on further discussions with relevant parties prior to the hearing on this Motion.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

5. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

6. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

8. On or about April 12, 2019, BC LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

10. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

11. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

12. On or about October 24, 2019, the Trustee filed the Cash Collateral Motion.

13. On or about October 28, 2019, the Court entered an initial Order (the "First Cash Collateral Order") [**Docket No. 367**] authorizing the Trustee to use $31,234 of Cash Collateral and directing the Trustee to pay $25,000 to WESCO as adequate protection.

14. The principle assets of these estates currently include, without limitation:

   a. approximately $675,000[3] in cash (the "Cash Collateral");

---

[3] This amount is subject to reduction due to certain outstanding checks and other planned payments previously approved by the Court in the initial order on the Cash Collateral Motion.

    b. equipment and approximately 73 used computers, generally referred to as "miners", used to "mine" Bitcoin (collectively, the "Equipment") the vast bulk of which is located in the a leased warehouse where the BC Mining operated a data center (the "Data Center");

    c. equity in a non-operating subsidiary called BCause Secure LLC ("Secure")

    d. Bitcoin that is estimated to have a value of approximately $185,000.

15. WESCO asserts prepetition liens on the Cash Collateral and the Equipment, which are subject to the Trustee's objection in the Adversary Proceeding. The Trustee also seeks to avoid WESCO's liens in the Adversary Proceeding. Although the amount of WESCO's secured claim is disputed, WESCO asserts a secured claim for approximately $1.9 million.

16. Due to WESCO's asserted lien, the Trustee currently has no unencumbered cash.

### RECENT DEVELOPMENTS—CHANGING CIRCUMSTANCES

17. At the time the Trustee filed the Cash Collateral Motion, the Trustee was still in the process of evaluating the potential value of the Equipment and working on potential strategies to sell that Equipment.

18. Since then, the Trustee has made significant progress in evaluating a potential sale of the Equipment but only recently received certain estimated projections from two auctioneers or liquidators related to different options for liquidating the Equipment.

19. However, based on the range of the current estimates and the related estimated costs and expenses currently available to the Trustee, the Trustee is still evaluating his options, including the potential abandonment of the Equipment. As such, he has not yet determined the most appropriate course to pursue.

20. In connection with his evaluation, the Trustee has been engaged in discussions with WESCO, Hoffland Properties, Inc. ("Hoffland"), the landlord under the lease for the Data Center, and other relevant parties that have not yet been completed. These discussions are likely to impact a final decision regarding a sale of the Equipment.

21. As a result of these discussions, WESCO has informed the Trustee that it is currently gathering information and working on a potential option for liquidating the Equipment that the parties are expecting to discuss prior to the hearing on this Motion.

22. As such, the Trustee has not been able to complete and cannot now propose a final budget.

23. Additionally, following discussions with the Trustee, the Virginia Beach Fire Marshall recently rescinded the prior fire watch order. Nonetheless, any sale of the Equipment is likely to involve significant costs.

24. Finally, the Debtors' former customers have been removing, or making arrangements to remove, their computers and equipment from the Data Center. This process is not yet complete.

## LEASE OF THE DATA CENTER

25. The overwhelming majority, if not all, of the Equipment is located in the Data Center. Under the terms of the lease for the Data Center, rent for November 2019 is approximately $62,000.

26. On or about October 28, 2019, at the initial hearing on the Cash Collateral Motion, Hoffland and the Trustee orally stipulated that any payments that come due under the lease for the Data Center, for the month of November 2019 only, would not come due until and including November 7, 2019 (the "November Rent Due Date Agreement").

27. On or about October 31, 2019, the Trustee and Hoffland filed a written stipulation with the Court memorializing the November Rent Due Date Agreement.

28. The Trustee and Hoffland have had further discussions regarding a potential sale of the Equipment, including further modifications to any rent obligation moving forward.[4] These discussions are ongoing.

29. As of the filing of this Motion, the Trustee understands that Hoffland has agreed to further modify all payment obligations under the lease related to the month of November 2019, so that $15,000 will come due under the lease on November 7, 2019 (the "Initial November Rent Payment"), with the balance coming due on November 15, 2019.[5]

30. Substantially contemporaneously with the filing of this Motion, the Trustee has also filed the Rejection Motion due to the current uncertainties related to any sale of the Equipment (including the fact that the Trustee is also considering abandoning the Equipment).

**FIRST CASH COLLATERAL ORDER**

31. On or about October 28, 2019, the Court entered an initial Order (the "First Cash Collateral Order") [**Docket No. 367**] authorizing the Trustee to use up to $31,234 of Cash Collateral and directing the Trustee to pay $25,000 to WESCO as adequate protection, subject to potential disgorgement based on the outcome of the Trustee's challenges to WESCO's liens and secured claim.

---

[4] Any such ultimate agreement may be structured as a separate agreement from the lease.
[5] The Trustee's understanding is based on oral discussions between the respective counsel for the Trustee and Hoffland. During these discussions, counsel for Hoffland suggested that he needed to confirm this agreement with Hoffland. The Trustee believes that Hoffland has agreed to this change but, as of the filing of this Motion, is working to clarify that his understanding is correct.

32. The First Cash Collateral Order authorized the Trustee to retain certain individuals as independent contractors (the "Retained Individuals") and to make certain lump sum payments to the Retained Individuals.

33. In addition to the lump sum payments, the First Cash Collateral Order authorized the Trustee to make additional payments to the Retained Individuals totaling up to $11,276.00 (the "Interim Independent Contractor Limit") for additional hours of work.

34. Although the Trustee is still gathering information needed to calculate the total amount of the Interim Independent Contractor Limit that has been used, the Trustee believes that there the Remaining Portion is approximately $4,500.

## RELIEF REQUESTED

35. Through this Motion, the Trustee requests that the Court approve the Second Interim Budget and authorizing the Trustee to pay $15,000 to Hoffland for the Initial November Rent Payment and to use up to $4,500 of the Remaining Portion for further services of the previously engaged independent contractors at the previously approved hourly rates as indicated in the Second Interim Budget attached as Exhibit A.

36. The Trustee currently expects that he will likely need to use the previously engaged independent contractors in order to periodically open the Data Center to obtain information related to the Equipment (or a potential sale of the Equipment). Additionally, although the Trustee has not been directly involved in the move out arrangements of the Debtors' former customers, the Trustee believes he will need limited additional services from these independent contractors to limit (if not eliminate) the potential of former customers taking portions of the Debtors' Equipment and other limited logistical issues related to this process.

37. The precise timing and amount of such services is not currently known to the Trustee. However, in light of the fact that the hourly rates of the Retained Independent Contractors are low (generally ranging from $20 to $22 per hour, with one individual's rate at $66.25 per hour), the Trustee does not expect to exceed (and very likely will not use all of) the Remaining Portion.

38. The Trustee has been working with WESCO in order to try to reach an agreement regarding the Second Interim Budget as well as an overall budget and hopes to reach an agreement on the Second Interim Budget if not the final budget prior to hearing on this Motion. Due to the fact that many of the relevant facts and issues addressed in this Motion have arisen or are arising actually on the date this Motion is filed, the Trustee's counsel has not actually spoken with WESCO's counsel regarding recent discussions with Hoffland's counsel and the Initial November Rent Payment.

39. Without the relief requested herein, the Trustee will not have the resources to pay the Initial November Rent Payment and his ability to continue to evaluate a potential sale will be significantly negatively impacted. Additionally, the Trustee will not be able to oversee, even to a minimal extent, the remaining removal of the former customers' equipment in order to safeguard the Equipment. As such, the Trustee asserts that the expenses listed in the attached budget should be allowed as chapter 7 administrative expenses pursuant to Section 503 of the Bankruptcy Code.

40. For the above reasons, the Trustee believes that the requested relief is in the best interest of the estates and the creditors, including WESCO, and that these estates will suffer significant and potentially irreparable harm if the Trustee is not authorized to use the Cash Collateral as requested herein.

41. Finally, the amounts requested in the Second Interim Budget are directly tied to the Equipment and concluding the process of evaluating the potential sale of the Equipment, including

obtaining WESCO's expected proposal. As such, the Second Interim Budget would directly benefit WESCO, and such amounts would be chargeable to the proceeds of any such sale under Section 506(c). Additionally, WESCO has already received a $25,000 adequate protection payment (subject to potential disgorgement) in the First Cash Collateral Order. Therefore, the Trustee asserts that no further adequate protection payments are necessary or appropriate.

WHEREFORE, the Trustee respectfully request that this Court enter an order: (i) amending the Cash Collateral Motion to permit the Second Interim Budget; (ii) authorizing the Trustee to use the Cash Collateral listed in the Second Interim Budget upon the terms and conditions set forth in the Motion; and (iii) granting such other and further relief as this Court deems just or appropriate.

Dated: November 1, 2019

/s/ Michael M. Schmahl
Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Counsel for the Trustee*