**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| **BCause Mining LLC,** *et al.* ) | Case No. 19-10562 |
| ) | **(Jointly Administered)** |
| **Debtors.** ) | |
| ) | Hon. Janet S. Baer |
| ) | |

## NOTICE OF MOTION

TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE THAT** on **Wednesday, November 6, 2019,** at the hour of **10:00 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **TRUSTEE'S MOTION TO REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH HOFFLAND PROPERTIES, INC. (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

|  |  |
|---|---|
| Dated:  November 1, 2019 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
|  | By: /s/ Michael M. Schmahl |
|  |         Michael M. Schmahl |

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

1

# **CERTIFICATE OF SERVICE**

      The undersigned states that on November 1, 2019, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email or mail who the undersigned caused to be served by email or via first class mail, postage prepaid as indicated on the attached service list.

                                          By: /s/ Michael M. Schmahl
                                                Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Hoffland Properties, Inc.
5400 Virgina Beach Blvd.
Virginia Beach, VA 23462-1724
*Via first class mail, postage prepaid*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) | **Chapter 7** |
| **In re:** | ) |  |
|  | ) | **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) | **(Jointly Administered)** |
|  | ) |  |
| **Debtors.** | ) | **Hon. Janet S. Baer** |
|  | ) |  |

**TRUSTEE'S MOTION TO REJECT UNEXPIRED LEASE OF
NONRESIDENTIAL REAL PROPERTY WITH HOFFLAND PROPERTIES, INC.**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC LLC" and collectively with Mining, the "Debtors"), by his undersigned counsel, hereby requests (subject to the Trustee's right to withdraw this Motion) that the Court enter an order rejecting as an unexpired lease of nonresidential real property the Triple Net Lease (With Rider) (the "Lease") for the real property located at 5465 Greenwich Road in Virginia Beach 23462 (the "Property") dated November 1, 2017, between BC Mining, as lessee, and Hoffland Properties, Inc. ("Hoffland"), as lessor, pursuant to 11 U.S.C. § 365 (Section 365), and, in support thereof, respectfully states as follows:

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

## INTRODUCTION

1. The monthly obligations under the Lease are substantial and, for the current period, amount to approximately $62,000 per month.

2. As of the filing of this Motion, the Trustee has not yet determined the best option to liquidate the Debtors' Equipment, substantially all of which is located on or in the Property. As such, although the Trustee and Hoffland remain in discussions, the occupancy costs related to the Property and, likely, to a sale of the Equipment, are substantial.

3. Among other things, the Trustee continues to evaluate his options related to the Equipment and is expecting a proposal from WESCO prior to the hearing on this Motion.

4. Substantially contemporaneously with the filing of this Motion, the Trustee has also filed a motion (the "Amended Budget Motion") seeking to modify his prior request for interim relief under the Trustee's previously filed Cash Collateral Motion in order to obtain authority to use up to a total of $20,000 comprised of: (i) $15,000 payable by November 7, 2019, for partial rent under the Lease pursuant to an agreement with Hoffland that the balance of any payment obligations under the Lease for the month of November 2019 only do not come due under the Lease until November 15, 2019; and (ii) up to $5,000 for additional assistance from certain independent contractors on an hourly basis.

5. The Trustee continues to evaluate his options (and potential budgets) related to the Debtors' Equipment, including a possible sale thereof. Therefore, the Trustee may withdraw this Motion or alter his request in the Amended Budget Motion based on further discussions with relevant parties prior to the hearing on this Motion.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

7. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

8. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

9. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

10. On or about April 12, 2019, BC LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

11. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

12. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

13. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

14. The principle assets of these estates currently include, without limitation:

   a. approximately $675,000[2] in cash (the "Cash");

   b. equipment and approximately 73 used computers, generally referred to as "miners", used to "mine" Bitcoin (collectively, the "Equipment") the vast bulk of which is located in the a leased warehouse where the BC Mining operated a data center (the "Data Center");

   c. equity in a non-operating subsidiary called BCause Secure LLC ("Secure")

---

[2] This amount is subject to reduction due to certain outstanding checks and other planned payments previously approved by the Court in the initial order on the Cash Collateral Motion.

    d.   Bitcoin that is estimated to have a value of approximately $185,000.

15.    WESCO asserts prepetition liens on the Cash and the Equipment, which are subject to the Trustee's objection in a currently pending adversary proceeding, in which the Trustee seeks to avoid WESCO's liens. Although the amount of WESCO's secured claim is disputed, WESCO asserts a secured claim for approximately $1.9 million.

16.    Due to WESCO's asserted liens, the Trustee currently has no unencumbered cash.

### THE LEASE

17.    The Lease is an unexpired lease of nonresidential real property under which BC Mining leased the approximately 91,000 square foot Property where it operated a data center.

18.    The payment obligations under the Lease are currently approximately $62,000 per month. Under the circumstances, the Lease imposes a substantial burden on the Debtors' estates.

19.    On or about October 28, 2019, at the initial hearing on the Trustee's Cash Collateral Motion, Hoffland and the Trustee orally stipulated that any payments that come due under the lease for the Data Center, for the month of November 2019 only, would not come due until and including November 7, 2019 (the "November Rent Due Date Agreement").

20.    On or about October 31, 2019, the Trustee and Hoffland filed a written stipulation with the Court memorializing the November Rent Due Date Agreement.

21.    The Trustee and Hoffland have had further discussions regarding a potential sale of the Equipment, including further modifications to any payment obligations under the Lease moving forward.[3] These discussions are ongoing.

22.    As of the filing of this Motion, the Trustee understands that Hoffland has agreed to further modify all payment obligations under the lease related to the month of November 2019, so

---

[3] Any such ultimate agreement may be structured as a separate agreement from the lease.

that $15,000 will come due under the lease on November 7, 2019 (the "Initial November Rent Payment"), with the balance coming due on November 15, 2019.[4]

## OTHER RECENT DEVELOPMENTS

23. The Trustee has made significant progress in evaluating a potential sale of the Equipment but only recently received certain estimated projections from two auctioneers or liquidators related to different options for liquidating the Equipment.

24. Based on the range of the current estimates and the related estimated costs and expenses currently available to the Trustee, the Trustee is still evaluating his options, including the potential abandonment of the Equipment. As such, he has not yet determined the most appropriate course to pursue.

25. In connection with his evaluation, the Trustee has been engaged in discussions with WESCO, Hoffland, and other relevant parties that have not yet been completed. These discussions are likely to impact a final decision regarding a sale of the Equipment.

26. As a result of these discussions, WESCO has informed the Trustee that it is currently gathering information and working on a potential option for liquidating the Equipment that the parties are expecting to discuss prior to the hearing on this Motion.

## RESERVATION OF RIGHT TO WITHDRAW MOTION

27. In light of these developing circumstances, the Trustee reserves the right to withdraw this Motion.

## ARGUMENT

---

[4] The Trustee's understanding is based on oral discussions between the respective counsel for the Trustee and Hoffland. During these discussions, counsel for Hoffland suggested that he needed to confirm this agreement with Hoffland. The Trustee believes that Hoffland has agreed to this change but, as of the filing of this Motion, is working to clarify that his understanding is correct.

28. The decision to assume or reject an unexpired lease or executory contract is generally within the business judgment of the Trustee. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F. 3d 1095, 1099 (2nd Cir. 1993). Moreover, in considering a motion to reject an executory contract or unexpired lease, the Court should presume that the Trustee "acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *See Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665, 670, (9th Cir. 2007).

29. The substantial payment obligations under the Lease are a burden on these estates. In light of the fact that the Trustee currently has no unencumbered cash and that he has not yet concluded that a sale of the Equipment is in the best interests of the Debtors' creditors and these estates, the Trustee believes that the Lease is burdensome and should be rejected.

WHEREFORE, the Trustee respectfully request that this Court enter an order rejecting the Lease and granting such other and further relief as this Court deems just or appropriate.

Dated: November 1, 2019 /s/ Michael M. Schmahl
Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Counsel for the Trustee*