IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| **BCause Mining LLC,** *et al.* ) | Case No. 19-10562 |
| ) | **(Jointly Administered)** |
| Debtors. ) | |
| ) | Hon. Janet S. Baer |
| ) | |

## NOTICE OF MOTION

TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE THAT** on **Thursday, November 7, 2019,** at the hour of **9:30 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **TRUSTEE'S NOTICE AND MOTION TO ABANDON EQUIPMENT AND REQUEST TO LIMIT NOTICE (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

Dated:  November 4, 2019

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC

By: /s/ Michael M. Schmahl
        Michael M. Schmahl

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

1

## **CERTIFICATE OF SERVICE**

  The undersigned states that on November 4, 2019, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email or mail who the undersigned caused to be served by email or via first class mail, postage prepaid as indicated on the attached service list.

               By: /s/ Michael M. Schmahl
                  Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson
III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson
III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) )  **Chapter 7** ) |
| BCause Mining LLC, *et al.* | ) **Case No. 19-10562** ) **(Jointly Administered)** ) |
| Debtors. | ) **Hon. Janet S. Baer** ) |

## TRUSTEE'S NOTICE AND MOTION FOR ORDER
## ABANDONING EQUIPMENT AND REQUEST TO LIMIT NOTICE

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC LLC" and collectively with Mining, the "Debtors"), by his undersigned counsel, requests that the Court enter and order authorizing and approving the abandonment of the Debtors' equipment (the "Equipment"), including the approximately 73 miners, located in the warehouse that the Debtors converted into data center (the "Data Center") located at 5465 Greenwich Road in Virginia Beach 23462 (the "Property"), and, in support thereof, respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

5. On or about April 12, 2019, BC LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

8. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

## The Equipment

9. The Equipment is property of the bankruptcy estate of BC Mining. Although the Trustee has not prepared an independent, exhaustive list of the Equipment, attached hereto as Exhibit 1 is a list that the Trustee obtained from the Debtors' records that the Trustee believes to be complete or nearly complete as well as the page from BC Mining's bankruptcy schedules listing the Equipment that it filed in this bankruptcy case.

10. The Equipment is principally comprised of electrical hardware, including switchboards, control boards, a number of transformers, exhaust fans, and a substantial amount of wiring and vertical and horizontal racking for computers. Much of this equipment is large, heavy and would have to be removed at great expense from the Data Center.

11. Additionally, the Equipment also includes BC Minings office computers and furniture and 73 computers used to mine Bitcoin often referred to as miners.

12. The Trustee has consulted with both local (i.e. Virginia) and national liquidators to assist him in evaluating the potential sale of the Equipment as well as the likely results related to such a sale. In each case, the liquidators advised the Trustee that a sale in less than 60 days would not likely be successful due, among other things, to the nature of the equipment, the amount and type of advertising necessary for such a sale and the fact that the holidays start later this month. They have advised that such a sale would require at least 75 days (or more) to be successful.

**Gross Proceeds: Approximately $530,000 - $1.06 million**

13. Through these discussions, the Trustee received an estimated range of gross proceeds from such a sale of approximately $530,000 to approximately $1.06 million.[2]

**Sale Related Costs: Approximately $153,000 - $340,000**

14. These liquidators further estimate that, **not including** occupancy expenses, contractors' fees to take down the Equipment, or the Trustee's professional fees, the likely range of sale related expense related to such a sale is approximately $153,000 to approximately $340,000.[3]

15. Therefore, the Trustee has not relied heavily on this liquidator's estimates.

**Occupancy Costs: Approximately $100,000 (could be substantially higher)**

16. Pursuant to the lease for the Data Center, the monthly rent obligations are currently approximately $62,000. The bankruptcy estate would also be responsible for the costs of utilities

---

[2] The Trustee also received another estimate of $1.2 million to $1.5 million from a liquidator who advised the Trustee that, while he felt his estimated range had a reasonable possibility of being accurate, he felt that such a sale would be highly speculative due to the nature of the Equipment, which is difficult and expensive to move and some of which is available in scrap markets from time to time, and the fact that some of it was reconditioned or used when the Debtor purchased it. Therefore, this liquidator informed the Trustee that he would decline to conduct a sale of the Equipment. As such, the Trustee does not place significant weight on this estimate.

[3] This range of costs includes an estimate of the liquidator's fee, which is likely to be based on a percentage of total sale proceeds.

for the over 91,000 square foot Data Center, which could not simply be shut down while a sale was being prepared.

17. The Trustee would likely incur additional independent contractor expenses as the liquidators have informed the Trustee that they would want to work with one of the Debtors' former employees as the person most knowledgeable about the Equipment in order to assist with planning a sale and the Trustee.

18. Hoffland Properties, Inc. ("Hoffland"), the landlord under the Data Center lease, has suggested that it would agree to reduce rent in connection with an agreed upon sale process to $30,000 per month.

19. Hoffland has also informed the Trustee that it asserts an ownership interest in the Equipment under a provision of the lease that purports to transfer ownership to Hoffland upon the installation of any Equipment that is not a trade fixture (the "Landlord Claim"). While the Trustee questions the value of the Landlord Claim, it is uncertain whether a final agreement could be reached with Hoffland related to reduced rent and a sale process in a short period of time.

20. In any event, the occupancy costs associated with such a sale are expected to be significant—likely exceeding $100,000 in total even assuming Hoffland agrees to such a rent reduction and that a sale could be completed in three months from today.

**Take Down Costs: Approximately $90,000**

21. In the time available, the Trustee has not obtained a full range of estimates from contractors regarding the likely fees for simply un-installing or taking down the Equipment in preparation for a sale. However, the Trustee has received an overall estimate of approximately $90,000. Though the total amount of such fees could be higher, the Trustee believes that it is unlikely to be lower.

**Net Proceeds (excluding related professional fees)**

22.     Based on the Trustee's analysis of potential outcomes, using both the above estimates and the Trustee's own expertise and experience, the Trustee believes that, assuming Hoffland agrees to a rent reduction and minimal utility expenses, a sale could result in a range of net sale proceeds of approximately $185,000 to approximately $530,000.

23.     However, there is risk that the costs associated with a sale of the Equipment could be greater than the total gross proceeds, particularly if an agreement cannot be reached with Hoffland or if Hoffland were to prevail on a substantial portion of the Landlord Claim.

**WESCO Secured Claim (Subject to Dispute)**

24.     WESCO asserts a secured claim of approximately $1.9 million and prepetition liens, including a blanket lien under Article 9 of the Uniform Commercial Code purportedly granted under a credit agreement with BC Mining and statutory liens under Virginia and Illinois law based on a judgment by confession WESCO obtained in Virginia shortly before the commencement of these cases.

25.     The amount of WESCO's asserted secured claim is comprised of purported unpaid balances owed to WESCO and CSC, a purported affiliate of WESCO, that were purportedly combined under a promissory note that formed the basis of the confessed judgment.  When WESCO obtained the judgment by confession in Virginia, significant additional amounts were added for purported attorneys' fees, interest and other costs or charges.

26.     The Trustee is challenging both the amount of WESCO's secured claim as well as WESCO's asserted liens in a pending adversary proceeding (Adversary No. 19-769) (the "Adversary Proceeding").[4]

---

[4] The above summary description of WESCO's asserted claims and lien is not intended to be a complete recitation of all of the facts and issues related to WESCO's asserted claim or that are involved in the Adversary Proceeding.

27. Nonetheless, given WESCO's asserted secure claims, it is speculative whether a sale of the Equipment has any value for unsecured creditors. Therefore, the Trustee has exercised his business judgment and concluded that the Equipment is burdensome and of inconsequential value to the estate.

28. As such, the Trustee proposes to abandon the Equipment but expressly reserves all of his rights, claims and defenses to challenge and otherwise object to WESCO's asserted secured claims and liens and all the Trustee's rights under the Uniform Commercial Code and other applicable state and federal law, including the right to require WESCO to liquidate the Equipment in a commercially reasonable manner and to pay to the Trustee any amount of money that WESCO may recover from the liquidation of the Equipment that exceeds the allowed amount of WESCO's secured claim.

## REQUEST TO LIMIT NOTICE

29. Federal Rule of Bankruptcy Procedure 6007(a) requires that notice of this proposed abandonment be provided to the US Trustee, all creditors, indenture trustees, and committees unless the Court directs otherwise.

30. The Trustee has given notice of this abandonment to the US Trustee and all parties who have appeared through counsel in these case through the Court's ECF system and via email. There are currently no committees.

31. Additionally, the Trustee has mailed a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 2 to all creditors.

---

The above summary is intended to be a general description of what the Trustee understands as WESCO's asserted basis for its purported secured claim. The Trustee does not agree with some or all of WESCO's positions and expressly reserves all of his rights, claims and defenses and rights to object to and otherwise challenge, on any basis, WESCO's asserted claims and liens as well as any claims and liens that CSC may assert. As such, no statement herein is intended nor should be construed as an admission or waiver or release of any of the Trustee's rights, claims and defenses or as a statement of the Trustee's position in the Adversary Proceeding.

32. Given the fact that these estates have limited unencumbered resources, the Trustee requests that the Court approve of the Creditor Notice and limit notice as described in above.

WHEREFORE, the Trustee respectfully request that this Court enter an order: (i) approving the Creditor Notice; (ii) limiting notice as described in the Motion; (iii) abandoning the Equipment; and (iv) granting such other and further relief as this Court deems just or appropriate.

Dated: November 4, 2019

/s/ Michael M. Schmahl
Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Counsel for the Trustee*