IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | |
| Debtors.7 | ) | Honorable Janet S. Baer |
| | ) | |

**WESCO'S SUPPLEMENTAL OBJECTION TO: (I) FIRST INTERIM FEE APPLICATION OF CRANE, SIMON, CLAR & DAN [D.I. 309]; (II) FIRST INTERIM FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO THE COMMITTEE [D.I. 304]; (III) FINAL FEE APPLICATION OF CRANE, SIMON, CLAR & DAN [D.I. 377]; AND (IV) SECOND AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS [D.I. 369]**

WESCO Distribution, Inc. ("WESCO") hereby renews its objection [D.I. 336] (the "Initial Objection") to the first interim application of Crane, Simon, Clar & Dan [D.I. 309] (the "Debtor Application"), counsel for the above-captioned debtors (the "Debtors"), and the first interim fee application of Freeborn & Peters LLP, counsel for the official committee of unsecured creditors (the "Committee") in these cases [D.I. 304] (the "Committee Application" and collectively with the Debtor Application, the "Initial Applications") and files this supplemental objection to the final fee application of Debtors' counsel [D.I. 377] (the "Final Debtor Application") and the final fee application of counsel for the Committee [D.I. 369] (the "Final Committee Application" and collectively with the Final Debtor Application, the "Final Applications"). WESCO respectfully requests that the Court deny each of the Initial Applications and the Final Applications for the reasons stated in the Initial Objection and described herein.

{8465754: }

*The Final Debtor Application*

Initially, Debtors' counsel filed the Final Debtor Application six days late. As detailed in the Court's order dated October 16, 2019 [D.I. 353], the deadline for Debtors' counsel to file its final fee application was set as October 30, 2019. Instead, Debtors' counsel filed the Final Debtor Application on November 5, 2019 without seeking leave from this Court or otherwise providing an explanation as to the tardiness of the filing. A court is not obligated to consider untimely pleadings that are filed without leave of Court. *In re Klarchek*, 509 B.R. 175, 185 (Bankr. N.D. Ill. 2014), citing *In re Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996) ("Missing a filing deadline because of slumber is fatal."). Therefore, because the Final Debtor Application was filed six days late without leave of court – or even any explanation from Debtors' counsel – this Court should deny it in full.

Further, WESCO objects to footnote 2 in the Final Debtor Application, which states: "[Debtors' counsel] firmly believes WESCO's pre-petition garnishment of LLC's bank account represented a wrongful garnishment, which ultimately forced the Debtors to file the Chapter 11 cases and is possibly actionable." This statement is simply a collateral attack on WESCO and is irrelevant to Final Debtor Application or the services provided by Debtors' counsel. The adversary proceeding (Case No. 19-00769) the Debtors filed against WESCO does not include any allegations as to this "wrongful garnishment," and WESCO is unaware of any efforts by Debtors' counsel or the chapter 7 trustee in this matter to investigate this issue.

Finally, WESCO objects to the duplicative nature of the time entries included in the Final Debtor Application. While the amounts requested in the Final Debtor Application appear to match the hours and fees set forth in the time detail attached (unlike in the initial Debtor Application, as further described in the Initial Objection), the Final Debtor Application includes

time detail that tracks time separately between the two Debtors (BCause Mining and BCause LLC). However, the exhibits for BCause Mining and BCause LLC include duplicative time entries for each debtor on numerous occasions. By way of illustration, each of the following entries appear in "Exhibit B" of the time detail for each of BCause Mining and BCause LLC, concerning "Cash Collateral and Issues Pertaining to WESCO and Avi:[1]"

| Date | BCause Mining Time Entry Description | BCause Mining Timekeeper / Time Entry Amount | BCause LLC Time Entry Description | BCause LLC Time Entry Amount / Time Entry Amount |
|---|---|---|---|---|
| 4/16/19 | Telephone conference with Ann Cresce re: cash collateral issues | SRC / .10 | Telephone conference with Ann Cresce re: cash collateral issues | SRC / .10 |
|  | Telephone conference with George Sladoje and Ann Cresce re: cash collateral | SRC / .30 | Telephone conference with George Sladoje and Ann Cresce re: cash collateral | SRC / .30 |
| 4/17/19 | Conference with George Sladoje and S. Clar re: cash flow projections | AGS / 1.2 | Conference with George Sladoje and S. Clar re: cash flow projections | AGS / 1.2 |
|  | Telephone conference with George Sladoje and S. Clar re: cash collateral budget | SRC / .10 | Telephone conference with George Sladoje and S. Clar re: cash collateral budget | SRC / .10 |
|  | Telephone conference with Ann Cresce re: cash collateral issues | SRC / .10 | Telephone conference with Ann Cresce re: cash collateral issues | SRC / .10 |
|  | Telephone conference with Christi Vaassen re: budget issues | SRC / .20 | Telephone conference with Christi Vaassen re: budget issues | SRC / .20 |
|  | Prepared for and attended on use of cash collateral | SRC / 1.3 | Prepared for hearing on use of cash collateral[2] | SRC / 1.3 |
|  | Review and analysis of WESCO objection to payroll and cash collateral motions | SRC / .50 | Review and analysis of WESCO objection to payroll and cash collateral motions | SRC / .80[3] |

This chart includes just a small sampling of the duplicative nature of the time entries in the Final Debtor Application; WESCO has not reviewed every single time entry for duplications

---

[1] WESCO has no knowledge of what "Avi" is with regard to cash collateral or these cases. This may be an inadvertent error.
[2] This description is slightly different.
[3] This amount is slightly different.

(but reserves the right to do so if appropriate). As a result of Debtors' counsel's method of tracking time between both of the Debtors, the nature of the time Debtors' counsel actually spent is vague. It is unclear to WESCO whether Debtors' counsel simply divided the total time spent evenly between the Debtors or if Debtors' counsel included duplicate time entries in each of the Debtors (therefore doubling the total time recorded). As this Court is aware, these cases were jointly administered, and the large majority of the issues which arose during the Debtors' chapter 11 cases affected both of the Debtors equally. Potential duplication of time entries between the two Debtors simply adds to the confusion surrounding the fees incurred by Debtors' counsel. WESCO submits that this Court should deny the Final Debtor Application absent a thorough explanation from Debtors' counsel and a complete review of the time detail supporting the Final Debtor Application.

*The Final Committee Application*

The Final Committee Application attempts to validate the Committee's work in these cases by claiming that Committee counsel provided services that "maximize[d] the potential recovery for general unsecured creditors," including the Committee's work to assist the Debtors in preparing a complaint against WESCO to invalidate WESCO's liens and marketing the equity in BCause Secure LLC and the "Spot Exchange." In reality, however, the Committee's work on the complaint against WESCO provided no benefit to the Debtors' estates or general unsecured creditors; as of the date of this filing, WESCO's motion to dismiss the complaint in the adversary proceeding filed by the Debtors is still pending. Committee counsel claims that the potential sales regarding BCause Secure LLC and the "Spot Exchange" "will result in a substantial benefit to the Debtors' estates," but these efforts are now irrelevant; the Debtors' estates are now in liquidation, and the motion to sell such assets has been withdrawn. After nearly seven months of

work, general unsecured creditors are in no better position than they were at the beginning of the Debtors' cases; in fact, due to the administrative costs accrued during the cases, they may be in a substantially worse position. As a result, the Final Committee Application should also be denied.

*Failure to Comply with Local Rule 5082-1(B)(2)*

Finally, as was the case in the Initial Applications, both the Final Committee Application and the Final Debtor Application fail to comply with a critical local rule requirement for fee applications. Local Rule 5082-1(B)(2) requires all narrative summaries in fee applications to "conclude with a statement as to whether the requested fees and expenses are sought to be merely allowed or both allowed and paid. If the latter, the narrative summary must state the source of the proposed payment." Neither of the Final Applications complies with this non-trivial requirement. Like the Initial Applications, the Final Applications should be disallowed absent clarification regarding this Local Rule.

*Conclusion*

For the reasons stated herein and in the Initial Objection, WESCO respectfully requests that this Court deny both the Initial Applications and the Final Applications. If the Applications are not denied at this point, at a minimum, the Court should allow WESCO the opportunity to submit further briefing on the issues at stake.

*[Remainder of page intentionally blank; signature page follows]*

| | |
|---|---|
| Dated: November 13, 2019 | /s/  David A. Agay<br>David A. Agay (ARDC No. 6244314)<br>MCDONALD HOPKINS LLC<br>300 North LaSalle Street, Suite 1400<br>Chicago, Illinois 60654<br>Telephone:  (312) 280-0111<br>Facsimile:  (312) 280-8232<br>dagay@mcdonaldhopkins.com<br><br>-and-<br><br>Maria G. Carr (OH 0092412) (admitted *pro hac vice*)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, E., Suite 2100<br>Cleveland, OH 44114<br>Telephone:  (216) 348-5400<br>Facsimile:   (216) 348-5474<br>mcarr@mcdonaldhopkins.com |

# CERTIFICATE OF SERVICE

I, David A. Agay, hereby certify that, on November 13, 2019, I caused a copy of the foregoing WESCO's Supplemental Objection to: (I) First Interim Fee Application Of Crane, Simon, Clar & Dan [D.I. 309]; (II) First Interim Fee Application of Freeborn & Peters LLP as Counsel to the Committee [D.I. 304]; (III) Final Fee Application of Crane, Simon, Clar & Dan [D.I. 377]; and (IV) Second and Final Fee Application of Freeborn & Peters LLP as Counsel to The Official Committee of Unsecured Creditors [D.I. 369] to be electronically filed with the Clerk of Court using the Electronic Case Filing System, and be served via the CM/ECF system or U.S. mail on the following interested parties:

**Via ECF:**

David A Agay on behalf of Creditor Wesco Distribution, Inc.
dagay@mcdonaldhopkins.com,
mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com

Sarah K Angelino on behalf of Creditor Hoffland Properties, Inc.
sangelino@schiffhardin.com, edocket@schiffhardin.com

Jamie L Burns on behalf of Creditor W-R2 Jefferson Owner VIII, LLC
jburns@lplegal.com, rwilliamson@lplegal.com;ikropiewnicka@lplegal.com

Maria G Carr on behalf of Creditor Wesco Distribution, Inc.
mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Scott R Clar on behalf of Debtor 1 BCause LLC, a Virginia limited liability company
sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com

Shara C Cornell on behalf of Creditor Wesco Distribution, Inc.
scornell@mcdonaldhopkins.com,
mbrady@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com

Jeffrey C Dan on behalf of Debtor 1 BCause LLC, a Virginia limited liability company
jdan@cranesimon.com, sclar@cranesimon.com;mjoberhausen@cranesimon.com

Shelly A. DeRousse on behalf of Creditor Committee Official Committee Of Unsecured Creditors
sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Devon J. Eggert on behalf of Creditor Committee Official Committee Of Unsecured Creditors
deggert@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Elizabeth L. Janczak on behalf of Creditor Committee Official Committee Of Unsecured Creditors
ejanczak@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com

Marc Ira Fenton on behalf of Creditor W-R2 Jefferson Owner VIII, LLC
mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com

Christina Sanfelippo on behalf of Creditor BMG Operations Ltd.
csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com

Brian L Shaw on behalf of Creditor BMG Operations Ltd.
bshaw@foxrothschild.com, cknez@foxrothschild.com

Jason M Torf on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia
jason.torf@icemiller.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

**Via Regular Mail**

Paul Bozych
Nielsen, Zehe & Antas, P.C.
Wesco Distribution, Inc.
55 W. Monroe St., Ste. 1800
Chicago, IL 60603

Seth A. Robbins
Robbins Law Group
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22201

AlphaCraft Technologies, LLC
601 Railroad Ave.
South Boston, VA 24592

Matthew B. Kirsner
Eckert Seamans
919 East Main St., Ste. 1300
Richmond, VA 23219

Abacus Solutions, LLC
1190 Kennestone Circle NW, #120
Newborn, GA 30056

Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

Capital Counsel, L.L.C.
700 13th Street, NW, 2nd Floor
Washington, DC 20005

Century Link
1025 Eldorado Blvd.
Broomfield, CO 80021

Ciniva, LLC
251 Granby Street
Norfolk, VA 23510

Crystal Clear Communications
3180 N. Lake Shore Drive, #20C Chicago, IL 60657

FIS Systems International LLC 601 Riverside Ave.
Jacksonville, FL 32204

Jones, Madden & Council, PLC
5029 Corporate Woods Drive, #190 Virginia Beach, VA 23462

Katten Munchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661

LeClairRyan
4405 Cox Road, #200
Glen Allen, VA 23060

Nasdaq

{8465754: }                                   8

Brian Sayler
48 Bensam Place
Haledon, NJ 07508

Alison Zizzo
Midgett-Pret-Olansen
2901 S. Lynnhaven Rd., Ste. 120
Virginia Beach, VA 23452

Gaylene Watson
Dominion Energy Virginia
2700 Cromwell Drive
Norfolk, VA. 23509
Kristopher C. Russell
Key Account Manager
Customer Service and Strategic Partnerships
Dominion Energy Virginia
2700 Cromwell Drive
Norfolk, VA 23509

BMG Operations Ltd.
44 Church Street
St. John's, Antigua

Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

EF Fallon, Kevin
2800 252nd Ave.
Salem, WI 53168

Silbar Security Corporation
1508 Technology Drive, #101
Chesapeake, VA 23320

Solutrix
5469 Greenwich Road
Virginia Beach, VA 23462

Inate One LLC
1083 Independence Blvd., #206
Virginia Beach, VA 23455

Zhouyang (Mason) Song

One Liberty Plaza, 50th Floor
New York, NY 10006

Paychex of New York LLC 8215 Forest
Point Blvd., #150 Charlotte, NC 28273
Adam.bleifeld@softvision.com

Endurance IT Services, LLC
295 Bendix Road, #300
Virginia Beach, VA 23452

BitGo, Inc.
2443 Ash Street
Palo Alto, CA 94306

HK Cryptocurrency Mining LLC
470 Park Avenue South
New York, NY 10016

US Customs & Border Protection
6650 Telecom Drive, #100
6650 Telecom Drive, #100
Indianapolis, IN 46278

CSC
3462 Solution Center
Chicago, IL 60677-3004

AlphaCraft Technologies, LLC
601 Railroad Ave.
South Boston, VA 24592

Pro Window, Inc.
Attn: Justice White, Mgr.
1604 Virginia Beach Blvd.
Virginia Beach, VA 23452

Matthew B. Kirsner
Eckert Seamans
919 East Main St., Ste. 1300
Richmond, VA 23219

BFPE International
PO Box 791045
Baltimore, MD 21279-1045

Bay Technologies
4501 Bainbridge Blvd., #200
Chesapeake, VA 23320

CB Critical Systems

2930 Barnard Street, #7204
San Diego, CA 92110

Tradehelm, Inc.
27 N. Wacker Dr., 103
Chicago, IL 60606

Endurance IT Services, LLC
295 Bendix Road, #300
Virginia Beach, VA 23452

Russell R Johnson, III on behalf of Creditor
Virginia Electric and Power Company d/b/a
Dominion Energy Virginia
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103

Attn: Gregory Crone
11816 Mason Park Way
Glen Allen, VA 23059

Professional Heating & Cooling, Inc.
3306 Arizona Avenue
Norfolk, VA 23513

United HealthCare
PO Box 94107
Palatine, IL 60094

/s/ David A. Agay