IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 19-10562 |
| ) | |
| BCause Mining, LLC, et al. ) | Judge Janet S. Baer |
| ) | Chapter 7 |
| debtors. ) | (Jointly Administered) |
| ) | **Hearing**: January 8, 2020 @ 10:00 a.m. |

**REPLY IN SUPPORT OF FEE APPLICATIONS OF
<u>CRANE, SIMON, CLAR & DAN AS DEBTORS' COUNSEL</u>**

Crane, Simon, Clar & Dan ("CSCD"), Debtors' Counsel appointed in the above-captioned cases of BCause Mining LLC ("*Mining*") and BCause LLC ("*BCause*" together with Mining, the "*Debtors*"), hereby submits this reply in support of its first interim fee application (the "*First Interim Application*") (ECF No. 309) and second and final fee application (the "*Final Fee Application*," together with the First Interim Application, the "*Fee Applications*") (ECF No. 377). In support hereof, CSCD states as follows:

<u>Preliminary Statement</u>

WESCO Distribution, Inc. ("*WESCO*"), the Debtors' <u>purported</u> secured creditor, filed an objection to CSCD's First Interim Application (the "*Preliminary Objection*") (ECF No. 336) and a supplemental objection to the Final Fee Application (ECF No. 387) (the "*Supplemental Objection*," together with the Preliminary Objection, the "*Objections*"). WESCO apparently has a short, selective memory concerning the Debtors' Chapter 11 cases. WESCO's Objections are entirely without merit and neither identify nor apply the correct standard applicable to review of professional fees under section 330 of the Bankruptcy Code.

WESCO, despite having initiated most, if not all of the litigation in the Chapter 11

cases, complains of CSCD's efforts and fees incurred in connection with a chapter 11 plan of reorganization, the Spot Exchange sale process, and the complaint filed against WESCO as not progressing sufficiently or providing a benefit to the Debtors' estates. It is apparent that the Chapter 7 trustee intends to go forward with the Complaint to avoid WESCO's liens co-authored by the Committee and the Debtors and the Plan and Spot Exchange could well have been achieved were it not for circumstances beyond the control of CSCD.

WESCO's Objections should be overruled and the Fee Applications should be granted.

### I. The Timeliness of the Final Fee Application

Wesco's Objection notes, correctly, that CSCD's final fee application was filed six (6) days late. CSCD did inform all interested parties by email (although, admittedly, not the court) that the final fee application was being filed late. CSCD apologizes to the Court for the late filing. The hearing in connection with the final fee application is not scheduled until January 8, 2020. The reason for filing the final fee application late was extreme personal family issues encountered by CSCD's lead counsel, Scott R. Clar. These included family emergencies involving a close family member (daughter) and also the death of a family member (aunt), which took away large chunks of office time from Mr. Clar at the time the reply was due.

### II. CSCD's Fees and Expenses Were Reasonably Likely to Benefit the Debtors' Estates at the Time They Were Incurred and Have Yielded Such Benefits

In considering the reasonableness of a professional's fees and expenses under the factors of section 330 of the Bankruptcy Code, courts look at whether the fees were

reasonable at the time the services were rendered. *In re Colberg*, 2019 WL 1451280, at *3 n.6 (Bankr. N.D. Ill. Feb. 27, 2019) ("Litigation can involve risk, and reasonableness should not be determined based on results after the fact.") (citing *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015)). Thus, courts reject the "hindsight" analysis seemingly proposed by WESCO. *See In re Hospital Partners of America Inc.*, 597 B.R. 763, 766-67 (Bankr. D. Del. 2019) ("instead, for services to be compensable under § 330(a)(4)(A), they must only have been reasonable likely to benefit the debtor's estate *at the time they were rendered*, not in "hindsight.'") (internal quotation omitted, emphasis in original).

The Committee and the Debtors worked together throughout the Debtors' Chapter 11 cases on the Plan and also the sale of equity in connection with the launch of the Spot Exchange. But for the failure of the settlement with Mining's customer, BMG, which would have realized $400,000 in cash for the Debtors, the Chapter 11 cases would likely not have been converted, and the Debtors would have proceeded with the plan process. Moreover, the sale of equity was supported by the Committee and all creditors except WESCO, whose goal all along in the Debtors' Chapter 11 cases was to grab for itself the Debtors' cash, to the detriment of all other creditors.

### III. Alleged Duplication of Time Entries Which Has Already Been Explained.

WESCO objects to the "duplicative nature of the time entries included in the Final Debtor Application." There is no duplication in connection with the services provided by CSCD, as was explained previously. Time was recorded by CSCD in both cases where services provided benefitted both estates, and divided equally between the estates. Where services related to only one estate, only one entry is shown. The time spent in

connection with both cases was split in half, so for example, if a time entry was a total of 1.0, .5 was allocated to each estate. These are not duplicative time entries.

### IV. "Failure to Comply With Local Rule 5082-1(B)(2)"

The Final Debtor Application complies with Local Rule 5082-1(B)(2), but to the extent that it is unclear (and it is not), CSCD is asking that the requested fees and expenses be both allowed and paid as a Chapter 11 administrative claim. Presumably, and WESCO surely knows this, the source of the payment, if any, will be from the Chapter 7 trustee's distribution to Chapter 11 administrative creditors.

### V. <u>Conclusion</u>

CSCD provided services that benefitted the Debtors. WESCO incorrectly states and incorrectly uses the standard to be used in evaluating fee matters. WESCO's thin objections are focused on a continuing misconception of how time was tracked in the Debtors' Chapter 11 cases. CSCD submits that WESCO and any other party who wished to object[1] have had appropriate time to object, and that the hearing in connection with the Final Debtor Fee Application is not until January 8, 2020. No prejudice will be caused to any party as a result of the late filing of the Final Fee Application, particularly since it is extremely early in the administration of the Chapter 7 estates. CSCD respectfully requests that this Court consider the Final Fee Application and allow all fees and expenses requested herein.

Respectfully submitted,
CRANE, SIMON, CLAR & DAN

By: /s/Scott R. Clar
One of its partners

---

[1] No other party, including the Chapter 7 Trustee, has or plans to object to the Fee Applications.

**DEBTORS' COUNSEL:**
Scott R. Clar (Atty. No. 06183741)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
312-641-6777
sclar@cranesimon.com
W:\MJO2\BCause Mining LLC\Fee Applications.Rply.docx