**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

**NOTICE OF MOTION**

TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE THAT** on **Thursday, January 16, 2020,** at the hour of **9:30 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **MOTION FOR ENTRY OF AN ORDER (i) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL; (ii) AUTHORIZING THE TRUSTEE TO PAY CHRISTI VAASSEN AS AN ADMINISTRATIVE EXPENSE UNDER SECTION 503; AND (iii) SHORTENING AND LIMITING NOTICE AND FOR RELATED RELIEF (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

Dated:  January 13, 2020

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC


By: /s/ Michael M. Schmahl
       Michael M. Schmahl

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

2

**CERTIFICATE OF SERVICE**

      The undersigned states that on January 13, 2020, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.

      By: /s/ Michael M. Schmahl
           Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson
III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson
III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

3

*Counsel for W-R2 Jefferson Owner VIII, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| | ) |
| | ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hon. Janet S. Baer |
| | ) |

**MOTION FOR ENTRY OF AN ORDER (i) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL; (ii) AUTHORIZING THE TRUSTEE TO PAY CHRISTI VAASSEN AS AN ADMINISTRATIVE EXPENSE UNDER SECTION 503; AND (iii) SHORTENING AND LIMITING NOTICE AND FOR RELATED RELIEF**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), by his undersigned counsel, hereby requests (subject to the Trustee's right to withdraw this Motion) that the Court enter an order authorizing the Trustee to (i) use cash collateral in order to prepare the Debtors' tax returns and related papers and to otherwise satisfy the Trustee's obligations under 11 U.S.C. § 346 and applicable tax law; (ii) pay Christi Vaassen ("Vaassen"), the Debtors' former controller, a total of $11,500 (the "Consulting Fee") as an administrative expense pursuant to 11 U.S.C. § 503 to perform certain services (the "Services"), principally including, without limitation, completing the Debtors' books of account (including completing depreciation schedules, addressing payroll issues, and bank reconciliations), IRS forms W2s and form 1099s, and assisting the Trustee's tax accountants[2] and the Trustee in preparing the Debtors' tax returns pursuant to the terms of a consulting agreement (the "Agreement"), a copy of which is attached hereto as Exhibit A, and

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.
[2] The Trustee has been in discussions with various potential accountants and expects to file an application to retain an accountant to prepare the 2019 tax returns, and related papers, in the near future.

5

(iii) granting related relief, including shortening and limiting notice, and in support thereof, respectfully states as follows:

**SUMMARY**

1. Pursuant to 11 U.S.C. § 346, the Internal Revenue Code and other applicable tax law, the Trustee is required to prepare and file the tax returns for the Debtors. The Trustee is currently in discussions with potential tax accountants to accomplish this and expects to file an application to retain an accountant for this purpose in the future. The Trustee intends to supplement this Motion at that time based on the conclusion of negotiations regarding the accountants' fees.

2. In order to prepare the tax returns, the Debtors' books of account reflecting their financial transactions must be complete, but they are not. Therefore, the Trustee seeks to engage Vaassen, the Debtors' former controller, who had maintained the Debtors' books and is familiar with transactions and prior tax returns, to perform the Services, principally including, without limitation, completing the Debtors' books, preparing any forms W2 and 1099, and to answer any questions regarding the books or the transactions that are necessary to complete the tax returns. Pursuant to the terms of the Consulting Agreement, the Trustee proposes to pay Vaassen the Consulting Fee in the total amount of $11,500.

3. The Trustee currently holds cash of approximately $758,000 (the "Cash"). WESCO Distribution, Inc. ("WESCO"), asserts liens on the Cash, which the Trustee is seeking to avoid in an adversary proceeding currently pending before the Court as Adversary Number 19-769 (the "Adversary Proceeding").

4. The Trustee asserts that WESCO's interests are adequately protected and that no further adequate protection payments are necessary due to the facts that: (i) BC Holding had

6

approximately $911,000 of cash on the Petition Dates; (ii) the Trustee currently holds Cash of approximately $758,000; (iii) WESCO was previously paid (subject to potential avoidance or disgorgement if the Trustee successfully challenges WESCO's asserted liens in the Adversary Proceeding) adequate protection payments of more than $184,000 so that the total amount of the Cash and the prior payments to WESCO exceed the amount in the BC Holding's bank account prior to the Petition Dates[3]; (iv) the Trustee is obligated to prepare and file the tax returns under 11 U.S.C. § 346 and applicable tax law; and (v) WESCO's asserted liens are subject to potential avoidance in the Adversary Proceeding. Nonetheless, to the extent any adequate protection payments may be awarded by the Court, any such payments should not exceed the amount of the Consulting Fee and should be subject to disgorgement in the event that the Trustee successfully challenges WESCO's liens in the Adversary Proceeding.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

6. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

7. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. On or about April 12, 2019, BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

10. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that

---

[3] BC Mining did not have any bank accounts.

the Debtors' bankruptcy cases be jointly administered under the above caption.

11. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

12. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

13. The Debtors are limited liability companies. The membership interests of BC Holding are owned by a group of individuals and entities. BC Mining is a wholly owned subsidiary of BC Holding. The potential accountants have also informed the Trustee that the ultimate distribution of income and loss to the Debtors' members is not straight forward but is complicated by the intricacies of the Debtors' operating agreements.

14. Vaassen is the Debtors' former controller who was responsible for, among other things, recording the Debtors' transactions and completing the Debtors' books of account, preparing IRS forms 1099 and W2, and working with tax accountants to complete the Debtors' tax filings. As such, Vaassen has unique personal experience with and knowledge of the Debtors' finances, transactions and books of account.

### Requirement to Prepare Tax Returns and Related Papers

15. Pursuant to 11 U.S.C. § 346 and applicable tax law, the Trustee is obligated to prepare and file tax returns for each of the Debtors as well as IRS Forms K1, 1099s, and other similar forms. The Debtors did not prepare Form W2s although they operated and employed various individuals after the Petition Dates but before the Conversion Date. Under the

8

circumstances of these cases, it is preferable and less taxing on these estates for the Trustee to prepare the W2s rather than incur the expense of responding to employee requests for the information that would otherwise be included in the W2s (and potentially have to deal with any consequences in the event that individual employees incorrectly report the information). Under applicable non-bankruptcy law and rules, IRS form W2s and 1099s are required to be distributed by January 31, 2020 (the "IRS Form Deadline").

16. In order to prepare the tax returns, the tax accountants have informed the Trustee that they will need, among other things, the Debtors' completed books of account.

17. The Debtors' books of account have not been completed in that they do not reflect all of the Debtors' transactions for at least the period commencing on the Petition Dates and ending on the Conversion Date. After consulting with the potential accountants and Vaassen, it is the Trustee's understanding that substantial work is necessary to complete the Services, including the books of account.

18. The Trustee is currently in discussions with more than one accountant regarding preparing the required tax returns and forms and expects to file a petition to retain an accountant once those discussions have concluded. Each of the accountants the Trustee has spoken with has informed the Trustee that, in addition to the completed books of account, the accountants will also need to speak with Vaassen regarding various transactions.

**Request to Engage and Pay Vaassen**

19. The Trustee proposes to engage Vaassen as an independent contractor, pursuant to the Consulting Agreement attached hereto as Exhibit A, to perform the Services, primarily consisting of completing the Debtors' books, the forms 1099 and W2, and to assist the Trustee in

9

answering the accountants' questions and providing any additional information that may be necessary.

20. In exchange for her Services, the Trustee requests authority to pay Vaassen a total of $11,500 (the "Consulting Fee") pursuant to the terms of the Consulting Agreement, 50% following the entry of an order approving this Motion and 50% upon delivery of the completed forms W2, 1099, and any other similar forms, without further order of the Court.

21. Based on the Trustee's discussions with the potential accountants, the Trustee's bookkeeper and his experience as a trustee, the Consulting Fee is expected to be less than the amount that would likely be charged by the potential accountants in the event that they were required to perform the Services and is based on an hourly rate of approximately $65.00/hour.[4] The Consulting Fee is also intended to provide the Trustee and these estates with cost certainty and protection against increased fees in the event that Vaassen needs to spend more time performing the Services, including working with the tax accountants (in the Trustee's experience these projects generally take longer than expected).

22. While the accountants have informed the Trustee that they may be able to complete the books of account, they have informed the Trustee that they likely would need to obtain information from Vaassen in order to do so. Further, such work would be done at their normal hourly rates, which is expected to result in greater fees (potentially substantially higher) than the Consulting Fee.

23. Therefore, the Trustee requests authority to pay the Consulting Fees as administrative expenses pursuant to 11 U.S.C. § 503.

---

[4]

24. Because the Trustee seeks to engage Vaassen only to perform the Services, Vaassen will not play a central role in the administration of these estates. As such, the Trustee does not believe Vaassen is a "professional person" within the meaning of 11 U.S.C. § 327. *See In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 Bankr. S.D.N.Y. 1981) ("'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceeding."); *see also In re Artra Group, Inc.*, 308 B.R. 858 (Bankr. N.D. Ill. 2003) (expert witness not central to administration of bankruptcy estate); *U.S. Trustee v. McQuaide (In re CNH, Inc.)*, 304 B.R. 177 (Bankr. M.D. Pa. 2004) (holding consultant to nursing home debtor was not a "professional person"); *In re Ponce Marine Farm, Inc.*, 259 B.R. 484 (D.P.R. 2001) (holding that a wetlands expert, an environmental consultant, was not a "professional person"); *In re Soeling Assocs. Ltd. Partnership*, 128 B.R. 721(Bankr. E.D. Va. 1991) (environmental consultant, hired as an expert witness was not a "professional person"). It is the Trustee's position that Vaassen and the Consulting Fee is not subject to the provisions of 11 U.S.C. §§ 328, 330, and 331.

25. Previously, Vaassen has asserted a right to seek an administrative claim against these estates based on time spent meeting with and providing information to the Trustee (and with Mr. Mason prior to his resignation as chapter 7 trustee) following the Conversion Date. The Trustee has informed Vaassen that he disagrees with any such asserted claims. To date, Vaassen has not filed any papers with the Court asserting any such claim.

26. In the Consulting Agreement, Vaassen waives, releases and covenants not to assert any such claims for any services purportedly provided to the Trustee or these estates following the Conversion Date.

11

27. While the Consulting Fee was calculated based on the value of the forward looking Services, the Trustee would not agree to enter into the Consulting Agreement (or to pay the Consulting Fee) without this provision.

28. As such, some may consider the Consulting Agreement a form of compromise or settlement. Therefore, the Trustee requests that the Court approve and authorize the Trustee to enter into the Consulting Agreement pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure.

**Request to Use Cash Collateral Outside the Ordinary Course of Business**

29. The Trustee is currently holding approximately $758,000 in Cash.

30. WESCO asserts prepetition liens on the Cash, which are subject to the Trustee's objection in a currently pending adversary proceeding that, among other things, seeks to avoid WESCO's liens. Although the amount of WESCO's secured claim is disputed, WESCO asserts a secured claim for approximately $1.9 million.

31. Due to WESCO's asserted liens, the Trustee currently has no unencumbered cash.

32. Without the relief requested in this Motion, the Trustee will not be able to file tax returns and otherwise perform his obligations as a chapter 7 trustee, including those provided for in 11 U.S.C. § 346 and the applicable provisions of the Internal Revenue Code.

33. In the Adversary Proceeding, the Trustee seeks to avoid the liens WESCO asserts against the cash in BC Holding's bank account as preferential transfers.

34. WESCO has previously been paid adequate protection payments totaling over $184,000 in these cases. The combined total of these payments and the Cash is $942,000, which is greater than the approximately $911,000 of cash BC Holding held on the Petition Dates.

35. Under the circumstances, the Trustee asserts that the limited use of cash collateral is necessary to allow the Trustee to perform his statutory obligations and that further adequate protection payments are not necessary. In the event that the Court determines adequate protection is required, any amount awarded to WESCO as adequate protection should not exceed the amount of the Consulting Fee. Additionally, any such award should be made expressly subject to disgorgement and return to the Trustee in the event that the Trustee successfully avoids WESCO's asserted liens against the BC Holding's bank account.

36. The Trustee requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that the Court conduct a preliminary hearing to authorize the Trustee's request for interim cash collateral to authorize payment of the Consulting Fee pending a final hearing on this Motion after the Trustee has supplemented it once the tax accountant fees are known. As such, the Trustee requests that the Court shorten notice to accommodate such interim use.

**Request to Shorten and Limit Notice**

37. The Trustee is holding approximately $758,000 and has Bitcoin with a market value of no more than approximately $150,000.

38. Currently over $343,000 of chapter 11 administrative fees have been approved by the Court, and the Trustee understands that BMG, one of the Debtors' former customers, intends to assert a potentially substantial claim for a chapter 11 administrative expense.[5]

39. The amount of chapter 7 administrative expenses is currently unknown.

---

[5] To date, BMG has not filed a motion seeking approval of any administrative expenses but has informally asserted such claims to the Trustee in an as yet unknown amount. The Trustee expressly reserves all of his rights to dispute and otherwise object to any such claims. As such, nothing herein is intended to be nor should be construed as an admission by the Trustee.

13

40. The claims dockets in these cases reflect that priority claims exceeding $272,000 have been asserted against the Debtors[6], and WESCO asserts a secured claim exceeding $1.9 million purportedly secured by liens on the cash held by the Trustee.

41. The amount of any distribution to unsecured creditors is unknown and highly speculative.

42. Federal Rules of Bankruptcy Procedure 9019 and 2002 authorize the Court to shorten and limit notice of compromises (Rule 2002(3) expressly authorizes the Court to eliminate notice of a compromise).

43. A copy of this Motion along with the related notice is being sent to all parties that have entered appearances in these cases, including WESCO and all parties who have asserted or who the Trustee is aware assert administrative claims against these estates.

44. Given the amount of the Consulting Fee, $11,500, the expense of serving the numerous creditors listed in the schedules or who have filed proofs of claim (which is over approximately 200), the IRS Form Deadline, and the other facts and circumstances summarized in this Motion, the Trustee requests that the Court shorten notice so that this Motion may be heard by the Court for an initial hearing on January 16, 2020, and limit notice to those served as described in this Motion. The Trustee requests that the Court set a final hearing on the Motion at a later date once he has supplemented this Motion after concluding discussions with the potential accountants.

WHEREFORE, the Trustee respectfully request that this Court enter an order: (i) authorizing the Trustee to use Cash Collateral upon the terms and conditions set forth in the Motion; (ii)

---

[6] The Trustee has not yet begun evaluating the vast majority of the proofs of claim filed in either of the Debtors' cases and expressly reserves all of his rights to object to any such proofs of claim or the amounts thereof on any basis whatsoever.

14

preliminarily authorizing the Trustee to use cash collateral pending a final hearing on the Motion; (iii) setting a final hearing on the Motion; (iv) authorizing the Trustee to pay Vaassen the Consulting Fee pursuant to the terms of the Consulting Agreement without further order of the Court; (v) approving and authorizing to Consulting Agreement; and (vi) granting such other and further relief as this Court deems just or appropriate.

Dated: January 13, 2020                /s/ Michael M. Schmahl
                                                         Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Counsel for the Trustee*