# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 19-10562 |
| BCAUSE MINING, LLC | Honorable Janet S. Baer |
| Debtor. | Hearing Date: January 22, 2020 |
|  | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **January 22, 2020 at 9:30 a.m.** or as soon thereafter as counsel may be heard, Schiff Hardin LLP, Counsel to Hoffland Properties, Inc. shall appear before the **Honorable Janet S. Baer** of the United States Bankruptcy Court for the Northern District of Illinois, or any other judge sitting in her place and stead, in Courtroom 615, Everett McKinley Dirksen, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **HOFFLAND PROPERTIES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, a copy of which is attached and herewith served upon you.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated: January 17, 2020

Respectfully submitted,

By: */s/ Sarah K. Angelino*
J. Mark Fisher
Sarah K. Angelino
Schiff Hardin LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL  60606
(312) 258-5500 (phone)
(312) 258-5700 (fax)
mfisher@schiffhardin.com
sangelino@schiffhardin.com

*Counsel for Hoffland Properties, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------- x | |
| | : Chapter 11 |
| In re: | : Case No. 19-10562 |
| | : |
| BCAUSE MINING, LLC | : Honorable Janet S. Baer |
| | : |
| Debtor. | : |
| | : |
| ------------------------------------------------- x | |

### HOFFLAND PROPERTIES, INC.'S MOTION
### FOR RELIEF FROM THE AUTOMATIC STAY

Hoffland Properties, Inc. ("Hoffland"), by its undersigned counsel, hereby moves the Court, pursuant to 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(d) and Local Rule 4001-1, for the entry of an order, to the extent necessary, granting Hoffland relief from the automatic stay to (i) allow Hoffland to sell the equipment and fixtures of BCause Mining LLC (the "Debtor") located at or around the premises owned by Hoffland at 5465 Greenwich Road, Virginia Beach, Virginia; (ii) assert its rights to receive the proceeds from such sale(s) pursuant to its rights under the Lease between the parties, Virginia law, or otherwise; (iii) prosecute and defend any actions that may be filed relating to the foregoing and/or the ownership of any equipment located at or around the premises.  In support of the Motion, Hoffland respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are 11 U.S.C. §105(a) and 362(d) and Bankruptcy Rule 4001(d).

**Factual Background**

3. Hoffland, as Lessor, entered into a Triple Net Lease (with Rider) (as amended, the "Lease") with the Debtor, BCause Mining, LLC (the "Debtor") dated November 1, 2017, whereby Hoffland leased to the Debtor a commercial warehouse condominium located at Unit B, 5465 Greenwich Road, Virginia Beach, Virginia (the "Leased Premises"). A copy of the Lease (but omitting exhibits that are not relevant to the Motion) is attached as **Exhibit 1**.

4. The Leased Premises consist of approximately 105,861 square feet of space and the common elements appurtenant thereto. The current month rental is $63,614.25, payable in advance on the first business day of each and every month (See Lease, paras 3 and 10).

5. The Debtor filed its voluntary Chapter 11 Petition on April 11, 2019, and, initially, continued in possession of the Leased Premises.

6. Thereafter, on October 8, 2019 the Debtor's Bankruptcy Case was converted to a Chapter 7 liquidation, and Alex D. Moglia was ultimately appointed Chapter 7 Trustee.

7. By this Court's November 7, 2019 Order Granting Trustee's Motion to Abandon Equipment and Limit Notice [D.E. 386], the Trustee abandoned the Estate's interest in any equipment located at the Premises (hereafter the "Equipment").

8. Paragraph 13 of the Lease between Hoffland and the Debtor states that

> Any and all alterations, additions, or other improvements made by Lessee,…regardless of how attached (*except movable trade fixtures*), shall become immediately upon installation and thereafter remain the property of Lessor,…

Italics supplied.

9. Furthermore, as to movable trade fixtures still owned by the Debtor, pursuant to Va. Code §8.01-130.1, et seq, Hoffland has a landlord's lien upon such Equipment for up to six

2

months' rent[1]. By the time of the first hearing of this Motion, rent for months of November and December of 2019, and January of 2020 will be unpaid, resulting in a balance due of at least $190,842.75.

10. Upon the Chapter 7 Trustee's abandonment of the Equipment, the Equipment became property of the Debtor, still subject to the automatic stay of 11 U.S.C. §362(a). Therefore, while the Equipment that is not movable trade fixtures is not subject to the automatic stay, since it is now owned by Hoffland, relief is necessary as to that portion of the Equipment that is movable trade fixtures so that Hoffland can enforce its landlord's lien. Additionally, stay relief may be necessary for a judicial determination of which property constitutes movable trade fixtures and which does not.

11. Therefore, cause exists to grant Hoffland relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) because the Trustee has abandoned the Equipment and the Debtor's assets are being liquidated.

12. Furthermore, relief from the automatic stay should be granted pursuant to 11 U.S.C. §362(d)(2) because there is no equity in the Equipment after the assertion of all liens against it and it is not necessary to an effective reorganization in this Chapter 7 liquidation.

WHEREFORE, Hoffland Properties, Inc. requests that it be granted relief from the automatic stay of 11 U.S.C. §362(a) in the form of **Exhibit 2**, to the extent necessary, to (i) allow Hoffland to sell the equipment and fixtures of the Debtor located at or around the premises owned by Hoffland at 5465 Greenwich Road, Virginia Beach, Virginia; (ii) assert its rights to receive the proceeds from such sale(s) pursuant to its rights under the Lease between the parties, Virginia law, or otherwise; (iii) prosecute and defend an actions that may be filed relating to the foregoing and/or the

---

[1] By the present Motion, Hoffland is not seeking to address the priority of its landlord's lien over any other liens that may exist in the Equipment, but seeks relief here to address this priority issue in the appropriate forum, if necessary.

3

ownership of any equipment located at or around the premises; and (iv) grant such other relief as the Court deems appropriate.

Dated: January 17, 2020　　　　　　　　　　　**HOFFLAND PROPERTIES, INC.**

By: /s/ *Sarah K. Angelino*
J. Mark Fisher
Sarah K. Angelino
Schiff Hardin LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL  60606
(312) 258-5500 (phone)
(312) 258-5700 (fax)
mfisher@schiffhardin.com
sangelino@schiffhardin.com

*Counsel for Hoffland Properties, Inc.*

4

## CERTIFICATE OF SERVICE

      Sarah K. Angelino, an attorney, certifies that she caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on January 17, 2020, or First Class U.S. Mail on January 17, 2020, as indicated.

                                                                                  */s/ Sarah K. Angelino*

**Mailing Information for Case 19-10562**
**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David A. Agay dagay@mcdonaldhopkins.com mbrady@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
- Sarah K. Angelino sangelino@schiffhardin.com, edocket@schiffhardin.com
- Jamie L. Burns jburns@lplegal.com; rwilliamson@lplegal.com; ikropiewnicka@lplegal.com
- Maria G. Carr mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
- Scott R. Clar sclar@cranesimon.com, mjoberhausen@cranesimon.com; asimon@cranesimon.com
- Shara C. Cornell scornell@mcdonaldhopkins.com , mbrady@mcdonaldhopkins.com; lburrell@mcdonaldhopkins.com
- Jeffrey C. Dan jdan@cranesimon.com, sclar@cranesimon.com; mjoberhausen@cranesimon.com
- Shelly A. DeRousse sderousse@freeborn.com,bkdocketing@freeborn.com; jhazdra@ecf.inforuptcy.com
- Devon J. Eggert deggert@freeborn.com, bkdocketing@freeborn.com
- Marc Ira Fenton mfenton@lplegal.com, skiolbasa@lplegal.com; ikropiewnicka@lplegal.com
- J. Mark Fisher mfisher@schiffhardin.com, edocket@schiffhardin.com; sricciardi@schiffhardin.com
- Elizabeth L. Janczak ejanczak@freeborn.com, bkdocketing@freeborn.com
- Patrick S. Layng USTPRegion11.ES.ECF@usdoj.gov
- Jennifer M. McLemore jmclemore@williamsmullen.com, avaughn@williamsmullen.com
- Alex D. Moglia amoglia@mogliaadvisors.com; IL31@ecfcbis.com
- Christina Sanfelippo csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
- Michael M. Schmal mschmahl@pollickschmal.com
- Brian L. Shaw bshaw@foxrothschild.com, cknez@foxrothschild.com
- Arthur G. Simon asimon@cranesimon.com, sclar@cranesimon.com; slydon@cranesimon.com
- Jason M. Torf jason.torf@icemiller.com

18030254v3

CH2\22927504.1\

6