**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| **BCause Mining LLC,** *et al.* ) | Case No. 19-10562 |
| ) | **(Jointly Administered)** |
| **Debtors.** ) | |
| ) | Hon. Janet S. Baer |
| ) | |

## NOTICE OF MOTION

TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE THAT** on **Thursday, January 30, 2020,** at the hour of **10:00 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **MOTION FOR ENTRY OF AN ORDER (i) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL; (ii) AUTHORIZING PAYMENT OF UP TO $2,200 OF CERTAIN FEES AND CHARGES AS ADMINISTRATIVE EXPENSES; AND (iii) SHORTENING AND LIMITING NOTICE AND FOR RELATED RELIEF (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

Dated:  January 27, 2020

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC

By: /s/ Michael M. Schmahl
          Michael M. Schmahl

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

    The undersigned states that on January 27, 2020, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.

                                                  By: /s/ Michael M. Schmahl
                                                        Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia
Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia
Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

3

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 7 ) |
| BCause Mining LLC, *et al.* | ) Case No. 19-10562 ) (Jointly Administered) |
| Debtors. | ) ) Hon. Janet S. Baer ) |

**MOTION FOR ENTRY OF AN ORDER (i) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL; (ii) AUTHORIZING PAYMENT OF UP TO $2,200 OF CERTAIN FEES AND CHARGES AS ADMINISTRATIVE EXPENSES; AND (iii) SHORTENING AND LIMITING NOTICE AND FOR RELATED RELIEF**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), requests entry of an Order: (i) authorizing the Trustee to use cash collateral in order to pay certain Fees and Charges (as that term is defined below) in an amount of up to $2,200; (ii) authorizing the Trustee to pay the Fees and Charges to Intuit Quickbooks (and as further defined below, the "Fees and Charges") in an amount of up to $2,200 as administrative expenses pursuant to 11 U.S.C. § 503 in order to have the forms W2 and 1099 issued and distributed prior to the January 31, 2020 deadline for doing so (the "W2/1099 Deadline"); and (iii) granting related relief, including shortening and limiting notice, and in support thereof, respectfully states as follows:

**SUMMARY**

1.  Pursuant to 11 U.S.C. § 346, the Internal Revenue Code and other applicable tax law, the Trustee is required to prepare and file the tax returns for the Debtors, including all form

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

5

K1s and other similar forms (collectively, the "Tax Returns").

2.     On January 23, 2020, the Court authorized the Trustee to retain the Debtors' former controller to finish the Debtors' books of account and to prepare forms W2 and 1099 (and any similar forms). Since then, the Trustee has learned of certain Fees and Charges that must be paid in order to finalize, issue and distribute the W2s and 1099s by the W2/1099 Deadline. Through this Motion, the Trustee seeks authority to use up to $2,200 of cash collateral to pay such Fees and Charges. The Trustee intends to supplement this Motion with a supplemental request to use cash collateral to pay accounting fees (which are expected to be in an amount not exceeding $6,000) in order to prepare and file the Debtors' tax returns for 2019. [2]

3.     Absent this relief, the Trustee will not be able to issue the forms W2 and 1099 by the W2/1099 Deadline imposed by applicable tax law of January 31, 2020.

4.     The Trustee currently holds cash of approximately $752,000 (the "Cash"). WESCO Distribution, Inc. ("WESCO"), asserts liens on the Cash, which the Trustee is seeking to avoid in an adversary proceeding currently pending before the Court as Adversary Number 19-769 (the "Adversary Proceeding").

5.     The Trustee asserts that WESCO's interests are adequately protected and that no further adequate protection payments are necessary due to the facts that: (i) BC Holding had approximately $911,000 of cash on the Petition Dates; (ii) the Trustee currently holds Cash of approximately $752,000; (iii) WESCO was previously paid (subject to potential avoidance or disgorgement if the Trustee successfully challenges WESCO's asserted liens in the Adversary Proceeding) adequate protection payments of more than $184,000 so that the total amount of the

---

[2] The Trustee is expecting to file an application to retain an accountant to prepare the Debtors' tax returns for 2019 in the very near future (potentially as soon as tomorrow) but has not yet received all of the papers required to file such an application.

Cash and the prior payments to WESCO exceed the amount in the BC Holding's bank account prior to the Petition Dates[3]; (iv) the Trustee is obligated to prepare and file the tax returns under 11 U.S.C. § 346 and applicable tax law; and (v) WESCO's asserted liens are subject to potential avoidance in the Adversary Proceeding.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

7. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

8. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

9. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

10. On or about April 12, 2019, BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

11. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

12. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

13. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

---

[3] BC Mining did not have any bank accounts.

7

14. The Debtors are limited liability companies. The membership interests of BC Holding are owned by a group of individuals and entities. BC Mining is a wholly owned subsidiary of BC Holding.

15. Pursuant to 11 U.S.C. § 346 and applicable tax law, the Trustee is obligated to prepare and file tax returns for each of the Debtors as well as IRS Forms K1, 1099s, and other similar forms.

16. On or about January 23, 2020, the Court entered an order (the "Controller Order") [**Docket No. 405**] authorizing the Trustee to retain Christi Vaassen ("Vaassen"), the Debtors' former controller, to complete the Debtors' books of financial accounts and to prepare forms W2 and 1099 for a flat fee totaling $11,500.

17. The Debtors utilized a software program called Intuit Quickbooks ("Quickbooks") in order to prepare and maintain their financial records and to make regular payroll payments. This software program is maintained in a "cloud" account rather than on an individual computer. Vaassen is using Quickbooks to complete the Debtors' books and prepare the forms W2 and 1099, which the Trustee understands also provides a mechanism for filing the forms with the IRS and distributing them to the appropriate recipients utilizing data contained in Quickbooks.

18. Prior to the Conversion Date, the Debtors incurred a tax owed to the State of Illinois in connection with the final payroll run during the chapter 11 portion of these cases. The transfer set up by the Debtors to pay this tax was cancelled when these cases were converted to chapter 7 cases. Although the Trustee is verifying certain relevant facts, as of the filing of this Motion, the Trustee believes that Quickbooks advanced the funds to the State of Illinois when the Debtors' payment was cancelled due to the conversion.

19. Additionally, Quickbooks imposes certain charges in connection with issuing and filing forms W2 and 1099 as well as a monthly fee.

20. Although the Trustee is still verifying the amounts and composition of certain of the Fees and Charges, the Fees and Charges are comprised of the following: i) approximately $804 related to the Illinois taxes from the Debtors' last payroll; and ii) approximately $1,000[4] in charges imposed by Quickbooks in connection with finalizing, issuing and filing forms W2 and 1099. Additionally, the Trustee estimates that there will be $350 in monthly fees needed to obtain access to and maintain the cloud account in order to complete the Debtors' books through March 2020.[5]

21. Since the entry of the Controller Order, Vaassen has done most of the work required to prepare the forms W2 and 1099. However, Vaassen is not able to complete those forms or issue them as Quickbooks requires the payment of the Fees and Charges (other than the monthly fees) via credit card at the time the remaining forms W2 and 1099 are completed, issued and filed with the IRS.

22. While the Trustee was aware of the monthly fees, the Trustee believed that the data could be downloaded from the cloud account in order to avoid ongoing monthly fees. That belief may have been mistaken, and the Trustee is now working to clarify whether that is possible at this time. As indicated above, the $2,200 amount of the Fees and Charges includes monthly fees through March.

23. The Trustee was not previously aware of the Fees and Charges related to the forms W2 and 1099 or the apparent gating issue related to the Illinois tax.

---

[4] Of the total amount, the Trustee has already paid $73.87 for certain form 1099s using the Trustee's credit card.
[5] This is an estimated amount that pay for the cloud account through approximately March 2020. The Trustee has already paid approximately $140 of this amount using the Trustee's credit card in order to prevent the potential loss of data.

24. In the event that the Fees and Charges are not paid, the Trustee does not believe that the forms W2 and 1099 will be filed and distributed by the W2/1099 Deadline, which could result in monthly penalties being assessed against these estates for each form W2 or 1099 until they are issued.

25. Therefore, the Trustee requests authority to pay the Fees and Charges in an amount of up to $2,200 using the Trustee's personal business credit card or corporate credit card for Moglia Advisors (i.e. not a Debtor credit card) and to reimburse Moglia Advisors for the actual amounts paid for the Fees and Charges.

26. The Trustee further requests authority to pay the Fees and Charges of up to $2,200 (and to reimburse Moglia Advisors for advancing the funds) as administrative expenses pursuant to 11 U.S.C. § 503.

**Request to Use Cash Collateral Outside the Ordinary Course of Business**

27. The Trustee is currently holding approximately $752,000 in Cash.

28. WESCO asserts prepetition liens on the Cash, which are subject to the Trustee's objection in a currently pending adversary proceeding that, among other things, seeks to avoid WESCO's liens. Although the amount of WESCO's secured claim is disputed, WESCO asserts a secured claim for approximately $1.9 million.

29. Due to WESCO's asserted liens, the Trustee currently has no unencumbered cash.

30. Without the relief requested in this Motion, the Trustee will not have the resources to finalize, issue and distribute the forms W2 and 1099 and may not be file tax returns and otherwise perform his obligations as a chapter 7 trustee, including those provided for in 11 U.S.C. § 346 and the applicable provisions of the Internal Revenue Code.

31. In the Adversary Proceeding, the Trustee seeks to avoid the liens WESCO asserts against the cash in BC Holding's bank account as preferential transfers.

32. WESCO has previously been paid adequate protection payments totaling over $184,000 in these cases. The combined total of these payments plus the Cash is $936,000, which is greater than the approximately $911,000 of cash BC Holding held on the Petition Dates.

33. Under the circumstances, the Trustee asserts that the limited use of cash collateral is necessary to allow the Trustee to perform his statutory obligations and that further adequate protection payments are not necessary. In the event that the Court determines adequate protection is required, any amount awarded to WESCO as adequate protection should not exceed the amount of the Fees and Charges. Additionally, any such award should be made expressly subject to disgorgement and return to the Trustee in the event that the Trustee successfully avoids WESCO's asserted liens against the BC Holding's bank account.

34. The Trustee requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that the Court conduct a preliminary hearing to authorize the Trustee's request for interim cash collateral to authorize payment of the Fees and Charges pending a final hearing on this Motion after the Trustee has supplemented it once he has filed an application to retain his tax consultants. As such, the Trustee requests that the Court shorten notice to accommodate such interim use.

35. The Trustee is holding approximately $752,000 and has Bitcoin with a market value of approximately $185,000.

36. Currently over $343,000 of chapter 11 administrative fees have been approved by the Court, and the Trustee understands that BMG, one of the Debtors' former customers, intends to assert a potentially substantial claim for a chapter 11 administrative expense.[6]

37. The amount of chapter 7 administrative expenses is currently unknown.

38. The claims dockets in these cases reflect that priority claims exceeding $272,000 have been asserted against the Debtors[7], and WESCO asserts a secured claim exceeding $1.9 million purportedly secured by liens on the cash held by the Trustee.

39. The amount of any distribution to unsecured creditors is unknown and highly speculative.

40. A copy of this Motion along with the related notice is being sent to all parties that have entered appearances in these cases, including WESCO and all parties who have asserted or who the Trustee is aware assert administrative claims against these estates.

41. Given the amount of the Fees and Charges, the expense of serving the numerous creditors listed in the schedules or who have filed proofs of claim (which is over approximately 200), the W2/1099 Deadline, and the other facts and circumstances summarized in this Motion, the Trustee requests that the Court shorten notice so that this Motion may be heard by the Court for an initial hearing on January 30, 2020, and limit notice to those served as described in this Motion. The Trustee requests that the Court set a final hearing on the Motion at a later date once he has supplemented this Motion after concluding discussions with the potential accountants.

---

[6] To date, BMG has not filed a motion seeking approval of any administrative expenses but has informally asserted such claims to the Trustee in an as yet unknown amount. The Trustee expressly reserves all of his rights to dispute and otherwise object to any such claims. As such, nothing herein is intended to be nor should be construed as an admission by the Trustee.

[7] The Trustee has not yet begun evaluating the vast majority of the proofs of claim filed in either of the Debtors' cases and expressly reserves all of his rights to object to any such proofs of claim or the amounts thereof on any basis whatsoever.

12

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) authorizing the Trustee to use Cash Collateral upon the terms and conditions set forth in the Motion to pay the Fees and Charges and to reimburse the Trustee or Moglia Advisors for such amounts paid with the Trustee's personal business credit card or Moglia Advisors' corporate credit card; (ii) approving payment of the Fees and Charges as administrative expenses; (iii) setting a final hearing on the Motion for a date after the Trustee has filed an application to retain tax accountants; (iv) shortening and limiting notice as described in the Motion; and (v) granting such other and further relief as this Court deems just or appropriate.

Dated: January 27, 2020  /s/ Michael M. Schmahl
Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Counsel for the Trustee*