**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| **BCause Mining LLC,** *et al.* ) | Case No. 19-10562 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hon. Janet S. Baer |
| ) | |

### NOTICE OF MOTION

**TO:   PERSONS LISTED ON THE ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE THAT** on **Tuesday, February 11, 2020,** at the hour of **10:00 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **APPLICATION TO RETAIN TIBBLE & WESLER, CPA PC AS TAX ACCOUNTANTS TO THE TRUSTEE AND SUPPLEMENTAL MOTION AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL AND FOR RELATED RELIEF (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

|  |  |
|---|---|
| Dated:  January 28, 2020 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |
| | Michael M. Schmahl |

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

1

2

**CERTIFICATE OF SERVICE**

   The undersigned states that on January 28, 2020, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.

                By: /s/ Michael M. Schmahl
                   Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

3

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 ) |
| BCause Mining LLC, *et al.* | ) Case No. 19-10562 ) (Jointly Administered) |
| Debtors. | ) ) Hon. Janet S. Baer ) |

**APPLICATION TO RETAIN TIBBLE & WESLER, CPA PC AS TAX ACCOUNTANTS TO THE TRUSTEE AND SUPPLEMENTAL MOTION AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL AND FOR RELATED RELIEF**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), requests entry of an Order: (i) authorizing the Trustee to employ, pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), Tibble & Wesler, CPA PC ("T&W") and Cheryl Wesler, a partner in T&W, to prepare tax returns for the Debtors' bankruptcy estates pursuant to the terms of the engagement agreement (the "Engagement Agreement") attached hereto as Exhibit 1; (ii) to use cash collateral in order to eventually pay any allowed fees and to reimburse any expenses to T&W that the Court may ultimately award[2] pursuant to 11 U.S.C. § 328; and (iii) shortening and limiting notice. In support thereof, the Trustee respectfully states as follows:

**Summary**

1. Pursuant to 11 U.S.C. § 346, the Internal Revenue Code and other applicable tax law, the Trustee is required to prepare and file the tax returns for the Debtors, including all form

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.
[2] T&W and the Trustee intend and expect to file one or more fee applications for T&W at an appropriate time.

K1s and other similar forms (collectively, the "Tax Returns").

2. The Trustee seeks authority to retain T&W as his tax accountants to prepare the Tax Returns for 2019 pursuant to the terms of the Engagement Agreement.

3. On January 27, 2020, the Trustee filed a Motion [**Docket No. 406**] (which is scheduled for an initial hearing on January 30, 2020) seeking, among other things, authority to use cash collateral in connection with the preparation of the Tax Returns and other tax related documents. This supplements that motion as the Trustee seeks authority to use cash collateral to pay any fees and to reimburse any expenses that the Court may ultimately allow to T&W. Neither Trustee nor T&W are currently seeking to allow any such fees or expenses. Any such authority will be sought pursuant to one or more separate fee applications at an appropriate time or times.

4. T&W's fees will be calculated at T&W's hourly rates but will be subject to the Court's approval pursuant to the terms of the Bankruptcy Code and, pursuant to the Engagement Agreement, will be capped at a maximum of $6,000 (the "$6,000 Cap").

5. The Trustee currently holds cash of approximately $752,000 (the "Cash"). WESCO Distribution, Inc. ("WESCO"), asserts liens on the Cash, which the Trustee is seeking to avoid in an adversary proceeding currently pending before the Court as Adversary Number 19-769 (the "Adversary Proceeding").

6. The Trustee asserts that WESCO's interests are adequately protected and that no further adequate protection payments are necessary due to the facts that: (i) BC Holding had approximately $911,000 of cash on the Petition Dates; (ii) the Trustee currently holds Cash of approximately $752,000; (iii) WESCO was previously paid (subject to potential avoidance or disgorgement if the Trustee successfully challenges WESCO's asserted liens in the Adversary

6

Proceeding) adequate protection payments of more than $184,000 so that the total amount of the Cash and the prior payments to WESCO exceed the amount in the BC Holding's bank account prior to the Petition Dates[3]; (iv) the Trustee is obligated to prepare and file the tax returns under 11 U.S.C. § 346 and applicable tax law; and (v) WESCO's asserted liens are subject to potential avoidance in the Adversary Proceeding.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

8. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

9. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## Background

10. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

11. On or about April 12, 2019, BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

12. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

13. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

---

[3] BC Mining did not have any bank accounts.

7

14. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

15. The Debtors are limited liability companies. The membership interests of BC Holding are owned by a group of individuals and entities. BC Mining is a wholly owned subsidiary of BC Holding.

16. Pursuant to 11 U.S.C. § 346 and applicable tax law, the Trustee is obligated to prepare and file tax returns for each of the Debtors as well as IRS Forms K1, 1099s, and other similar forms.

17. On or about January 23, 2020, the Court entered an order [**Docket No. 405**] authorizing the Trustee to retain Christi Vaassen, the Debtors' former controller, to complete the Debtors' books of financial accounts and to prepare forms W2 and 1099.

18. On or about January 27, 2020, the Trustee filed a separate motion seeking, among other things, authority to use cash collateral (the "Pending Cash Collateral Motion") [**Docket No. 406**] in order to pay up to approximately $2,200 of fees and charges imposed by Intuit Quickbooks in connection with the finalization of forms W2 and 1099 and in connection with the preparation of the Tax Returns. The Pending Cash Collateral Motion is scheduled for an initial hearing on January 30, 2020, at 10:00 A.M.

19. This Application seeks authority to retain T&W as the Trustee's tax accountants and also supplements the Pending Cash Collateral Motion as the Trustee seeks authority to use cash collateral in order to pay any compensation and to reimburse any expenses that T&W may ultimately be allowed by the Court pursuant to the proposed engagement.

**Proposed Employment of Accountant**

20. The Trustee, in the exercise of his business judgment, believes that it is necessary to retain T&W as his accountants to assist him in the preparation of the Tax Returns for the Debtors' estates for 2019.

21. T&W, and Cheryl Wesler, one of its partners, is a capable, licensed firm of certified public accountants who specialize in preparing tax returns for chapter 7 trustees in bankruptcy cases around the country. Attached hereto and made part hereof as Exhibit 2 is the Declaration of Cheryl Wesler pursuant to Fed. R. Bankr. P. 2014 (the "Declaration"). The professional biography of Ms. Westler is attached thereto. T&W and Wesler have experience with bankruptcy tax matters necessary to complete the Tax Returns, including preparing any Form K1s or other similar forms, and provide advice regarding federal and state tax compliance.

22. As the Debtors' books of account have not yet been completed, the Trustee anticipates that it may be necessary to obtain extensions of the deadlines for filing the Tax Returns. Pursuant to the Engagement Agreement, T&W will also prepare and file all papers required to obtain such extensions. Further, since the Debtors are pass through entities, T&W will also prepare any forms K1 that may be necessary or appropriate.

23. As set forth in the Declaration, T&W has reviewed the Debtors' petitions for relief, schedules, and statements of financial affairs filed in these jointly administered cases and has not identified any potential conflicts of interest. As such, the Trustee believes that T&W is "disinterested" within the meaning of Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors or their bankruptcy estates.

**Proposed Compensation Terms**

24. Pursuant to the terms of the Engagement Agreement, T&W will prepare the Tax Returns at the following hourly rates: i) $275 per hour for CPAs; and ii) $175 per hour for support staff. T&W's total fees will also be subject to a maximum or cap of $6,000.

25. Additionally, T&W will be entitled to reimbursement of its costs and expenses, including, without limitation, for postage, overnight delivery charges, and filing fees.

26. T&W's compensation proposed herein is subject to review under 11 U.S.C. § 328(a) and T&W will seek approval of all fees and reimbursement of expenses pursuant to an appropriate fee application.

27. T&W has not entered into any agreement to share such compensation as it may be awarded in these cases, except as permitted under Section 504(b) of the Bankruptcy Code.

28. Accordingly, the Trustee submits that the proposed employment of T&W as his accountants is both necessary and appropriate under the circumstances.

**Request to Use Cash Collateral Outside the Ordinary Course of Business**

29. The Trustee is currently holding approximately $752,000 in Cash.

30. WESCO asserts prepetition liens on the Cash, which are subject to the Trustee's objection in a currently pending adversary proceeding that, among other things, seeks to avoid WESCO's liens. Although the amount of WESCO's secured claim is disputed, WESCO asserts a secured claim for approximately $1.9 million.

31. Due to WESCO's asserted liens, the Trustee currently has no unencumbered cash.

32. Without the relief requested in the Pending Cash Collateral Motion and this Application, the Trustee will not be able to file tax returns and otherwise perform his obligations as a chapter 7 trustee, including those provided for in 11 U.S.C. § 346 and the applicable provisions of the Internal Revenue Code.

33. In the Adversary Proceeding, the Trustee seeks to avoid the liens WESCO asserts against the cash in BC Holding's bank account as preferential transfers.

34. WESCO has previously been paid adequate protection payments totaling over $184,000 in these cases. The combined total of these payments and the Cash is $942,000, which is greater than the approximately $911,000 of cash BC Holding held on the Petition Dates.

35. Under the circumstances, the Trustee asserts that the limited use of cash collateral is necessary to allow the Trustee to perform his statutory obligations and that further adequate protection payments are not necessary. In the event that the Court determines adequate protection is required, any amount awarded to WESCO as adequate protection should not exceed the amount of the Consulting Fee. Additionally, any such award should be made expressly subject to disgorgement and return to the Trustee in the event that the Trustee successfully avoids WESCO's asserted liens against the BC Holding's bank account.

## Request to Shorten and Limit Notice

36. The Trustee is holding approximately $752,000 and has Bitcoin with a market value of approximately $185,000 (note the market value of Bitcoin fluctuates).

37. Currently over $343,000 of chapter 11 administrative fees have been approved by the Court, and the Trustee understands that BMG, one of the Debtors' former customers, intends to assert a potentially substantial claim for a chapter 11 administrative expense.[4]

38. The amount of chapter 7 administrative expenses is currently unknown.

---

[4] To date, BMG has not filed a motion seeking approval of any administrative expenses but has informally asserted such claims to the Trustee in an as yet unknown amount. The Trustee expressly reserves all of his rights to dispute and otherwise object to any such claims. As such, nothing herein is intended to be nor should be construed as an admission by the Trustee.

39. The claims dockets in these cases reflect that priority claims exceeding $272,000 have been asserted against the Debtors[5], and WESCO asserts a secured claim exceeding $1.9 million purportedly secured by liens on the cash held by the Trustee.

40. The amount of any distribution to unsecured creditors is unknown and highly speculative.

41. Federal Rules of Bankruptcy Procedure 2002 authorizes the Court to shorten and limit notice of compromises.

42. A copy of this Application along with the related notice is being sent to the United States Trustee and to all parties that have entered appearances in these cases, including WESCO and all parties who have asserted or who the Trustee is aware assert administrative claims against these estates.

43. Given the $6,000 Cap on T&W's fees under the Engagement Agreement and the expense of serving the numerous creditors listed in the schedules or who have filed proofs of claim (which is over approximately 200), and the other facts and circumstances summarized in this Application, the Trustee requests that the Court shorten and limit notice to those served as described in this Application.

WHEREFORE, the Trustee respectfully request that this Court enter an order: (i) authorizing the Trustee to employ T&W as the Trustee's tax accountants to prepare the Tax Returns for 2019 pursuant to the terms of the Engagement Agreement; (ii) approving the terms of the Engagement Agreement and authorizing the Trustee to enter into the Engagement

---

[5] The Trustee has not yet begun evaluating the vast majority of the proofs of claim filed in either of the Debtors' cases and expressly reserves all of his rights to object to any such proofs of claim or the amounts thereof on any basis whatsoever.

12

Agreement; (iii) authorizing the Trustee to use cash collateral to pay any fees and to reimburse any expenses to T&W that the Court may ultimately allow under the provisions of the Bankruptcy Code; (iv) shortening and limiting notice as described in this Application; and (v) granting such other and further relief as this Court deems just or appropriate.

Dated: January 28, 2020   /s/ Michael M. Schmahl
Michael M. Schmahl
Pollick & Schmahl, LLC
200 E. Randolph, Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC #6275860
*Counsel for the Trustee*