**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BCause Mining LLC,** *et al.* | ) | **Case No. 19-10562** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

**NOTICE OF MOTION**

**TO:    PERSONS LISTED ON THE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE THAT on **Thursday, February 13, 2020,** at the hour of **9:30 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in her stead, at 219 S. Dearborn Street, Courtroom 615, Chicago, Illinois, and shall then and there present the **TRUSTEE'S NOTICE AND MOTION TO ABANDON DEBTORS' OFFICE FURNITURE AND RELATED PERSONAL PROPERTY (the "Motion")**, a copy of which is attached hereto and hereby served upon you.

Dated: February 5, 2020

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC


By: /s/ Michael M. Schmahl
        Michael M. Schmahl

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601
(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on February 5, 2020, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.


By: /s/ Michael M. Schmahl
        Michael M. Schmahl

**SERVICE LIST**

| | |
|---|---|
| Patrick S. Layng<br>Ha M. Nguyen<br>Office of the U.S. Trustee<br>219 S. Dearborn Street<br>Room 873<br>Chicago, IL 60604<br>Ha.nguyen@usdoj.gov<br>*United States Trustee* | John M Craig<br>Law Firm of Russell R Johnson<br>III, PLC<br>14890 Washington Street<br>Haymarket, VA 20169<br>russell@russelljohnsonlawfirm.com<br>*Counsel for Dominion Energy Virginia*<br>*Via e-mail* |
| David A Agay<br>Maria G Carr<br>Shara C Cornell<br>McDonald Hopkins LLC<br>300 N. LaSalle<br>Chicago, IL 60654<br>312-280-0111<br>dagay@mcdonaldhopkins.com<br>mcarr@mcdonaldhopkins.com<br>scornell@mcdonaldhopkins.com<br>*Counsel for WESCO Distribution, Inc.* | Shelly A. DeRousse<br>Devon J Eggert<br>Elizabeth L Janczak<br>Freeborn & Peters LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312-360-6315<br>312-360-6520 (fax)<br>sderousse@freeborn.com<br>deggert@freeborn.com<br>ejanczak@freeborn.com<br>*Counsel for Creditors' Committee* |
| J Mark Fisher<br>Sarah K Angelino<br>Schiff Hardin LLP<br>233 South Wacker Drive<br>Suite 7100<br>Chicago, IL 60606<br>(312) 258-5861<br>mfisher@schiffhardin.com<br>sangelino@schiffhardin.com<br>Dennis Lewandowski, via email sent to:<br>dtlewand@kaufcan.com<br>*Counsel for Hoffland Properties, Inc.* | Russell R. Johnson, III<br>John M. Craig<br>Law Firm of Russell R Johnson<br>III, PLC<br>2258 Wheatlands Drive<br>Manakin Sabot, VA 23103<br>804-749-8861<br>russell@russelljohnsonlawfirm.com<br>john@russelljohnsonlawfirm.com<br>*Counsel for Dominion Energy Virginia*<br>*Via e-mail* |
| Marc Ira Fenton<br>Jamie L Burns<br>Levenfeld Pearlstein LLC<br>2 N Lasalle St Ste 1300<br>Chicago, IL 60602<br>312-346-8380<br>mfenton@lplegal.com<br>jburns@lplegal.com | Brian L Shaw<br>Christina Sanfelippo<br>Fox Rothschild LLP<br>321 N Clark Street<br>Suite 1600<br>Chicago, IL 60654<br>312-517-9200<br>312-517-9201 (fax) |

*Counsel for W-R2 Jefferson Owner VIII, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) )  Chapter 7 ) |
| BCause Mining LLC, *et al.* | )  Case No. 19-10562 )  (Jointly Administered) ) |
| Debtors. | )  Hon. Janet S. Baer ) |

**TRUSTEE'S NOTICE AND MOTION FOR ORDER ABANDONING**
**OFFICE FURNITURE AND RELATED PERSONAL PROPERTY**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), by his undersigned counsel, requests that the Court enter and order authorizing and approving the abandonment of the Debtors' respective office furniture and related personal property (collectively, and as more fully described below, the "Office Furniture") located in BC Mining's former office located at 192 Ballard Court, Suite 303, in Virginia Beach, Virginia (the "Virginia Office"), 318 W. Adams, Suite 1907, in Chicago, Illinois (the "Chicago Office") and a storage unit located at 2638 N. Pulaski Road, in Chicago, Illinois (the "Storage Unit") and, in support thereof, respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

4.      On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      On or about April 12, 2019, BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7.      On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code, and Richard J. Mason was appointed as the chapter 7 trustee of the Debtors' estates [**Docket No. 320**].

8.      On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent.  Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

## **The Office Furniture**

9.      The Office Furniture is comprised of the furniture and related personal property owned by either BC Mining or BC Holding as listed on the pages from each of their respective bankruptcy schedules attached hereto as Exhibit 1 (Office Furniture owned by BC Mining) and Exhibit 2 (Office Furniture owned by BC Holding).

10.      Prior to the Conversion Date, the Debtors maintained the Virginia Office and an office located in Chicago, Illinois (the "Prior Chicago Office").

11.      On or about June 11, 2019, the Court entered an Order [**Docket No. 127**] rejecting the lease for the Virginia Office.  Following the rejection of this lease, the Debtors continued to occupy the Virginia Office on a month-to-month basis.

12.     On or about July 16, 2019, the Court entered an Order [**Docket No. 187**] rejecting the lease for the Prior Chicago Office.

13.     It is the Trustee's understanding that, following the rejection of the Prior Chicago Office, Bcause Secure LLC, a non-debtor affiliate of the Debtors, entered into an agreement to lease the Chicago Office.[2]  The Trustee further understands that the Office Furniture that had been located in the Prior Chicago Office was divided and placed into the Chicago Office, leased by BCause Secure LLC, and into the Storage Space.[3]

14.     Much of the Office Furniture was dismantled.  In the Trustee's experience, while used office furniture does not have significant value, a significant portion of any value is based on whether or not it is already assembled, because the cost of assembling office furniture is significant.  Further, as indicated in Exhibits 1 and 2, there is not a significant volume of Office Furniture.

15.     WESCO Distribution, Inc. ("WESCO"), asserts a secured claim of approximately $1.9 million and prepetition liens, including a blanket lien under Article 9 of the Uniform Commercial Code purportedly granted under a credit agreement with BC Mining and statutory liens under Virginia and Illinois law based on a judgment by confession WESCO obtained in Virginia shortly before the commencement of these cases.

16.     The Trustee is challenging both the amount of WESCO's secured claim as well as WESCO's asserted liens in a pending adversary proceeding (Adversary No. 19-769) (the "Adversary Proceeding").[4]

---

[2] The Debtors filed a motion [**Docket No. 171**] requesting authority to lease the Chicago Office themselves.  This motion was ultimately withdrawn after the Conversion Date. [**Docket No. 382**]

[3] Although the Trustee is not certain, he believes that the Storage Space was leased by either BCause Secure LLC or one or more of the Debtors' former employees personally.

[4] The above summary is intended to be a general description of what WESCO asserts for its purported secured claim.  The Trustee does not agree with some or all of WESCO's positions and expressly reserves all of his rights, claims and defenses and rights to object to and otherwise challenge, on any basis, WESCO's asserted claims and

17.     The respective landlords for the Virginia Office, Chicago Office and Storage Space may also have the right to assert landlord liens or other similar liens or claims.

18.     In the Trustee's business judgment, the value of the Office Furniture is not significant and does not justify the costs that would be needed to move, store and liquidate the Office Furniture.

19.     In light of WESCO's asserted lien and the potential rights or claims of the respective landlords, the Trustee believes that the Office Furniture is burdensome on the Debtors' respective estates and does not have significant, if any, value for their respective creditors.

20.     As such, the Trustee proposes to abandon the Office Furniture, but expressly reserves all of his rights, claims and defenses to challenge and otherwise object to WESCO's asserted secured claims and liens and all the Trustee's rights under the Uniform Commercial Code and other applicable state and federal law, including the right to require WESCO to liquidate the Office Furniture in a commercially reasonable manner and to pay to the Trustee any amount of money that WESCO may recover from the liquidation of the Office Furniture that exceeds the allowed amount of WESCO's secured claim.

## **NOTICE**

21.     Federal Rule of Bankruptcy Procedure 6007(a) requires that notice of this proposed abandonment be provided to the US Trustee, all creditors, indenture trustees, and committees unless the Court directs otherwise.

---

liens and to seek to avoid any such liens.  As such, no statement herein is intended nor should be construed as an admission or waiver or release of any of the Trustee's rights, claims and defenses or as a statement of the Trustee's position in the Adversary Proceeding.

22.     The Trustee has given notice of this abandonment to the US Trustee and all parties who have appeared through counsel in these case through the Court's ECF system and via email. There are currently no committees.

23.     Additionally, the Trustee has mailed a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 3 to all creditors.

24.     Given the fact that these estates have limited resources, the Trustee requests that the Court approve of the Creditor Notice and limit notice as described in above.

WHEREFORE, the Trustee respectfully request that this Court enter an order: (i) approving the Creditor Notice; (ii) limiting notice as described in the Motion; (iii) abandoning the Office Furniture; and (iv) granting such other and further relief as this Court deems just or appropriate.


Dated: February 5, 2020              /s/ Michael M. Schmahl
                                     Michael M. Schmahl
                                     Pollick & Schmahl, LLC
                                     200 E. Randolph, Suite 5100
                                     Chicago, IL 60601
                                     (312) 235-3296
                                     mschmahl@pollickschmahl.com
                                     ARDC #6275860
                                     *Counsel for the Trustee*