IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| BCause Mining LLC, *et al.* | Case No. 19-10562<br>(Jointly Administered) |
| Debtors. | Hon. Janet S. Baer |

### CORRECTED[1] NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING THE TRUSTEE TO CONSOLIDATE AND SELL CRYPTO CURRENCY FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS AND ENCUMBRANCES, TO LIMIT NOTICE AND FOR RELATED RELIEF

**PLEASE TAKE NOTICE** that on February 4, 2020, Alex Moglia (the "Trustee"), the Trustee of the Chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC ("BC Holding"), filed a motion (the "Sale Motion") with the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Court") seeking, among other things, authority to sell (the "Sale") approximately 24.8979984 Bitcoin and approximately 5.4089585 Bitcoin Cash (collectively the "Cryptocurrency") owned by the BC Holding bankruptcy estate (and comprising all of the cryptocurrency owned by either BC Mining or BC Holding) with the assistance of Prime Trust on one or more specialized networks where purchasers of cryptocurrency congregate and to which Prime Trust has access to one or more purchaser in one or more sale transaction at the then prevailing market prices for Bitcoin and Bitcoin Cash on such specialized networks, free and clear of any and all liens, claims and encumbrances, provided, however, that the disputed lien asserted by WESCO shall attach to the Net Sale Proceeds (as that term is defined in the Sale Motion) to the extent that WESCO's asserted lien is determined to be valid and subject to the Trustee's rights and claims to dispute, object to, seek to avoid, and otherwise challenge WESCO's asserted lien.  The Trustee also requests certain related relief in the Sale Motion, including, among other things, that the Court: (i) determine that the Sale is made in "good faith" entitled to the protections in Section 363(m); (ii) waive the 14-day stay under Federal Rule of Bankruptcy Procedure 6004(h) so that any order approving the Sale is immediately effective; (iii) limit the Trustee's post-sale reporting obligations under Federal Rule of Bankruptcy Procedure 6004(f)(1); and (iv) limit and shorten notice, including approving the form of this Notice, pursuant to Federal Rule of Bankruptcy

---

[1] PLEASE NOTE THAT YOU WERE PREVIOUSLY SENT A SIMILAR NOTICE INDICATING THAT ANY OBJECTIONS TO THE SALE SHOULD BE FILED WITH THE COURT AND SERVED ON TRUSTEE'S COUNSEL ON OR BEFORE FEBRUARY 11, 2020.  **THIS *CORRECTED* NOTICE IS BEING SENT TO MAKE CLEAR THAT ANY OBJECTIONS SHOULD BE MADE BY THE HEARING ON THE SALE ON FEBRUARY 13, 2020, NOT FEBRUARY 11, 2020.**

Procedure 2002 so that the Sale Motion may be heard and the Sale considered on February 13, 2020.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Sale Motion has been scheduled to take place on **February 13, 2020, at 9:30 A.M.** (the "Sale Hearing") before the Honorable Janet S. Baer, United States Bankruptcy Judge (or any judge who may be sitting in her stead), that will take place in Courtroom 615, of the Dirksen Federal Building located at 219 S. Dearborn Street, Chicago, Illinois. The Court will consider the Sale and the relief requested in the Sale Motion at that hearing. If you have an objection to the Sale or any of the relief requested in the Sale Motion, **YOU SHOULD FILE WITH THE COURT AN OBJECTION IN WRITING CLEARLY STATING THE BASIS FOR YOUR OBJECTION AND SERVE SUCH OBJECTION BEFORE THE SALE HEARING AND APPEAR AT THE SALE HEARING**. Any such objection should be served on Trustee's counsel, Michael M. Schmahl, at Pollick & Schmahl, LLC, 200 E. Randolph, Suite 5100, Chicago, Illinois 60601, mschmahl@pollickschmahl.com (e-mail).

**PLEASE TAKE FURTHER NOTICE THAT** if no objections are received, the Sale may be authorized free and clear of any and all liens, claims and encumbrances.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Sale Motion is available, with a password through the Court's PACER system at www.ilnb.uscourts.gov, and the Trustee will make a copy of the Sale Motion available to any party that submits a request to the Trustee's counsel, Michael M. Schmahl, at Pollick & Schmahl, LLC, 200 E. Randolph, Suite 5100, Chicago, Illinois 60601, mschmahl@pollickschmahl.com (e-mail), (312) 235-3296 (telephone).

**PLEASE NOTE THAT YOU WERE PREVIOUSLY SENT A SIMILAR NOTICE INDICATING THAT ANY OBJECTIONS TO THE SALE SHOULD BE FILED WITH THE COURT AND SERVED ON TRUSTEE'S COUNSEL ON OR BEFORE FEBRUARY 11, 2020. THIS *CORRECTED* NOTICE IS BEING SENT TO MAKE CLEAR THAT ANY OBJECTIONS SHOULD BE MADE BY THE SALE HEARING, ON *FEBRUARY 13, 2020*, NOT BY FEBRUARY 11, 2020.** If you have any questions, please contact Trustee's counsel, Michael M. Schmahl, at Pollick & Schmahl, LLC, 200 E. Randolph, Suite 5100, Chicago, Illinois 60601, mschmahl@pollickschmahl.com (e-mail), (312) 235-3296 (telephone).

|  |  |
|---|---|
| Dated:  February 5, 2020 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
|  | By: /s/ Michael M. Schmahl<br>       Michael M. Schmahl |

Michael M. Schmahl
POLLICK & SCHMAHL, LLC
200 E. Randolph, Suite 5100
Chicago, Illinois  60601

(312) 235-3296
mschmahl@pollickschmahl.com
*Counsel to the Trustee*