# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**BCAUSE MINING, LLC,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-10562<br>(Jointly Administered)<br><br>Judge Janet S. Bear |

## NOTICE OF MOTION

To:    ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **April 29, 2020 at 9:30 a.m.**, or soon thereafter as this Motion may be heard, I shall appear before the Honorable Janet S. Bear sitting in Courtroom 615 of the United States Bankruptcy Court for the Northern District of Illinois in the Everett McKinley Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in the stead and there present **Greenwich's Unopposed Motion for Relief from the Automatic Stay and Related Relief**, a copy of which is served upon you.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*s/ Lindsey A.L. Conley*
Lindsey A.L. Conley

Mark A. Carter
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
E-mail:  mcarter@hinshawlaw.com
E-mail:  lconley@hinshawlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**BCAUSE MINING, LLC,** *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-10562<br>**(Jointly Administered)**<br><br>Judge Janet S. Baer |

### UNOPPOSED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Greenwich Centre Investors, L.C. ("**Greenwich**"), by counsel, and files this *Unopposed Motion for Relief from the Automatic Stay and Related Relief* (the "**Motion**") pursuant Sections 362, 553 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for relief from the automatic stay and related relief as provided herein. Greenwich states the following in support thereof:

1. On April 11, 2019 and April 12, 2019 (collectively, the "**Petition Date**"), BCause Mining LLC and BCause LLC (collectively, the "**Debtors**") respectively filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Court**").

2. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

3. Prior to the Petition Date, Greenwich and BCause LLC entered into the *Office Lease* dated as of February 22, 2018 (the "**Lease**"), whereby lessee BCause LLC leased the premises known as Greenwich Centre, 192 Ballard Court, Suite 303, Virginia Beach, Virginia (the "**Premises**") from lessor Greenwich. The Lease constitutes a non-residential lease of real property

for purposes of the Bankruptcy Code. Under the terms of the Lease, Greenwich is in possession of a security deposit in the amount of $2,938.50 (the "**Security Deposit**").

4. Following the Petition Date, the Lease was deemed rejected as of August 9, 2019 (the "**Rejection Date**") based upon the expiration of the deadline under Section 365(d)(4) of the Bankruptcy Code without the Debtors having assumed the Lease.[1] The Debtors remained in possession of the Premises following the Rejection Date.

5. On October 8, 2019, the Court entered the *Order Converting Cases to Chapter 7* [Docket No. 319] converting this case to chapter 7, and, on October 11, 2019, Alex D. Moglia was appointed chapter 7 trustee (the "**Trustee**").

6. On October 31, 2019, the Trustee surrendered possession of the vacant Premises to Greenwich. Certain personal property remains in the Premises of inconsequential value, some of which has been abandoned by the Trustee pursuant to the *Order Granting Trustee's Notice and Motion for Order Abandoning Office Furniture and Related Personal Property* entered on February 13, 2020 but it is not clear what particular personal property was abandoned [Docket No. 418]. Based on information and belief, the Trustee does not intend to administer the personal property remaining in the Premises. Considering the *Order Granting Trustee's Notice and Motion for Order Abandoning Office Furniture and Related Personal Property* was not clear as to whether all of the personal property was abandoned, Greenwich seeks the relief stated herein.

7. Greenwich filed Proof of Claim No. 33 asserting a claim for rejection of the lease pursuant to Bankruptcy Code §§ 365 & 502(g) in the amount of $51,426.60 (the "**Rejection Claim**").

---

[1] On June 11, 2019, the Court entered the *Order Authorizing Debtor to Reject Office Lease as of August 1, 2019* [Dkt. No. 127] with respect to the Lease; however, while authorized to reject the Lease as of August 1, 2019, the Debtors did not vacate the Premises and continued to occupy the space and pay rent through October 2019. Based upon this, Greenwich asserts that the applicable rejection date is August 9, 2019.

**Relief**

8. Based upon the foregoing rejection of the Lease, the Trustee's surrender of the Premises, and the corresponding lack of adequate protection, good cause exists under Section 362(d)(1) and 553 of the Bankruptcy Code to grant Greenwich relief from the automatic stay to take any and all action permitted under the Lease and/or at law or in equity, including any remedies available under applicable state law, to:

   a. Dispose of any and all personal property (the "**Personal Property**") of the Debtors and/or the bankruptcy estate remaining on the Premises, including, but not limited to, exercising or enforcing any and all liens it may assert against such property under the Lease and/or applicable state law;

   b. Take ownership of, apply, record, and, to the extent necessary, effectuate a setoff of the Security Deposit against any claim, pre- and/or post-petition, of Greenwich against the Debtor, including the Rejection Claim; and,

   c. To the extent necessary, and out of an abundance of caution, recover and take possession of the Premises, including, but not limited to commencing, prosecuting and enforcing an unlawful detainer or other action to terminate any possessory interest of the Debtor in the Premises.

9. Relief from the automatic stay with respect to the foregoing should also be granted under 11 U.S.C. § 362(d)(2) as the Debtor has no equity in either the Lease, the Personal Property, or the Security Deposit and neither are necessary to an effective reorganization.

10. The Rejection Claim and the Security Deposit further represent mutual debts owing between both the Debtors and Greenwich under the Lease that arose prior to the Petition Date, and thus satisfy the elements of the right to setoff under Section 553(a) of the Bankruptcy Code. *In re Garrett*, 2017 Bankr. LEXIS 3196 at *6 (Bankr. S.D. Il. 2017) ("In order to establish a right

to setoff, the creditor must establish the following three elements: 1) A debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case; 2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; 3) the debt and the claim are mutual obligations.").

11. Lastly, and to the extent necessary and not already abandoned, good cause further exists for the Trustee to abandon any interest in either the Personal Property or the Security Deposit in accordance with Section 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

12. Counsel for Greenwich has conferred with the Trustee regarding the relief requested in this motion and the Trustee will not object to this motion.

WHEREFORE, based upon the foregoing, and for good cause shown, Greenwich respectfully requests that this Court grant the relief requested herein and enter an order:

A. Granting Greenwich relief from the automatic stay to take any and all action permitted under the Lease and/or at law or in equity with regard to the Premises, the Personal Property, and the Security Deposit;

B. Waiving the fourteen (14) day stay period provided for under Bankruptcy Rule 4001(a)(3); and

C. Granting such other and further relief as this Court may find just and reasonable.

DATE: April 20, 2020                                    Respectfully,

/s/ Lindsey A.L. Conley
Mark A. Carter, Esq.
Lindsey A.L. Conley, Esq.
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3775
Email: mcarter@hinshawlaw.com
Email: lconley@hinshawlaw.com

1025486\305384165.v1

Joshua D. Stiff, Esq.
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Email: jstiff@wolriv.com

*Counsel to Greenwich Centre Investors, L.C.*

## CERTIFICATE OF SERVICE

      I hereby certify that on **April 20, 2020**, I electronically filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois Eastern Division, the foregoing notice and attached pleading by using the CM/ECF system, which will send notification of such filing(s) to parties receiving electronic notification and will send via email to parties where indicated:

                                                  *s/Lindsey A.L. Conley*

**SERVICE LIST**

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A. Agay
Maria G. Carr
Shara C. Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K. Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L. Burns
Levenfeld Pearlstein LLC 2
N. Lasalle St., Ste. 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com

John M. Craig
Law Firm of Russell R Johnson
III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson
III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L. Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N. Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200

jburns@lplegal.com
*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

312-517-9201 (fax)
bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M. Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R. Clar
Arthur G Simon
Jeffrey C. Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*