**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| BCause, LLC, a Virginia limited liability company | ) ) | Case No. 19-10562 |
| 130 S. Jefferson St., #101 | ) | |
| Chicago, IL  60661 | ) | |
| | ) | Judge Janet S. Baer |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM BANKRUPTCY STAY TO ALLOW LIEN SALE PROCEEDINGS**

PS ILLINOIS TRUST, ("Public Storage"), by and through its attorneys, hereby moves this Honorable Court pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001 to enter an order lifting the automatic stay to allow Public Storage to proceed with lien enforcement proceedings against the debtor BCAUSE, LLC, a Virginia limited liability company. In support of its Motion for Relief from Bankruptcy Stay, Public Storage states as follows:

**INTRODUCTION**

As of August 1, 2020, debtor BCause, LLC ("Debtor") owed $3,119.00 in rent and late fees for a storage unit she rented from Public Storage. Public Storage now seeks to conduct lien sale proceedings to enforce its lien rights against Debtor. The hardship to Public Storage by continued maintenance of the automatic stay considerably outweighs the hardship to the Debtor if the stay is lifted.

**JURISDICTION**

This Court has jurisdiction under 28 U.S.C. §§ 1334, 1408 and 11 U.S.C. § 362(d). Venue is proper pursuant to 28 U.S.C. § 1408.

# NOTICE

Notice of this Motion has been given via United States first class mail and/or served electronically, as required under the applicable rules to the parties listed on the Certificate of Service List, and by mail to all interested parties who have filed a notice of appearance in these cases, pursuant to Rule 2002. No previous motion for the relief sought herein has been made by the Movant to this or any other Court.

## STATEMENT OF THE FACTS

On July 26, 2019, Debtor entered into a rental agreement with creditor Public Storage to rent Unit No. C011 at a Public Storage facility located at 2638 N. Pulaski Rd., Chicago, IL 60639. The rental agreement stipulated that the monthly rent of $250.00 would be paid by Debtor to Public Storage on or before the first day of each month.[1] The agreement would continue in that manner, on a month-to-month basis, until it was terminated. Debtor made intermittent payments, frequently falling behind on her account. As of October 1, 2019, Debtor made her final payment to Public Storage. Debtor's account continued to accrue monthly rent charges and late fees, for which Public Storage received no payments. On November 8, 2019, Public Storage sent Debtor a letter noting that the balance on her account was due. After not receiving payments, Public Storage also sent one lien letter on November 21, 2019, informing Debtor that Public Storage intended to assert tis lien rights if Debtor did not pay the balance of her account in full—Debtor has not done so. To date, Debtor owes $3,119.00 in rent and late fees. Debtor has not surrendered and/or vacated the real property, and Public Storage is prohibited from renting the property to another tenant.  Debtor's failure to pay rent to Public Storage constitutes a termination and expiration of the rental agreement.

---

[1] From July 26, 2019 to present, the rent amount has changed once, and Public Storage informed Debtor of these change via letter. The  current rent charge is $314.00 per month.

4834-4792-9801.1

On April 12, 2019, Debtor filed a Petition for bankruptcy under Chapter 11. By this time, Debtor had ceased the rent payments to Public Storage and the rental agreement had been terminated. On April 12, 2019, the Debtor's Chapter 11 plan was confirmed and the automatic stay went into effect.

## ARGUMENT

Under 11 U.S.C. § 362(a)(4), a bankruptcy stays all actions to enforce any lien against property of the estate, including the lien sale proceedings Public Storage now seeks to commence. Section 362(d) provides that the automatic stay may only be modified for cause. Subsection (d) provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

*Id.* at § 362(d)(1). Although "cause" is not defined by the Bankruptcy Code, the decision of whether to grant or deny relief from the stay is committed to the discretion of the bankruptcy court and will be disturbed only upon a showing of abuse of discretion. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). In determining whether cause is sufficient to lift an automatic stay, the court considers whether:

a) any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit;

b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and

c) the creditor has a probability of prevailing on the merits of his case.

*In re Fernstrom Storage & Van Co.*, 938 F.2d at 735; *In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill. 1986) (allowing creditors' modification of stay to prosecute its compulsory

counterclaims in the same litigation where creditor prejudice and lack of hardship factors weighted in creditors' favor).

When alleging grounds for a relief from stay, federal courts have also required, other than lack of equity, the party seeking relief to make only a prima face showing that it is entitled to such relief. 11 U.S.C. §362(g); *In re Schuessler*, 386 B.R. 458 (Bankr. S.D.N.Y. 2008); *In re Planned Systems*, 78 B.R. 852, 859 (Bankr. S.D. Ohio 1987). Once the applicant alleges facts demonstrating a legal entitlement to the relief sought, the burden then shifts to the debtor (or party opposing relief) to prove that cause does not exist to lift the automatic stay. *Id.*

Public Storage has met its burden of proof as to "cause." Public Storage is a creditor via the lease/rental agreement, and Debtor failed to adequately protect its interests. Under the first factor for showing "cause," neither Debtor nor the bankruptcy estate will be prejudiced. Allowing the lien sale to proceed will not result in prejudice because—as the numerous lien enforcement letters informed her—Debtor has the opportunity to cease the auction up until the moment it is set to begin by simply remitting the amount owed on her account. Moreover, lifting the stay will discourage other tenants from filing bankruptcy in order to forestall lien sale proceedings, or even eviction actions. *See In re United States Brass Co.*, 110 F.3d 1261, 1265 (7th Cir. 1997).

Considering the second factor, the stay will substantially prejudice Public Storage. Public Storage has been unable to rent this space out to another tenant due to its inability to take action pursuant to the automatic stay. Debtor has failed to adequately protect Public Storage's interest in this real property, effectively eliminating Public Storage's right to enforce its lien on the property. In addition to the rent and late fees Debtor owes Public Storage, Public Storage suffers further economic harm by being unable to rent the space to another tenant who can afford the monthly payments. If this Court does not allow Public Storage to proceed with its lien sale, there will be no

available remedy for Public Storage to remove Debtor's belongings and rent the space to a financially stable tenant.

Third, although it does not intend to file suit against Debtor, due to Debtor's outstanding account balance and Public Storage's active lien on the property, it would likely prevail on the merits in an eviction action brought in state court. A stay relief hearing is not intended to adjudicate the merits of the underlying claim that will be litigated in state court. Rather, the purpose of a stay relief hearing is only to determine whether the plaintiff can establish a colorable claim. *See Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26 (1st Cir. 1994) (holding that the only issue before a bankruptcy court during relief from stay proceedings is whether the movant has a colorable claim). Here, Public Storage is entitled to enforce its lien rights against Debtor because of Debtor's continued outstanding balance on her Public Storage account.

## CONCLUSION

This Court should grant Public Storage's Motion for Relief from Bankruptcy Stay, allowing Public Storage to receive a remedy for Debtor's overdue account balance. Lifting the stay for the limiting purpose of allowing Public Storage to proceed with a lien sale will not affect any other aspect of this bankruptcy case.

WHEREFORE, the movant PS ILLINOIS TRUST respectfully requests that this Honorable Court enter an order pursuant to 11 U.S.C. § 362(d), lifting, terminating, or modifying the automatic stay imposed by Debtor's bankruptcy petition, as it is related to Public Storage's ability to enforce its lien on Debtor's personal property, and for any other relief this Court deems just.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   /s/ Brooke M. Rotstein
*One of the Attorneys for PS Illinois Trust*

4834-4792-9801.1

Brooke M. Rotstein, ARDC #6282903
Steven P. Slayden, ARDC #6321539
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300, Chicago, IL 60661
P: 312-345-1718 / F: 312-345-1778
Brooke.Rotstein@lewisbrisbois.com
Steven.Slayden@lewisbrisbois.com

4834-4792-9801.1