IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on **Wednesday, October 14, 2020**, at the hour of **1:00 p.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the TRUSTEE'S MOTION TO CONDUCT RULE 2004 EXAMINATION OF DOMINION ENERGY VIRGINIA (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: October 7, 2020

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC

By: /s/ Michael M. Schmahl
    Michael M. Schmahl

1

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois  60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

    The undersigned states that on October 7, 2020, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system except for those individuals or entities that are identified to have been served by email or regular, first class mail, postage prepaid, who the undersigned caused to be served in such manner as indicated on the attached service list.

                                By: /s/Michael M. Schmahl
                                       Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia
Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia
Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

CT Corporation System
As Registered Agent for Virginia Electric and
Power Company d/b/a Dominion Energy
Virginia
4701 Cox Rd., Suite 285
Glen Allen, VA 23060-6808
*Registered Agent for Dominion Energy
Virginia*
*Via First Class Mail*

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| | ) |
| | ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hon. Janet S. Baer |
| | ) |

### TRUSTEE'S MOTION TO CONDUCT RULE 2004 EXAMINATION OF DOMINION ENERGY VIRGINIA

Alex D. Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), by and through his undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") hereby requests this Court to enter an order authorizing him to conduct an examination, including the production of documents, of Virginia Electric Power Company d/b/a Dominion Energy Virginia ("Dominion") with respect to its relationship with the Debtors and the financial transactions related thereto, and, in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), (J) and (O).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. This Motion is brought under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

6

## BACKGROUND

5.  On April 11 and 12, 2019, respectively, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Doc No. 1).

6.  On October 8, 2019 (the "Conversion Date"), the Court converted these cases to cases under Chapter 7 of the Bankruptcy Code (Docket No. 319).

7.  On October 11, 2019, the U.S. Trustee appointed Alex D. Moglia as Trustee (Doc No. 334).

## DEBTORS' RELATIONSHIP WITH DOMINION

8.  Dominion provided electricity to the Debtors in Virginia, including the electricity consumed or otherwise used in the data center located in Virginia Beach, Virginia.

9.  On information and belief, Dominion required a substantial deposit (the "Deposit") that initially exceeded $1.3 million, and which, on information and belief, earned interest and, on information and belief, portions of the deposit (potentially including interest) were applied to pay electricity bills at one or more points prior to the commencement of the Debtors' bankruptcy. It is the Trustee's understanding that Dominion was paid several million dollars since early 2018.

10. The Trustee also understands that Dominion applied the balance of the deposit (potentially including interest, in an amount exceeding $1.5 million) to pay certain pre-bankruptcy balances after the petition date. It is the Trustee's understanding that the Debtors' pre-paid Dominion for electricity during the chapter 11 portion of this bankruptcy.

11. Finally, Dominion has filed a proof of claim asserting an unsecured claim exceeding $388,000 (the "Dominion Claim").

**RELIEF REQUESTED**

12.　The Trustee desires to further investigate the Debtors' relationship and transactions with Dominion, including the Deposit, the calculation of charges and any contracts between the parties as well as the Dominion Claim. Through this Motion, the Trustee requests authority to conduct an examination of Dominion pursuant to Rule 2004.

13.　Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(a). Furthermore, the Trustee may seek both documents and oral discovery related to any "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(b) and (c). Any such discovery may also be assisted and compelled by the use of a subpoena. Rule 2004(c) and Rule 9016.

14.　The purpose of a Rule 2004 examination is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000). The scope of a Rule 2004 examination is very broad and broader than that of discovery under the Federal Rules of Civil Procedure. *See In re Ecam Publ'n*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drezel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ([T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (describing Rule 2004 examinations as "broad" and "unfettered"); and *In re Hughs*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 . . . may be in the nature of a 'fishing expedition.'").

15. The Trustee requests authority to issue a subpoena to Dominion in order to conduct an examination of and/or to obtain certain records pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure. The Trustee intends to request that Dominion provide requested documents prior to any scheduled oral examination of Dominion and may ultimately decide not to go forward with an oral examination of Dominion.

16. Although the Trustee is still finalizing his list of document requests, the Trustee seeks to obtain, among other things documents and records related to: 1) all contracts between the Dominion and the Debtors; 2) the Deposit generally, including, among other things, decisions made related to the Deposit, the amount of the Deposit and any payments made or refunded from the Deposit, the manner in which the Deposit was held, and any interest accrued thereon; 3) electricity or other goods or services provided by Dominion to the Debtors; 4) the Debtors' use of electricity and the calculation of Dominion's electric bills and any estimated bills; and 5) all payments or other transfers Dominion received from the Debtors.

**NOTICE AND RELATED MATTERS**

17. As required by Local Rule 2004-1, the Trustee has provided notice of this Motion to Dominion's registered agent via regular mail as well as its counsel of record via the Court's ECF System and/or email (with respect to Dominion's counsel who the Trustee understands is not registered with the Court's system). Additionally, the Trustee has provided notice to the United States Trustee and all parties that have entered an appearance or otherwise requested notice in this Bankruptcy Case via the Court's ECF System.

WHEREFORE, the Trustee prays this Court to enter an order:

A) authorizing the Trustee to conduct an examination of and to demand production of documents from Dominion, including, without limitation, related to Dominion's relationship with the Debtors, any transactions with the Debtors, the Deposit, and the Dominion Claim, pursuant to

9

Rule 2004 and to use his discretion as to whether or not to proceed with an oral examination in the event sufficient documents are produced;

B) authorizing the Trustee to issue a subpoena to Dominion to compel the person most knowledgeable about Dominion's relationship and transactions with the Debtors, including the Deposit, to appear and answer questions at a deposition and to require Dominion to produce documents and records as requested in that subpoena; and

C) granting such other and further relief as this Court deems just.

Dated: October 7, 2020
/s/Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*