IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BCause Mining LLC,** *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:**  See attached list

PLEASE TAKE NOTICE that on Wednesday, **October 14, 2020**, at the hour of **1:00 p.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the TRUSTEE'S APPLICATION TO EMPLOY MOGLIA ADVISORS AS FINANCIAL ADVISORS AS OF OCTOBER 11, 2019 (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Dated:  October 7, 2020 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |
| | Michael M. Schmahl |

1

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

## **CERTIFICATE OF SERVICE**

      The undersigned states that on October 7, 2020, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system except for those individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.

      By: /s/Michael M. Schmahl
           Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia
Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia
Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

4

*Counsel for W-R2 Jefferson Owner VIII, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) <br> ) **Chapter 7** <br> ) <br> ) **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) **(Jointly Administered)** <br> ) |
| Debtors. | ) **Hon. Janet S. Baer** <br> ) |

### TRUSTEE'S APPLICATION TO EMPLOY MOGLIA ADVISORS AS FINANCIAL ADVISORS AS OF OCTOBER 11, 2019

Alex D. Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests authority to employ Moglia Advisors ("MA"), as his financial advisors pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code") in order to assist the Trustee with various projections and cost budgeting, employment tax reporting obligations, terminating the Debtors' 401(k) plan, and advising the Trustee on other financial matters. Further, as discussed below, the Trustee requests that the Court exercise its discretion to make MA's retention as of October 11, 2019, and, in support thereof, the Trustee respectfully states as follows:

### BACKGROUND

1.  On April 11 and 12, 2019, respectively, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Doc No. 1).

2.  On October 8, 2019 (the "Conversion Date"), the Court converted these cases to cases under Chapter 7 of the Bankruptcy Code (Docket No. 319).

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

6

3.  On October 11, 2019, the U.S. Trustee appointed Alex D. Moglia as Trustee (Doc No. 334).

**NEED FOR FINANCIAL ADVISOR**

4.  These cases have and continue to present the Trustee with unique challenges. The Debtors do not appear to have anticipated the occurrence of the Conversion Date as, among other things, the Debtors' financial books of account were neither complete nor up-to-date, various employment tax records had not been prepared or filed with several states, and the Debtors' customers had significant computers and other equipment that, in many cases, needed to be separated from the Debtors' equipment and removed from in the data center.

5.  These circumstances were exacerbated by the facts that: (i) certain of the Debtors' former employees were reluctant to assist the Trustee as they asserted that they were owed money by the Debtors; and (ii) WESCO's disputed lien on the money in these estates, although settled now, required the Trustee to negotiate with WESCO and obtain Court approval for the use cash collateral in order to maintain the data center for even a limited period of time or to use cash for any other purpose.

6.  Nonetheless, starting immediately after his appointment, the Trustee was required to expeditiously assess the feasibility of liquidating the Debtors' equipment located in the data center leased in Virginia Beach, Virginia as well as certain other assets, including, without limitation, certain customized but incomplete software and related intellectual property related to a cryptocurrency exchange that was planned but never launched.

7.  Time was of the essence in order to minimize potential administrative expenses, principally, but not limited to, monthly rent for data center of approximately $60,000 starting in

November (about 3 weeks following the Trustee's appointment) and the costs associated with the 24-hour, employee-staffed fire watch required by the local fire marshall.

8.  In order to help meet the Trustee's immediate obligations, MA created various projections and cost estimates used to make various decisions and to guide the Trustee's negotiations with potential professionals and others (including the Debtors' former controller) to determine reasonable fees in connection with completing the Debtors' books.[2] Due to time constraints imposed on the Trustee and his counsel, the Trustee asked certain accounting professionals and paraprofessionals at MA to prepare prospective budgets and cost estimates and assist the Trustee with other financial matters.

9.  The Debtors offered certain employee benefits, including a 401(k) plan, that needs to be terminated as required by Section 704(a)(11) of the Bankruptcy Code.

10.  The Trustee's investigation of the Debtors' financial affairs, including the evaluation of potential causes of action, is ongoing. Additionally, certain of the Debtors' financial transactions were complicated namely by the liquidation of the Debtors' Bitcoin investments. As such, from time to time the Trustee has needed and continues to need financial advice in connection with settlement discussions and evaluating potential litigation and claims.[3]

11.  The Trustee needed, and continues to need, MA's assistance to terminate the Debtors' 401(k) plan, and to provide advice in connection with such other financial matters as necessary to fully administer these estates.[4]

## MA'S QUALIFICATIONS AND PROPOSED TERMS

---

[2] The Trustee had been quoted fees exceeding $20,000 from two different accountants simply to prepare the Debtors' tax returns.

[3] Although the Trustee retained the Debtors' former controller to complete the Debtors' books and a tax accountant to prepare the Debtors' tax returns, those engagements were limited in scope. The Trustee needed, and will continue to need, the financial and accounting expertise of MA to assist the Trustee in evaluating certain issues.

[4] Among other things, it has become apparent that there may be certain discrepancies between the Debtors' records and those of certain of the Debtors' equity holders.

12. Subject to the Court's approval, the Trustee proposes to retain MA as his financial advisor and provide him with the above-described services.

13. Since 1988 through a predecessor company, and since 1995 as MA, MA has provided national and international financial advisory and management services to trustees, receivers, creditors, and under-performing and distressed companies and assets.

14. The Trustee proposes, subject to the Court's approval, to retain MA to provide these services at its normal hourly rates as follows:

> Gary Wencel, $400
> Jill Niese, $400
> Nathaniel Jones, $300
> Other staff, $75-$450

15. Any travel time outside the greater Chicago area will be billed at 50% of the individual hourly rate. The actual amount of any out-of-pocket expenses, such as rental car, meals, mileage, parking, etc., if any, will be billed to these estates on a pass-through basis.

16. Trustee is familiar with the professional standing, reputation, and ability of MA, and Trustee believes MA is well qualified and able to serve Trustee in a cost-effective, efficient, and timely manner.

17. Currently it is anticipated that Jill Niese will provide the majority of the services required by the Trustee. Ms. Niese has a Bachelor's degree in accounting and business administration from Loyola University and over twenty-five years of experience in corporate and small business accounting, financial analysis, and financial audits of publicly and privately held businesses across a diverse range of industries. Additionally, Ms. Niese is experienced with the process of terminating 401(k) plans.

18. Although Mr. Moglia is an officer of, and equity holder in, MA, Mr. Moglia will only record his time and expenses as Trustee.

19. MA has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

20. Any compensation owed to MA shall be subject to Sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure and the approval of this Court.

21. MA has no connection with the U.S. Trustee, or any persons employed by the U.S. Trustee, except that Mr. Moglia serves and has served as Chapter 11 and Chapter 7 trustee in this and other districts.

22. As stated in the attached Declaration of Alex D. Moglia, MA (i) has no connection to the Debtors, their creditors and respective lawyers and advisors, equity security holders, affiliates, insiders, or other parties-in-interest in this case; and (ii) does not hold any interest adverse to the Debtors' estates. As such, the Trustee believes MA is a "disinterested person" within the Section 101(14) of the Bankruptcy Code.

23. Trustee believes the employment of MA is in the best interests of these estate.

### REQUEST TO APPROVE MA'S RETENTION
### AS OF OCTOBER 11, 2019

24. Section 327 of the Bankruptcy Code does not require prior-approval to retain professionals. *See In re Singson*, 41 F. 3d 316, 219-320 (7th Cir. 1994). Additionally, the Court has discretion to permit retention as of an earlier date under Rule 9006(b)(1). *See id.*; *In re Chardon, LLC*, 536 B.R. 791, 800 (Bankr. N.D. Ill. 2015)

25. As indicated above, MA has provided certain services to the Trustee since October 11, 2019. Although MA is not currently seeking approval of any fees, the fees associated with services provided from October 11, 2019, through September 30, 2020, total less than $15,000.

10

26. During the several months immediately following his appointment, the Trustee was extremely busy serving as the Trustee in these cases as well as trustee, chief restructuring officer, or receiver in cases in other states. Additionally, the Trustee was spending time with his ailing mother, who passed away during this time. As such, the Trustee was working remotely and frequently traveling among Chicago, Tennessee, Arizona and Florida during the period from October 2019, through and including March 2020.

27. Given the time pressures imposed on the Trustee in these cases by the threat of significant administrative expenses and potential loss of assets, reviewing the Debtors' books and records, and the Trustee's competing obligations and need to make effective decisions promptly after his appointment in this case, the Trustee inadvertently did not previously seek the Court's approval to retain MA.

28. Nonetheless, MA's services have benefitted the Debtors' estates by, among other things, assisting the Trustee in making decisions regarding abandonment of certain assets and related to liquidating the Bitcoin without incurring significant administrative expenses, allowing the Trustee to effectively negotiate an engagement agreement with the Debtors' former controller, avoiding certain potential tax claims or penalties, and in evaluating various other financial matters.

29. All of MA's fees (including any fees related to services previously provided to the Trustee) are and will be subject to the Court's approval under Section 330 of the Bankruptcy Code. Therefore, no party will be prejudiced by granting the requested relief.

30. The Trustee submits that these circumstances establish excusable neglect under Rule 9006(b)(1) and requests that the Court exercise its discretion to authorize and approve the Trustee's retention of MA as his financial advisors on the terms stated above as of October 11,

2019.

**WHEREFORE,** the Trustee, respectfully requests the entry of an order authorizing him to retain Moglia Advisors, as his financial advisors on the terms summarized in this Application, effective as of October 11, 2019, and granting such other or further relief as the Court determines is just or appropriate.

Dated: October 7, 2020                    /s/Michael M. Schmahl
                                                                Michael M. Schmahl
                                                                Mason Pollick & Schmahl LLC
                                                                70 W. Hubbard, Suite 304
                                                                Chicago, IL 60654
                                                                (312) 312-5531
                                                                mschmahl@mps-law.com
                                                                ARDC #6275860
                                                                *Counsel for the Trustee*