IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BCause Mining LLC,** *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

**NOTICE OF MOTION**

**TO:** See attached list

PLEASE TAKE NOTICE that on **May 26, 2021**, at the hour of **1:00 p.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the **MOTION TO MODIFY TERMS OF RETENTION OF MASON POLLICK & SCHMAHL LLC AS COUNSEL TO THE TRUSTEE WITH RESPECT TO ADVERSARY PROCEEDING AND TO APPROVE RELATED CONTINGENT FEE AGREEMENT** (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: May 19, 2021

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC

By: /s/ Michael M. Schmahl
    Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois  60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

The undersigned states under penalty of perjury that on May 19, 2021, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered.

By: /s/ Michael M. Schmahl
    Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Brian L Shaw
Christina Sanfelippo
Cozen O'Connor LLP
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
312-382-3100
312-382-8910 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

bshaw@cozen.com
csanfelippo@cozen.com
*Counsel for BMG Operations Ltd.*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| BCause Mining LLC, *et al.* ) | Case No. 19-10562 |
| ) | (Jointly Administered) |
| ) | |
| ) | Honorable Janet S. Baer |
| ) | |
| ) | |
| ) | Hearing Date: March 10, 2021 |
| Debtors. ) | Hearing Time: 1:00 P.M. |

**MOTION TO MODIFY TERMS OF RETENTION OF MASON POLLICK &
SCHMAHL LLC AS COUNSEL TO THE TRUSTEE WITH RESPECT TO
ADVERSARY PROCEEDING AND TO APPROVE
<u>RELATED CONTINGENT FEE AGREEMENT</u>**

Alex D. Moglia ("Trustee") not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause LLC and BCause Mining LLC (the "Debtors") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through his undersigned proposed counsel, and pursuant to 11 U.S.C. § 327 hereby requests this Court to enter an order authorizing and approving the modification of the terms pursuant to which the Trustee has retained the law firm, Mason Pollick & Schmahl LLC and his attorneys (collectively, "MPS")[1], including, Richard J. Mason, Michael M. Schmahl and John F. Pollick, solely with respect to the adversary proceeding captioned *Moglia v. Virginia Electric and Power Company d/b/a Dominion Energy Virginia, et al.* pending before the Court as Adversary No. 21-00055 (the "Dominion Adversary Proceeding") pursuant to the terms of the Contingent Fee Agreement (the "Contingent Fee

---

[1] Mason Pollick & Schmahl LLC was formerly known as Pollick & Schmahl, LLC. It is the same firm but changed its name with the addition of Richard J. Mason as another principle in 2020.

5

Agreement"), a copy of which is attached as Exhibit 1, and in support thereof, respectfully states as follows:

## JURISDICTION

1.  The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND AND REQUEST FOR RELIEF

2.  On April 11 and 12, 2019, respectively, BCause Mining LLC and BCause LLC ("the Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code [Doc No. 1].

3.  On October 8, 2019 (the "Conversion Date"), the Court converted these cases to cases under Chapter 7 of the Bankruptcy Code [Docket No. 319].

4.  On October 11, 2019, the U.S. Trustee appointed Alex D. Moglia as trustee ("Trustee") [Doc No. 334].

5.  On October 16, 2019, the Court entered an order [Docket No. 350] approving MPS' retention by the Trustee effective as of October 8, 2019, pursuant to the terms of an engagement agreement (the "Engagement Agreement"), a copy of which appears as Exhibit A to the Application seeking to employ MPS [Docket No. 330].

6.  Pursuant to the terms of the Engagement Agreement, as approved by the Court, MPS has been, and will continue, to represent the Trustee in these Bankruptcy Cases on an hourly rate basis.

7.  The proposed Contingent Fee Agreement that is the subject of this Motion would change and otherwise modify the terms of MPS' retention solely with respect to the Dominion

Adversary Proceeding so that MPS would not be compensated on an hourly rate for services provided with respect to the Dominion Adversary Proceeding but on a contingent fee basis.

8.  Through the Dominion Adversary Proceeding, the Trustee is principally seeking, among other things, to avoid and recover up to approximately $2,008,709.03 of transfers received by Virginia Electric and Power Company d/b/a Dominion Energy Virginia and Dominion-Virginia Power (collectively "Dominion") that the Trustee has alleged are preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code.

9.  The Trustee is currently holding approximately $127,000 in the BCause LLC estate.

10. The creditors holding the two largest allowed chapter 11 administrative expense claims have informed the Trustee that they support pursuing the Dominion Adversary Proceeding on a contingent fee basis.

11. The Contingent Fee Agreement is intended to and would allow the Trustee greater flexibility in pursuing the Dominion Adversary Proceeding while maximizing his current resources and reducing the litigation risk to any potential distributions to creditors.

12. Pursuant to its terms, the Contingent Fee Agreement would modify the terms of MPS' compensation solely with respect to the Dominion Adversary Proceeding so that MPS would not be entitled to compensation on an hourly basis.

13. Rather, as compensation for its services, MPS would be entitled to receive a portion of any consideration received or recovered on account of the Trustee's claims in the Dominion Adversary Proceeding, whether as a result of settlement, litigation, judgment or otherwise, as follows: (i) 33.33% of such proceeds in the event that there are no appeals; (ii) 37.33% of such proceeds in the event of an appeal to the District Court; (iii) 41.33% of such

7

proceeds in the event of an appeal to the Seventh Circuit Court of Appeals; and (iv) 45.33% of such proceeds in the event that a petition for a writ of *certiorari* is filed and granted by the Supreme Court of the United States (the "Contingent Fee").

14.  Pursuant to the Contingent Fee Agreement, MPS' services related to the Dominion Adversary Proceeding also includes the substantial work previously performed by MPS related to the claims asserted in the Dominion Adversary Proceeding and MPS would not seek or be entitled to any compensation for such prior services other than the Contingent Fee.

15.  The Contingent Fee would be calculated after reducing the amount of gross proceeds received on account of the Dominion Adversary Proceeding (the "Gross Proceeds") by the amount of the expenses actually incurred and paid by the Trustee in pursuing the Dominion Adversary Proceeding (the "Related Expenses") so that the Contingent Fee would be calculated after subtracting the Related Expenses from the Gross Proceeds.

16.  Additionally, MPS would be entitled to be reimbursed for the actual amount of any expenses actually incurred by MPS related to the Dominion Adversary Proceeding (the "Expense Reimbursement").

17.  Any Contingent Fee is contingent on the Trustee successfully realizing proceeds from the Dominion Adversary Proceeding. However, the Expense Reimbursement would not be contingent on any outcome or the realization of any proceeds from the Dominion Adversary Proceeding.

18.  The Contingent Fee Agreement only alters the existing terms of MPS' employment as counsel to the Trustee with respect to the Dominion Adversary Proceeding. As such, the terms of the previously approved the Engagement Agreement will continue to govern all other services provided by MPS to the Trustee.

19. As stated in the previously filed Declarations of Michael M. Schmahl [Exhibit B to Docket No. 330] and [Docket No. 337], and in the Declaration attached hereto as Exhibit 2, MPS believes that it is disinterested within the meaning of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Contingent Fee Agreement, authorizing the Trustee to enter into the Contingent Fee Agreement, modifying the terms of MPS' retention as the Trustee's counsel solely with respect to the Dominion Adversary Proceeding to the terms of the Contingent Fee Agreement, and granting such other and further relief as this Court deems just or appropriate.

Dated: May 19, 2021　　　　　　　　　　　/s/ Michael M. Schmahl
　　　　　　　　　　　　　　　　　　　　Michael M. Schmahl
　　　　　　　　　　　　　　　　　　　　Mason Pollick & Schmahl LLC
　　　　　　　　　　　　　　　　　　　　70 W. Hubbard, Suite 304
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　(312) 312-5531
　　　　　　　　　　　　　　　　　　　　mschmahl@mps-law.com
　　　　　　　　　　　　　　　　　　　　ARDC #6275860
　　　　　　　　　　　　　　　　　　　　*Counsel for the Trustee*