**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on Wednesday, **October 13, 2021**, at the hour of **1:00 p.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the **TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH BMG OPERATIONS LTD. PURSUANT TO RULE 9019** (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted.  To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is 160 731 2971 and the password is 587656.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Dated:  September 21, 2021 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |
| |    Michael M. Schmahl |

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com

**CERTIFICATE OF SERVICE**

      The undersigned states that on September --, 2021, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.

                                                  By: /s/Michael M. Schmahl
                                                      Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

3

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 ) ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) (Jointly Administered) ) |
| Debtors. | ) Hon. Janet S. Baer ) |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH BMG OPERATIONS LTD., AND COMMUNICATIONS SUPPLY CORP. <u>PURSUANT TO RULE 9019</u>**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests pursuant to Rules 9019 and 2002(a) of the Federal Rules of Bankruptcy Procedure that the Court enter an order approving a Settlement Agreement and Mutual General Release (the "Agreement"), a copy of which is attached hereto as Exhibit 1, between the Trustee and BMG Operations Ltd. ("BMG"), that would settle and finally resolve all disputes between them, including the pending adversary proceeding captioned *Moglia v. BMG Operations Ltd.*, pending before the Court as Adversary No. 21-00056 (the "Adversary Proceeding"), authorizing the Trustee to enter into and to perform his obligations under the Agreement, and granting related relief.  In support of this motion (the

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

5

"Motion"), the Trustee respectfully states as follows:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## Background

4. On or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about April 12, 2019 (the "BC Holding Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

## BMG's Relationship with the Debtors

9. BMG is a foreign entity created and existing under the laws of Antigua.

6

10. BMG contends that prior to the commencement of the chapter 11 cases, BMG advanced about $7,749,000 to the Debtors and another $750,000 intended to pay for $746,531.94 in fees to the Federal Government for customs duties that the Debtors were supposed to pay ("the Advances").

11. Prior to the commencement of the Debtors' chapter 11 cases, BC Mining and BMG entered into a so-called Hosting Services Agreement ("Hosting Agreement") under which BC Mining agreed to host BMG's cryptocurrency computer mining equipment (collectively "Miners") at the Debtors' datacenter in Virginia Beach, Virginia ("Facility") in exchange for a monthly fee paid a month in advance. BMG further contends that the operation of its Miners was to generate cryptocurrency that was to be owned by BMG.

12. BMG contends that the Debtors agreed that the Advances would be repaid by the Debtors, in part, through monthly set offs against the monthly fees at a set off rate of $70,000 per month ("Set Off Credits").

13. BMG continued to take the Set Off Credits in the early part of the Debtors' chapter 11 cases which the Trustee asserts total in excess of $215,000.

14. BMG contends that as of the filing of the chapter 11 cases, BC Holding owed BMG approximately $6.8 Million after deducting the Set Off Credits and timely filed a proof of claim for $6,812,051.64[2] which appears as Claim No. 17 on the claims docket in BC Mining's bankruptcy case ("Claim 17").

---

[2] Among other things, in this proof of claim, BMG asserts that the post-petition Set Off Credits totaled $142,699.17. Additionally, BMG asserted the right to increase the amount of its proof of claim in the event that BMG was required to return this amount and also asserted the right to increase the amount of its proof of claim to include the approximately $750,000 it asserts it advanced to the Debtors to pay duties to U.S. Customs.

7

15. BMG contends further that on June 9, 2019, approximately two months after the filing of the Chapter 11 cases, there was an electrical issue at the Facility that resulted in damage to approximately 325 of BMG's Miners ("Surge Event").

16. BMG contends that in July 2019, following the Surge Event, BMG withheld its then-due September monthly hosting fee as it attempted to ascertain the full extent of the damage to its 325 Miners and the resulting reduction in income.

17. BMG also contends that on July 10, 2019, the Debtors disconnected BMG's remaining operational Miners and then reconnected them to the Debtors' own mining software.

18. Finally, BMG asserts that the Debtors damaged about 1,000 more of BMG's Miners while they were using them.

19. The Debtors have acknowledged that they obtained cryptocurrency from their use of the Miners valued by BMG of about $350,000 but have contested the proposition that they did so without authority.

20. The Trustee asserts defenses to and does not agree with all of BMG's contentions but has considered them in arriving at his settlement of BMG's claims against the Debtors' bankruptcy estates pursuant to the Agreement.

### BMG's Claims and The Adversary Proceeding

21. BMG asserts that its general unsecured claims of approximately $6.8 million in Claim 17 are valid against both of the Debtors' bankruptcy estates.

22. BMG also asserts that it has a chapter 11 administrative claim totaling over $1 million resulting from the use and damage to more than 1,300 of its Miners and the Debtors' alleged misappropriation of at least $350,000 in cryptocurrency.

8

23. The Trustee asserts, among other things, that the general unsecured claims should be recharacterized as equity, that any chapter 11 administrative claims should be relegated to general unsecured status as they grew out of the pre-bankruptcy Hosting Agreement, that BMG should have filed any chapter 11 administrative claims on or before the Chapter 7 bar date, and that Section 502 (d) prevents BMG from receiving distributions from the Debtors' estates until they pay back voidable transfers.

24. On or about April 10, 2021, the Trustee commenced the Adversary Proceeding asserting, among other things, claims against BMG, including fraudulent transfers, preferential transfers, post-bankruptcy transfers and disallowance of BMG's claims, seeking damages in excess of $215,000 for preferential transfers and $920,000 from BMG arising out of Set Off credits under various theories.

25. BMG has asserted various defenses to the Trustee's adversary proceeding, including ordinary course of business defenses to the preference claim and set off defenses to the preference and post-bankruptcy claims.

### The Agreement

26. Counsel for BMG and the Trustee have engaged in extensive settlement discussions concerning their disputes and have arrived at a settlement pursuant to the terms of the Agreement that the Trustee believes is in the best interest of the Debtors' estates.

27. Under the Agreement, BMG is provided with a chapter 11 administrative claim of $275,000 as to which each of the Debtors' estates is jointly and severally liable. All other claims between and among the parties will be released. For the avoidance of doubt, BMG will collect the $275,000 only once out of the distributions paid by the Debtor's estates, and if the two estates

9

are substantively consolidated, BMG shall have only one claim against the combined estates for $275,000.³

### Relief Requested

28. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Trustee now seeks the entry of an order of the Court approving the Agreement, authorizing the Trustee to enter into the Agreement, and authorizing the Trustee to perform the Trustee's obligations under the Agreement.

### Standard Applicable to Approval of Agreement

29. In considering the Motion under Federal Rule of Bankruptcy Procedure 9019, the Court should "determine whether the proposed compromise is fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994), *citing*, *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968), and *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). Factors relevant to the Court's determination include the nature and amount of the claims, the probability of success in litigation, the complexity and anticipated duration of the litigation, and the interests of creditors. *See Depoister*, 36 F.3d at 587; *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (S.D.N.Y. 1984) (listing, among other factors, "the paramount interest of creditors").

30. The Court is not called upon to substitute its judgment for the judgment of the Trustee, and the scope of the Court's inquiry does not require it to decide the issues of law or fact raised. *See, e.g., In re Carla Leather, Inc.*, 44 B.R. at 465. Instead, the Court is required only "to

---

³ The description of the Agreement provided in this Motion is a summary only and is not intended to be exhaustive. The actual terms of the Agreement shall control in the event of any discrepancy between those terms and the description of terms provided in this Motion.

canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Id.*, *quoting*, *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The Court's decision to approve a settlement will not be overturned on appeal unless it constitutes an abuse of discretion. *See Depoister,* 36 F.3d at 586.

### The Agreement Is in the Best Interests of the Estate and Should Be Approved

31. After carefully considering the costs and risks of litigation, including the many factual and legal issues that would result from continued litigation of the various disputes, the potential need for expert testimony and the enhanced costs related to litigating with (and potentially enforcing any judgment the Trustee may obtain against) a foreign party, the Trustee believes that the Agreement is fair and reasonable and in the best interests of the Debtors' estates and creditors.

32. Based on his analysis of all of these and other factors, the Trustee has concluded that the result of the Agreement is within the range of potential outcomes and allows these estates to avoid related expenses.

33. The Agreement is in the best interests of these bankruptcy estates and satisfies the applicable standards under Rule 9019. Therefore, the Trustee requests that the Court grant the Motion, approve the Agreement, grant the Trustee authority to enter into the Agreement and to perform all obligations of the Trustee under the Agreement.

### Request to Approve Notice

34. The Trustee has provided a copy of this Motion and the related Notice of Motion to the U.S. Trustee and all of the parties who have entered an appearance in these jointly administered bankruptcy cases at least 21 days in advance of presentment as required by Rule 2002(a)(3).

35. Additionally, the Trustee has sent a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 2 to each of the Debtors' creditors by first class mail, postage pre-paid at least 21 days in advance of presentment as required by Rule 2002(a)(3) and will make a copy of the full Motion, along with the Agreement, available to any creditor who contacts the Trustee's counsel and requests a copy of the Motion.

36. The Trustee submits that the Creditor Notice satisfies the required notice to creditors under Rule 9019(a) and further requests that the Court approve the form of the Creditor Notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(i) Approving the Agreement;

(ii) Finding that the compromise reflected in the Agreement was negotiated and entered into in good faith and is in the best interests of the Debtors' estates;

(iii) Authorizing the Trustee to execute and deliver the Agreement and to take any such further actions to implement the Agreement in accordance with its terms;

(iv) Authorizing and approving notice as described in the Motion and approving the form of the Creditor Notice; and

(v) granting such other and further relief as this Court deems just or appropriate.

Dated: September 21, 2021      /s/Michael M. Schmahl
                                Michael M. Schmahl
                                Mason Pollick & Schmahl LLC
                                70 W. Hubbard, Suite 304
                                Chicago, IL 60654
                                (312) 312-5531
                                mschmahl@mps-law.com
                                ARDC #6275860
                                *Counsel for the Trustee*