IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

### NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on Wednesday, **November 10, 2021**, at the hour of **9:30 a.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the **TRUSTEE'S MOTION FOR ENTRY OF ORDER GRANTING BMG OPERATIONS, LTD., ALLOWED CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM AS REQUIRED BY PREVIOUSLY APPROVED SETTLEMENT** (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Dated:  November 3, 2021 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |
| | Michael M. Schmahl |

1

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com

## **CERTIFICATE OF SERVICE**

  The undersigned states that on November 3, 2021, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system.


        By: /s/Michael M. Schmahl
          Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

3

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) ) Chapter 7 ) ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) (Jointly Administered) ) |
| Debtors. | ) Hon. Janet S. Baer ) |

**TRUSTEE'S MOTION FOR ENTRY OF ORDER GRANTING BMG OPERATIONS, LTD., ALLOWED CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM AS REQUIRED BY PREVIOUSLY APPROVED SETTLEMENT**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests that the Court enter an order, substantially in the form of the proposed order attached hereto, allowing a chapter 11 administrative expense claim in the amount of $275,000 to BMG Operations, Ltd. ("BMG") for which the Debtors' estates are jointly and severally liable as required by that certain Settlement Agreement (the "Settlement Agreement") between the Trustee and BMG previously approved by the Court. In support of this motion (the "Motion"), the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

**Background**

4. On or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

5

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about April 12, 2019 (the "BC Holding Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8. On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent. Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

9. On or about October 13, 2021, the Court entered an order [Docket No. 483] authorizing and approving the Settlement Agreement between the Trustee and BMG that, among other things, settled and finally resolved all disputes between the parties as described therein, including, without limitation, an adversary proceeding initiated by the Trustee against BMG captioned *Moglia v. BMG Operations, Ltd.* (Adversary No. 21-00056) and various claims and a proof of claim BMG has asserted.

10. Pursuant to the Settlement Agreement, BMG is entitled to a chapter 11 administrative claim of $275,000 (and as further defined below, the "BMG Chapter 11 Claim") as to which each of the Debtors' estates is jointly and severally liable. All other claims between and among the parties were released. For the avoidance of doubt, BMG will collect the

6

$275,000 only once out of the distributions paid by the Debtor's estates, and if the two estates are substantively consolidated, BMG shall have only one claim against the combined estates for $275,000.[2]

11.  The Settlement Agreement further provides that the Trustee shall request the entry of an order in the form of the draft order submitted herewith that generally provides as follows:

    (a) BMG has an allowed Chapter 11 Claim administrative expense claim in the amount $275,000 for which the bankruptcy estates of BCause Mining LLC and BCause LLC are and shall be jointly and severally liable ("BMG Chapter 11 Claim");

    (b) The BMG Chapter 11 Claim is an administrative claim that is subordinate to administrative expenses and claims arising in or related to the Debtors' Chapter 7 bankruptcy cases and shall be payable on par with other Chapter 11 administrative expenses or claims against the Debtors' estates.  Therefore, in the event that there are not sufficient resources in the Debtors' estates (including any substantively consolidated estate that may be created after the entry of this Order) to pay all allowed Chapter 11 administrative claims or expenses after paying all allowed Chapter 7 administrative claims or expenses, then the BMG Chapter 11 Claim shall be paid pro rata with other allowed Chapter 11 claims or expenses;

    (c) once BMG receives one or more payments totaling $275,000 from either or both of the Debtors' bankruptcy estates or from any substantively

---

[2] The description of the Agreement provided in this Motion is a summary only and is not intended to be exhaustive. The actual terms of the Agreement shall control in the event of any discrepancy between those terms and the description of terms provided in this Motion.

7

consolidated estate of the Debtors that may be created after the entry of this Order, then the BMG Chapter 11 Claim shall be satisfied in full; and

(d) except for the BMG Chapter 11 Claim, any and all other claims, proofs of claim, informal proofs of claim, and motions, applications, or other documents requesting or otherwise seeking the allowance, payment, or setoff of any claims or expenses pursuant to the provisions of the Bankruptcy Code filed or asserted by or on behalf of BMG, expressly including, but not limited to, the proof of claim previously filed by BMG and appearing as Proof of Claim No. 17-1 on the claims register of Case No. 19-10562, are expressly disallowed and denied.

12. As required by the Settlement Agreement, the Trustee requests that the Court enter an order in substantially the same form as the proposed order submitted herewith.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, in substantially the same form as the proposed order submitted herewith, granting BMG the BMG Chapter 11 Claim as described in and subject to the terms of the proposed order, disallowing any other claims BMG may assert and granting such other or further relief as the Court may determine is just or appropriate.

Dated: November 3, 2021                  /s/Michael M. Schmahl
                                         Michael M. Schmahl
                                         Mason Pollick & Schmahl LLC
                                         70 W. Hubbard, Suite 304
                                         Chicago, IL 60654
                                         (312) 312-5531
                                         mschmahl@mps-law.com
                                         ARDC #6275860
                                         *Counsel for the Trustee*