# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:**  See attached list

PLEASE TAKE NOTICE that on Wednesday, **March 16, 2022**, at the hour of **1:00 p.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the **TRUSTEE'S MOTION TO AUTHORIZE TRUSTEE TO ENTER AGREEMENT WITH MEDIATOR, TO PAY MEDIATOR'S FEES AS ADMINISTRATIVE EXPENSE AND TO SHORTEN NOTICE** (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is 160 731 2971 and the password is 587656.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Dated:  February 25, 2022 | Alex Moglia, Chapter 7 Trustee of the Bankruptcy Estates of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |
| | Michael M. Schmahl |

1

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois  60654
(312) 312-5531
mschmahl@mps-law.com

## CERTIFICATE OF SERVICE

     The undersigned states that on February 25, 2022, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system.

                        By: /s/Michael M. Schmahl
                            Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson

2

233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com
*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)
bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

3

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*


Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| BCAUSE MINING LLC, *et al.*, | ) Case No 19-10562 |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Hon. Janet S. Baer |

**TRUSTEE'S MOTION TO AUTHORIZE TRUSTEE TO ENTER AGREEMENT WITH MEDIATOR, TO PAY MEDIATOR'S FEES AS ADMINISTRATIVE EXPENSE AND TO SHORTEN NOTICE**

Alex D. Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC and BCause LLC (the "Debtors"), requests that the Court enter an order (i) authorizing the Trustee to enter into an agreement (the "Mediator's Agreement"), a copy of which is attached hereto as Exhibit 1, with Virginia Electric and Power Company d/b/a Dominion Energy Virginia ("Dominion" and, collectively with the Trustee, the "Parties") and Prof. Charles J. Tabb ("Prof. Tabb" or the "Mediator") (or such other individual as the Trustee and Dominion may agree on in the event that Prof. Tabb may not be able to serve as a mediator) to mediate the Trustee's disputes with Dominion in the adversary proceeding captioned *Moglia v. Virginia Electric and Power Company d/b/a Dominion Energy Virginia* (Adversary No. 21-00055) (the "Adversary Proceeding") currently pending before the Court; (ii) authorizing the Trustee to pay up to $7,500.00 to the Mediator for the Trustee's portion (i.e. 50%) of the Mediator's fees under the terms of the Mediator's Agreement; and (iii) shortening notice so that this Motion may be heard on March 16, 2022, at 1:00 P.M., and, in support thereof, respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).

5

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), (J) and (O).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. This Motion is brought under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

5. On April 11 and 12, 2019, respectively, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Doc No. 1).

6. On October 8, 2019 (the "Conversion Date"), the Court converted these cases to cases under Chapter 7 of the Bankruptcy Code (Docket No. 319).

7. On October 11, 2019, the U.S. Trustee appointed Alex D. Moglia as Trustee (Doc No. 334).

8. On or about April 10, 2021, the Trustee filed a complaint commencing the Adversary Proceeding against Dominion in which the Trustee principally asserts, among other things, various avoidance claims against Dominion totaling approximately $2 million.

9. On or about June 9, 2021, Dominion filed an answer and affirmative defenses to the Trustee's complaint.

10. The Parties have since prepared a stipulation resolving several, though not all, of the factual issues in the Adversary Proceeding and agreed to attempt to resolve the disputes in the Adversary Proceeding through voluntary mediation.

11. At the mutual request of the Parties, Prof. Tabb has agreed to serve as the mediator and attempt to resolve the Parties' disputes pursuant to the terms of the Mediator's Agreement (a copy of which is attached hereto as Exhibit 1). Prof. Tabb has taught at the University of Illinois College of Law since 1984 where he is currently the Mildred Van Voorhis Jones Chair in Law

Emeritus and is considered an authority on bankruptcy law. Additionally, Prof. Tabb is Of Counsel at Foley & Lardner LLP. Finally, Prof. Tabb has mediated other disputes pending before the Court in adversary proceedings in other bankruptcy cases.

12. Because the Mediator would not represent the Trustee or the Debtors' Estates, the Trustee does not believe that Sections 327, 328, 330 or 331 of the Bankruptcy Code are applicable to this Motion. Nonetheless, neither Prof. Tabb nor his firm, Foley & Lardner LLP, represent any parties in these bankruptcy cases or Dominion. As such, the Trustee believes that Prof. Tabb does not hold an interest adverse to these estates and would be a disinterested person within the meaning of the Bankruptcy Code.[1]

13. Although Prof. Tabb is expected to be the Mediator, the Trustee seeks authority to enter into the Mediator's Agreement, and to pay the Mediator pursuant to its terms, with any Mediator that the Trustee and Dominion may agree to in order to avoid having to file a second motion in the event that Prof. Tabb is unable to serve at the Mediator due to some circumstances that arise or becomes known in the future (no such circumstances are currently known or expected to arise).

14. Although not a complete summary of all of its terms, the Mediator's Agreement generally provides that: (i) the Mediator will mediate the disputes between the Parties in the Adversary Proceeding; (ii) the Parties are required to participate in the mediation in good faith; (iii) the mediation will be confidential; (iv) the Parties will each provide a confidential mediation statement to the Mediator (that is not to be filed with the Court); (v) such mediation statements and any and all other information either of the Parties may share with the Mediator will be

---

[1] Prof. Tabb has informed the Parties that a conflicts search performed by Foley & Lardner LLP reflects that other attorneys at Foley & Lardner LLP (but not Prof. Tabb) have previously represented Mr. Moglia in certain other matters, represented parties in other bankruptcy cases in which Mr. Moglia has served as the trustee, and represented parties adverse to Dominion in a handful of matters.

7

confidential and will be destroyed by the Mediator; and (vi) the Mediator may continue the mediation to one or more additional sessions or, with the consent of the Parties, terminate the mediation if the Parties are at an impasse.

15. Additionally, the Mediator's Agreement provides that the Mediator would be entitled to be paid a fixed fee per mediation session as follows: (i) $6,000 for the initial day of the mediation; and (ii) $3,000.00 for each subsequent session of the mediation that is held on a different day than either the initial mediation session or any other mediation session. Each of the Parties would be required to pay one half (i.e. 50%) of the Mediator's fees, which are due prior to the start of each mediation session.

16. The Mediator's fees under the Mediator's Agreement are in line with fees approved by the Court for mediators in avoidance actions brought in other bankruptcy cases, including, without limitation, *In re Central Grocers, Inc. et al.* (Case No. 17-13886) (same fee structure) and *In re Mack Industries, Ltd., et al.* (Case No. 17-09308) (same fee structure),

17. Through this Motion, the Trustee requests that the Court authorize the Trustee to pay up to $7,500.00 to the Mediator under the Mediator's Agreement pursuant to Section 503 of the Bankruptcy Code (the "Requested Administrative Expenses") with any such payments to be made out of the over $100,000 currently held in the bankruptcy estate of BCause LLC. The bankruptcy estate of BCause Mining LLC currently is not holding any money.

18. The requested authorization would be sufficient to pay the Trustee's portion of the Mediator's fees for up to four mediation sessions under the Mediator's Agreement, provided that the Trustee would only pay Mediator's fees that are actually earned. In other words, the Trustee would not pay any fees related to mediation sessions that are not actually held.

19. While the Trustee expects that four mediation sessions will be sufficient (and hopes that fewer sessions will be needed), the Trustee reserves the right to request authorization to pay additional Mediator's fees in the event that more than four mediation sessions become necessary or appropriate.

20. Given the nature of the legal issues and remaining factual disputes (which will remain after the entry of the Parties' stipulation), the Trustee believes that voluntary mediation is the best means to attempt to expeditiously resolve the disputes in the Adversary Proceeding with Dominion.

21. As such, the Trustee believes that the Requested Administrative Expenses are "actual, necessary costs and expenses of preserving" these estates under Section 503(b)(1) of the Bankruptcy Code.

## REQUEST TO SHORTEN NOTICE

22. Finally, the Trustee has provided notice of this Motion to the Office of the United States Trustee and sent a copy of this Motion, along with the attached Notice of Motion, to creditors 19 days prior to March 16, 2022, the scheduled presentment date for this Motion.

23. The Trustee was unable to file this Motion 21 days prior to March 16, 2022, due to late changes to the stipulation that required final client approval. Therefore, the Trustee requests that the Court shorten notice to 19 days from the 21 days generally required by Rule 2002 so that this Motion may be heard on March 16, 2022.

WHEREFORE, the Trustee prays this Court to enter an order:

(i) authorizing the Trustee to enter into the Mediator's Agreement;

(ii) authorizing the Trustee to pay up to $7,500.00 to the Mediator pursuant to Section 503 of the Bankruptcy Code out of the funds currently held in the bankruptcy estate of BCause LLC for fees actually earned under the terms of the Mediator's Agreement;

(iii) shortening the required notice as described in this Motion; and

(iv) granting such other and further relief as this Court deems just.

Dated: February 25, 2022 /s/Michael M. Schmahl

Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*