# EXHIBIT 1

**Mediation Agreement, Directives, and Guidelines**
**For Use in Adversary Proceeding Captioned**
*Moglia v. Virginia Electric and Power Company (In re BCause Mining LLC)*
**Pending in the United States Bankruptcy Court for the Northern District of Illinois**
**(Eastern Division) as Adversary Number 21-00055**

Conducted by Charles J. Tabb, Of Counsel, Foley & Lardner LLP

This Agreement, Directives and Guidelines ("Agreement") is entered into by and between Alex D. Moglia, not personally but solely as the chapter 7 trustee of the bankruptcy estates of BCause Mining LLC and BCause LLC, and Virginia Electric and Power Company d/b/a Dominion Energy Virginia ("Dominion") and Charles J. Tabb ("Tabb" and, collectively with the Trustee and Dominion, the "Parties") to be followed in the mediation conducted by Tabb between the Trustee and Dominion of the disputes in the above-referenced adversary proceeding (the "Action") pursuant to the court's "Order Approving and Entering Stipulation of Certain Facts and Establishing Mediation Procedures" (the "Procedures Order") entered in the Action.

This Agreement is issued in accordance with the Procedures Order. Please note that it varies from the Procedures Order in significant respects. Please read the Agreement and ask questions before the scheduled mediation if there are any unanswered questions or unclear statements about the scope or requirements contained in this Agreement.

| | |
|---|---|
| Date and Time of Initial Mediation Session: | |
| Plaintiff's Counsel: | Michael M. Schmahl |
| Defendant and Defendant's Counsel: | Russell R. Johnson III |

**Agreement, Directives, and Guidelines**

*Duties Before the Mediation; Documents and Mediation Statements*

1. At least 7 days before the scheduled mediation date, each party must transmit to Tabb by email attachment (or provide Tabb with access to, via hyperlink or otherwise) a statement (each a "Mediation Statement") that does not exceed 10 double spaced pages (excluding exhibits) that: (i) summarizes that party's positions and theories, including any defenses asserted; (ii) states such party's view of its strongest points; (iii) states such party's view of its weakest points; and (iv) identifies a range of settlement offers it would seriously consider. The Parties may attach exhibits to their respective statements.

2. Tabb will hold all information provided under the previous paragraph in strictest confidence in accordance with the Procedures Order. To the extent that this Agreement imposes different requirements or obligations than the Procedures Order, this Agreement will control and take precedence.

3. Each party must bring someone with authority to make a binding settlement agreement to the mediation. Any agreement reached during the mediation will be reduced by Tabb to a

term sheet which must be signed at the mediation by the parties. Notwithstanding the foregoing, any such settlement agreement or term sheet will remain subject to the terms and provisions of the Bankruptcy Code, including, without limitation, the requirement that the Bankruptcy Court authorize and approve any such term sheet or settlement agreement before it can become effective.

4. The Mediation will be confidential, in accordance with the Procedures Order.

5. Tabb will not be required to retain records after the conclusion of the mediation and will destroy any such records.

6. Tabb retains authority to continue the mediation if in his sole discretion, he believes that progress is being made, or alternatively, with the consent of the Trustee and Dominion, to declare an impasse and end the mediation.

7. The parties are not required to exchange their respective confidential mediation statements contemplated by this Agreement; the statements are intended to be provided to Tabb only.

8. Failure to timely provide Tabb with the required confidential mediation statement will be evidence of a lack of good faith as anticipated in the Procedures Order, and will constitute grounds for Tabb's termination of the mediation under the Procedures Order. Termination under this paragraph does not relieve any party of any other obligations under the Procedures Order or this Agreement, including the obligation to pay the mediator's fee.

9. For his services as the mediator, Tabb shall be entitled to be paid a per mediation session fee (the "Mediation Fees") as follows:

    a. $6,000.00 for the initial day of the mediation; and

    b. $3,000.00 for each subsequent session of the mediation that is held on a different day than either the initial mediation session or any other mediation session.

The Trustee and Dominion shall each be responsible for payment of one-half (i.e. 50%) of the Mediation Fees earned by Prof. Tabb. All such Mediation Fees shall be due and payable in advance of each day on which a mediation session takes place.

*Conduct of the Mediation*

10. No one other than Tabb, assistants for Tabb, or members and employees of Tabb's law firm (Foley & Lardner LLP), members and employees of the involved law firms for the parties, and members and employees of the law firm's clients may attend the mediation without the permission of the parties and the consent of the mediator.

11. During the mediation session, Tabb may have joint and separate meetings or discussions with the law firms present and their clients. If a party informs Tabb that information is being conveyed to Tabb in confidence, Tabb will not disclose the information to anyone not authorized.

12. After the conclusion or termination of the mediation, the parties will continue to be bound by, among other things, the confidentiality provisions of this Agreement and the Procedures Order.

*General Provisions*

13. Tabb and each party will take due care to ensure that all applicable privileges attach to all communications made that relate to the mediation.

14. This Agreement is intended to supplement the Procedures Order and to displace their provisions only when there is a conflict or inconsistency. If there is a conflict or inconsistency between this Agreement and the Procedures Order, the parties acknowledge that this Agreement represents the parties' joint agreement to supplant the inconsistent or contrary provisions of the Procedures Order.

15. The parties agree that they are represented by other counsel, and that Tabb is not acting as an attorney or providing legal advice on behalf of any party.

16. The Trustee, Alex D. Moglia, is a party to this Agreement solely in his capacity as chapter 7 trustee and not in his personal capacity as an individual. As such, Alex D. Moglia shall have no personal liability to pay any Mediation Fees under this Agreement.

By signing this Agreement, by separate acknowledgement sent to Tabb by email (at ctabb@foley.com), or by participating in the Mediation after receiving a copy of this Agreement, the parties agree to abide by this Agreement with respect to the mediation.

AGREED AND ACCEPTED:


BY: _____
    Charles J. Tabb


    _____
    (Date)

AGREED AND ACCEPTED:

ALEX D. MOGLIA, NOT PERSONALLY BUT SOLELY AS THE CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATES OF BCAUSE MINING LLC AND BCAUSE LLC

BY: _____
      Alex D. Moglia, Chapter 7 Trustee

BY: _____
      Michael M. Schmahl
      Attorney for the Trustee

_____
(Date)

AGREED AND ACCEPTED:

Virginia Electric and Power Company d/b/a Dominion Energy Virginia

BY: _____
Its:

BY: _____
      Russell R. Johnson III
      Attorney for Dominion

_____
(Date)