**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **BCause Mining LLC,** *et al.* | ) | **Case No. 19-10562** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | **Hon. Janet S. Baer** |
| | ) | |

**NOTICE OF MOTION**

**TO:**   **See attached list**

PLEASE TAKE NOTICE that on Wednesday, **June 22, 2022**, at the hour of **10:00 a.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, and present the **MOTION TO APPROVE COMPROMISE WITH VIRGINIA ELECTRIC AND POWER COMPANY D/B/A DOMINION ENERGY PURSUANT TO RULE 9019** (the "Motion"), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted.  To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is 160 731 2971 and the password is 587656.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentation date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentation date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated:  June 1, 2022

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC

By: /s/ Michael M. Schmahl
        Michael M. Schmahl

1

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois  60654
(312) 312-5531
mschmahl@mps-law.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on June 2, 2022, he caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system for those who are registered except for the individuals or entities that are identified to have been served by email who the undersigned caused to be served by email as indicated on the attached service list.


By: /s/Michael M. Schmahl
      Michael M. Schmahl

**SERVICE LIST**

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson
III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson
III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*
*Via e-mail*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*
*Via e-mail*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | **Chapter 7** |
| **In re:** | ) | |
| | ) | **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | **Hon. Janet S. Baer** |
| | ) | |

### TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH VIRGINIA ELETRIC AND POWER COMPANY D/B/A DOMINION ENERGY VIRGINIA PURSUANT TO RULE 9019

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests pursuant to Rules 9019 and 2002(a) of the Federal Rules of Bankruptcy Procedure that the Court enter an order approving a Settlement Agreement (the "Agreement"), in a form substantially the similar to the copy attached hereto as Exhibit 1, between the Trustee and Virginia Electric and Power Company d/b/a Dominion Energy Virginia ("Dominion"), under which Dominion would pay the Trustee $700,000.00 to settle and finally resolve the pending adversary proceeding captioned *Moglia v. Virginia Electric and Power Company d/b/a Dominion Energy Virginia*, pending before the Court as Adversary No. 21-00055 (the "Adversary Proceeding"), and authorizing the Trustee to enter into and to perform his obligations under the Agreement.  In support of this motion (the

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731.

6

"Motion"), the Trustee respectfully states as follows:

## Jurisdiction and Venue

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2.    This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3.    Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## Background

4.    On or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.    On or about April 12, 2019 (the "BC Holding Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.    On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7.    On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8.    On or about October 11, 2019, Mr. Mason resigned as chapter 7 trustee due to a potential conflict that was not readily apparent.  Later that day, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

### Dominion's Relationship with the Debtors

9.      Prior to the Petition Dates, the Debtors operated a data center previously located in Virginia Beach, Virginia (the "Mining Facility"), that was leased pursuant to a lease executed by BC Mining.  The Mining Facility hosted computers called "miners" that "mined" cryptocurrency in the Mining Facility pursuant to hosting agreements with BC Mining and paid monthly fees to a bank account (the "Bank Account") held by BC Holding in BC Holding's name.

10.     BC Mining did not have a bank account.

11.     Dominion is an electric utility in Virginia.

12.     Prior to the Petition Dates, Dominion provided electricity services to the Mining Facility pursuant to two contracts executed by BC Mining. Dominion issued invoices for electricity services to BC Mining and received payments on these invoices via checks issued in BC Holdings' name from the Bank Account.

13.     Additionally, Dominion received a security deposit (the "Security Deposit") in the total amount of $1,934,233.21 that was paid in installments from checks drawn from the Bank Account.

14.     During the 90-day period preceding the Petition Dates (the "Preference Period"), Dominion received 5 transfers totaling $2,008,709.03 (the "Transfers") from the Bank Account as payment for prior electricity services to the Mining Facility. Additionally, Dominion applied a portion of the Security Deposit against the outstanding balance owed for electricity services to the Mining Facility during the Preference Period.

15.     Following the Petition Dates, Dominion applied the balance of the Security Deposit against the outstanding balance owed for electricity services to the Mining Facility and

timely filed a proof of claim (the "Proof of Claim") asserting a general, unsecured claim for $388,365.68 against BC Mining's estate, which appears as claim number 3-1 on the claims register in BC Mining's bankruptcy case.

## The Adversary Proceeding

16.     On or about April 10, 2021, the Trustee filed an adversary complaint and commenced the Adversary Proceeding against Dominion. In the Adversary Proceeding, the Trustee principally seeks to avoid and recover the Transfers to Dominion pursuant to Sections 547 and 550 of the Bankruptcy Code under alternative theories asserted on behalf of each of BC Holding, BC Mining and a potential substantively consolidated bankruptcy estate of the Debtors.[2]

17.     Dominion timely filed an answer to the Trustee's complaint denying various factual allegations, denying liability, and asserting various affirmative defenses, including, without limitation, the ordinary course of business defense (Section 547(c)(2)), the subsequent new value defense (Section 547(c)(4)), and failure to state a claim as Dominion asserts that the Trustee cannot prove the elements of an action under Section 547 without asserting one or more equitable theories in a manner that Dominion asserts is improper.

18.     The parties engaged in informal discovery and entered into a stipulation agreeing to many, but not all, of the relevant facts related to the Transfers from the Bank Account. Substantial factual issues remain in dispute.

---

[2] The Trustee intends to file a separate motion seeking to substantively consolidate the Debtors' bankruptcy estates that is intended to be presented at the hearing on this Motion.

## The Agreement

19.     The parties agreed to submit to voluntary mediation as previously authorized by
the Court and have reached, subject to the Court's approval, an agreement that will resolve the
disputes in the Adversary Proceeding pursuant to the terms of the Agreement.

20.     A summary the key terms of the Agreement follows[3]:

(a) Dominion will pay $700,000.00 (the "Settlement Amount") to the Trustee;

(b) Dominion will consent and not object to the substantive consolidation of the
Debtors' bankruptcy estates. In the event that the Debtors' estates are not and
do not become substantively consolidated, Dominion will agree to an
allocation of the Settlement Amount between the Debtors' estates as
determined by the Trustee;

(c) Dominion's Proof of Claim will be allowed, and Dominion shall be permitted
to file additional proofs of claim (the "Section 502(h) Claims") against the
Debtors' estates, consistent with any allocation of the Settlement Amount
between the Debtors' estates that the Trustee may determine, or against a
consolidated estate of the Debtors, asserting unsecured, non-priority claims
totaling the amount of the Settlement Amount within 30 days of the date on
which the order approving the Agreement becomes a final order no longer
subject to review or appeal;

(d) Except for any rights, claims and obligations that the Trustee may have under
the Agreement, the Trustee will be deemed to waive and release any and all

---

[3] The description of the Agreement provided in this Motion is a summary only and is not intended to be exhaustive.
The actual terms of the Agreement shall control in the event of any discrepancy between those terms and the
description of terms provided in this Motion.

claims that the Trustee and the Debtors' estates have or may have against

Dominion related to the Debtors' bankruptcy cases or the Adversary

Proceeding;

(e) Except for any rights, claims and obligations that Dominion may have under

the Agreement and its rights to the Proof of Claim and the Section 502(h)

Claims, Dominion will be deemed to waive and release any and all claims that

Dominion has or may have against the Trustee and the Debtors' estates related

to the Debtors' bankruptcy cases or the Adversary Proceeding; and

(f) After the payment of the Settlement Amount, the parties will cooperate and

file such papers as are or may be necessary or appropriate to dismiss the

Adversary Proceeding with prejudice.

## **Relief Requested**

21.     Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Trustee

now seeks the entry of an order of the Court approving the Agreement, authorizing the Trustee to

enter into the Agreement, and authorizing the Trustee to perform the Trustee's obligations under

the Agreement.

## **Standard Applicable to Approval of Agreement**

22.     In considering the Motion under Federal Rule of Bankruptcy Procedure 9019, the

Court should "determine whether the proposed compromise is fair and equitable . . . and in the

best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582,

586 (7th Cir. 1994), *citing*, *Protective Committee for Independent Stockholders of TMT Trailer

Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968), and *In re American Reserve Corp.*, 841 F.2d

159, 161 (7th Cir. 1987).  Factors relevant to the Court's determination include the nature and

amount of the claims, the probability of success in litigation, the complexity and anticipated duration of the litigation, and the interests of creditors. *See Depoister*, 36 F.3d at 587; *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (S.D.N.Y. 1984) (listing, among other factors, "the paramount interest of creditors").

23.     The Court is not called upon to substitute its judgment for the judgment of the Trustee, and the scope of the Court's inquiry does not require it to decide the issues of law or fact raised. *See, e.g., In re Carla Leather, Inc.*, 44 B.R. at 465. Instead, the Court is required only "to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Id.*, *quoting, In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The Court's decision to approve a settlement will not be overturned on appeal unless it constitutes an abuse of discretion. *See Depoister*, 36 F.3d at 586.

**The Agreement Is in the Best Interests of the Estate and Should Be Approved**

24.     In spite of the many factual stipulations in the stipulation between the parties, substantial facts remain in dispute. Thus, absent a settlement pursuant to the Agreement, additional discovery would have to be done.

25.     Among the disputed legal issues in the Adversary Proceeding are whether:

(a) payments from the Bank Account were made of property of BC Mining;

(b) payments from the Bank Account paid antecedent debts of BC Holding;

(c) the debts for electricity services to the Mining Facility were antecedent debts of BC Holding;

(d) substantive consolidation would have any impact on the claims asserted in the Adversary Proceeding;

(e) substantive consolidation would have any impact on Dominion's affirmative defenses;

(f) the doctrines of alter ego, domination and control and veil piercing would have any impact on the above issues;

(g) Illinois or Virginia law applies to various of the legal theories implicated in the Adversary Proceeding;

(h) Dominion was over or under secured at different points in time during the Preference Period;

(i) The impact of Dominion's application of a portion of the security deposit; and

(j) subsequent new value is required to "remain unpaid."

26.    There are not clear precedents addressing many of these issues. Additionally, there are questions as to whether Illinois or Virginia law applies to several issues. The courts of appeal also appear to be split on important aspects related to Dominion's subsequent new value affirmative defense, with Seventh Circuit Court of Appeals appearing to follow a minority approach. Therefore, even assuming that a judgment were to be entered in the Adversary Proceeding, the Trustee expects at least one and potentially more appeals to follow.

27.    In the event of trial, the Trustee anticipates the likely need for expert testimony on one or more issues, including Dominion's secured position at different points in time and the daily use of electricity at the Mining Facility, including the daily amount of debt incurred related thereto.

28.    After carefully considering the costs and risks of further litigation, including the remaining factual and legal issues, the potential need for expert witnesses and the probability of

one or more appeals, the Trustee believes that the Agreement is fair and reasonable and in the best interests of the Debtors' estates, including any consolidated estate, and creditors.

29.     Based on his analysis of all of these and other factors, the Trustee has concluded that the result of the Agreement is within the range of potential outcomes and allows these estates to avoid related expenses.

30.     The Agreement is in the best interests of these bankruptcy estates and satisfies the applicable standards under Rule 9019.  Therefore, the Trustee requests that the Court grant the Motion, approve the Agreement, grant the Trustee authority to enter into the Agreement and to perform all obligations of the Trustee under the Agreement.

31.     Finally, in the Adversary Proceeding, the Trustee asserts alternative claims on behalf of each of the Debtors' individual estates as well as on behalf of a potential substantively consolidated estate.  The Trustee intends to present a motion seeking to substantively consolidate the Debtors' estates at the hearing on this Motion. However, if these estates are not ultimately substantively consolidated, the Trustee will have to allocate the Settlement Amount between the Debtors' estates.  The Trustee believes that such an allocation will not be necessary if the estates are substantively consolidated. If they are not, however, the Trustee anticipates filing a motion in the future seeking the Court's approval of a proposed allocation of the Settlement Amount between the estates.

### Request to Approve Notice

32.     The Trustee has sent a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 2 to creditors and parties in interest listed in the Debtors' schedules or who filed claims against the Debtors by first class mail, postage pre-paid at least 21 days in advance of presentment as required by Rule 2002(a)(3) and will make a copy of the full Motion, along

with the Agreement, available to any creditor who contacts the Trustee's counsel and requests a copy of the Motion. The Trustee will file a supplemental certificate of service related to the Creditor Notice prior to the hearing on this Motion.

33.     Additionally, the Trustee has provided a copy of this Motion, along with a copy of the Agreement, and the related Notice of Motion to the U.S. Trustee and all of the parties who have entered an appearance in these jointly administered bankruptcy cases through the Court's ECF system.

34.     The Trustee further requests that the Court approve the form of the creditor Notice.

35.     The Trustee submits that the Creditor Notice satisfies the required notice to creditors under Rule 9019(a) and further requests that the Court approve the form of the Creditor Notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(i)     Approving the Agreement;

(ii)    Finding that the compromise reflected in the Agreement was negotiated and entered into in good faith and is in the best interests of the Debtors' estates;

(iii)   Authorizing the Trustee to execute and deliver the Agreement and to take any such further actions to implement the Agreement in accordance with its terms;

(iv)    Authorizing and approving notice as described in the Motion and approving the form of the Creditor Notice; and

(v)     granting such other and further relief as this Court deems just or appropriate.

Dated: June 2, 2022

/s/Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*