# EXHIBIT 1

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement" or "Agreement") by and between Virginia Electric and Power Company d/b/a Dominion Energy Virginia ("Dominion") and Alex D. Moglia ("Moglia"), not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") for the estates ("Estates") of BCause Mining LLC ("Mining") and BCause LLC ("Holdings" together with Mining, the "Debtors") is made and entered into as of April 20, 2022 ("Execution Date"). For ease of reference each of the Trustee and Dominion may be referred to herein as a "Party" and, collectively, as the "Parties."

## RECITALS

**WHEREAS,** on April 11, 2019 ("Mining Petition Date"), Mining filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, which is now pending before the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court") as Case No. 19 B 10562 ("Mining Case"); and

**WHEREAS,** on April 12, 2019 ("Holdings Petition Date" and together with Mining Petition Date, the "Petition Dates"), Holdings filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, which is now pending before the Bankruptcy Court as Case No. 19 B 10731 ("Holdings Case" and together with Mining Case, "Cases"); and

**WHEREAS,** on October 8, 2019 the Bankruptcy Court entered an order converting the Cases to Chapter 7 proceedings and on October 11, 2019, Alex D. Moglia was appointed as the Chapter 7 Trustee in these Cases; and

**WHEREAS,** the Cases are currently being jointly administered before the Bankruptcy Court under the caption of the Mining Case; and

**WHEREAS**, the Parties acknowledge that the Trustee intends to file a motion seeking to substantively consolidate the Debtors' Estates; and

**WHEREAS**, Dominion has timely filed a proof of claim (the "Proof of Claim") against the Mining Estate asserting a general unsecured claim in the amount of $388,365.68; and

**WHEREAS**, on April 10, 2021, the Trustee filed a complaint and thereby initiated an adversary proceeding against Dominion captioned *Alex Moglia v. Virginia Electric and Power Company* (Case No. 21-55) (the "Adversary Proceeding") that is currently pending before the Bankruptcy Court; and

**WHEREAS**, in the Adversary Proceeding, the Trustee principally asserts, among other things, claims principally seeking to avoid and recover certain allegedly preferential transfers to Dominion totaling approximately $2,008,709.03 (the "Transfers") and disallowance of Dominion's Proof of Claim under various theories, including alternative claims brought on behalf of each of the Debtors' Estates and any consolidated estate (in the event that the Debtors' Estates are substantively consolidated); and

**WHEREAS**, Dominion timely filed an answer and affirmative defenses and denied liability in the Adversary Proceeding; and

**WHEREAS**, the Parties agreed to participate in a voluntary mediation of the disputes in the Adversary Proceeding (the "Mediation"); and

**WHEREAS**, the Mediation took place on April 20, 2022, at which the Parties, in order to avoid the costs and risks of further litigation of the claims and issues between the Parties, the Parties determined to resolve their disputes on the terms of, and subject to the conditions set forth in, this Settlement Agreement; and

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters related to this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the promises aforesaid and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.    **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated and made a part of this Settlement Agreement.

2.    **Court Approval Required.** This Agreement shall have no force or effect unless the Bankruptcy Court enters an order in the Cases after notice and a hearing, approving this Agreement and authorizing the Trustee to execute, deliver and perform this Agreement (the "Settlement Approval Order") and the Settlement Approval Order has become a "Final Order." For purposes of this Agreement, a "Final Order" is an order that is final for purposes of 28 U.S.C. §§158 and 1291, and is no longer subject to appeal or *certiorari* proceedings and no appellate or *certiorari* proceedings are pending. For the avoidance of doubt, the Settlement Approval Order shall become a Final Order in the event that no party files a notice of appeal related to the Settlement Approval Order within the time permitted under Federal Rule of Bankruptcy Procedure 8002. This Agreement shall take effect on the first day after the date the Settlement Approval Order has become a Final Order (the "Effective Date"). In the event that this Agreement is not approved by the Bankruptcy Court in the Cases, nothing herein shall be deemed a representation or admission by any Party as to any allegation, claim, or issue, and the Parties shall be returned to the status quo in effect prior to their entry into this Agreement. The Trustee shall prepare and file a motion seeking the entry of the Settlement Approval Order.

3.      **No Admissions of Liability**.   The Parties acknowledge that this Agreement constitutes a resolution of disputed claims and the Parties do not intend, concede or admit any liability to the other, nor concede nor admit the viability of any claim or proof of claim or the avoidability of any transfer.

4.      **Settlement Payment; Dismissal of the Adversary Proceeding**.   Within five (5) business days after the Settlement Approval Order has become a Final Order, Dominion shall pay by wire transfer to the Trustee the sum of Seven Hundred Thousand Dollars ($700,000.00) (the "Settlement Amount"). Dominion shall be entitled to file an additional proof of claim asserting a general unsecured claim in the amount of the Settlement Amount. Within five business days of the Trustee's receipt of the Settlement Amount, the Trustee and Dominion shall execute and file a stipulation dismissing or withdrawing the Adversary Proceeding with prejudice.

5.      **Consent to Substantive Consolidation; Allocation of Settlement Amount.**   The Parties agree and acknowledge that the Trustee currently intends to seek or request the substantive consolidation of the Debtors' Estates (each a "Substantive Consolidation Request"). Dominion shall consent to, and shall not object to or otherwise oppose, any Substantive Consolidation Request, irrespective as to whether such Substantive Consolidation Request is made by motion, pleading, document or in any other method or form and irrespective as to whether such Substantive Consolidation Request is considered or determined in either or both of the Cases, one or more adversary proceedings or any other proceeding or forum. Additionally, Dominion shall consent to and otherwise accept (and shall not object to or otherwise contest) any allocation or apportionment of the Settlement Amount between and among the Debtors' Estates that may be determined by or proposed by the Trustee or that may be determined at the Trustee's request (including any determination by the Bankruptcy Court in connection with a motion, pleading or other request

made by the Trustee), in the exercise of his sole and exclusive discretion at any time, including, without limitation, in the event that: (i) the Debtors' Estates are not substantively consolidated for any reason, including, without limitation, that a Substantive Consolidation Request is denied, the Trustee decides not to bring or file a Substantive Consolidation Request, or, once one or more Substantive Consolidation Requests have been filed, the Trustee decides not to pursue or otherwise decides to withdraw or abandon such Substantive Consolidation Request; or (ii) such an allocation of the Settlement Amount ever is, becomes or is ever determined by the Trustee to be advisable, desirable, appropriate or necessary.

6.      **Proof of Claims; Claim for Settlement Amount**.  Provided that the Trustee actually receives payment of the Settlement Amount, Dominion's previously filed Proof of Claim against Mining, shall be allowed as a general unsecured claim, not entitled to any priority treatment or distribution under the Bankruptcy Code, in the amount $388,365.68, against Mining's Estate or, in the event the Debtors' Estates are substantively consolidated, against any such consolidated estate.  Provided that the Trustee actually receives payment of the Settlement Amount, Dominion may file one or more additional proofs of claim collectively asserting a general unsecured claim, not entitled to any priority treatment or distribution under the Bankruptcy Code, in a total amount not exceeding the Settlement Amount, provided that Dominion files any such proofs of claim within 30 days after the Settlement Approval Order becomes a Final Order and against either: (i) any substantively consolidated estate, if the Debtors' Estates are substantively consolidated; or (ii) each of the Debtors' Estates in amounts based on any allocation of the Settlement Amount as determined or requested by the Trustee as provided in Section 5 above.  Dominion shall be entitled to amend any such proofs of claim to comply with the foregoing in the event that the Debtors'

Estates are not substantively consolidated and the Trustee has not apportioned the Settlement Amount between the Debtors' Estates.

7.     **Mutual Releases.**

(a) Subject to the limited reservations at the end of this paragraph and the Trustee's actual receipt of the Settlement Amount, upon the Effective Date, Dominion, on behalf of itself and predecessors and successors, shall be deemed to release and forever discharge, as of the Execution Date, the Trustee, the Estates, and any substantively consolidated estate created out of the Debtors' Estates, of and from any and all claims, damages, actions, suits, losses, causes of action, rights, liens, demands, obligations and/or liabilities that Dominion has or may have of any nature whatsoever, whether known or unknown, arising in tort or contract, liquidated or unliquidated, disputed or undisputed, and based on any statute, regulation, or other applicable law that were or could have been brought or filed in the Cases or Adversary Proceeding; *provided, however*, that nothing contained herein shall be deemed to release any obligations that the Trustee or Estates have undertaken by entering into this Settlement Agreement, any rights Dominion may have under this Agreement, Dominion's Proof of Claim, and any proofs of claim that Dominion may file pursuant to Section 6 above.

(b) Subject to the limited reservations at the end of this paragraph and the Trustee's actual receipt of the Settlement Amount, upon the Effective Date, the Trustee, on behalf of the Debtors' Estates and any potentially substantively consolidated estate, shall be deemed to release and forever discharge, as of the Execution Date, Dominion of and from any and all claims, damages, actions, suits, losses, causes of action, rights, liens, demands, obligations and/or liabilities that the Estates and any potential substantively

consolidated estate comprised of the Debtors' Estates, have or may have of any nature whatsoever, whether known or unknown, arising in tort or contract, liquidated or unliquidated, disputed or undisputed, and based on any statute, regulation, or other applicable law that were or could have been brought or filed in the Cases or Adversary Proceeding; *provided, however*, that nothing contained herein shall be deemed to release any obligations that Dominion has under this Agreement, any rights the Trustee may have under this Agreement, or the Trustee's rights to object to any proofs of claim that Dominion may file pursuant to Section 6 above to the extent that such proofs of claim may not conform to the limitations and requirements established in this Agreement.

8.     **Jurisdiction; Venue.** This Settlement Agreement shall be construed and governed by the laws of the State of Illinois and the Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of this Settlement Agreement. The Parties agree that the Bankruptcy Court shall be the exclusive venue for hearing and resolving any disputes, motions, or actions related to this Agreement, Dominion's Proof of Claim, or any other proofs of claim that Dominion may file as permitted under Section 6 of this Agreement.

9.     **Amendment of Agreement.** This Settlement Agreement shall not be amended except by a writing signed by all of the Parties hereto.

10.     **Binding Effect.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, including a subsequently appointed bankruptcy trustee, personal representatives, heirs, legatees, executors, administrators and assigns, as applicable.

11. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

12. **Execution by Electronic Signatures and in Counterparts.** The Parties agree that electronic signatures, including, without limitation, a .pdf document containing an electronic copy of a Party's signature that is transmitted via email, shall have the same force and effect as original signatures. This Settlement Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Settlement Agreement.

13. **Construction.** The Parties agree that each has reviewed this Settlement Agreement with its counsel and that each Party fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

14. **Severability.** In the event that any one or more immaterial provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Settlement Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

15.     **No Personal Liability for Trustee.**   The Parties agree and acknowledge that the Trustee has negotiated and is entering into this Agreement in his official capacity as the Trustee of the Debtors' bankruptcy Estates and not in his personal capacity as an individual.   As such, the Parties expressly agree and acknowledge that Moglia, personally, shall have no obligations under or related to this Agreement and that this Agreement does not create any liabilities whatsoever against Moglia, personally or individually.

**IN WITNESS WHEREOF**, the Parties hereto, each by persons duly authorized, have caused this Settlement Agreement to be executed as of the day and year first written above.

**VIRGINIA ELECTRIC AND POWER COMPANY D/B/A DOMINION ENERGY VIRGINIA.**

By: _____

Printed Name: Russell R Johnson III

Its: Counsel

**TRUSTEE FOR BCAUSE MINING LLC**

By: _____

Printed Name: _____

Its: _____

**TRUSTEE FOR BCAUSE LLC**

By: _____

Printed Name: _____

Its: _____

15.    **No Personal Liability for Trustee.**  The Parties agree and acknowledge that the Trustee has negotiated and is entering into this Agreement in his official capacity as the Trustee of the Debtors' bankruptcy Estates and not in his personal capacity as an individual.  As such, the Parties expressly agree and acknowledge that Moglia, personally, shall have no obligations under or related to this Agreement and that this Agreement does not create any liabilities whatsoever against Moglia, personally or individually.

**IN WITNESS WHEREOF**, the Parties hereto, each by persons duly authorized, have caused this Settlement Agreement to be executed as of the day and year first written above.

**VIRGINIA ELECTRIC AND POWER COMPANY D/B/A DOMINION ENERGY VIRGINIA.**

By: _____

Printed Name: _____

Its: _____

**TRUSTEE FOR BCAUSE MINING LLC**

By: _____

Printed Name: _____Alex D. Moglia_____

Its: _____TRUSTEE_____

**TRUSTEE FOR BCAUSE LLC**

By: _____

Printed Name: _____Alex D. Moglia_____

Its: _____TRUSTEE_____