## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | **Chapter 7** |
| **In re:** | ) | |
| | ) | **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | **Hon. Janet S. Baer** |
| | ) | |

### NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH BMG OPERATIONS LTD. <u>PURSUANT TO RULE 9019</u>

PLEASE TAKE NOTICE that on June 1, 2022, Alex Moglia (the "Trustee"), the Trustee of the Chapter 7 bankruptcy estates of BCause Mining LLC ("BC Mining") and BCause LLC ("BC Holding"), filed a motion (the "Settlement Motion") with the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Court") seeking, among other things, the entry of an order by the Court approving a certain Settlement Agreement (the "Agreement") between the Trustee and Virginia Electric and Power Company d/b/a Dominion Energy Virginia ("Dominion" and, collectively with the Trustee, the "Parties"), authorizing the Trustee and enter into and to perform his obligations under the Agreement, and granting related relief.

Subject to Court approval, the Agreement will settle and finally resolve the adversary proceeding captioned *Moglia v. Virginia Electric and Power Company d/b/a Dominion Energy Virginia*, that is currently pending before the Court as Adversary No. 21-55 (the "Adversary Proceeding"), in which the Trustee principally seeks (i) to avoid and recover certain transfers to Dominion during the 90-day period preceding the commencement of the Debtors' bankruptcy cases under Section 547 and 550 of the Bankruptcy Code where the transfers, totaling approximately $2,008,709.03, were of money from a bank account held by BC Holding and paid for electricity services that Dominion provided under contracts executed by BC Mining and invoiced to BC Mining; and (ii) object to Dominion's previously filed a proof of claim appearing as Claim No. 3-1 ("Claim 3") on the claims register in BC Mining's bankruptcy case, in which it asserts an unsecured claim for $388,365.68.[1]  In the Adversary Proceedings, the Trustee asserts

---

[1] The descriptions of the Adversary Proceeding and Claim 3 provided in this Notice are summaries only and are not intended to be exhaustive.  For a full and complete description of the allegations, claims, defenses and objections asserted in the Adversary Proceeding and Claim 3, you should review the documents, motions and pleadings filed in the Adversary Proceeding and Claim 3.  Subject to the terms of the Agreement, including the requirement of Court approval, the Trustee does not intend nor should any statement in this Notice be construed as a waiver, release, admission or limitation with respect to any of the rights, issues, arguments, allegations, claims, defenses and objections involved in or related to the Adversary Proceeding or Claim 3, whether asserted by Dominion or the Trustee, or which the Trustee has or may have against Dominion.

EXHIBIT 2

alternative claims for each of the Debtors' bankruptcy estates and for any potential substantively consolidated estate comprised of the Debtors' estates that may be ordered in the future.

Dominion has denied various of the Trustee's allegations in the Adversary Proceeding, denied liability for the Trustee's claims asserted in the Adversary Proceeding and asserted various affirmative defenses.

The principle terms of the Agreement generally provide as follows[2]:

(a) Dominion will pay $700,000.00 (the "Settlement Amount") to the Trustee;

(b) Dominion will consent and not object to the substantive consolidation of the Debtors' bankruptcy estates. In the event that the Debtors' estates are not and do not become substantively consolidated, Dominion will agree to an allocation of the Settlement Amount between the Debtors' estates as determined by the Trustee;

(c) Dominion's Claim 3 will be allowed, and Dominion shall be permitted to file additional proofs of claim (the "Section 502(h) Claims") against the Debtors' estates, consistent with any allocation of the Settlement Amount between the Debtors' estates that the Trustee may determine, or against a consolidated estate of the Debtors, asserting unsecured, non-priority claims totaling the amount of the Settlement Amount within 30 days of the date on which the order approving the Agreement becomes a final order no longer subject to review or appeal;

(d) Except for any rights, claims and obligations that the Trustee may have under the Agreement, the Trustee will be deemed to waive and release any and all claims that the Trustee and the Debtors' estates have or may have against Dominion related to the Debtors' bankruptcy cases or the Adversary Proceeding;

(e) Except for any rights, claims and obligations that Dominion may have under the Agreement and its rights to Claim 3 and the Section 502(h) Claims, Dominion will be deemed to waive and release any and all claims that Dominion has or may have against the Trustee and the Debtors' estates related to the Debtors' bankruptcy cases or the Adversary Proceeding; and

(f) After the payment of the Settlement Amount, the parties will cooperate and file such papers as are or may be necessary or appropriate to dismiss the Adversary Proceeding with prejudice

PLEASE TAKE FURTHER NOTICE that a hearing on the Settlement Motion has been scheduled to take place on **June 22, 2022, at 10:00 A.M.** (the "Settlement Hearing") before the Honorable Janet S. Baer, United States Bankruptcy Judge (or any judge who may be sitting in her stead).

---

[2] The description in this Notice of the Agreement and its terms is a summary only and is not intended to be exhaustive. The actual terms of the Agreement as executed and approved by the Court shall control in the event of any discrepancy between those terms and the descriptions provided for in this Notice.

EXHIBIT 2

**The Settlement Motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the Motion you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

PLEASE TAKE FURTHER NOTICE THAT a copy of the Settlement Motion and the Agreement is available, with a password through the Court's PACER system at www.ilnb.uscourts.gov, and the Trustee will make a copy of the Settlement Motion and the Agreement available to any party that submits a request to the Trustee's counsel, Michael M. Schmahl, at Mason Pollick & Schmahl, LLC, 70 W. Hubbard Street, Suite 304, Chicago, Illinois 60654, mschmahl@mps-law.com (e-mail), (312) 312-5531 (telephone).


Dated:  June 1, 2022

Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC


By: /s/ Michael M. Schmahl
        Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL,
LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*


EXHIBIT 2