**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | **(Substantively Consolidated)** |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

### NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on **Wednesday, February 1, 2023**, at the hour of **10:00 a.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **MOTION OF THE TRUSTEE TO ESTABLISH SUPPLEMENTAL BAR DATE FOR PRE-CONVERSION CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF** (the "Motion"), a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and password**.  The meeting ID for this hearing is 160 731 2971 and the passcode is 587656.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

2

Dated:  January 25, 2023	Alex Moglia, Chapter 7 Trustee of the
Bankruptcy Estates of BCause Mining LLC
and BCause LLC

By: /s/ Michael M. Schmahl
      Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois  60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

2

**CERTIFICATE OF SERVICE**

    I, Michael M. Schmahl, certifies that on January 25, 2023, I caused the above Notice of Motion and the Motion to be served on the individuals listed on the below service list via the court's ECF system.

                              By: /s/ Michael M. Schmahl
                                       Michael M. Schmahl

# SERVICE LIST

| | |
|---|---|
| Patrick S. Layng<br>Ha M. Nguyen<br>Office of the U.S. Trustee<br>219 S. Dearborn Street<br>Room 873<br>Chicago, IL 60604<br>Ha.nguyen@usdoj.gov<br>*United States Trustee* | John M Craig<br>Law Firm of Russell R Johnson<br>III, PLC<br>14890 Washington Street<br>Haymarket, VA 20169<br>russell@russelljohnsonlawfirm.com<br>*Counsel for Dominion Energy Virginia* |
| David A Agay<br>Maria G Carr<br>Shara C Cornell<br>McDonald Hopkins LLC<br>300 N. LaSalle<br>Chicago, IL 60654<br>312-280-0111<br>dagay@mcdonaldhopkins.com<br>mcarr@mcdonaldhopkins.com<br>scornell@mcdonaldhopkins.com<br>*Counsel for WESCO Distribution, Inc.* | Shelly A. DeRousse<br>Devon J Eggert<br>Elizabeth L Janczak<br>Freeborn & Peters LLP<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312-360-6315<br>312-360-6520 (fax)<br>sderousse@freeborn.com<br>deggert@freeborn.com<br>ejanczak@freeborn.com<br>*Counsel for Creditors' Committee* |
| J Mark Fisher<br>Sarah K Angelino<br>Schiff Hardin LLP<br>233 South Wacker Drive<br>Suite 7100<br>Chicago, IL 60606<br>(312) 258-5861<br>mfisher@schiffhardin.com<br>sangelino@schiffhardin.com<br>Dennis Lewandowski, via email sent to:<br>dtlewand@kaufcan.com<br>*Counsel for Hoffland Properties, Inc.* | Russell R. Johnson, III<br>John M. Craig<br>Law Firm of Russell R Johnson<br>III, PLC<br>2258 Wheatlands Drive<br>Manakin Sabot, VA 23103<br>804-749-8861<br>russell@russelljohnsonlawfirm.com<br>john@russelljohnsonlawfirm.com<br>*Counsel for Dominion Energy Virginia* |
| Marc Ira Fenton<br>Jamie L Burns<br>Levenfeld Pearlstein LLC<br>2 N Lasalle St Ste 1300<br>Chicago, IL 60602<br>312-346-8380<br>mfenton@lplegal.com<br>jburns@lplegal.com | Brian L Shaw<br>Christina Sanfelippo<br>Fox Rothschild LLP<br>321 N Clark Street<br>Suite 1600<br>Chicago, IL 60654<br>312-517-9200<br>312-517-9201 (fax) |

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*


Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*


Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 ) ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) ) SUBSTANTIVELY |
| Debtors. | ) CONSOLIDATED ) ) Hon. Janet S. Baer |

## MOTION OF THE TRUSTEE TO ESTABLISH SUPPLEMENTAL BAR DATE FOR PRE-CONVERSION CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF

Pursuant to Federal Rule of Bankruptcy Procedure 1019(6), Alex Moglia (the "Trustee"), not individually, but solely as trustee of the substantively consolidated chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC ("BC Holding" and collectively with BC Mining, the "Debtors"), respectfully requests that the Court enter an order (i) requiring any party asserting one or more claims for administrative expenses (or the equivalent), under Section 503(b) of the Bankruptcy Code or on any other basis or theory, that arose during or that relate to the time period from April 11, 2019, to October 8, 2019, and further asserts that such claims are or should be treated as timely (each, a "Potential Ch. 11 Claim") to file with the Court one or more proofs of claim asserting such Potential Ch. 11 Claims on or before 11:59 P.M. on March 20, 2023 (the "Supplemental Bar Date"), (ii) providing that any Potential Ch. 11 Claims for which a proof of claim is not filed by the Supplemental Bar Date are deemed disallowed; (iii) approving the form of notice of the Supplemental Bar Date (the "Notice") attached hereto as Exhibit 1, and (iv) reserving all of the Trustee's rights to object to any and all such Potential Ch. 11 Claims on any basis, including, without limitation, on the basis that such claim was not timely, and granting related relief, and, in support thereof, respectfully states as follows:

6

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

**Background**

4. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about April 12, 2019 (collectively with April 11, 2019, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8. On or about October 11, 2019, Mr. Moglia was appointed as the Trustee [**Docket No. 334**] and the Clerk of the Court issued a notice [**Docket No. 332**] to creditors and parties in interest that the Debtors' bankruptcy cases had been converted to from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code.

9. On or about January 4, 2021, the Clerk of the Court issued a notice [**Docket Nos. 464 and 465**] to creditors and parties in interest setting April 6, 2021 (the "Claims Bar Date") as the deadline for all creditors to file proofs of claim.

10. On or about July 13, 2022, the Court entered an order [**Docket No. 518**] substantively consolidating the Debtors' estates into a single, substantively consolidated bankruptcy estate.

**Potential Post-Petition, Pre-Conversion Claims**

11. The Trustee has become aware that there may be parties asserting Potential Ch. 11 Claims that may not have received notice of the Claims Bar Date.

12. In converted cases, Section 348(d) of the Bankruptcy Code provides that all claims other than claims under Section 503(b) that arose after the Petition Dates but prior to the Conversion Date are generally deemed to be treated as pre-petition claims. *See* 11 U.S.C. §348(d).

13. Under Rule 1019(5)(A)(i) and (ii), the Debtors were required to file the following reports (the "Ch. 11 Reports") with the Court, including:

   a. a schedule of unpaid debts incurred after the Petition Date but before the Conversion Date; and

   b. a final report and account.

14. Normally, once the Ch. 11 Reports are filed, the Clerk of the Court would issue a notice to the parties listed in the Ch. 11 Reports of the Claims Bar Date and the requirement of timely filing proofs of claim to assert any Potential Ch. 11 Claims as required by Rule 1019(6).

15. In this case, however, the Debtors did not file the Ch. 11 Reports, and the notice provided for under Rule 1019(6) was never sent.

16. Since his appointment, the Trustee and his counsel have responded to inquiries from third parties, including potential creditors and some state agencies, and generally informed these parties of the requirement of timely filing proofs of claim.

17. Nonetheless, the Trustee recently became aware that certain state agencies have questioned the adequacy or completeness of some of the Debtors' reporting obligations during the post-petition, pre-conversion period and may assert Potential Ch. 11 Claims. The Trustee has also become aware that at least one municipal agency may also assert a Potential Ch. 11 Claim.

18. Without the benefit of the Ch. 11 Reports, it is not currently clear whether there are other Potential Ch. 11 Claims or whether the relevant parties received notice of the Claims Bar Date or were otherwise aware of the Debtors' bankruptcy cases.

19. To avoid any doubt, the Trustee is not, through this Motion or otherwise, acknowledging, admitting, or otherwise conceding or agreeing that any Potential Ch. 11 Claims are timely or have merit or are otherwise valid, proper, allowable, or should be allowed.

20. Rather, the Trustee asserts that he has or likely has timeliness and/or other objections and defenses and bases to object, including both procedural and substantive objections and defenses, to any Potential Ch. 11 Claims (or any other claims) that have not yet been filed (collectively, the "Trustee's Rights and Defenses"). *See* Federal Rule of Bankruptcy Procedure 1019(6); *In re De Vries Grain & Fertilizer*, 12 F. 3d 101, 104-105 (7th Cir. 1993); *In re Gerardo Leasing*, 1999 Bankr. LEXIS 765 *4-*18 (Bankr. N.D. Ill., May 13, 1999); *In re Lissner Corp.*, 119 B.R. 143, 145-148 (N.D. Ill. 1990); *In re Lissner Corp.*, 1990 Bankr. LEXIS 724 *6-*10 (Bankr. N.D. Ill., April 3, 1990).

21. The Trustee believes that a supplemental notice and bar date should be sent to definitively establish the universe of Potential Ch. 11 Claims.

## Relief Requested

22. Rule 1019(6) authorizes the Court to fix a time for asserting Potential Ch. 11 Claims in its discretion.

23. Therefore, the Trustee requests that the Court enter an order requiring any party that asserts a Potential Ch. 11 Claim to file a proof of claim on account of such Potential Ch. 11 Claim with the Court so that it is actually received by the Court on or before the proposed Supplemental Bar Date of 11:59 P.M. Central Standard Time on March 20, 2023. The Trustee

requests that the order specifically provide that the order does not extend the time for any party to file a proof of claim beyond the Claims Bar Date or deem any otherwise late filed proof of claim to have been timely filed, and expressly preserves the issue of the timeliness of any such proof of claim for separate determination on an appropriate motion or objection.

24.     The Trustee further requests that the Court expressly preserve all of the Trustee's Rights and Defenses to any such proofs of claim that may be filed, expressly including, but not limited to, any objection to the timeliness of any such proof of claim.

25.     Finally, the Trustee requests that the Court provide that any Potential Ch. 11 Claim for which a proof of claim has not been filed on or before the Supplemental Bar Date is deemed denied and disallowed.

26.     The Trustee proposes to send the Notice, in the form attached hereto as Exhibit 1, informing parties of the Supplemental Bar Date and the reservation of the Trustee's Rights and Defenses to all known creditors and parties in interest as well as the parties who have become known to the Trustee or whom the Trustee otherwise determines should receive such a Notice based on a review of the Debtors' records or on any other basis.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(i)     requiring any party that asserts a Potential Ch. 11 Claim or any other claims against the Debtors' substantively consolidated estate and asserts that such claims should be treated as being timely filed to file a proof of claim asserting such claim so that such proof of claim is actually received and filed with the Court on or before the Supplemental Bar Date of 11:59 P.M. on March 20, 2023;

(ii)    providing that the Supplemental Bar Date, and the establishment thereof, is not an extension of time for filing proofs of claim or a determination that any proof of

claim has been timely filed, and that any determination regarding the timeliness of any such proof of claim shall be determined in the future in a ruling on an appropriate motion or objection to such proof of claim;

(iii)  deeming any Potential Ch. 11 Claims that are not filed on or before the Supplemental Bar Date to be denied and disallowed and providing that no distribution may be made on account of any such Potential Ch. 11 Claims;

(iv)  expressly preserving all of the Trustee's Rights and Defenses to any such proofs of claim that may be filed, expressly including, but not limited to, any objections to the timeliness of such proofs of claim;

(v)  authorizing and approving the form of the Notice; and

(vi)  granting such other and further relief as this Court deems just or appropriate.

Dated: January 25, 2023

/s/ Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*

11