UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: )  BK No.: 19-10562
BCause Mining LLC, et al. )
)  Chapter: 7
)
)  Honorable Janet S. Baer
)
)
Debtor(s) )

**ORDER GRANTING MOTION OF THE TRUSTEE TO ESTABLISH SUPPLEMENTAL BAR DATE FOR PRE-CONVERSION CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF**

This matter coming before the Court on the Motion of the Trustee to Establish Supplemental Bar Date for Pre-Conversion Chapter 11 Administrative Expense Claims and for Related Relief (the "Motion"); the Court being fully advised, and due and adequate notice having been provided to all parties entitled thereto;

IT IS HEREBY ORDERED THAT:

(1) The Motion is granted as set forth herein.

(2) Any party who asserts one or more claims for administrative expenses, or claims receiving equivalent priority under the Bankruptcy Code, under section 503 of the Bankruptcy Code or on any other theory or basis that arose during or relate to the period from April 11, 2019 through and including October 8, 2019, or any other claims against BCause Mining LLC and/or BCause LLC and their consolidated bankruptcy estate, and who asserts that any such claims are or should be treated as being filed timely (each a "Potential Claim"), must:

(A) properly complete a proof of claim, using Official Form B 410, for each Potential Claim;

(B) include in each such proof of claim an explanation as to whether the party filing the proof of claim ever received actual notice or became aware of the commencement of the Debtors' bankruptcy cases or the previously established deadline for filing proofs of claim (the "Claims Deadline") and state the date(s) on which such party became aware of the Debtors' bankruptcy cases and the Claims Deadline; and

(C) file each such completed proof of claim asserting a Potential Claim with the Court so that it is actually received by the Court on or before 11:59 P.M. prevailing Central Time on March 20, 2023 (the "Supplemental Bar Date").

(3) The entry of this order and the establishment of the Supplemental Bar Date do not extend the time within which any party may file proofs of claim beyond the Claims Deadline and is not a determination that any proofs of claim filed before the Supplemental Bar Date are or will be treated as timely.

(4) Any determination regarding the timeliness of any proof of claim filed by the Supplemental Bar Date and/or any request for an extension of time to file a proof of claim will be adjudicated and ruled on pursuant to a separate motion or objection related to one or more specific proofs of claim at a future

date.

(5) All of the Trustee's rights, defenses, and objections, on any basis whatsoever, to any proofs of claim that may be filed on or before the Supplemental Bar Date are expressly preserved, and the Trustee may object to any proof of claim that may be filed on or before the Supplemental Bar Date on any basis, including, without limitation, that such proof of claim was not properly filed.

(6) Any Potential Claims for which a proof of claim is not properly completed and filed with the Court on or before the Supplemental Bar Date are disallowed, and no distribution shall be made from the Debtors' substantively consolidated estate on account of such Potential Claims.

(7) The form of the Notice, a copy of which is attached as Exhibit 1 to the Motion, is authorized and approved.

Enter:  /s/ Janet S. Baer

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated: February 01, 2023

**Prepared by:**

Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
mschmahl@mps-law.com
ARDC No. 6275860