IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BCause Mining LLC, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on **Wednesday, August 2, 2023**, at the hour of **10:00 a.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH ST. BITTS, LLC D/B/A BITCOIN.COM PURSUANT TO RULE 9019** (the "Motion"), a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to the link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**.  The meeting ID for this hearing is 160 731 2971 and the passcode is 587656.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

1

Dated: July 12, 2023

Alex Moglia, Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estate of BCause Mining LLC and BCause LLC

By: /s/ Michael M. Schmahl
    Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com

## CERTIFICATE OF SERVICE

The undersigned states under penalty of perjury that on July 12, 2023, he caused the above Notice of Motion and the Application to be served on the individuals listed on the below service list via the court's ECF system for those who are registered.

By: /s/Michael M. Schmahl
    Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson
III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson
III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) ) **Chapter 7** ) ) **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) **(Jointly Administered)** ) |
| Debtors. | ) **Hon. Janet S. Baer** ) |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
WITH ST. BITTS, LLC D/B/A BITCOIN.COM
PURSUANT TO RULE 9019**

Alex Moglia (the "Trustee"), not individually, but solely as trustee of the substantively consolidated chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests pursuant to Rules 9019 and 2002(a) of the Federal Rules of Bankruptcy Procedure that the Court enter an order approving a Settlement Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit 1, between the Trustee and St. Bitts, LLC d/b/a Bitcoin.com ("St. Bitts"), that would settle and finally resolve all disputes related to the proof of claim filed by St. Bitts that appears as Claim No. 27-1 on the Claims Register for BC Mining ("Claim 27"), authorizing the Trustee to enter into and to perform his obligations under the Agreement, and granting related relief. A copy of Claim 27 is attached hereto as Exhibit 2. In support of this motion (the "Motion"), the

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731. Although the Debtors' estates have been substantively consolidated, proofs of claim have been filed against each of the Debtors in the Claims Registers for each of their respective cases.

5

Trustee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### Background

4. On or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about April 12, 2019 (the "BC Holding Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8. On or about October 11, 2019, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

9. On or about July 13, 2022 (the "Conversion Date"), the Court entered an order (the "Consolidation Order") [**Docket No. 518**] substantively consolidating the Debtors' bankruptcy estates.

### St. Bitts' Relationship with the Debtors

10. The Debtors operated a specialized datacenter in Virginia Beach, Virginia, that

6

hosted specialized computers used to "mine" cryptocurrency, called "miners," that were owned by third parties pursuant to certain agreements, referred to as "hosting agreements," between the individual owners of the miners and BC Mining.

11. Although the hosting agreements were more complex, each of these hosting agreements generally required the owner of the miners to pay monthly fees to the Debtors in exchange for various services provided by the Debtors and the right to place and operate their miners within the Debtors' datacenter.

12. From the Petition Dates until the Conversion Date, the Debtors continued to operate the datacenter during the chapter 11 portion of their cases. Their businesses ceased operating on the Conversion Date.

13. St. Bitts was one of the Debtors' significant customers. During the period from the Petition Dates through the Conversion Date, St. Bitts operated over 3,000 miners in the Debtors' datacenter.

14. Pursuant to the terms of the hosting agreement between St. Bitts and the Debtors (the "St. Bitts Hosting Agreement"), St. Bitts was generally required to pay monthly fees to the Debtors approximately 30-days in advance of the month for which services were to be provided. Additionally, the St. Bitts Hosting Agreement provided for certain credits that the Debtors could issue to St. Bitts and apply against St. Bitts' future monthly fees under certain circumstances. Solely by way of example, if the Debtors were not able to or did not provide certain services during a limited period of time, the Debtors would issue a credit to St. Bitts against fees for a subsequent month under the St. Bitts Hosting Agreement.

## Claim 27 and Proposed Settlement

15. In Claim 27, St. Bitts generally alleges that it paid monthly hosting fees for the

months of October and November 2019 but stopped receiving services under the St. Bitts Hosting Agreement on the Conversion Date when the Debtors' businesses ceased operating. Therefore, St. Bitts asserts an administrative claim under Section 503(b) of the Bankruptcy Code for $370,598.50.

16. The Trustee has informally objected the Claim 27 and St. Bitts' claims asserted therein. Among other things, the Trustee disputes St. Bitts' asserted priority under Sections 348(d), 365, and 503 of the Bankruptcy Code.

17. The Trustee also disputes the asserted amount of St. Bitts' claim. Among other things, the Trustee disputes the amount of monthly fees actually paid by St. Bitts and the application of various credits that the Trustee asserts St. Bitts received from the Debtors under the St. Bitts Hosting Agreement, as well as certain other or related issues.

18. Counsel for St. Bitts and the Trustee have engaged in settlement discussions concerning these disputes and the parties have, subject to the authorization of the Court, arrived at a settlement pursuant to the terms of the Agreement that the Trustee believes is in the best interest of the Debtors' consolidated estate.

19. As provided for in the Agreement[2], St. Bitts would receive the "St. Bitts Allowed Ch. 11 Administrative Claim" in the amount of $120,000, which is defined in the Agreement and described as follows:

> (a) As used herein, an "Administrative Expense Claim" means a claim under Sections 503(b) and 326 through 333 of the Bankruptcy Code, expressly including, without limitation, claims of the Trustee and professionals

---

[2] The description of the Agreement provided in this Motion is a summary only and is not intended to be exhaustive. The actual terms of the Agreement shall control in the event of any discrepancy between those terms and the description of terms provided in this Motion.

8

representing or providing services to the Trustee, the Debtors, or the Official Committee of Unsecured Creditors of the Debtors for compensation for services provided or the reimbursement of expenses arising after the Petition Dates, that entitles the holder of such claim that is an allowed claim to priority distribution under Sections 507(a)(2) and 348(d) but subject to Section 726 of the Bankruptcy Code, including, without limitation, the limitations on priority provided for in Section 726(b);

(b) The St. Bitts Allowed Ch. 11 Administrative Claim is in the amount of $120,000.00 and is entitled to the priority of an Administrative Expense Claim that arose after the Petition Dates and before the Conversion Date in the amount of $120,000.00 and that: (i) is subordinate to Administrative Expense Claims that arose after the Conversion Date ("<u>Chapter 7 Administrative Claims</u>"); and (ii) shall be payable on par with allowed Administrative Expense Claims that arose during or relate to the period from the Petition Dates through the Conversion Date ("<u>Chapter 11 Administrative Claims</u>");

(c) Further, in the event that there are not sufficient resources in the Estate to pay all allowed Chapter 11 Administrative Claims after paying all allowed Chapter 7 Administrative Claims, then the Allowed St. Bitts Ch. 11 Administrative Claim shall be paid *pro rata* with other allowed Chapter 11 Administrative Claims.

20.  Pursuant to the Agreement, the Allowed St. Bitts Ch. 11 Administrative Claim shall be the sole claim of St. Bitts that would be allowed against the Debtors' consolidated estate and any other, different or additional claims asserted or that may be asserted in Claim 27 shall be

disallowed.

### Relief Requested

21. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Trustee now seeks the entry of an order of the Court approving the Agreement, authorizing the Trustee to enter into the Agreement, and authorizing the Trustee to perform the Trustee's obligations under the Agreement.

22. In considering the Motion under Federal Rule of Bankruptcy Procedure 9019, the Court should "determine whether the proposed compromise is fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994), *citing*, *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968), and *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). Factors relevant to the Court's determination include the nature and amount of the claims, the probability of success in litigation, the complexity and anticipated duration of the litigation, and the interests of creditors. *See Depoister*, 36 F.3d at 587; *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (S.D.N.Y. 1984) (listing, among other factors, "the paramount interest of creditors").

23. The Court is not called upon to substitute its judgment for the judgment of the Trustee, and the scope of the Court's inquiry does not require it to decide the issues of law or fact raised. *See, e.g., In re Carla Leather, Inc.*, 44 B.R. at 465. Instead, the Court is required only "to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Id.*, *quoting*, *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The Court's decision to approve a settlement will not be overturned on appeal unless it constitutes an abuse of discretion. *See Depoister*, 36 F.3d at 586.

24. After carefully considering the costs and risks of litigation, including the factual and legal issues that would result from litigation of the various disputes, the Trustee believes that the Agreement is fair and reasonable and in the best interests of the Debtors' estate and creditors.

25. Based on his analysis of all of these and other factors, the Trustee has concluded that the result of the Agreement is within the range of potential outcomes and allows these estates to avoid related expenses.

26. The Agreement is in the best interests of these bankruptcy estates and satisfies the applicable standards under Rule 9019. Therefore, the Trustee requests that the Court grant the Motion, approve the Agreement, grant the Trustee authority to enter into the Agreement and to perform all obligations of the Trustee under the Agreement.

## Request to Approve Notice

27. The Trustee has provided a copy of this Motion and the related Notice of Motion to the U.S. Trustee and all of the parties who have entered an appearance in these jointly administered bankruptcy cases at least 21 days in advance of presentment as required by Rule 2002(a)(3).

28. Additionally, the Trustee has sent a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 3 to each of the Debtors' creditors by first class mail, postage pre-paid at least 21 days in advance of presentment as required by Rule 2002(a)(3) and will make a copy of the full Motion, along with the Agreement, available to any creditor who contacts the Trustee's counsel and requests a copy of the Motion.

29. The Trustee submits that the Creditor Notice satisfies the required notice to creditors under Rule 9019(a) and further requests that the Court approve the form of the Creditor Notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(i) Approving the Agreement;

(ii) Finding that the compromise reflected in the Agreement was negotiated and entered into in good faith and is in the best interests of the Debtors' estates;

(iii) Authorizing the Trustee to execute and deliver the Agreement and to take any such further actions to implement the Agreement in accordance with its terms;

(iv) Allowing the St. Bitts Allowed Ch. 11 Administrative Claim and deeming Claim 27 to be amended to reflect the St. Bitts Allowed Ch. 11 Administrative Claim or to disallow any claims asserted in Claim 27 other than the St. Bitts Allowed Ch. 11 Administrative Claim;

(v) Authorizing and approving notice as described in the Motion and approving the form of the Creditor Notice; and

(vi) granting such other and further relief as this Court deems just or appropriate.

Dated: July 12, 2023

/s/Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*

12