# EXHIBIT 1

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement" or "Agreement") by and between St. Bitts, LLC d/b/a Bitcoin.com ("St. Bitts") and Alex D. Moglia ("Moglia"), not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") for the substantively consolidated bankruptcy estate ("Estate") of BCause Mining LLC ("Mining") and BCause LLC ("Holdings" together with Mining, the "Debtors") is made and entered into as of ~~May 31~~ June 23, 2023 ("Execution Date"). For ease of reference each of the Trustee and St. Bitts may be referred to herein as a "Party" and, collectively, as the "Parties."

## RECITALS

WHEREAS, on April 11, 2019 ("Mining Petition Date"), Mining filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, which is now pending before the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court") as Case No. 19 B 10562 ("Mining Case"); and

WHEREAS, on April 12, 2019 ("Holdings Petition Date" and together with Mining Petition Date, the "Petition Dates"), Holdings filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, which is now pending before the Bankruptcy Court as Case No. 19 B 10731 ("Holdings Case" and together with Mining Case, "Cases"); and

WHEREAS, on October 8, 2019 (the "Conversion Date") the Bankruptcy Court entered an order converting the Cases to Chapter 7 proceedings, and, on October 11, 2019, Alex D. Moglia was appointed as the Chapter 7 Trustee in these Cases; and

WHEREAS, on or about July 13, 2022, the Bankruptcy Court entered an order (the "Consolidation Order") substantively consolidating the Debtors' bankruptcy estates into the consolidated Estate; and

**WHEREAS**, although the Debtors' bankruptcy estates have been consolidated into the Estate, the Parties note that creditors filed proofs of claim against one or both of the Debtors that appear on separate Claims Registers maintained by the Clerk of the Bankruptcy Court in each of the Mining Case and the Holding Case; and

**WHEREAS**, on or about February 21, 2020, St. Bitts timely filed a proof of claim that appears as Claim No. 27-1 ("Claim 27") on the Claims Register in the Mining Case asserting an unsecured claim in the amount of $370,598.50 against Mining that St. Bitts further asserts arose after the Petition Dates and before the Conversion Date and is entitled to priority under Section 503(b) of the Bankruptcy Code as a Chapter 11 administrative expense; and

**WHEREAS**, the Trustee has informally objected to the claims asserted in Claim 27; and

**WHEREAS**, the Parties have engaged in good faith, arms' length settlement discussions related to Claim 27 and the Trustee's objections thereto; and

**WHEREAS**, the Parties desire to avoid the costs and risks of litigation and to finally resolve and settle their disputes related to Claim 27 pursuant to the terms of, and subject to the conditions set forth in, this Settlement Agreement; and

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters related to this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties hereby agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated and made a part of this Settlement Agreement.

2

2.  **Court Approval Required.** This Agreement shall have no force or effect unless the Bankruptcy Court enters an order in the Cases after notice and a hearing, approving this Agreement and authorizing the Trustee to execute, deliver and perform this Agreement (the "Settlement Approval Order") and the Settlement Approval Order has become a "Final Order." For purposes of this Agreement, a "Final Order" is an order that is final for purposes of 28 U.S.C. §§158 and 1291 and is no longer subject to appeal or *certiorari* proceedings and no appellate or *certiorari* proceedings are pending. For the avoidance of doubt, the Settlement Approval Order shall become a Final Order in the event that no party files a notice of appeal related to the Settlement Approval Order within the time permitted under Federal Rule of Bankruptcy Procedure 8002. This Agreement shall take effect on the first day after the date the Settlement Approval Order has become a Final Order (the "Effective Date"). In the event that this Agreement is not approved by the Bankruptcy Court in the Cases, nothing herein shall be deemed a representation or admission by any Party as to any allegation, claim, or issue, and the Parties shall be returned to the status quo in effect prior to their entry into this Agreement. The Trustee shall prepare and file a motion seeking the entry of the Settlement Approval Order.

3.  **St. Bitts Allowed Chapter 11 Administrative Expense Claim.** As used in this Agreement, the term "Administrative Expense Claim" shall mean a claim under Sections 503(b) and 326 through 333 of the Bankruptcy Code, expressly including, without limitation, claims of the Trustee and professionals representing or providing services to the Trustee, the Debtors, or the Official Committee of Unsecured Creditors of the Debtors for compensation for services provided or the reimbursement of expenses arising after the Petition Dates, that entitles the holder of such claim that is an allowed claim to priority distribution under Sections 507(a)(2) and 348(d) but subject to Section 726 of the Bankruptcy Code, including, without limitation, the limitations on

3

priority provided for in Section 726(b). St. Bitts shall have an allowed claim (the "St. Bitts Allowed Ch. 11 Administrative Claim") that is entitled to the priority of an Administrative Expense Claim that arose after the Petition Dates and before the Conversion Date in the amount of $120,000.00 and that: (i) is subordinate to Administrative Expense Claims that arose after the Conversion Date ("Chapter 7 Administrative Claims"); and (ii) shall be payable on par with allowed Administrative Expense Claims that arose during or relate to the period from the Petition Dates through the Conversion Date ("Chapter 11 Administrative Claims"). Further, in the event that there are not sufficient resources in the Estate to pay all allowed Chapter 11 Administrative Claims after paying all allowed Chapter 7 Administrative Claims, then the Allowed St. Bitts Ch. 11 Administrative Claim shall be paid *pro rata* with other allowed Chapter 11 Administrative Claims. The Allowed St. Bitts Ch. 11 Administrative Claim shall be the sole claim of St. Bitts allowed against the Estate in the Bankruptcy Cases and any other, different or additional claims asserted or that may be asserted in Claim 27 shall be disallowed.

4. **Amended and Superseding Proof of Claim.** Upon request from the Trustee which may be sent to St. Bitts' counsel, Christopher Perkins at Eckert Seamans Cherin & Mellots, LLC, via email sent to cperkins@eckertseamans.com, St. Bitts shall file with the Court a proof of claim that amends and supersedes Claim 27 and solely asserts the Allowed St. Bitts Ch. 11 Administrative Claim as provided for in this Agreement (the "Amended Proof of Claim"). The Trustee shall not object to such Amended Proof of Claim except to the extent that such Amended Proof of Claim may assert any claim or claims that are different from or not consistent with the Allowed St. Bitts Ch. 11 Administrative Claim as provided for and described herein. The Allowed St. Bitts Ch. 11 Administrative Claim shall be the only claim of St. Bitts that shall be allowed against the Estate.

4

5. **Jurisdiction; Venue.** This Settlement Agreement shall be construed and governed by the laws of the State of Illinois and the Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of this Settlement Agreement. The Parties agree that the Bankruptcy Court shall be the exclusive venue for hearing and resolving any disputes, motions, or actions related to this Agreement, Claim 27, any Amended Proof of Claim, the Allowed St. Bitts Ch. 11 Administrative Claim, and any other claims that St. Bitts may have filed, may file or may assert against the Estate.

6. **Amendment of Agreement.** This Settlement Agreement shall not be amended except by a writing signed by all of the Parties hereto.

7. **Binding Effect.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, including a subsequently appointed bankruptcy trustee, personal representatives, heirs, legatees, executors, administrators and assigns, as applicable.

8. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

9. **Execution by Electronic Signatures and in Counterparts.** The Parties agree that electronic signatures, including, without limitation, a .pdf document containing an electronic copy of a Party's signature that is transmitted via email, shall have the same force and effect as original

5

signatures. This Settlement Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Settlement Agreement.

10. **Construction.** The Parties agree that each has reviewed this Settlement Agreement with its counsel and that each Party fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that: (i) this Settlement Agreement is the product of arms' length, good faith negotiations between the Parties so that each party shall be considered a drafting party; and (ii) in the event that a court may determine or hold any provision of this agreement, or any portion thereof, is ambiguous, then any rule of construction under which ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

11. **Severability.** In the event that any one or more immaterial provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Settlement Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

12. **No Personal Liability for Trustee or Moglia Advisors.** The Parties agree and acknowledge that the Trustee has negotiated and is entering into this Agreement in his official capacity as the Trustee of the Debtors' bankruptcy Estates and not in his personal capacity as an individual or an officer or employee of Moglia Advisors. As such, the Parties expressly agree and acknowledge that neither Moglia, personally, nor Moglia Advisors have any obligations under or

related to this Agreement and that this Agreement does not create any liabilities whatsoever against Moglia, personally or individually, or Moglia Advisors.

**IN WITNESS WHEREOF**, the Parties hereto, each by persons duly authorized, have caused this Settlement Agreement to be executed as of the day and year first written above.

**ST. BITTS, LLC D/B/A BITCOIN.COM**

By: _____

Printed Name: Joseph Collement

Its: General Counel

**TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY ESTATE OF BCAUSE MINING LLC AND BCAUSE LLC**

By: _____

Printed Name: Alex Moglia

Its: Trustee

7