# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 7 <br> ) <br> ) Case No. 19-10562 <br> ) (Jointly Administered) <br> ) <br> ) Hon. Janet S. Baer <br> ) |
| BCause Mining LLC, *et al.* |  |
| Debtors. |  |

## NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH ST. BITTS, LLC D/B/A BITCOIN.COM
## PURSUANT TO RULE 9019

PLEASE TAKE NOTICE that on July 12, 2023, Alex Moglia (the "Trustee"), the Trustee of the substantively consolidated Chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC ("BC Holding"), filed a motion (the "Settlement Motion") with the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Court") seeking, among other things, the entry of an order by the Court approving a certain Settlement Agreement (the "Agreement") between the Trustee and St. Bitts, LLC d/b/a Bitcoin.com ("St. Bitts" and, collectively with the Trustee, the "Parties"), authorizing the Trustee and enter into and to perform his obligations under the Agreement, including allowing the "St. Bitts Allowed Ch. 11 Administrative Claim" (as defined in the Agreement and generally described below), and granting related relief.

Subject to Court approval, the Agreement will settle and finally resolve all disputes related to the proof of claim filed by St. Bitts that appears as Claim No. 27-1 on the Claims Register for BC Mining ("Claim 27"), in which St. Bitts generally asserts a claim for chapter 11 administrative expenses totaling $370,598.50 based on the alleged prepayment of fees for services that St. Bitts did not receive after the Debtors ceased operating their businesses upon the conversion of these cases to chapter 7 cases (the "Asserted Ch. 11 Claim").[1]

Subject to the Court's approval of the Agreement, the principal terms of the Agreement generally provide as follows[2]:

---

[1] The descriptions of the Adversary Proceeding, Claim 27 and the Asserted Ch. 11 Claim provided in this Notice is a summary only and is not intended to be exhaustive. For a full and complete description of the claims asserted in Claim 27, you should review Claim 27. Subject to the terms of the Agreement, including the requirement of Court approval, the Trustee does not intend nor should any statement in this Notice be construed as a waiver, release, admission or limitation with respect to any of the rights, issues, arguments, allegations, claims, defenses and objections involved in or related to Claim 27 or the Asserted Ch. 11 Claim, whether asserted by St. Bitts or the Trustee, or which the Trustee has or may have against St. Bitts.

[2] The description in this Notice of the Agreement and its terms is a summary only and is not intended to be exhaustive. The actual terms of the Agreement as executed and approved by the Court shall control in the event of any discrepancy between those terms and the descriptions provided for in this Notice.

EXHIBIT 2

- St. Bitts will receive the "St. Bitts Allowed Ch. 11 Administrative Claim" (as defined in the Agreement) in the amount of $120,000.00 and that will be entitled to the priority of an Administrative Expense Claim that arose after the Petition Dates and before the Conversion Date in the amount of $120,000.00 and that: (i) is subordinate to Administrative Expense Claims that arose after the Conversion Date ("Chapter 7 Administrative Claims"); and (ii) shall be payable on par with allowed Administrative Expense Claims that arose during or relate to the period from the Petition Dates through the Conversion Date ("Chapter 11 Administrative Claims");
- Further, in the event that there are not sufficient resources in the Estate to pay all allowed Chapter 11 Administrative Claims after paying all allowed Chapter 7 Administrative Claims, then the Allowed St. Bitts Ch. 11 Administrative Claim shall be paid *pro rata* with other allowed Chapter 11 Administrative Claims;
- The term "Administrative Expense Claim" means a claim under Sections 503(b) and 326 through 333 of the Bankruptcy Code, expressly including, without limitation, claims of the Trustee and professionals representing or providing services to the Trustee, the Debtors, or the Official Committee of Unsecured Creditors of the Debtors for compensation for services provided or the reimbursement of expenses arising after the Petition Dates, that entitles the holder of such claim that is an allowed claim to priority distribution under Sections 507(a)(2) and 348(d) but subject to Section 726 of the Bankruptcy Code, including, without limitation, the limitations on priority provided for in Section 726(b); and
- The Allowed St. Bitts Ch. 11 Administrative Claim shall be the sole claim of St. Bitts that would be allowed against the Debtors' consolidated estate.

PLEASE TAKE FURTHER NOTICE that a hearing on the Settlement Motion has been scheduled to take place on **August 2, 2023, at 10:00 A.M.** (the "Settlement Hearing") before the Honorable Janet S. Baer, United States Bankruptcy Judge (or any judge who may be sitting in her stead).

The Settlement Motion will be presented **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically using Zoom for Government as described below.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to the link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

EXHIBIT 2

**Meeting ID and passcode**. The meeting ID for this hearing is 160 731 2971 and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

PLEASE TAKE FURTHER NOTICE THAT a copy of the Settlement Motion and the Agreement is available, with a password through the Court's PACER system at www.ilnb.uscourts.gov, and the Trustee will make a copy of the Settlement Motion and the Agreement available to any party that submits a request to the Trustee's counsel, Michael M. Schmahl, at Mason Pollick & Schmahl, LLC, 70 W. Hubbard Street, Suite 304, Chicago, Illinois 60654, mschmahl@mps-law.com (e-mail), (312) 312-5531 (telephone).

Dated: July 12, 2023

Alex Moglia, Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estate of BCause Mining LLC and BCause LLC

By: /s/ Michael M. Schmahl
        Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL, LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

EXHIBIT 2