IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) <br> ) **Chapter 7** <br> ) <br> ) **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) **(Jointly Administered)** <br> ) |
| Debtors. | ) **Hon. Janet S. Baer** <br> ) |

**NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE AND
SETTLEMENT WITH DAWN CHAPMAN
<u>PURSUANT TO RULE 9019</u>**

PLEASE TAKE NOTICE that on January 5, 2024, Alex D. Moglia (the "Trustee"), the Trustee of the substantively consolidated Chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC ("BC Holding"), filed a motion (the "Settlement Motion") with the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Court") seeking, among other things, the entry of an order by the Court approving a certain Settlement Agreement (the "Agreement") between the Trustee and Dawn Chapman ("Chapman" and, collectively with the Trustee, the "Parties"), authorizing the Trustee and enter into and to perform his obligations under the Agreement and granting related relief.

Subject to Court approval, the Agreement will settle and finally resolve all disputes related to the proofs of claim filed by Chapman that appear as Claim No. 24-1 and Claim 25-1 on the Claims Register for BC Mining and the proof of claim filed by Chapman that appears as Claim No. 28-1 ("Claim 28") on the Claims Register for BC Holding. Chapman has informed the Trustee that: (i) through Claim 24, Chapman intends to assert a claim for an administrative expense for purportedly unpaid wages in the amount of $3,415.68 incurred after the filing of the Debtors' bankruptcy cases and before the date their cases were converted to chapter 7 cases; and (ii) through Claim 25, Chapman intends to assert a claim for an administrative expense for purportedly unpaid wages in the amount of $4,554.24 purportedly incurred after the Debtors' bankruptcy cases were converted to chapter 7 cases. Additionally, Claim 28 asserts both (i) a claim for $8,250.32 for purported unpaid prebankruptcy wages purportedly entitled to priority distribution under Section 507(a)(4); and (ii) a general unsecured claim for $1,903.62 for purported unpaid prebankruptcy wages.[1]

---

[1] The descriptions of the Claim 24, Claim 25 and Claim 28 provided in this Notice is a summary only and is not intended to be exhaustive. For a full and complete description of the claims asserted in Claim 24, Claim 25, and Claim 28, you should review the actual proofs of claim filed by Chapman. Subject to the terms of the Agreement, including the requirement of Court approval, the Trustee does not intend nor should any statement in this Notice be construed as a waiver, release, admission or limitation with respect to any of the rights, issues, arguments, allegations, claims, defenses and objections involved in or related to Claim 24, Claim 25 and/or Claim 28, whether asserted by Chapman or the Trustee, or which the Trustee has or may have against Chapman.

EXHIBIT 2

Subject to the Court's approval of the Agreement, the principal terms of the Agreement generally provide as follows[2]:

- Claim 24 will be deemed modified and allowed as the "Allowed Ch. 11 Admin. Expense" (as defined in the Agreement) in the amount of $3,415.68 that will be entitled to the priority of an authorized administrative expense incurred after the Petition Dates and before the Conversion Date under Section 503 of the Bankruptcy Code and that will be paid, subject to the provisions of the Bankruptcy Code, including the distribution priorities provided in Sections 507 and 726, and subject to any withholding and income, employment and other tax requirements, at the time when final distributions from the Debtors' consolidated estate are made;
- Claim 28 will be allowed;
- All other claims, including Claim 25 and any claim other than the Allowed Ch. 11 Admin. Expense that may be asserted in Claim 24, and any other claims that have been or may yet be asserted or filed by Chapman are disallowed;

PLEASE TAKE FURTHER NOTICE that a hearing on the Settlement Motion has been scheduled to take place on **January 30, 2024, at 10:00 A.M.** (the "Settlement Hearing") before the Honorable Janet S. Baer, United States Bankruptcy Judge (or any judge who may be sitting in her stead).

The Settlement Motion will be presented **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically using Zoom for Government as described below.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to the link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and passcode**.  The meeting ID for this hearing is 160 731 2971 and the passcode is 587656.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

---

[2] The description in this Notice of the Agreement and its terms is a summary only and is not intended to be exhaustive.  The actual terms of the Agreement as executed and approved by the Court shall control in the event of any discrepancy between those terms and the descriptions provided for in this Notice.

EXHIBIT 2

PLEASE TAKE FURTHER NOTICE THAT a copy of the Settlement Motion and the Agreement is available, with a password through the Court's PACER system at www.ilnb.uscourts.gov, and the Trustee will make a copy of the Settlement Motion and the Agreement available to any party that submits a request to the Trustee's counsel, Michael M. Schmahl, at Mason Pollick & Schmahl, LLC, 70 W. Hubbard Street, Suite 304, Chicago, Illinois 60654, mschmahl@mps-law.com (e-mail), (312) 312-5531 (telephone).

Dated:  January 5, 2024

Alex Moglia, Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estate of BCause Mining LLC and BCause LLC

By: /s/ Michael M. Schmahl
          Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL, LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

EXHIBIT 2