# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BCause Mining LLC**, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| **Debtors.** | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on **Wednesday, January 30, 2024**, at the hour of **10:00 a.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH ERICA SANFORD PURSUANT TO RULE 9019** (the "Motion"), a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to the link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 160 731 2971 and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

1

Dated: January 5, 2024

Alex Moglia, Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estate of BCause Mining LLC and BCause LLC

By: /s/ Michael M. Schmahl
     Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC # 6275860
*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

The undersigned states under penalty of perjury that on January 5, 2024, he caused the above Notice of Motion and the Application to be served on the individuals listed on the below service list via the court's ECF system for those who are registered.

By: /s/Michael M. Schmahl
     Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

3

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) ) **Chapter 7** ) ) **Case No. 19-10562** |
| **BCause Mining LLC,** *et al.* | ) **(Jointly Administered)** ) |
| Debtors. | ) **Hon. Janet S. Baer** ) |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
WITH ERICA SANFORD PURSUANT TO RULE 9019**

Alex D. Moglia (the "Trustee"), not individually, but solely as trustee of the substantively consolidated chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests pursuant to Rules 9019 and 2002(a) of the Federal Rules of Bankruptcy Procedure that the Court enter an order approving a Settlement Agreement (the "Agreement") substantially in the form of that attached hereto as Exhibit 1[2], between the Trustee and Erica Sanford ("Sanford"), that would settle and finally resolve all disputes related to the various proofs of claim filed by Sanford that appear Proofs of Claim No. 34-1 ("Claim 34") and No. 42-1 ("Claim 42") on the Claims Register for BC Holding and as Proof of Claim No. 26-1 ("Claim 26") and No. 31-1 ("Claim 31", and, collectively with Claim 34, Claim 42, and Claim 31, the "Claims") on the Claims Register for BC Mining, authorizing the Trustee to enter into and to perform his obligations under the Agreement, and granting related relief. In support of this motion (the "Motion"), the Trustee

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731. Although the Debtors' estates have been substantively consolidated, proofs of claim have been filed against each of the Debtors in the Claims Registers for each of their respective cases.

[2] The Trustee is currently in the process of collecting signatures to the attached version. Sanford previously signed a prior version that contained a misspelled version of the word "duly". Either version will be signed by both parties.

5

respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

**Background**

4. On or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about April 12, 2019 (the "BC Holding Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8. On or about October 11, 2019, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

9. On or about July 13, 2022 (the "Consolidation Date"), the Court entered an order (the "Consolidation Order") [**Docket No. 518**] substantively consolidating the Debtors' bankruptcy estates.

**Sanford's Relationship with the Debtors and the Claims**

10. The Debtors principally operated a specialized datacenter in Virginia Beach,

6

Virginia, that hosted specialized computers used to "mine" cryptocurrency. Among other things, the Debtors also worked to build and develop various other business models that never became operational, including, without limitation, what was intended to be an online, consumer-facing cryptocurrency exchange where consumers could exchange various cryptocurrency for actual currency (the "Exchange"). The Exchange was never completed and never became operational and open for business.

11. The Trustee understands that, prior to the Conversion Date, the Exchange was featured in the chapter 11 plan proposed by the Debtors and was intended to be launched and operated by BCause Secure LLC, a non-debtor wholly owned subsidiary of BC Holding that never became operational.

12. Sanford timely filed the Claims in two pairs of identical claims asserted against each of the Debtors. Specifically, Sanford filed:

(a) Claim 34 and Claim 26: In Claim 34 and Claim 26, Sanford asserts identical wage claims in the amount of $5,000.00. Each of Claim 34 and Claim 26 allege that the claim is entitled to priority distribution under Section 507(a)(4) but fails to identify any time period during which the alleged unpaid wages accrued; and

(b) Claim 31 and Claim 42: In Claim 31 and Claim 42, Sanford asserts identical wage claims in the amount of $5,384.00. Each of Claim 31 and Claim 42 both allege that the claim is entitled to priority distribution under Section 507(a)(4) (which applies to certain pre-bankruptcy wages) and is for unpaid wages related to services provided during the post-petition period from "9/28/19 – 10/21/19." This specified period, September 28, 2019, through October 21,

2019, arose after the Petition Date. Additionally, the Conversion Date, October 8, 2019, occurred during the specified period alleged in each of Claim 31 and Claim 42.

13. During discussions with Sanford, the Trustee understands that Sanford filed both pairs of Claims intending to assert a single claim for alleged unpaid wages purportedly owed for the period from September 28, 2019, through October 21, 2019. Sanford has also told the Trustee that she was directed to continue to work on the Exchange after the Conversion Date of October 8, 2019, when the Debtors ceased all operations.

14. The Trustee objects to all of the Claims on numerous bases and expressly denies that Sanford is entitled to any claims or wages for any time starting on or after the Conversion Date.

15. Following good faith, arms' length negotiations, the Trustee and Sanford have reached an agreement to settle all of their disputes related to the Claims pursuant to the terms of the Agreement.

16. The principle terms of the Agreement[3] are as follows:

(a) The Agreement is subject to the Court's approval and is void if the court does not enter an order approving the settlement and such order does not become a "Final Order" (as that term is defined in the Agreement) that is no longer subject to appeal or review;

(b) Claim 42 shall be deemed to be modified and otherwise amended (the "Modified Claim 42") to only assert, and the Trustee will request that the

---

[3] The description of the Agreement provided in this Motion is a summary only and is not intended to be exhaustive. The actual terms of the Agreement shall control in the event of any discrepancy between those terms and the description of terms provided in this Motion.

8

Court enter an order, which order may be the Settlement Approval Order, allowing and authorizing payment of, a request for allowance and payment of an administrative expense under Section 503 of the Bankruptcy Code in the amount of $1,773.85 incurred by the Debtors during the period from September 28, 2019, through October 7, 2019 (the "Ch. 11 Administrative Claim") and otherwise allowing Modified Claim 42;

(c) Any payment or distribution on account of Modified Claim 42, including the Ch. 11 Administrative Claim, shall be: (i) made at the time final distributions are made from the Debtors' consolidate bankruptcy estate after approval of the Trustee's Final Report; (ii) subject to the provisions of the Bankruptcy Code, including, without limitation, the distribution priorities established under Sections 507 and 726 of the Bankruptcy Code; and (iii) subject to any employments taxes and any withholding or other similar obligations that may apply or be imposed under applicable law, including, without limitation, any applicable tax or employment law. Sanford understands and agrees that: (x) any payment or distribution to Sanford will be made at the time final distributions on account of proofs of claim are made in the Cases; (y) Modified Claim 42 has a lower priority than claims and expenses authorized, allowed or approved under Section 503 of Bankruptcy Code that are or were incurred or otherwise relate to the period starting on and after the Conversion Date; and (z) provided that there are sufficient funds in the Debtors' consolidated bankruptcy estate, any payment or distribution on account of Modified Claim 42, including the Ch. 11 Administrative Claim, may be made,

9

in part, to Sanford and, in part, to one or more state, federal and/or other governmental tax agencies, entities or bodies as may be required by applicable law. The Modified Claim 42 shall only assert and shall only be allowed as a single claim for the Ch. 11 Administrative Claim in the amount of $1,773.85 incurred by the Debtors after the Petition Dates and before the Conversion Date, and Sanford expressly waives, withdraws and waives any right to seek any payment or distribution on account of any other claims of any priority that may have been asserted in Claim 42 are originally filed;

(d) Each of Claim 26, Claim 31, and Claim 34 will be disallowed; and

(e) Sanford shall not file or assert any other claims and shall not receive any distribution or payment from the Debtors' consolidated estate other than on account of the Modified Claim 42.

17. Subject to the Court's approval, the Agreement effectively results in Sanford only receiving and being entitled to a distribution, subject to the provisions and priorities of the Bankruptcy Code, on account of a single allowed claim for an allowed administrative expense incurred after the Petition Date and prior to the Conversion Date under Section 503 of the Bankruptcy Code.

## **Relief Requested**

18. The Trustee requests that the Court approve the Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

19. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Trustee now seeks the entry of an order of the Court approving the Agreement, authorizing the Trustee to enter into the Agreement, and authorizing the Trustee to perform the Trustee's obligations under

the Agreement and allowing the payment of the Modified Claim 42 as an administrative expense incurred after the Petition Date and Prior to the Conversion Date under Section 503 in the amount of $1,773.85 provided that any such payment shall be subject to the provisions of the Bankruptcy Code, including, without limitation, the distribution priorities under Section 507 and 726, and any applicable withholdings for income, employment and other taxes, and provided that any such payment shall not be made until final distributions are made on account of all allowed claims in the Debtors' cases.

20. In considering the Motion under Federal Rule of Bankruptcy Procedure 9019, the Court should "determine whether the proposed compromise is fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994), *citing*, *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968), and *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). Factors relevant to the Court's determination include the nature and amount of the claims, the probability of success in litigation, the complexity and anticipated duration of the litigation, and the interests of creditors. *See Depoister*, 36 F.3d at 587; *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (S.D.N.Y. 1984) (listing, among other factors, "the paramount interest of creditors").

21. The Court is not called upon to substitute its judgment for the judgment of the Trustee, and the scope of the Court's inquiry does not require it to decide the issues of law or fact raised. *See, e.g., In re Carla Leather, Inc.*, 44 B.R. at 465. Instead, the Court is required only "to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Id.*, *quoting*, *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The Court's decision to approve a settlement will not be overturned on appeal unless it constitutes an

abuse of discretion.  *See Depoister*, 36 F.3d at 586.

22. After carefully considering the costs and risks of litigation, including the factual and legal issues that would result from litigation of the various disputes, the Trustee believes that the Agreement is fair and reasonable and in the best interests of the Debtors' estate and creditors.

23. Based on his analysis of all of these and other factors, the Trustee has concluded that the result of the Agreement is within the range of potential outcomes and allows these estates to avoid related expenses.

24. The Agreement is in the best interests of these bankruptcy estates and satisfies the applicable standards under Rule 9019.  Therefore, the Trustee requests that the Court grant the Motion, approve the Agreement, grant the Trustee authority to enter into the Agreement and to perform all obligations of the Trustee under the Agreement.

## Request to Approve Notice

25. The Trustee has provided a copy of this Motion and the related Notice of Motion to the U.S. Trustee and all of the parties who have entered an appearance in these jointly administered bankruptcy cases at least 21 days in advance of presentment as required by Rule 2002(a)(3).

26. Additionally, the Trustee has sent or will send a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 2 to each of the Debtors' creditors who has filed a proof of claim by first class mail, postage pre-paid at least 21 days in advance of presentment as required by Rule 2002(a)(3) and will make a copy of the full Motion, along with the Agreement, available to any creditor who contacts the Trustee's counsel and requests a copy of the Motion.

27. The Trustee submits that the Creditor Notice satisfies the required notice to

12

creditors under Rule 9019(a) and further requests that the Court approve the form of the Creditor Notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(i) Approving the Agreement;

(ii) Finding that the compromise reflected in the Agreement was negotiated and entered into in good faith and is in the best interests of the Debtors' estates;

(iii) Authorizing the Trustee to execute and deliver the Agreement and to take any such further actions to implement the Agreement in accordance with its terms;

(iv) Deeming Claim 42 to be modified to solely assert the Modified Claim 42 provided for in the Agreement;

(v) Allowing Modified Claim 42 (as provided in the Agreement) as authorizing payment of $1,773.85 as an administrative expense incurred after the Petition Date and prior to the Conversion Date, subject to the provisions of the Bankruptcy Code, including, without limitation, Sections 507 and 726, and any withholdings and income, employment or other taxes requirements under applicable law, provided that any such payment or pro-rata payment shall be made when final distributions are made in the Debtors' bankruptcy cases;

(vi) Disallowing Claim 42 to the extent that it asserts any claims other than the Modified Claim 42, and disallowing Claim 26, Claim 31, Claim 34 and any other claims that Sanford has filed or asserted or that Sanford may yet file or assert against the Debtors' bankruptcy cases;

(vii) Authorizing and approving notice as described in the Motion and approving the form of the Creditor Notice; and

(viii)     granting such other and further relief as this Court deems just or appropriate.

Dated: January 5, 2024

/s/Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*