**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| **BCause Mining LLC, *et al.*,** ) | |
| ) | **Chapter 7** |
| **Debtors.** ) | |
| ) | **Case No. 19-10562** |
| Address: ) | |
| ) | **Hon. Janet S. Baer** |
| Last four digits of Social Security of Individual ) | |
| Tax-payer Identification No(s), if any: N/A ) | **SUBSTANTIVELY** |
| ) | **CONSOLIDATED** |
| Employer's Tax Identification (EIN) No(s), if ) | |
| any: BCause LLC-8579; BCause Mining LLC- ) | |
| 0783 ) | |

### NOTICE OF OBJECTION TO PROOFS OF CLAIM NOS. 16-2 AND 17-1 ON CLAIMS REGISTER OF BCAUSE LLC AND CLAIM NO. 32-1 ON CLAIMS REGISTER OF BCAUSE MINING LLC ALL FILED BY FREDERICK J. GREDE

**TO: FREDERICK J. GREDE, 500 N. Lake Shore Drive, unit 3314, Chicago, IL 60611; FREDERICK J. GREDE, 10223 Coconut Road, Unit 3701, Estero, FL 34135**

Alex D. Moglia, not individually but solely as the chapter 7 trustee of the substantively consolidated bankruptcy estate of BCause Mining LLC and BCause LLC, has filed an Objection to your claim in this bankruptcy case (the "Objection"). A copy of the Objection is attached hereto and hereby served on you.

**YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before **March 15, 2024**, you or your lawyer must:

File with the court a notice of objection or written response to the objection, explaining your position at:

**U.S. Bankruptcy Court for the Northern District of Illinois
Eastern Division
219 S. Dearborn
Chicago, IL 60604**

1

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to:

**Michael M. Schmahl**
**Mason Pollick & Schmahl LLC**
**70 W. Hubbard, Suite 304**
**Chicago, IL 60654**
**T-(312) 312-5531**
**mschmahl@mps-law.com**

Attend the hearing on the objection, scheduled to be held on **Tuesday, March 19, 2024**, at **10:00 A.M.**

PLEASE TAKE NOTICE THAT on **March 19, 2024, at 10:00 A.M.**, I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the Objection, a copy of which is attached hereto.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link:  https://www.zoomgov.com/. Then enter the meeting ID and passcode..

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and Passcode**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and passcode can also be found on the judge's page of the court's web site.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.**

If you dispute or disagree with the Objection and want it called on the presentment date above, you must file a written Notice of Objection or response to the Objection no later than **March 15, 2024**, two (2) business days before that date. If a Notice of Objection or written response is timely filed, the Objection will be called on the presentment date. If no Notice of Objection or other written response is timely filed, the court may grant or sustain the Objection in advance without calling it.

Dated: February 16, 2024

Alex D. Moglia, Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estate of BCause Mining LLC and BCause LLC

By: /s/ Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

Michael M. Schmahl

## CERTIFICATE OF SERVICE

I, Michael M. Schmahl, do hereby certify that, on this 16th day of February, 2024, I caused the above described **Notice of Objection** and the **Objection** to be served through the Court's electronic filing system on all persons who have consented to such service as listed below and via regular first-class mail and email on those individuals and entities listed below.

/s/   Michael M. Schmahl

## SERVICE LIST

Patrick S. Layng
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
*United States Trustee*
*Via ECF*

FREDERICK J. GREDE
500 N. Lake Shore Drive, Unit 3314
Chicago, IL 60611
*Notice Address on Proof of Claim*
*Regular, First Class Mail, Postage Pre-Paid*

FREDERICK J. GREDE
10223 Coconut Road, Unit 3701
Estero, FL 34135
*Notice Address on Proof of Claim*
*Regular, First Class Mail, Postage Pre-Paid*

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 )  ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) ) SUBSTANTIVELY |
| Debtors. | ) CONSOLIDATED ) ) Hon. Janet S. Baer |

**TRUSTEE'S OBJECTION TO PROOFS OF CLAIM NOS. 16-2 AND 17-1 ON CLAIMS REGISTER OF BCAUSE LLC AND CLAIM NO. 32-1 ON CLAIMS REGISTER OF BCAUSE MINING LLC ALL FILED BY FREDERICK J. GREDE**

Alex D. Moglia ("Trustee") not individually, but solely as trustee of the substantively consolidated chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC ("BC" and, collectively with BC Mining, the "Debtors") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through his undersigned counsel, objects to the proofs of claim filed by Frederick J. Grede ("Grede"), which appear as claim numbers 16-2 ("Proof of Claim 16") and 17-1 ("proof of Claim 17") on the BC claims register, copies of which is attached hereto as Exhibit 1 and Exhibit 2, respectively, and as claim number 32-1 ("Proof of Claim 32" and, collectively with Proof of Claim 16, Proof of Claim 17, the "Proofs of Claim") on the BC Mining claims register, a copy of which is attached hereto as Exhibit 3, and in support thereof, respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).

2. This Objection is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), (J) and

1

(O).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. This Objection is brought under 11 U.S.C. §§ 327 and Rules 2014 and 3007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On or about April 12, 2019, BC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

8. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

9. On or about October 11, 2019, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

10. On or about July 13, 2022, the Court entered an order [**Docket No. 518**] substantively consolidating the Debtors' bankruptcy estates into a single, consolidated estate.

## PROOFS OF CLAIM AND TRUSTEE'S OBJECTIONS

11. Prior to and on the Petition Date, Mr. Grede was the CEO of the Debtors.

12. On or about April 5, 2021, Grede timely filed Proof of Claim 16, which amended a prior version of this proof of claim filed on July 1, 2019.

13. Proof of Claim 16 asserts claims totaling $546,132.00 comprised of a priority claim

for $13,650.00 under Section 507(a)(4) and an unsecured pre-petition claim for $532,482.00. These claims are purportedly for "Unpaid compensation, unpaid business expenses, unpaid loans," however, there is no documentation attached to Proof of Claim 16 and there is no information provided to establish the time frames, facts or circumstances establishing, supporting or otherwise relating to any of the claims or portions asserted in the proof of claim.

14. On or about April 5, 2021, Grede timely filed Proof of Claim 32.

15. Proof of Claim 32 is identical to Proof of Claim 16 and asserts claims totaling $546,132.00 comprised of a priority claim for $13,650.00 under Section 507(a)(4) and an unsecured pre-petition claim for $532,482.00. These claims are purportedly for "Unpaid compensation, unpaid business expenses, unpaid loans," however, there is no documentation attached to Proof of Claim 32 and there is no information provided to establish the time frames, facts or circumstances establishing, supporting or otherwise relating to any of the claims or portions asserted in the proof of claim.

16. On or about July 8, 2019, Grede timely filed Proof of Claim 17.

17. Proof of Claim 17 asserts claims totaling $546,132.00 comprised of a priority claim for $12,475.00 under Section 507(a)(4) and an unsecured pre-petition claim for $533,657.00. These claims are purportedly for "Unpaid compensation, unpaid business expenses, unpaid loans." Attached to Proof of Claim 17 are: (i) a copy of the letter agreement dated June 2, 2017, confirming the terms of Mr. Grede's employment as CEO of the Debtors; and (ii) copies of emails exchanged between Mr. Grede and Mike Adolphi, the former Chairman of the Debtors' Board of Managers in which they appear to agree that the Debtors owed Mr. Grede: (a) unpaid or deferred compensation in the amount of $433,333 for services provided during the period of April 20, 2017 through May 15, 2018; and (b) unreimbursed expenses of $54,843; and (c) various other amount

3

for loans or contributions of some sort as well as equity compensation. .

**Objection to Proofs of Claim**

18. Although Proof of Claim 17 is not identical to Proof of Claim 16 and Proof of Claim 32 (which are identical), it appears to have been submitted using an older version of the official proof of claim form during a year in which Section 507(a)(4) priority claims were limited to a slightly lower amount ($12,475 as opposed to $13,650 as stated in the versions used to prepare Proof of Claim 16 and Proof of Claim 32).

19. In substance and including the gross amounts of claims asserted, all of the Proofs of Claim are based on the same alleged facts, assert the same claims and are otherwise duplicative.

20. Section 507(a)(4) provides a limited priority for wages earned but not paid "within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first."

21. On the Petition Dates, the Debtors obtained relief under Chapter 11 of the Bankruptcy Code and continued to operate as debtors and debtors-in-possession until their cases were converted to cases under Chapter 7 of the Bankruptcy Code on the Conversion Date. Therefore, any priority claim that Grede may have under Section 507(a)(4) would have to be based on wages earned within 180 days prior to the Petition Dates.

22. Neither Proof of Claim 16 nor Proof of Claim 32 identify any time periods during which Grede purportedly was not paid his full wages or salary and there are no documents attached to either of these proofs of claim. Therefore, Grede has failed to establish any basis to support his asserted priority claims and has failed to establish a *prima facie* basis for his asserted priority claims in these proofs of claim.

23. The attachments in Proof of Claim 17 reflect unpaid compensation that was earned

4

during the period from April 20, 2017, to May 15, 2018. This period is long before and well outside the 180-day period prior to the Petition Dates (April 11 and 12, 2019) during which any unpaid wages had to be earned to be eligible for any priority under Section 507(a)(4). Therefore, the documents attached to Proof of Claim 17 reflect that Grede is not entitled to the asserted priority claim.

24. The Trustee, therefore, objects to the Proofs of Claim as duplicative of each other and further objects to any priority claims asserted in any of the Proofs of Claim.

25. The Trustee requests that Proof of Claim 16 be allowed as a general, unsecured claim not entitled to any priority and that Proof of Claim 17 and Proof of Claim 32 be disallowed entirely.

26. The Trustee reserves all of his rights to object to the Proofs of Claim on any other basis not asserted in this Objection.

WHEREFORE, the Trustee requests that the Court enter an order sustaining the Trustee's Objection and disallowing Proof of Claim 17 and Proof of Claim 32 in their entirety, disallowing any priority claim that may be asserted in Proof of Claim 16, allowing Proof of Claim 16 as a general unsecured claim not entitled to any priority, preserving the Trustee's right to further object to the Proofs of Claim on any other basis, and granting such other or further relief as the Court

may determine to be just or appropriate.

Dated: February 16, 2024         /s/ Michael M. Schmahl
                                 Michael M. Schmahl
                                 Mason Pollick & Schmahl LLC
                                 70 W. Hubbard, Suite 304
                                 Chicago, IL 60654
                                 (312) 312-5531
                                 mschmahl@mps-law.com
                                 ARDC #6275860
                                 *Counsel for the Trustee*