**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **BCause Mining LLC,** *et al.*, ) | |
| ) | **Chapter 7** |
| **Debtors.** ) | |
| ) | **Case No. 19-10562** |
| Address: ) | |
| ) | **Hon. Janet S. Baer** |
| Last four digits of Social Security of Individual ) | |
| Tax-payer Identification No(s), if any: N/A ) | **SUBSTANTIVELY** |
| ) | **CONSOLIDATED** |
| Employer's Tax Identification (EIN) No(s), if ) | |
| any: BCause LLC-8579; BCause Mining LLC- ) | |
| 0783 ) | |

**NOTICE OF OBJECTION TO PROOF OF CLAIM NO.37-1 ON CLAIMS REGISTER
OF BCAUSE MINING LLC FILED BY SCOTT EARLY**

**TO:** **Scott Early, 1802 N. Lincoln Park West, Chicago, IL 60614**

Alex D. Moglia, not individually but solely as the chapter 7 trustee of the substantively consolidated bankruptcy estate of BCause Mining LLC and BCause LLC, has filed an Objection to your claim in this bankruptcy case (the "Objection"). A copy of the Objection is attached hereto and hereby served on you.

**YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before **March 15, 2024**, you or your lawyer must:

File with the court a notice of objection or written response to the objection, explaining your position at:

**U.S. Bankruptcy Court for the Northern District of Illinois
Eastern Division
219 S. Dearborn
Chicago, IL 60604**

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

1

You must also send a copy to:

**Michael M. Schmahl**
**Mason Pollick & Schmahl LLC**
**70 W. Hubbard, Suite 304**
**Chicago, IL 60654**
**T-(312) 312-5531**
**mschmahl@mps-law.com**

Attend the hearing on the objection, scheduled to be held on **Tuesday, March 19, 2024**, at **10:00 A.M.**

PLEASE TAKE NOTICE THAT on **March 19, 2024, at 10:00 A.M.**, I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the Objection, a copy of which is attached hereto.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode..

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and Passcode**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and passcode can also be found on the judge's page of the court's web site.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.**

If you dispute or disagree with the Objection and want it called on the presentment date above, you must file a written Notice of Objection or response to the Objection no later than **March 15, 2024**, two (2) business days before that date. If a Notice of Objection or written response is timely filed, the Objection will be called on the presentment date. If no Notice of Objection or other written response is timely filed, the court may grant or sustain the Objection in advance without calling it.

2

| | |
|---|---|
| Dated: February 16, 2024 | Alex D. Moglia, Chapter 7 Trustee of the Substantively Consolidated Bankruptcy Estate of BCause Mining LLC and BCause LLC |
| | By: /s/ Michael M. Schmahl |

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC     Michael M. Schmahl
70 W. Hubbard, Suite 304
Chicago, Illinois  60654
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

# CERTIFICATE OF SERVICE

I, Michael M. Schmahl, do hereby certify that, on this 16th day of February, 2024, I caused the above described **Notice of Objection** and the **Objection** to be served through the Court's electronic filing system on all persons who have consented to such service as listed below and via regular first-class mail and email on those individuals and entities listed below.

/s/   Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
*United States Trustee*
*Via ECF*

Scott Early
1802 N. Lincoln Park West
Chicago, IL 60614
*Notice Address on Proof of Claim*
*Regular, First Class Mail, Postage Pre-Paid*

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) ) ) **Chapter 7** ) |
| **BCause Mining LLC,** *et al.* | ) **Case No. 19-10562** ) |
| Debtors. | ) **SUBSTANTIVELY** ) **CONSOLIDATED** ) ) **Hon. Janet S. Baer** |

**TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 37-1 ON CLAIMS REGISTER OF BCAUSE MINING LLC FILED BY SCOTT EARLY**

Alex D. Moglia ("Trustee") not individually, but solely as trustee of the substantively consolidated chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC ("BC" and, collectively with BC Mining, the "Debtors") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through his undersigned counsel, objects to the proof of claim filed by Scott Early ("Early"), which appears as claim number 37-1 on the BC Mining claims register (the "Proof of Claim"), a copy of which is attached hereto as Exhibit 1, and, in support thereof, respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).

2. This Objection is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), (J) and (O).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. This Objection is brought under 11 U.S.C. §§ 327 and Rules 2014 and 3007 of the

1

Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On or about April 11, 2019, BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On or about April 12, 2019, BC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

8. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

9. On or about October 11, 2019, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

10. On or about January 4, 2021, the Court issued two notices [**Docket Nos. 464 and 465**] to creditors and parties in interest setting April 6, 2021 (the "Claims Deadline") as the deadline for creditors and parties in interest to file proofs of claim.

11. On or about July 13, 2022, the Court entered an order [**Docket No. 518**] substantively consolidating the Debtors' bankruptcy estates into a single, consolidated estate.

12. On or about February 1, 2023, the Court entered an order [**Docket No. 528**] (the "Supplemental Bar Date Order") requiring creditors and parties in interest to file proofs of claim for asserting any claims against the Debtors on or before 11:59 PM prevailing Central Time on March 20, 2023 (the "Supplemental Bar Date").

**PROOF OF CLAIM AND TRUSTEE'S OBJECTION**

13. On or about March 16, 2023, Early filed the Proof of Claim, which appears as claim number 37-1 on the Court's Claims Registry for BC Mining. In that Proof of Claim, Early asserts a priority claim under Section 507(a)(4) in the amount of $160,000.00 for "Director Fees for 11 Board of Directors meetings, 1/25/18 → 4/19." There are no documents or any additional information establishing or evidencing Early's claims attached to or included in the Proof of Claim.

14. The Proof of Claim was filed after the original Claims Deadline of April 6, 2021, but before the Supplemental Bar Date of March 20, 2023.

15. In addition to establishing the Supplemental Bar Date of March 20, 2023, the Supplemental Bar Date Order further provided that:

(a) any proofs of claim filed by the Supplemental Bar Date must include "an explanation as to whether the party filing the proof of claim ever received actual notice or became aware of the commencement of the Debtors' bankruptcy cases or the previously established deadline for filing proofs of claim" and "state the date(s) on which such party became aware of the Debtors' bankruptcy cases and the Claims Deadline;"

(b) it did "not extend the time within which any party may file proofs of claim beyond the Claims Deadline and is not a determination that any proofs of claim filed before the Supplemental Bar Date are or will be treated as timely;"

(c) any determination regarding the timeliness of any proof of claim filed by the Supplemental Bar Date and/or any request to extend time to file a proof of claim was expressly reserved for a future ruling pursuant to a separate motion or objection related to any specific proof(s) of claim; and

3

(d) expressly preserved "[a]ll of the Trustee's rights, defenses, and objections, on any basis whatsoever, to any proofs of claim that may be filed on or before the Supplemental Bar Date" and permitted the Trustee to object to any such proof(s) of claim "on any basis, including, without limitation, that such proof of claim was not properly filed."

16. The Proof of Claim does not contain any information regarding when or how Early first learned of the Debtors' bankruptcy cases or the original Claims Deadline. Nor has Early made any request to extend his time to file the Proof of Claim or that the Proof of Claim be deemed timely, either in a separate motion or in the Proof of Claim.

17. The asserted claims in the Proof of Claim are based on purported fees owed to him as one of the managers on the Debtors' Board of Managers.[1] As a manager or director on the Debtors' Board of Managers or Board of Directors, Early knew that: (i) the Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code on the Petition Dates; (ii) the Debtors' cases were converted to cases under Chapter 7 of the Bankruptcy Code on the Conversion Date; (iii) the Debtors' had ceased operating on the Conversion Date; (iv) the Trustee was appointed; and (v) the Court set the Claims Deadline for filing proofs of claim.

18. The Trustee, therefore, objects to the Proof of Claim as not being filed timely.

19. Further, Section 507(a)(4) provides a limited priority for wages earned but not paid "within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first" and sets, for bankruptcy cases filed in April 2019 (including these bankruptcy cases) a cap or limit on the amount of any priority claim under that

---

[1] Since the Debtors are limited liability companies, their respective operating agreements provided for the election of managers rather than directors and the creation of a Board of Managers rather a Board of Directors. The Trustee does not object to Early's use of the terms "director" and "Board of Directors" in the Proof of Claim.

4

section at $13,650.00.

20.     Therefore, the Trustee objects to the asserted amount of the priority claims asserted in the Proof of Claim as exceeding the statutory cap.

21.     On the Petition Dates, the Debtors obtained relief under Chapter 11 of the Bankruptcy Code and continued to operate as debtors and debtors-in-possession until their cases were converted to cases under Chapter 7 of the Bankruptcy Code on the Conversion Date. Therefore, any priority claim that Early may have under Section 507(a)(4) would have to be based on wages earned within 180 days prior to the Petition Dates.

22.     The Debtors' books and records do not reflect any fees owed to Early during the 180-day period prior to the Petition Dates or otherwise.

23.     Therefore, the Trustee objects to any and all claims, including any asserted priority claims under Section 507(a)(4), in the Proof of Claim and seeks to disallow the Proof of Claim.

24.     The Trustee reserves all of his rights to object to the Proof of Claim on any other basis not asserted in this Objection.

WHEREFORE, the Trustee requests that the Court enter an order sustaining the Trustee's Objection and disallowing the Proof of Claim, preserving the Trustee's right to further object to the Proof of Claim on any other basis, and granting such other or further relief as the Court may

5

determine to be just or appropriate.

Dated: February 16, 2024 /s/ Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*

6