## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: BCause Mining LLC, *et al.*, <br><br> Debtors. | Case No.: 19-10562 <br> Chapter 7 |

**Response to the Chapter 7 Trustee's Objection to Proofs of Claim Nos. 16-2 and 17-1 on Claims Register of BCause LLC and Claim No. 32-1 on Claims Register of BCause Mining LLC**

NOW COMES Frederick J. Grede, a Creditor to the Debtors, by his undersigned attorneys, Stephen Harkess and Hanson Law Group LLP, and submits the following response to the Notice of Objection to Proofs of Claim filed by the Chapter 7 Trustee.

1. This is a case in which BC Mining and BC filed voluntary petitions under Chapter 11 of the bankruptcy code which were subsequently consolidated and ultimately converted to a Chapter 7.

2. Fred Grede ("Grede") was the CEO of the Debtors at the time of the filing of the Chapter 11 Petition. At that time, Grede was owed a significant amount of money for compensation, unpaid expenses, and money contributed to the business.

3. Grede left his employment with the Debtors following the filing of the Chapter 11 Petition.

4. Over the course of the two Chapter 11 filings and the conversion to Chapter 7, Grede received multiple notices regarding deadlines to file proofs of claim and did his best to ensure that he timely filed proofs of claim in response.

5. Grede concedes that the proofs of claim filed are duplicative and seek to address the same prepetition debts owed to him by the Debtors. The gross amount owed is $536,132 and

1

the duplicative claims should be consolidated to reflect a single claim in that amount as the Trustee's objection suggests.

6. Grede's claim is entitled to a priority of $13,650.00 under Section 507(a)(4) for wages earned but not paid within 180 days before the date of the filing of the debtor's petition. The facts and, in fact, the documents submitted with Proof of Claim 17 fully support this claim.

7. The Trustee's objection to the priority claim is based on a misunderstanding and misreading of the supporting documents and should be overruled.

8. The Debtors' petitions under Chapter 11 were filed on April 11, 2019 and April 12, 2019.

9. The first attachment to the Proof of Claim filed on July 8, 2019 is the offer letter dated June 2, 2017 which establishes that Fred Grede was hired at a salary of $400,000 per year plus benefits and other compensation. (*See* Doc. 554-2, Exhibit 2 to the Trustee's Objection.)

10. The second attachment to the Proof of Claim is correspondence between Grede and the Debtor's CFO, Michael Adolphi. (*Id.*) As noted by Mr. Adolphi, the payroll tab shows that Grede was paid his salary through March 30, 2018. However, after that date the company stopped making salary payments to Grede.

11. Grede continued to work for the Debtors until well after the Chapter 11 Petition was filed. However, he was not paid a salary after March 2018 as noted in Mr. Adolphi's email. Grede worked for the Debtors and did not receive any salary during the 180 days leading up to the Chapter 11 filing.

12. As Grede was owed a salary of $400,000 per year, his compensation during the 180 days prior to the bankruptcy filing should have amounted to $200,000. The priority claim is limited to $13,650.00 under Section 507(a)(4), but Grede's claim is clearly entitled to priority treatment to this extent. The Trustee's objection in this regard should be overruled.

13. In his original correspondence to Michael Adolphi, Grede mistakenly listed the dates of non-payment of wages as April 2017 to May 2018 and this appears to be the source of the Trustee's confusion. However, Mr. Adolphi's response clarifies that payroll records show that Grede was paid through March 2018 and that the dates of "deferred compensation" would be from April 2018 through May 15, 2019. That makes logical sense as the email exchange took place on May 15, 2019 and that would have been the relevant date for that discussion.

14. The evidence filed with the proof of claim shows that Debtors stopped paying Grede's salary in April 2018. Grede was still employed by the Debtors on May 15, 2019, following the filing of the bankruptcy petitions. There is ample evidence that Grede was owed wages for services performed within the 180 days prior to the bankruptcy filing.

WHEREFORE, Fred Grede requests that the Court consolidate claims 16, 17 and 32 and overrule the Trustee's objection to the priority claim for unpaid wages earned within 180 days of the filing of the Debtors' Petitions. Grede's claim should be allowed a priority of $13,650.00.

Dated: March 15, 2024

Respectfully Submitted:

/s/ Stephen C. Harkess
Stephen C. Harkess, Bar Number 30968
*Attorney for Creditor Fred Grede*

Hanson Law Group LLP
540 W. Northwest Hwy, Suite E101
Barrington, IL 60010
stephenharkess@hansonlawgrp.com;
kaitlynlancaster@hansonlawgrp.com

## CERTIFICATE OF SERVICE

      I, Stephen C. Harkess, do hereby certify that, on this 15th day of March, 2024, I caused the above described **Response to Objection** to be served through the Court's electronic filing system on all persons who have consented to such service as listed below and via regular first-class mail and email on those individuals and entities listed below.

      /s/ Stephen C. Harkess

## SERVICE LIST

Patrick S. Layng
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
*United States Trustee*
*Via ECF*

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
*Counsel for Chapter 7 Trustee*
*Via ECF*