**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BCause Mining LLC**, *et al.* | ) | Case No. 19-10562 |
| | ) | (Jointly Administered) |
| **Debtors.** | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## NOTICE OF MOTION

**TO:** See attached list

PLEASE TAKE NOTICE that on **Tuesday, April 9, 2024**, at the hour of **10:00 a.m.**, I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge or any judge sitting in that judge's place, **either** in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH FREDERICK J. GREDE PURSUANT TO RULE 9019 AND TO SHORTEN NOTICE** (the "Motion"), a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to the link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 160 731 2971 and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: March 22, 2024

Alex Moglia, Chapter 7 Trustee of the
Substantively Consolidated Bankruptcy Estate
of BCause Mining LLC and BCause LLC

By: /s/ Michael M. Schmahl
     Michael M. Schmahl

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
70 W. Hubbard, Suite 304
Chicago, Illinois 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC # 6275860
*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

The undersigned states under penalty of perjury that on March 22, 2024, he caused the above Notice of Motion and the Application to be served on the individuals listed on the below service list via the court's ECF system for those who are registered.

By: /s/Michael M. Schmahl
     Michael M. Schmahl

# SERVICE LIST

Patrick S. Layng
Ha M. Nguyen
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
Ha.nguyen@usdoj.gov
*United States Trustee*

John M Craig
Law Firm of Russell R Johnson III, PLC
14890 Washington Street
Haymarket, VA 20169
russell@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

David A Agay
Maria G Carr
Shara C Cornell
McDonald Hopkins LLC
300 N. LaSalle
Chicago, IL 60654
312-280-0111
dagay@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
scornell@mcdonaldhopkins.com
*Counsel for WESCO Distribution, Inc.*

Shelly A. DeRousse
Devon J Eggert
Elizabeth L Janczak
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
312-360-6315
312-360-6520 (fax)
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com
*Counsel for Creditors' Committee*

J Mark Fisher
Sarah K Angelino
Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5861
mfisher@schiffhardin.com
sangelino@schiffhardin.com
Dennis Lewandowski, via email sent to:
dtlewand@kaufcan.com
*Counsel for Hoffland Properties, Inc.*

Russell R. Johnson, III
John M. Craig
Law Firm of Russell R Johnson III, PLC
2258 Wheatlands Drive
Manakin Sabot, VA 23103
804-749-8861
russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com
*Counsel for Dominion Energy Virginia*

Marc Ira Fenton
Jamie L Burns
Levenfeld Pearlstein LLC
2 N Lasalle St Ste 1300
Chicago, IL 60602
312-346-8380
mfenton@lplegal.com
jburns@lplegal.com

Brian L Shaw
Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street
Suite 1600
Chicago, IL 60654
312-517-9200
312-517-9201 (fax)

*Counsel for W-R2 Jefferson Owner VIII, LLC*

Jennifer M McLemore
Williams Mullen
200 South 10th Street
Richmond, VA 23219
(804)420-6330
jmclemore@williamsmullen.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Debra Devassy Babu
Askounis & Darcy, PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
312-784-2410 (fax)
ddevassy@askounisdarcy.com
*Counsel for CCA Financial, LLC*

Lindsey Conley
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606

bshaw@foxrothschild.com
csanfelippo@foxrothschild.com
*Counsel for BMG Operations Ltd.*

Jason M Torf
Ice Miller LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
312-726-6244
312-726-6214 (fax)
jason.torf@icemiller.com
*Counsel for Dominion Energy Virginia*

Scott R Clar
Arthur G Simon
Jeffrey C Dan
Crane, Simon, Clar & Dan
135 S Lasalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)
sclar@cranesimon.com
asimon@cranesimon.com
jdan@cranesimon.com
*Counsel for the Debtors*

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| | ) |
| | ) Case No. 19-10562 |
| BCause Mining LLC, *et al.* | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hon. Janet S. Baer |
| | ) |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
WITH FREDERICK J. GREDE PURSUANT TO RULE 9019 AND TO SHORTEN
NOTICE**

Alex D. Moglia (the "Trustee"), not individually, but solely as trustee of the substantively consolidated chapter 7 bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC[1] ("BC Holding" and collectively with Mining, the "Debtors"), hereby requests pursuant to Rules 9019 and 2002(a) of the Federal Rules of Bankruptcy Procedure that the Court enter an order approving a Settlement Agreement (the "Agreement") substantially in the form of Exhibit 1 attached hereto[2], between the Trustee and Frederick J. Grede ("Grede"), that would settle and finally resolve all disputes related to the various proofs of claim filed by Grede that appear Proofs of Claim No. 16-2 ("Claim 16") and No. 17-1 ("Claim 17") on the Claims Register for BC Holding and as Proof of Claim No. 32-1 ("Claim 32", and, collectively with Claim 16 and Claim 17, the "Claims") on the Claims Register for BC Mining, authorizing the Trustee to enter into and to perform his obligations under the Agreement, shorten notice, and granting related

---

[1] BCause LLC is the debtor in bankruptcy case number 19-10731. Although the Debtors' estates have been substantively consolidated, proofs of claim have been filed against each of the Debtors in the Claims Registers for each of their respective cases.
[2] The Trustee is currently in the process of collecting signatures to the Agreement.

5

relief. In support of this motion (the "Motion"), the Trustee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.

2. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### Background

4. On or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about April 12, 2019 (the "BC Holding Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC Holding filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On or about May 8, 2019, the Court entered an order [**Docket No. 72**] directing that the Debtors' bankruptcy cases be jointly administered under the above caption.

7. On or about October 8, 2019 (the "Conversion Date"), the Court entered an order [**Docket No. 319**] converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

8. On or about October 11, 2019, Mr. Moglia was appointed as the Trustee [**Docket No. 334**].

9. On or about July 13, 2022 (the "Consolidation Date"), the Court entered an order (the "Consolidation Order") [**Docket No. 518**] substantively consolidating the Debtors' bankruptcy estates.

### The Claims and the Proposed Settlement

10. Grede was previously employed by the Debtors.

11. Grede timely filed the following Claims:

    (a) <u>Claim 16</u>: Claim 16, which amends, supersedes and replaces a prior version of Claim 16, was filed asserting a pre-petition priority claim in the amount of $13,650.00 under Section 504(a)(7) of the Bankruptcy Code and a general unsecured claim in the amount of $532,482.00 not entitled to any priority distribution under the Bankruptcy Code;

    (b) <u>Claim 32</u>: Claim 32 was filed asserting a pre-petition priority claim in the amount of $13,650.00 under Section 504(a)(7) of the Bankruptcy Code and a general unsecured claim in the amount of $532,482.00 not entitled to any priority distribution under the Bankruptcy Code; and

    (c) <u>Claim 17</u>: Claim 17 was filed was filed asserting a pre-petition priority claim in the amount of $12,475.00 under Section 504(a)(7) of the Bankruptcy Code and a general unsecured claim in the amount of $533,657.00 not entitled to any priority distribution under the Bankruptcy Code.

12. The Trustee has objected to the Claims.

13. Following good faith, arms' length negotiations, the Trustee and Grede have reached an agreement to settle all of their disputes related to the Claims pursuant to the terms of the Agreement.

14. The principle terms of the Agreement[3] are as follows:

    (a) The Agreement is subject to the Court's approval and is void if the court does not enter an order approving the settlement and such order does not become a

---

[3] The description of the Agreement provided in this Motion is a summary only and is not intended to be exhaustive. The actual terms of the Agreement shall control in the event of any discrepancy between those terms and the description of terms provided in this Motion.

"Final Order" (as that term is defined in the Agreement) that is no longer subject to appeal or review;

(b) <u>Claim 32 Shall Be Allowed</u>: Claim 32 shall be allowed as follows, Grede shall have an allowed pre-petition priority claim in the amount of $13,650.00 under Section 507(a)(4) of the Bankruptcy Code and an allowed general unsecured claim in the amount of $532,482.00 that shall not be entitled to any priority distribution under any section of the Bankruptcy Code whatsoever (the "Allowed Claim 32"). The Trustee shall request, and Grede shall consent and otherwise not object to or otherwise resist the Trustee's request, that the Court enter an order, which may be the Settlement Approval Order, allowing Allowed Claim 32 as provided in Section 4 of the Agreement.

(c) <u>Claim 16 and Claim 17 Shall Be Disallowed</u>: Claim 16 and Claim 17 shall be disallowed and no distribution or other payment shall be made on account of either Claim 16 or Claim 17. The Trustee shall request, and Grede shall consent and otherwise not object to or otherwise resist the Trustee's request, that the Court enter an order, which may be the Settlement Approval Order, disallowing Claim 16 and Claim 17 in their entirety and Grede shall not receive any distribution or payment on account of Claim 16 or Claim 17; and

(d) <u>Grede Shall Have No Other Claims</u>: Grede agrees that Allowed Claim 32, as provided in Section 4 of the Agreement, contains the only claims that Grede has against the Debtors' consolidated bankruptcy estate that may be allowed by the Court and any and all other claims that Grede may assert shall be disallowed. Grede shall not file or otherwise assert any other claims, proofs

8

of claim, or requests or rights to payment against the Trustee or the Debtors' consolidated bankruptcy estate. Except for the Allowed Claim 32 as provided for in Section 4 of the Agreement, Grede expressly waives and releases any and all causes of action, actions, damages, liabilities, losses, rights to payments, and claims, of any kind or nature whatsoever, that Grede has, may have or may have ever had, whether sounding in tort or contract, known or unknow, fixed or contingent, liquidated or unliquidated, based on common law, statute, regulation, order, or any other applicable law whatsoever, against the Trustee or the Debtors' consolidated bankruptcy estate.

15. Subject to the Court's approval, the Agreement effectively results in Grede only receiving and being entitled to a distribution, subject to the provisions and priorities of the Bankruptcy Code, of the Allowed Claim 32.

**Relief Requested**

16. The Trustee requests that the Court approve the Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

17. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Trustee now seeks the entry of an order of the Court approving the Agreement, authorizing the Trustee to enter into the Agreement, and authorizing the Trustee to perform the Trustee's obligations under the Agreement and allowing the Allowed Claim 32 pursuant to the Agreement and disallowing Claim 16 and Claim 17.

18. In considering the Motion under Federal Rule of Bankruptcy Procedure 9019, the Court should "determine whether the proposed compromise is fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582,

9

586 (7th Cir. 1994), *citing*, *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968), and *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). Factors relevant to the Court's determination include the nature and amount of the claims, the probability of success in litigation, the complexity and anticipated duration of the litigation, and the interests of creditors. *See Depoister*, 36 F.3d at 587; *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (S.D.N.Y. 1984) (listing, among other factors, "the paramount interest of creditors").

19. The Court is not called upon to substitute its judgment for the judgment of the Trustee, and the scope of the Court's inquiry does not require it to decide the issues of law or fact raised. *See, e.g., In re Carla Leather, Inc.*, 44 B.R. at 465. Instead, the Court is required only "to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Id.*, *quoting*, *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The Court's decision to approve a settlement will not be overturned on appeal unless it constitutes an abuse of discretion. *See Depoister*, 36 F.3d at 586.

20. After carefully considering the costs and risks of litigation, including the factual and legal issues that would result from litigation of the various disputes, the Trustee believes that the Agreement is fair and reasonable and in the best interests of the Debtors' estate and creditors.

21. Based on his analysis of all of these and other factors, the Trustee has concluded that the result of the Agreement is within the range of potential outcomes and allows these estates to avoid related expenses.

22. The Agreement is in the best interests of these bankruptcy estates and satisfies the applicable standards under Rule 9019. Therefore, the Trustee requests that the Court grant the Motion, approve the Agreement, grant the Trustee authority to enter into the Agreement and to

perform all obligations of the Trustee under the Agreement.

**Request to Approve and Shorten Notice**

23. The Trustee has provided a copy of this Motion and the related Notice of Motion to the U.S. Trustee and all of the parties who have entered an appearance in these substantively consolidated bankruptcy cases approximately 18 days in advance of the presentment of this Motion.

24. Additionally, the Trustee has sent or will send a copy of the notice (the "Creditor Notice") attached hereto as Exhibit 2 to each of the Debtors' creditors who has filed a proof of claim by first class mail, postage pre-paid approximately 18 days in advance of presentment and will make a copy of the full Motion, along with the Agreement, available to any creditor who contacts the Trustee's counsel and requests a copy of the Motion.

25. The Trustee submits that this limited notice is appropriate and reasonable under the circumstances and requests that the Court shorten notice from the 21 days generally required by Rule 2002(a)(3) to allow this Motion to be heard at a previously scheduled hearing on April 9, 2024.

26. The Trustee further submits that the Creditor Notice satisfies the requirements of notice to creditors under Rule 9019(a) and further requests that the Court approve the form of the Creditor Notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

(i) Approving the Agreement;

(ii) Finding that the compromise reflected in the Agreement was negotiated and entered into in good faith and is in the best interests of the Debtors' estates;

(iii) Authorizing the Trustee to execute and deliver the Agreement and to take any

such further actions to implement the Agreement in accordance with its terms;

(iv) Allowing Claim 32 as the Allowed Claim 32 under the Agreement;

(v) Disallowing Claim 16 and Claim 17;

(vi) Shortening notice of this Motion to approximately 18 days;

(vii) Authorizing and approving notice as described in the Motion and approving the form of the Creditor Notice; and

(viii) granting such other and further relief as this Court deems just or appropriate.

Dated: March 22, 2024

/s/Michael M. Schmahl
Michael M. Schmahl
Mason Pollick & Schmahl LLC
70 W. Hubbard, Suite 304
Chicago, IL 60654
(312) 312-5531
mschmahl@mps-law.com
ARDC #6275860
*Counsel for the Trustee*

12