# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered by and among Frederick J. Grede ("Grede") and Alex D. Moglia ("Moglia" or the "Trustee"), not personally or individually, but solely as the chapter 7 trustee of the substantively consolidated bankruptcy estate of BCause Mining LLC ("BC Mining") and BCause LLC ("BC" and, collectively with BC Mining, the "Debtors"). For ease of reference, Grede and the Trustee may be collectively referred to herein as the "Parties" and each as a "Party".

WHEREAS, on or about April 11, 2019 (the "BC Mining Petition Date"), BC Mining filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and thereby commenced the bankruptcy case captioned *In re BCause Mining LLC,* that is currently pending before the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Court") as Case No. 19-10562 (the "BCM Case"); and

WHEREAS, on or about April 12, 2019 (the "BC Petition Date" and, collectively with the BC Mining Petition Date, the "Petition Dates"), BC filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code and thereby commenced the bankruptcy case captioned *In re BCause LLC*, that is currently pending before the Court as Case No. 19-10731 (the "BC Case", and, collectively with the BCM Case, the "Cases"); and

WHEREAS, the Court entered orders (i) jointly administering the Cases, (ii) converting the Cases to bankruptcy cases under chapter 7 of the Bankruptcy Code, and (iii) substantively consolidating the Debtors' bankruptcy estates into a single bankruptcy estate; and

WHEREAS, Moglia was appointed and serves as the chapter 7 Trustee of the Debtors' consolidated bankruptcy estate; and

WHEREAS, Grede was formerly employed by BC; and

WHERAS, Grede timely filed the following proofs of claim (collectively, the "Grede Claims"):

(a) The proof of claim that appears as claim number 16-2 ("Claim 16") on the Claims Register maintained by the Court in the BC Case, which amends, supersedes and replaces a prior version of Claim 16 that appears as claim number 16-1 on the Claims Register maintained by the Court in the BC Case;

(b) The proof of claim that appears as claim number 17-1 ("Claim 17") on the Claims Register maintained by the Court in the BC Case; and

(c) The proof of claim that appears as claim number 32-1 ("Claim 32") on the Claims Register maintained by the Court in the BCM Case; and

WHEREAS, the Trustee disputes and has filed objections to the Grede Claims (the "Claim Objections") that are pending; and

WHEREAS, the Parties wish to avoid the time, expense and uncertainties of litigation and desire to settle and finally resolve all disputes related to the Grede Claims and the Objections in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and adequacy of which is expressly acknowledged by the Parties, the Parties hereby agree as follows:

1. **Recitals Incorporated**.  The recitals, prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of this Agreement, provided, however, that by such incorporation neither the Trustee nor Grede intends to adopt nor shall be deemed to have adopted the claims, allegations or legal positions asserted, expressed or filed against such Party by the other Party in any matters described above.

2.      **Court Approval Required**.  This Agreement shall not take force and effect unless and until the Court enters an order in the Bankruptcy Case after notice and a hearing, approving this Agreement and authorizing the Trustee to execute and perform his obligations under this Agreement (the "Settlement Approval Order") and the Settlement Approval Order has become a "Final Order."  For purposes of this Agreement, a "Final Order" is an order that is final for purposes of 28 U.S.C. §§158 and 1291, and is no longer subject to appeal or *certiorari* proceedings and no appellate or *certiorari* proceedings are pending.  For the avoidance of doubt, the Settlement Approval Order shall become a Final Order in the event that no party files a notice of appeal related to the Settlement Approval Order within the time permitted under Federal Rule of Bankruptcy Procedure 8002.  Except to the extent another date is specified with respect to the effectiveness of a particular provision of this Agreement, this Agreement shall take effect on the first day after the date the Settlement Approval Order has become a Final Order (the "Effective Date").  In the event that this Agreement is not approved by the Court in the Cases or the Settlement Approval Order does not become a Final Order, nothing herein shall be deemed a representation or admission by any Party as to any allegation or issue, and the Parties shall be returned to the status quo in effect prior to their entry into this Agreement.

3.      **No Admissions of Liability**.  The Parties acknowledge that this Agreement constitutes a resolution of disputed claims and the Parties do not intend, concede or admit any liability to the other, nor concede nor admit the viability of any claim or proof of claim or any objection thereto.

4.      **Claim 32 Shall Be Allowed as a Partial Pre-Petition Priority Claim and a Partial General Unsecured Claim**.  Claim 32 shall be allowed as follows, Grede shall have an allowed pre-petition priority claim in the amount of $13,650.00 under Section 507(a)(4) of the

– 3 –

Bankruptcy Code and an allowed general unsecured claim in the amount of $532,482.00 that shall not be entitled to any priority distribution under any section of the Bankruptcy Code whatsoever (the "Allowed Claim 32"). The Trustee shall request, and Grede shall consent and otherwise not object to or otherwise resist the Trustee's request, that the Court enter an order, which may be the Settlement Approval Order, allowing Allowed Claim 32 as provided in this Section 4 of this Agreement.

5. **Claim 16 and Claim 17 Shall Be Disallowed**. Claim 16 and Claim 17 shall be disallowed and no distribution or other payment shall be made on account of either Claim 16 or Claim 17. The Trustee shall request, and Grede shall consent and otherwise not object to or otherwise resist the Trustee's request, that the Court enter an order, which may be the Settlement Approval Order, disallowing Claim 16 and Claim 17 in their entirety and Grede shall not receive any distribution or payment on account of Claim 16 or Claim 17.

6. **Grede Shall Not File Or Assert Any Other Claims; Release of Claims**. Grede agrees that Allowed Claim 32, as provided in Section 4 of this Agreement, contains the only claims that Grede has against the Debtors' consolidated bankruptcy estate that may be allowed by the Court and any and all other claims that Grede may assert shall be disallowed. Grede shall not file or otherwise assert any other claims, proofs of claim, or requests or rights to payment against the Trustee or the Debtors' consolidated bankruptcy estate. Except for the Allowed Claim 32 as provided for in Section 4 of this Agreement, Grede expressly waives and releases any and all causes of action, actions, damages, liabilities, losses, rights to payments, and claims, of any kind or nature whatsoever, that Grede has, may have or may have ever had, whether sounding in tort or contract, known or unknown, fixed or contingent, liquidated or unliquidated, based on common

– 4 –

law, statute, regulation, order, or any other applicable law whatsoever, against the Trustee or the Debtors' consolidated bankruptcy estate.

7. **Duty to Cooperate; Continuing Obligations**. Notwithstanding any other terms, conditions, or provisions hereof, the Parties shall cooperate in connection with the implementation of this Agreement, including the preparation and execution and, if appropriate, filing with the Court, of such documents and taking such other actions as may be necessary or appropriate to consummate this Agreement.

8. **Governing Law**. The Parties agree that this Agreement shall be construed and governed by the provisions of the Bankruptcy Code and other applicable federal law and, to the extent state law may be applicable, the internal laws of the State of Illinois, without giving effect to choice of law principles.

9. **Jurisdiction and Venue**. The Parties consent to the entry of final orders by the Court in the Bankruptcy Cases and further agree to bring any and all disputes between them concerning or relating to this Agreement or any of the subject matter of this Agreement exclusively before and to the Court. To the extent that the Court may conclude that it lacks subject matter jurisdiction or statutory or constitutional authority over any such dispute or otherwise declines to exercise jurisdiction or authority the Parties agree that the Court shall be the exclusive forum and venue for all disputes between them concerning or relating to this Agreement or any of the subject matter of this Agreement.

10. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

11. **Facsimile/Electronic Signature; Counterparts**. This Agreement may be executed and delivered electronically or by facsimile in one or more counterparts. A copy of this

Agreement bearing a signature that has been transmitted electronically, including, without limitation, in the form of a .pdf document transmitted by email, shall have the same force and effect as an original. Each counterpart of this Agreement, upon execution and delivery shall be deemed an original.

12. **Severability**. In the event that any one or more provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

13. **Mutually Drafted Agreement**. Each of the Parties agree and acknowledge that they are either represented by legal counsel or have had the opportunity to engage legal counsel of their respective choice related to the negotiation and drafting of this Agreement and the disputes resolved by and through this Agreement and that this Agreement is the product of good faith, arms' length negotiations between the Parties. Accordingly, the Parties agree that this Agreement shall be considered a mutually drafted agreement and none of the Parties shall be considered the drafting party and that no rule of construction resolving contractual ambiguities against the drafting party shall be applicable.

14. **Final Agreement**. This Agreement contains the full and complete agreement of the Parties regarding the subject matter hereof and entirely supersedes and replaces any and all statements or commitments that may have been made during prior discussions and negotiations, whether written or oral. As such, the Parties shall solely look to the terms, provisions and obligations contained in this Agreement as a full and final expression of the terms of their Agreement.

15. **Amendment**.  This Agreement may only be amended in writing executed by all of the Parties hereto.

16. **Waiver of Jury Trial**.  EACH PARTY HERETO WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY LITIGATION, PROCEEDING, OR OTHER LEGAL ACTION IN CONNECTION WITH OR RELATING TO THIS AGREEMENT, ITS SUBJECT MATTER, OR THE CONSTRUCTION OR PERFORMANCE THEREOF.

17. **Acknowledgements**.  Each Party hereto expressly acknowledges and warrants that he, she, or it has voluntarily entered into this Agreement, was represented by counsel of his or its own choosing with respect hereto, and understands the nature and binding effect of this Agreement.

18. **Authority to Bind**.  Except for the pre-conditions and requirements of obtaining the approval and authorization of the Court of this Agreement and that the Settlement Approval Order becoming a Final Order, each Party represents to the other Parties that he, she or it has the full and sole authority to enter into this Agreement and that he, she or it has not previously assigned to any third party any proofs of claim, claims, demands, rights, or causes of action or any rights related thereto that are the subject of this Agreement.

19. **Moglia Has No Personal Liability**.  The Parties agree and acknowledge that Moglia is solely acting in his official capacity as the chapter 7 Trustee of the Debtors' consolidated bankruptcy estate and not as an individual.  As such, the Parties agree and acknowledge that Moglia, personally, shall have no obligations or liability under or related to this Agreement.

　　　　IN WITNESS WHEREOF, the Parties hereto execute this Agreement on and as of this _____ day of March, 2024.

_____
**Frederick J. Grede, personally**

_____
**Alex D. Moglia, not personally or individually, but solely as the chapter 7 trustee of the substantively consolidated bankruptcy estate of BCause Mining LLC and BCause LLC**

– 8 –